**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:   415.434.4484
FACSIMILE:    415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Respondents Stanford Hospital & Clinics
and Lucile Packard Children's Hospital

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>Petitioner,<br><br>vs.<br><br>STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>Respondents. | Case No: 5:08-CV-01727-JF<br><br>**RESPONDENTS' ANSWER TO PETITION TO COMPEL ARBITRATION**<br><br>Judge:   Hon. Jeremy Fogel |

Respondents Stanford Hospitals & Clinics and Lucile Packard Children's Hospital (the "Hospitals") hereby answer the Petition to Compel Arbitration (the "Petition") filed by petitioner Service Employees International Union, Local 715 ("Local 715").

## ANSWER

1.   Answering paragraph 1 of the Petition, the Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

///

///

2.   Answering paragraph 2 of the Petition, the Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

3.   Answering paragraph 3 of the Petition, the Hospitals admit that they are California Non-Profit Corporations, that they do business in this judicial district, and that they are engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 185. Except as so expressly admitted, the Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

4.   Answering paragraph 4 of the Petition, the Hospitals admit that they are signatory to a collective bargaining agreement with "Service Employees International Union, Local 715" (the "Agreement"). The Hospitals further admit that Exhibit A to the Petition is a true and correct copy of the Agreement. Except as so expressly admitted, the Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

5.   Answering paragraph 5 of the Petition, the Hospitals admit that on or about November 6, 2007, a written grievance (the "Grievance") on behalf of Jesus Andrade was submitted, and that the Grievance alleged that the termination of the employment of Mr. Andrade violated the Agreement. The Hospitals further admit that Exhibit B to the Petition contains a true and correct copy of the Grievance. Except as so expressly admitted, the Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

6.   Answering paragraph 6 of the Petition, the Hospitals aver that the Agreement speaks for itself. Except as so averred, Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

7. Answering paragraph 7 of the Petition, the Hospitals are without sufficient knowledge or information as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation contained therein.

8. The Hospitals deny that the relief prayed for by Local 715 should be awarded.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

As a first affirmative defense, the Hospitals assert that the Petition, and each and every cause of action contained therein, fails to set forth facts sufficient to constitute a cause of action upon which relief can be granted against the Hospitals.

### SECOND AFFIRMATIVE DEFENSE

### (LACK OF STANDING)

As a second affirmative defense, the Hospitals assert that the Petition, and each and every cause of action therein, is barred on the grounds that Local 715 lacks standing to assert such claims.

### THIRD AFFIRMATIVE DEFENSE

### (LACK OF LABOR ORGANIZATION STATUS)

As a third affirmative defense, the Hospitals assert that the Petition, and each and every cause of action therein, fails, and is barred, because Local 715 is not a labor organization within the meaning of 29 U.S.C. § 152 and/or 185.

### FOURTH AFFIRMATIVE DEFENSE

### (LACK OF REPRESENTATIVE STATUS)

As a fourth affirmative defense, the Hospitals assert that the Petition, and each and every cause of action therein, fails, and is barred, because Local 715 has ceased to be the representative of the bargaining unit identified in the Agreement.

///
///

### FIFTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

As a fifth affirmative defense, the Hospitals assert that the Petition, and each and every cause of action therein, is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (ARBITRABILITY)

As a sixth affirmative defense, the Hospitals assert that the Petition, and each and every cause of action therein, fails because the Grievance is not arbitrable under the Agreement.

### SEVENTH AFFIRMATIVE DEFENSE
### (LACHES)

As a seventh affirmative defense, the Hospitals assert that the Petition, and each and every cause of action therein, is barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE
### (NLRB JURISDICTION)

As a eighth affirmative defense, the Hospitals assert that the Petition and each and every cause of action therein, will involve issues including whether Local 715 continues to exist as a labor organization within the meaning of the National Labor Relations Act and/or the Labor Management Relations Act, whether it remains a party to the Agreement, and whether a "servicing agreement" between Local 715 and Service Employees International Union, United Healthcare Workers – West ("UHW") is valid and enforceable, all of which are issues which determine whether the Hospitals are required to arbitrate grievances with Local 715 under the Agreement. Each of these issues involves questions concerning representation subject to the exclusive jurisdiction of the National Labor Relations Board to be determined by that agency.

### NINTH AFFIRMATIVE DEFENSE
### (ILLEGALITY)

As a ninth affirmative defense, the Hospitals assert, on information and belief, that all dues payable to Local 715, whether from the Hospitals or other employers with whom Local 715 claims to have collective bargaining relationships under the National Labor Relations Act, are in

fact instead being received by a different labor organization with no collective bargaining agreement in place with such employers, in violation of federal laws including 29 U.S.C. § 186.

### TENTH AFFIRMATIVE DEFENSE
### (RESERVATION OF AFFIRMATIVE DEFENSES)

As a tenth affirmative defense, the Hospitals reserve the right to subsequently assert and add affirmative defenses to the Petition, and the part and/or whole thereof, as they become known to the Hospitals.

Dated: May 6, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
EILEEN R RIDLEY
SCOTT P. INCIARDI

By: _____
EILEEN R. RIDLEY