**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for STANFORD HOSPITAL & CLINICS and
LUCILE PACKARD CHILDREN'S HOSPITAL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>        Petitioners,<br><br>    vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>        Respondent. | Case No:  5:07-CV-05158-JF<br><br>**DECLARATION OF EILEEN R. RIDLEY IN SUPPORT OF STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**<br>[Local Rules 6-1 and 6-3]<br><br><br>Judge:        Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>        Petitioner and Counter-Respondent,<br><br>    vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>        Respondents and Counter-Petitioners. | Case No:  5:08-CV-00213-JF<br><br><br><br><br>Judge:        Hon. Jeremy Fogel |

SFCA_1421335.1

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00215-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | Judge:          Hon. Jeremy Fogel |
| Respondents. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00216-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | Judge:          Hon. Jeremy Fogel |
| Respondents. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01726-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | Judge:          Hon. Jeremy Fogel |
| Respondents. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01727-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | Judge:          Hon. Jeremy Fogel |
| Respondents. | |

2

SFCA_1421335.1

I, Eileen R. Ridley, declare as follows:

1.    I am a partner with the law firm of Foley & Lardner, LLP, counsel for STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL (the "HOSPITALS") in the above-referenced Actions. I am one of the attorneys with primary responsibility for representing the HOSPITALS in these Actions. All of the matters stated within this declaration are within my personal knowledge, and I am fully competent to testify as to each of these matters if called upon to do so.

2.    The Court conducted a Case Management Conference on April 25, 2008 during which proceeding the Court [a] permitted the HOSPITALS to conduct discovery regarding the existence of SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 ("SEIU, LOCAL 715" or "Local 715"), its representative capacity and the use of its resources and [b] set the hearing and filing dates for dispositive motions. The deadline to file dispositive motions was set for July 18, 2008. A true and correct copy of the transcript of that Case Management Conference is attached hereto as Exhibit "A" [Dkt. #40]; see p. 15, ll. 2-11.

3.    On May 13, 2008 the HOSPITALS served SEIU Local 715 with a set of Requests For Production specifically aimed at the topics of Local 715 existence, its representation, and the use of its resources. These requests concerned the institution of a trusteeship over Local 715 by the International, the use of a Servicing Agreement between Local 715 and SEIU-UHW, and the channeling of resources held by Local 715 (including dues) to other entities such as SEIU-Local 521 (whose website actually included information regarding SEIU Local 715's dues and expenses). The HOSPITALS issued these document requests in each of the related cases and within twelve (12) days of the Court's Case Management Conference. A true and correct copy of one of these document requests is attached hereto as Exhibit "B". The requests are virtually identical in each of the related Actions.

///

**RIDLEY DECLARATION SUPPORTING HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1421335.1

1    4.    In addition to the requests for documents sent to SEIU-Local 715, the

2    HOSPITALS also served subpoenas on the International (as it instituted the trusteeship

3    over SEIU – Local 715) which is located in Washington, D.C., SEIU-UHW (which

4    maintained a Servicing Agreement with SEIU- Local 715), and SEIU-Local 521 (which

5    received information regarding SEIU-Local 715's resources (including dues) as reflected

6    on its website).  These subpoenas were also issued in each of the related cases and a true

7    and correct copy of one set of these subpoenas is attached hereto as Exhibit "C".

8    5.    The HOSPITALS are working with the International regarding its

9    production of documents per the subpoena issued to it which is anticipated to occur

10    shortly.  A true and correct copy of the communications between counsel for the

11    International and the HOSPITALS is attached hereto as Exhibit "D".

12    6.    Both SEIU-UHW and SEIU-Local 521 are represented by the same counsel

13    who represents SEIU-Local 715.  Both these entities have simply written a letter to object

14    to the subpoenas as a whole (not to the individualized requests) and have failed to

15    produce any documents.  True and correct copies of the correspondence regarding these

16    entities' response to the subpoenas is attached hereto as Exhibit "E".

17    7.    The HOSPITALS also issued deposition notices and/or subpoenas for five

18    (5) witnesses who have relevant information regarding the subject matters about which

19    the Court has permitted discovery to be conducted.  True and correct copies of these

20    notices and subpoenas are attached hereto as Exhibit "F".

21    8.    The individuals to be deposed include Andrew Stern – the president of the

22    International and the person who placed SEIU-Local 715 in trusteeship.  Mr. Stern is said

23    to be unavailable for deposition until after July 20, 2008.  A true and correct copy of the

24    communications between counsel regarding the International's response to the Hospitals'

25    discovery requests is attached hereto as Exhibit "G".  In addition, the HOSPITALS wish

26    to depose Mr. Bruce Smith – who is the trustee of SEIU-LOCAL 715.  Counsel for Local

27    715 at first refused to produce Mr. Smith and is now suggesting deposition dates on the

28

4

SFCA_1421335.1

1  eve of the deadline to file dispositive motions.  A true and correct copy of the

2  correspondence between counsel regarding Mr. Smith's deposition is attached hereto as

3  Exhibit "H".

4       9.    The HOSPITALS have also sought the deposition of Ms. Myriam

5  Escamilla (the assistant to the trustee of SEIU-Local 715 who has information regarding

6  the use of Local 715's resources and its trusteeship and who has been identified as a

7  witness for SEIU Local 715).  Ms. Escamilla is presently evading service.  True and

8  correct copies of correspondence regarding Ms. Escamilla is attached hereto as Exhibit

9  "I".

10      10.    The HOSPITALS have also requested the deposition of Mr. Greg Pullman

11  (a former employee of Local 715 and is now apparently employed by the International)

12  and Ms. Kristy Semersheim (who was the Executive Secretary for Local 715) both of

13  whom have information regarding the subject matter of the case.  True and correct copies

14  of the correspondence regarding these depositions is attached as Exhibit "J".

15      11.    SEIU-Local 715 requested an extension to respond to the requests for

16  production served upon it up to and including June 23, 2008 which was granted.

17  However, despite this extension, the Local 715's responses consist of boilerplate and

18  unfounded objections and a minimal production of thirty-four (34) pages of documents.

19  A true and correct copy of SEIU-Local 715's responses are attached hereto as Exhibit

20  "K" (one set of responses is attached but each response in each of the six related cases is

21  virtually identical.)  True and correct copies of the correspondence between counsel

22  regarding these responses is attached as Exhibit "L".

23      12.    Given the status of the pending discovery, the HOSPITALS requested that

24  the hearing date and deadline to file dispositive motions be continued.  SEIU Local 715

25  refused to stipulate to such a continuance and informed the HOSPITALS of that fact on

26  the evening of July 1, 2008.  No previous request for a continuance has been submitted to

27  this Court or SEIU-Local 715.  True and correct copies of the communications between

28

**RIDLEY DECLARATION SUPPORTING HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1421335.1

1    counsel regarding the requested extension are attached hereto as Exhibit "M".

2        13.    The HOSPITALS would be substantially harmed and prejudiced if they

3    were required to file dispositive motions in this Court prior to the completion of

4    discovery for a number of reasons.  First, the pending discovery requests are all directed

5    to the central issues in this case – the existence and operational capacity of SEIU-Local

6    715, the use of its resources, and its representative capacity.  Thus, it is prejudicial to

7    require the HOSPITALS to submit incomplete motions when pertinent discovery is

8    pending.  Second, SEIU-Local 715 and its counsel are engaged in a concerted effort to

9    evade providing substantive discovery responses regarding the subject issues.  Indeed,

10   this same tactic was used by SEIU-Local 715 in an action it initiated against the

11   HOSPITALS before the NLRB and that matter was recently dismissed ***due to Local

12   715's refusal to respond to discovery requests.***  A true and correct copy of the letter

13   regarding the NLRB matters and the basis for dismissal is attached hereto as Exhibit "N".

14   It would be severely prejudicial to permit one party to stonewall discovery in an effort to

15   force the opposing party to file a dispositive motion without evidence which should have

16   properly been provided.  Third, there are pending depositions which should be

17   completed.  However, Local 715 and its counsel have either refused to produce these

18   witnesses or have stated that their availability for deposition proceedings is either on the

19   eve of or after the deadline to file dispositive motions.  Fourth, the requested continuance

20   will not effect any other court deadline (as no trial date has been set) and is the first

21   continuance requested.  Finally, Local 715 is not prejudiced by the requested continuance

22   given the facts that it is Local 715's actions (and that of its counsel) which have caused

23   any "delay" in the discovery process.

24       14.    Counsel for the HOSPITALS and Local 715 are conferring

25   regarding the pending discovery disputes, however if these issues cannot be resolved, the

26   HOSPITALS will file motions to compel next week.

27   ///

28
**RIDLEY DECLARATION SUPPORTING HOSPITALS' MOTION TO CONTINUE DEADLINE TO
FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1421335.1

1     I declare, under the penalty of perjury under the laws of the United States of

2  America, that the statements made herein a true and correct.  Executed this Second day of

3  July, 2008 in San Francisco, California.

4

5                                      EILEEN R. RIDLEY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**RIDLEY DECLARATION SUPPORTING HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1421335.1

**EXHIBIT A**

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                 SAN JOSE DIVISION

4

5    SERVICE EMPLOYEES          )    CV-07-5158-JF
     INTERNATIONAL UNION,       )
6    LOCAL 715,                 )    SAN JOSE, CALIFORNIA
                                )
7                PETITIONER,    )
                                )    APRIL 25, 2008
8         VS.                   )
                                )
9    STANFORD HOSPITAL AND      )    PAGES 1-17
     CLINICS & LUCILE PACKARD   )
10   CHILDREN'S HOSPITAL,
11               RESPONDENT.
     ─────────────────────────────

12            TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE JEREMY FOGEL
13           UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S :

16   FOR THE PLAINTIFF:   WEINBERG, ROGER & ROSENFELD
     SEIU                  BY:  BRUCE HARLAND
17                         1001 MARINA VILLAGE PKWY.
                           STE 200
18                         ALAMEDA, CA  94501

19

20   FOR THE DEFENDANT:   FOLEY & LARDNER
     STANFORD HOSPITAL     BY:  EILEEN RIDLEY
21   LUCILE PACKARD        ONE MARITIME PLAZA, 6TH FL
                           SAN FRANCISCO, CA  94111
22

23

24

25   OFFICIAL COURT REPORTER: SUMMER CLANTON, CSR,
                           CERTIFICATE NUMBER 13185

1

1  SAN JOSE, CALIFORNIA   APRIL 25, 2008

2      P R O C E E D I N G S

3    (WHEREUPON, COURT CONVENED AND THE

4  FOLLOWING PROCEEDINGS WERE HELD:)

5    THE COURT:  ALL OF THE SEIU, WHICH I

6  BELIEVE ALL HAVE THE SAME NAME.  SEIU VERSUS

7  STANFORD HOSPITAL AND CLINICS.

8    MR. HARLAND:  GOOD MORNING, YOUR HONOR.

9  BRUCE HARLAND FOR SEIU LOCAL 715.

10    MS. RIDLEY:  GOOD MORNING, YOUR HONOR.

11  EILEEN RIDLEY, FOLEY AND LARDNER, ON BEHALF OF

12  STANFORD HOSPITAL AND LUCILE PACKARD CHILDREN'S

13  HOSPITAL.

14    THE COURT:  OKAY.  WE ACTUALLY HAVE A

15  COUPLE OF DIFFERENT THINGS GOING ON.  I DID RELATE

16  ALL THE CASES AND THERE SHOULD BE NO

17  MISUNDERSTANDING.  I DIDN'T CONSOLIDATE ANYTHING.

18  I'M TREATING THEM AS SEPARATE CASES, BUT I

19  CONCLUDED THERE IS ENOUGH OF AN OVERLAP AMONG THE

20  DISPUTES THAT IT WOULD BE APPROPRIATE FOR ONE JUDGE

21  TO HANDLE THEM.

22    I GUESS MY QUESTION IS WHETHER WE ARE IN

23  A POSITION TO SET ANY TYPE OF SCHEDULE OR WHETHER

24  WE SHOULD TRY TO GET EVERYONE TOGETHER FOR A SINGLE

25  ADR PROCEDURE OR WHAT THE APPROPRIATE NEXT MOVE IS

1    AT THIS POINT.

2            MR. HARLAND:  YOUR HONOR, THIS IS

3    BRUCE HARLAND.  I DON'T THINK ANY ADR IS GOING TO

4    BE HELPFUL IN THIS SITUATION.

5            WHAT I WOULD PROPOSE IN THE RELATED CASE,

6    051 -- OR, 5158 -- WE AGREED AT THE LAST CASE

7    MANAGEMENT CONFERENCE TO FILE A DISPOSITIVE MOTION

8    IN THAT MATTER BY JUNE 20TH.

9            THE COURT:  OKAY.

10            MR. HARLAND:  AND THAT'S A PETITION TO

11    VACATE FILED BY STANFORD HOSPITAL.  213, BEFORE YOU

12    TODAY, IS A PETITION, PART OF AN ARBITRATION AWARD,

13    WHICH IN THE UNION'S OPINION IS JUST A STRAIGHT

14    LEGAL ISSUE.  I WOULD PROPOSE HAVING 505 ON JUNE

15    20TH.

16            THE COURT:  BASICALLY JUST SET A MOTIONS

17    DATE FOR ANY MOTIONS ANYONE WANTS TO FILE IN ANY OF

18    THE RELATED CASES?

19            MR. HARLAND:  YEAH.  BEFORE JUNE 20TH.  I

20    DON'T THINK THERE'S ANY NEED IN THESE CASES,

21    BECAUSE THERE'S JUST A PURE LEGAL ISSUE, ANY NEED

22    TO DO DISCOVERY.

23            THE COURT:  OKAY.  I SEE COUNSEL SHAKING

24    HER HEAD, SO PERHAPS I SHOULD HERE FROM HER.

25            MS. RIDLEY:  A COUPLE OF POINTS WITH

3

1    REGARD TO THAT.

2            ONE, THE CASES MOST RECENTLY RELATED,

3    WE'VE NOT EVEN APPEARED YET, AND WE THINK THEY ARE

4    SURFACE ISSUES WITH REGARD TO THOSE.  THE SURFACE

5    ISSUES CAN BE RESOLVED MUCH LIKE THE OTHER ISSUES

6    BUT THEY ARE IN A DIFFERENT STATUS.

7            SECOND, THERE'S DIFFERENT ISSUES FROM THE

8    CASE -- THE FIRST FILED CASE FROM THE RELATED CASES

9    THAN THE OTHERS AS WE'VE DISCUSSED, BUT ONE OF THE

10   MORE IMPORTANT ISSUES IS THE STATUS OF LOCAL 715,

11   THE ISSUES OF RESOURCES, AND THE REPRESENTATIVE

12   CAPACITY.  THOSE HAVE TO BE SUBJECT TO SOME

13   DISCOVERY WHICH WE BELIEVE HAS TO BE DONE.  AND

14   GIVEN THE JUNE 20TH DATE, I DON'T KNOW WE HAVE

15   ENOUGH TIME.

16           THERE ARE SIGNIFICANT ISSUES WITH REGARD

17   TO WHAT'S GOING ON WITH REGARD TO WHO IS

18   REPRESENTING THAT LOCAL, WHETHER IT EXISTS, AND

19   WHETHER RESOURCES HAVE BEEN SENT.

20           THE COURT:  HOW QUICKLY WILL IT TAKE TO

21   DO THAT?

22           MS. RIDLEY:  I ANTICIPATE, WITH REGARD TO

23   DISCOVERY, IS SOME DOCUMENT PRODUCTION, POSSIBLE

24   REQUEST AND A POSSIBLE DEPOSITIONS.

25           THE ISSUE REALLY GOES TO A VERY DISCREET

1   CONCERN WITH REGARD TO THE RESOURCES AND

2   REPRESENTATION.

3           THE COURT:  RIGHT, WHO ARE YOU DEALING

4   WITH.

5           LET ME GET COUNSEL TO RESPOND.

6           MR. HARLAND?

7           MR. HARLAND:  SURE.  I THINK IT WILL

8   TAKE -- IT WILL BE SIGNIFICANT DISCOVERY BASED ON

9   THE PAST RELATIONSHIP BETWEEN THE PARTIES.

10          NUMBER TWO, I DON'T THINK YOU NEED ANY OF

11  THAT INFORMATION, OR THEY NEED ANY OF THAT

12  INFORMATION TO ARGUE A PETITION TO CONFIRM AN

13  ARBITRATION AWARD OR EVEN A PETITION TO COMPEL

14  ARBITRATION.

15          THE COURT:  YOU'RE SAYING WE CAN SET THE

16  MOTION SCHEDULES ON THE ARBITRATION CASES QUICKLY,

17  AND THEN THE OTHER MATTER HAVING TO DO WITH WHO IS

18  BARGAINING WITH WHOM CAN BE WORKED OUT IN A SLOWER

19  TIME FRAME.

20          MR. HARLAND:  WHAT I WOULD SUGGEST IS WE

21  BE ALLOWED TO BRING THE MOTION BY JUNE 20TH BY ALL

22  THE CASES EXCEPT FOR THE TWO THAT HAVE JUST BEEN

23  RELATED.  I GUESS --

24          THE COURT:  ALL RIGHT.  LET ME HEAR FROM

25  STANFORD AS TO WHY THAT'S NOT APPROPRIATE.

1    MS. RIDLEY:  THEY ARE TRYING TO COMPEL AN

2    ARBITRATION BASED ON AN ENTITY AND A SERVICING

3    AGREEMENT THAT WE'VE REJECTED, WITH REGARD TO

4    COUNSEL, WHO HASN'T CLARIFIED WHO THEY ARE

5    REPRESENTING, AN ENTITY THAT MAY NOT IN FACT EXIST.

6    THE COURT:  WOULD ANY OF THAT GO TO THE

7    ENFORCEABILITY OR THE LEGALITY OF THE ARBITRATION

8    AWARDS IN QUESTION?

9    MS. RIDLEY:  YES, YOUR HONOR.  AND WE

10   THINK THAT'S ONE OF THE ISSUES INCLUDING -- FOR

11   INSTANCE, IN THE FIRST CASE THAT EVERYTHING IS

12   RELATED TO, DEALING WITH WHETHER OR NOT THE

13   ARBITRATOR IN THAT CASE WENT BEYOND HIS POWERS TO

14   DETERMINE CERTAIN ISSUES.

15   THE COURT:  OKAY.

16   MR. HARLAND:  AND THAT'S JUST THE PURE

17   LEGAL ISSUE BECAUSE IT'S A MATTER THAT WAS

18   SUBMITTED TO THE ARBITRATOR WHICH HE EITHER WENT

19   BEYOND THAT ISSUE OR HE DIDN'T GO BEYOND THAT

20   ISSUE.  IF HE DIDN'T GO BEYOND THE ISSUES SUBMITTED

21   TO HIM --

22   THE COURT:  LET ME JUST HYPOTHETICALLY

23   SUGGEST SOMETHING AND GET A RESPONSE.

24   WITHIN THE FOUR CORNERS OF THE

25   ARBITRATION AWARD, THERE'S NO QUESTION THAT WHAT

1    MR. HARLAND JUST SAID IS CORRECT.  THE COURT LOOKS

2    AT THE ARBITRATION AWARD, AND IS THERE AN AGREEMENT

3    TO ARBITRATE, AND IS THE AWARD NOT COMPLETELY OFF

4    THE ENDS OF THE EARTH, AND SOMETIMES EVEN THOSE ARE

5    OKAY.  AND YOU JUST EITHER DECIDE TO CONFIRM IT OR

6    NOT.

7          BUT IN TERMS OF THE ENFORCEABILITY OF THE

8    ARBITRATION AWARD, THAT'S A DIFFERENT QUESTION.

9    IF THE ARBITRATION INVOLVED PEOPLE WHO WERE NOT

10   PARTIES TO THE ARBITRATION AGREEMENT, FOR INSTANCE,

11   THEN IT DOESN'T MATTER HOW GREAT A JOB THE

12   ARBITRATOR DID IF THERE'S NOTHING TO ENFORCE.  SO

13   THOSE ARE SEPARATE QUESTIONS.

14          AND I GUESS I WANT TO TRY TO GET AN

15   INDICATION -- IS IT THE UNION'S POSITION THAT THE

16   COURT SHOULD ADJUDICATE WHETHER THE AWARD SHOULD BE

17   CONFIRMED OR NOT CONFIRMED JUST BASED ON

18   TRADITIONAL ARBITRATION PRINCIPLES, AND THEN LEAVE

19   FOR ANOTHER DAY THE QUESTION OF WHETHER AT LEAST

20   ONE PARTY TO THAT ARBITRATION ACTUALLY HAD STANDING

21   TO PARTICIPATE IN IT, WHICH IS WHAT I THINK I HEAR

22   COUNSEL SUGGESTING.

23          MR. HARLAND:  I THINK YOU CAN RESOLVE --

24   I DON'T THINK YOU HAVE TO EVEN GET TO THE SECOND

25   ISSUE, BUT I THINK YOU CAN RESOLVE BOTH OF THOSE

1    ISSUES IN ONE MOTION WITHOUT ANY DISCOVERY.

2            THE COURT:  BUT HOW DO YOU -- I'M SORRY

3    TO INTERRUPT YOU -- BUT HOW DO YOU RESOLVE AN ISSUE

4    SUCH AS REPRESENTATION WITHOUT GETTING INTO SOME

5    TYPE OF FACTUAL INQUIRY?

6            MR. HARLAND:  WELL, FIRST, THE COURT DOES

7    NOT HAVE JURISDICTION OVER THE REPRESENTATIONAL

8    STATUS OF THE UNION, THAT'S THE NLRB'S

9    JURISDICTION, SO THAT'S JUST A PURE LEGAL ISSUE

10   THERE.

11           THE COURT IS ONLY, AS YOU SAID, LOOKING

12   AT THE CONTRACT, LOOKING AT THE ARBITRATION AND

13   DETERMINING WHETHER OR NOT THE ARBITRATOR ISSUED

14   THE ARBITRATION AWARD BY DRAWING THE ESSENCE OF THE

15   AWARD FROM THE CONTRACT OR, YOU KNOW, WHETHER OR

16   NOT HE VIOLATED POLICY.  YOU ARE REALLY LOOKING

17   ONLY AT LIMITED THINGS.

18           THE REPRESENTATIONAL STATUS OF THE UNION,

19   IS NOT AN ISSUE BEFORE THIS COURT AND THE COURT

20   DOESN'T HAVE ANY JURISDICTION.

21           THE COURT:  BUT WHY WOULD THE COURT WANT

22   TO SPEND THE TIME EVALUATING THE ENFORCEABILITY OF

23   AN ARBITRATION AWARD IF ULTIMATELY THE PARTIES WHO

24   ARE SEEKING ENFORCEMENT DON'T HAVE STANDING?

25           IN OTHER WORDS, I UNDERSTAND YOUR POINT,

1    THE COURT CAN LOOK AT THE AWARD WITHOUT EVEN

2    LOOKING AT THE ISSUE OF REPRESENTATIONAL STATUS,

3    BUT WHY WOULD THE COURT DO THAT AS A MATTER OF

4    JUDICIAL ADMINISTRATION IF THERE'S GOING TO BE A

5    FIGHT ABOUT THAT LATER?

6            MR. HARLAND:  WELL, AGAIN, I THINK YOU

7    CAN DO ALL OF THAT WITHOUT ANY DISCOVERY.

8            I MEAN, FOR EXAMPLE, THE WHOLE THING THAT

9    TICKED US OFF WAS A PETITION TO VACATE FILES BY

10   STANFORD.  THEY SAY THEY DON'T THINK EXISTS -- OR

11   THEY HAVE DOUBTS THAT EXISTS.  THERE IS -- I DON'T

12   KNOW HOW ELSE TO ANSWER THE QUESTION OTHER THAN I

13   DON'T THINK ANY DISCOVERY IS NECESSARY IN TERMS OF

14   THE UNION.  BUT THE COURT COULD CONFIRM THE

15   ARBITRATION AWARD AND THEN ENFORCE IT, AT THAT

16   POINT, DETERMINE IF THE UNION HAD ANY STANDING OR

17   NOT.

18           THE COURT:  WHY WOULD -- IF IT'S NOT

19   ENFORCEABLE -- AND I DON'T MEAN TO GET INTO A

20   HYPOTHETICAL ARGUMENT.  BUT IF IT'S NOT ENFORCEABLE

21   BECAUSE IT WASN'T OBTAINED BY A PARTY WITH

22   STANDING, WHY WOULD THE COURT WANT TO INVEST THE

23   RESOURCES DECIDING WHETHER IT'S ENFORCEABLE OR NOT?

24           MR. HARLAND:  IN TERMS OF WHO HAS

25   STANDING, THE ONLY PARTY THAT HAS STANDING IS THE

9

1      PARTY TO THE CONTRACT.

2              THE COURT:  RIGHT.

3              MR. HARLAND:  AND AGAIN, THIS IS A LEGAL

4      ISSUE IN TERMS OF WHO THE PARTIES HAVE AS THEIR

5      ADVOCATE AT THE ARBITRATION.

6              THE COURT:  I'M NOT SURE THAT'S TRUE,

7      COUNSEL.

8              AND AGAIN, I'M NOT TRYING EXERCISE

9      JURISDICTION OVER SOMETHING I DON'T HAVE

10     JURISDICTION OVER.  BUT SAY THERE'S A CONTRACT

11     BETWEEN A AND B, AND Z SHOWS UP AT THE ARBITRATION

12     AND SAYS, I'M A.

13             MR. HARLAND:  THAT'S NOT THE SITUATION WE

14     ARE DEALING WITH.  WHAT WE ARE DEALING WITH IS THE

15     CONTRACTS BETWEEN A AND B.  B SHOWS UP TO THE

16     ARBITRATION AND THE ATTORNEY FOR B SAYS, I'M

17     APPEARING ON BEHALF OF B.

18             COUNSEL FOR THE HOSPITALS ARE SAYING THAT

19     THEY QUESTION WHETHER OR NOT OUR FIRM ACTUALLY

20     REPRESENTS B DIRECTLY.

21             THAT'S NOT A STANDING ISSUE, THAT'S A

22     QUESTION OF ATTORNEY-CLIENT PRIVILEGE.

23             THE COURT:  IN MY HYPOTHETICAL, THOUGH,

24     YOU HAVE A PARTY WHO WASN'T WHO THEY SAID THEY WERE

25     PARTICIPATING IN THE ARBITRATION, AND THEN YOU GET

1    AN ADJUDICATION WHICH IS A RESULT OF THE POSITIONS

2    TAKEN BY THAT PARTY AND IT TURNS OUT THE ACTUAL

3    PARTY WASN'T THERE.   THAT GOES TO THE QUESTION OF

4    WHETHER THE ARBITRATION AWARD HAS ANY VALIDITY.

5            THAT'S WHAT I UNDERSTAND THE ARGUMENT TO

6    BE.   I'M NOT -- I HAVE NO IDEA WHETHER THERE'S ANY

7    TRUTH TO IT, BUT IT'S MORE THAN A QUESTION OF WHO

8    THE LAWYER IS.

9            WHAT I GATHER FROM THE VARIOUS PAPERS

10   I'VE SEEN OVER THE LAST SEVERAL DAYS IS THAT

11   THERE'S A DISPUTE AS TO WHETHER A LOCAL 715

12   REPRESENTS THE PEOPLE WHO IT PURPORTS TO REPRESENT.

13           MR. HARLAND:  BUT THAT IS AN ISSUE

14   ENTIRELY BEFORE THE EXCLUSIVE JURISDICTION OF

15   THE --

16           THE COURT:  RIGHT.  IT IS.  AND I'M NOT

17   PURPORTING TO DECIDE THAT.

18           BUT WHAT I'M SAYING IS BEFORE I ENTERTAIN

19   A PETITION TO VACATE OR ENFORCE AN ARBITRATION

20   AWARD, I HAVE TO MAKE SURE THAT THE WHOLE THING

21   ISN'T GOING TO GET UNDERCUT BY AN ORDER FROM THE

22   NLRB COMING OUT AT SOME FUTURE POINT IN TIME

23   SAYING, ACTUALLY, THE PEOPLE WHO WERE THERE HAD NO

24   RIGHT TO BE THERE.

25           THIS IS A RESOURCE QUESTION FOR ME.  I

1    THINK WHAT YOU SAID IS ABSOLUTELY RIGHT.  THE COURT

2    CAN LOOK AT THE ARBITRATION AWARD AND DECIDE

3    WHETHER IT MAKES SENSE, IN TERMS OF THE SCOPE OF

4    THE ARBITRATION AGREEMENT, WITHOUT REVOLVING THE

5    STANDING ISSUE AT ALL.  I'M JUST TRYING TO DECIDE

6    WHETHER IT'S A PRUDENT THING TO DO.

7         WHY SHOULD THE COURT GO THROUGH

8    LITIGATING ALL OF THAT IF THERE'S A POSSIBILITY IT

9    MAY NOT MEAN ANYTHING?

10        MR. HARLAND:  YOU COULD SAY THAT IN ANY

11   PETITION TO COMPEL, OR PETITION TO CONFIRM, OR

12   PETITION TO VACATE AT ANY POINT, AND IT GIVES A

13   COLLECTIVE BARGAINING RELATIONSHIP.

14        THE EMPLOYER CAN SAY, WE DON'T THINK THE

15   UNION REPRESENTS WHO THEY PURPORT TO REPRESENT.

16   BUT THE QUESTION IS:  AT THE HEARING, THE PARTIES

17   SHOWED UP; THE UNION ENTERED AN APPEARANCE ON

18   BEHALF OF LOCAL 715; A REPRESENTATIVE WHO WAS A

19   TRUSTEE OF 715 APPEARED.

20        THERE'S NO ISSUE OTHER THAN THAT.  THE

21   UNION IS JUST SEEKING TO ENFORCE THE AWARD THAT

22   THEY RECEIVED AS A PROPOSED AGREEMENT.

23        THE COURT:  LET ME JUST ASK COUNSEL.

24        IS THERE ANY REASON WHY THE COURT CAN'T

25   LOOK AT THE MERITS OF THE ARBITRATION AWARD?

1    MS. RIDLEY:  YES, BECAUSE ONE OF THE

2  THINGS THE ARBITRATOR DID WAS DETERMINE THE ISSUE

3  OF REPRESENTATION AND STANDING.  EVEN THOUGH DURING

4  THE PROCEEDING THE ARBITRATOR SAID THAT'S NOT THEIR

5  JURISDICTION, THEY ACTUALLY MADE THAT DECISION.

6  AND THAT IS, ORGANICALLY, ONE OF THE PROBLEMS THAT

7  GOES BEYOND WHETHER OR NOT YOU CAN CONFIRM THE

8  ARBITRATION AWARD BUT ALSO IT'S ENFORCEABILITY.

9    THE COURT:  SO WHAT CAN WE DO TO EXPEDITE

10  THE DISCOVERY ON THIS STANDING ISSUE?

11    MS. RIDLEY:  WE ARE PREPARED TO ISSUE THE

12  REQUESTS, TO IDENTIFY, YOU KNOW, THE DEPOSITIONS

13  THAT WE NEED WITH REGARD TO IT ONCE WE GET THE

14  DOCUMENTS WE THINK ARE RELEVANT TO FAIRLY NARROW

15  THE ISSUE WE ARE RAISING HERE.

16    THE COURT:  COUNSEL, IS THERE SOME REASON

17  WHY THAT CAN'T BE DONE QUICKLY?

18    MR. HARLAND:  ARE YOU ASKING ME?

19    THE COURT:  YES, COUNSEL.  I AM.

20    MR. HARLAND:  I MEAN, I HOPE IT COULD BE

21  DONE QUICKLY.  I DOUBT THAT IT WILL BE, BUT I HOPE

22  THAT IT COULD BE DONE QUICKLY.

23    THE COURT:  WELL, IT'S IN EVERYBODY'S

24  INTEREST.

25    ALL RIGHT, HERE'S WHAT I'M GOING TO DO.

1    AND THIS IS NECESSARILY BASED ON IMPRESSIONS RATHER

2    THAN HAVING POURED THROUGH HUNDREDS OF PAGES OF

3    DOCUMENTS.  BUT I THINK DISCOVERY SHOULD PROCEED ON

4    THIS ISSUE BECAUSE IT'S GOING ON ARISE AT SOME

5    POINT.

6         AND THE COURT IS NOT PURPORTING TO

7    EXERCISE JURISDICTION OVER SOMETHING THAT THE NLRB

8    HAS EXCLUSIVE JURISDICTION OVER, BUT ONLY TO AID

9    THE RESOLUTIONS OF THE MOTIONS IT'S GOING TO HEAR.

10        AND I WILL MOVE THE FILING DATE FOR THE

11   PETITION TO VACATE IN THE PETITION TO COMPEL.  I

12   WILL MOVE THEM BACK 30 DAYS, SO WE WILL MOVE TO

13   JULY 18TH IN LIEU OF THE JUNE 20TH DATE.  AND

14   DISCOVERY IS TO PROCEED, AND IF THERE'S PROBLEMS

15   WITH THAT, THEY ARE REFERRED TO MAGISTRATE

16   JUDGE SEEBORG.

17        THEN THE HEARING DATE ON THE

18   CROSS-MOTIONS WITH RESPECT TO THE ARBITRATION AWARD

19   WOULD BE AUGUST 29TH.  AND I THINK THAT MAYBE -- I

20   THINK THAT WORKS.  AUGUST 20TH AT 9:00.

21        MR. HARLAND:  OKAY.  SO IF I HAVE IT

22   CORRECT, YOUR HONOR, BY JULY 18TH, 2008, DISCOVERY

23   SHOULD BE COMPLETED, ARE YOU SAYING?

24        THE COURT:  I'M SAYING THAT'S WHEN THE

25   MOTIONS SHOULD BE FILED.

14

1          MR. HARLAND:  OKAY.

2          THE COURT:  DISCOVERY IS GOING TO HAVE TO

3     GET DONE BEFORE THAT.  I'M LEAVING THAT TO THE

4     PARTIES.  AND I REALIZE THIS IS AN ACRIMONIOUS

5     RELATIONSHIP, AND I EXPECT COUNSEL TO COOPERATE AND

6     USE ALL THE PROFESSIONAL COURTESIES THAT THEY CAN

7     TO GET IT DONE SO THAT MOTIONS CAN BE FILED ON

8     JULY 18TH.

9          AND THEN WE WILL HAVE A HEARING ON THE

10    CROSS-MOTIONS, WITH RESPECT TO THE ARBITRATION

11    AWARD, ON AUGUST 29TH.

12         MS. RIDLEY:  AND I WOULD --

13         MR. HARLAND:  FOR BOTH OF THEM?

14         THE COURT:  FOR BOTH OF THEM, YES.

15    THAT'S WHAT I MEAN BY CROSS-MOTIONS.

16         MS. RIDLEY:  AND JUST SO I'M CLEAR, THE

17    MOTIONS IN THE FIRST FILED CASE, JUST TO BE CLEAR.

18         THE COURT:  YES.

19         MS. RIDLEY:  AND THERE'S NO GENERAL ORDER

20    ABOUT THE CLOSURE OF DISCOVERY FOR ALL THE RELATED?

21         THE COURT:  NO, NO.  AND THERE'S ONLY ONE

22    ARBITRATION AWARD, RIGHT?

23         MS. RIDLEY:  RIGHT.

24         THE COURT:  AND ONE PARTY WANTS TO

25    ENFORCE IT AND THE OTHER ONE WANTS TO VACATE IT.

```
 1              MR. HARLAND:  ACTUALLY, THERE'S TWO.

 2    THERE'S AN ARBITRATION AWARD IN 5158 WHICH THE

 3    HOSPITAL IS SEEKING TO VACATE.

 4              THE COURT:  OKAY.  AND THEN THERE IS ONE

 5    THE UNION IS SEEKING TO ENFORCE.

 6              MR. HARLAND:  YES.

 7              THE COURT:  I WANT TO KEEP ALL OF THIS --

 8    AS FAR AS I'M CONCERNED, THIS IS ONE TROUBLED

 9    RELATIONSHIP.

10              THAT'S THE WAY I'M LOOKING AT IT.  I'M

11    TRYING TO LOOK AT IT WITH A BIG PICTURE RATHER THAN

12    BREAK IT UP INTO CONSTITUENT PARTS BECAUSE IT WILL

13    DRIVE ME NUTS IF I DO THAT.

14              SO THANK YOU VERY MUCH.

15              MS. RIDLEY:  THANK YOU, YOUR HONOR.

16              (WHEREUPON, THE PROCEEDINGS IN THIS

17    MATTER WERE CONCLUDED.)

18

19

20

21

22

23

24

25
```

1    STATE OF CALIFORNIA    )

2                          ) SS:

3    COUNTY OF SANTA CLARA )

4

5         I, THE UNDERSIGNED OFFICIAL COURT

6    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

7    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

8    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

9    CERTIFY:

10        THAT THE FOREGOING TRANSCRIPT,

11   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

12   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

13   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

14   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

15   TRANSCRIPTION TO THE BEST OF MY ABILITY.

16

17   {_____}

18      SUMMER A. CLANTON

19      OFFICIAL REPORTER, CSR NO. 13185

20

21

22

23

24

25

                                              17

**EXHIBIT B**

1  **FOLEY & LARDNER LLP**
   ONE MARITIME PLAZA, SIXTH FLOOR
   SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:    415.434.4484
   FACSIMILE:     415.434.4507
3
   LAURENCE R. ARNOLD, CA BAR NO. 133715
   EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
   Attorneys for Respondents STANFORD HOSPITAL & CLINICS and
5  LUCILE PACKARD CHILDREN'S HOSPITAL

6

7

8                **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11  | | |
|---|---|
| SERVICE EMPLOYEES | Case No:  5:08-CV-00213-JF |
| INTERNATIONAL UNION, LOCAL 715 | |
| Petitioner, | **REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE** |
| vs. | Judge:        HON. JEREMY FOGEL |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | |

20  PROPOUNDING PARTY:        STANFORD HOSPITAL & CLINICS and LUCILE

21                             PACKARD CHILDREN'S HOSPITAL

22  RESPONDING PARTY:        SERVICE EMPLOYEES INTERNATIONAL

23                             UNION, LOCAL 715

24  SET NUMBER:                ONE

25  TO PETITIONER SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715

26  AND TO ITS ATTORNEYS OF RECORD:

27        Pursuant to Rule 34 the Federal Rules of Civil Procedure, Respondents

28  STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S

1    HOSPITAL ("RESPONDENT"), by their attorneys, Foley & Lardner LLP, hereby

2    demand that within thirty (30) days after service of these requests that Petitioner

3    SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715, produce and permit

4    for inspection and copying the documents and tangible things described below in its

5    possession, custody or control.  The place and time for inspection shall be at the offices

6    of Foley & Lardner LLP, One Maritime Plaza, Suite 600, San Francisco, California, or

7    such other location and/or time as counsel for the parties may agree.

8    **DEFINITIONS AND INSTRUCTIONS**

9

10         The following definitions and instructions apply throughout this demand for

     identification and production, unless the context clearly indicates otherwise:

11

12         A.      "YOU" and "YOUR" shall mean and include SERVICE EMPLOYEES

     INTERNATIONAL UNION, LOCAL 715 and any of its agents, affiliates,

13

14      representatives, or any other person or entity acting on its behalf.

15         B.      This demand requires that YOU identify and produce all DOCUMENTS

16      and WRITINGS responsive to the following numbered demands which are in YOUR

     possession or control or subject to YOUR control, wherever they may be located.  The

17

18      DOCUMENTS and WRITINGS which YOU must identify and produce include not only

     writings which YOU presently possess, but also writings which YOU are aware of

19

20      (regardless of whether they are in YOUR possession or not), DOCUMENTS and

     WRITINGS that are in the possession or control of YOUR attorneys, accountants,

21

22      bookkeepers, employees, representatives, or anyone else acting on YOUR behalf.

23         B.      YOU are requested to produce all DOCUMENTS and WRITINGS which

     are responsive to the following numbered demands for inspection and photocopying at

24

25      the law offices of Foley & Lardner LLP, located at One Maritime Plaza, Sixth Floor, San

     Francisco, California 94111 3404, 30 days after service of this demand (or the next

26

27      business day if that day falls on a Saturday, Sunday or court holiday).

28         C.      All DOCUMENTS and WRITINGS which are responsive in whole or in

SFCA_1378776.1

1  part to the following numbered demand shall be produced in full, without abridgment,

2  abbreviation or expurgation of any sort. If any such DOCUMENTS and WRITINGS

3  cannot be produced in full, produce the DOCUMENT and/or WRITING to the greatest

4  extent possible and indicate in YOUR written response what portion of the DOCUMENT

5  and/or WRITING is not produced and why it could not be produced.

6       D.    The term "DOCUMENT" as used herein means and includes any and all

7  documents, tangible things, and all WRITINGS of any kind, including the originals and

8  all non-identical copies, whether different from the originals by reason of any notation

9  made on such copies or otherwise, and includes, without limitation, agreements, purchase

10  orders, invoices, receipts, accounting records, contracts, bills of lading, shipping records,

11  correspondence, memoranda, notes, diaries, statistics, letters, telegrams, telex, faxes,

12  minutes, contracts, reports, studies, statements, summaries, interoffice and intra-office

13  communications, notations of any sort of conversations, telephone calls, meetings or

14  other communications, computer printouts, tape recordings, audiotapes, videotapes,

15  charts, graphs, and electronic, mechanical or electronic records, compact discs, computer

16  discs, computer tapes, computer software, electronically stored media, and any other

17  form of stored information. The term "WRITINGS" as used herein means and includes

18  the definition of that term under Federal Rule of Evidence ("FRE") Rule 1001(1).

19       E.    YOU are required to produce not only the original or an exact copy of the

20  original of all DOCUMENTS and WRITINGS responsive to the following numbered

21  demands, but also all copies of such DOCUMENTS and WRITINGS which bear any

22  notes or markings not found on the originals and all preliminary, intermediate, final, and

23  revised drafts of said DOCUMENTS and WRITINGS.

24       F.    If YOU are not producing any DOCUMENT or WRITING responsive to

25  any of the numbered demands below on the basis of a claimed privilege, or for any other

26  reason, state the following information:

27          1.    Describe the DOCUMENT and/or WRITING with specificity;

28          2.    Identify the privilege claimed or other reason why the DOCUMENT

SFCA_1378776.1

1   and/or WRITING is not produced;

2           3.      State the names and capacities of all persons who participated in the

3   preparation of the DOCUMENT and/or WRITING; and

4           4.      State the names and capacities of all persons to whom the

5   DOCUMENT and/or WRITING was circulated or its contents communicated.

6       G.      "RELATING TO" or "RELATE(S) TO" are used in their broadest sense

7   and means referring to, describing, evidencing, containing, supporting, rebutting,

8   reflecting, refuting, negating, pertaining to, comprising, memorializing, identifying,

9   verifying, and/or in any way involving or having a logical connection to the subject

10  matter of the request, in whole or in part.

11      H.      "COMPLAINT" means the operative complaint filed in the above

12  captioned action.

13      I.      "RESPONDENT" means Stanford Hospital & Clinics and Lucile Packard

14  Children's Hospital.

15      J.      "LOCAL" means any local union or labor organization affiliated with the

16  Service Employees International Union ("SEIU").

## REQUESTS FOR PRODUCTION

17

18  **REQUEST FOR PRODUCTION NO. 1:**

19      Produce all DOCUMENTS and WRITINGS RELATING TO the identification of

20  counsel representing LOCAL 715 regarding the issues which are the subject of the

21  COMPLAINT.

22  **REQUEST FOR PRODUCTION NO. 2:**

23      Produce all DOCUMENTS and WRITINGS RELATING TO the present or future

24  representative capacity of LOCAL 715 regarding any employees of RESPONDENT from

25  June 30, 2005 to the present.

26  **REQUEST FOR PRODUCTION NO. 3:**

27      Produce all DOCUMENTS and WRITINGS RELATING TO the present or future

28  representative capacity of LOCAL 521, whether by that name or by other reference to the

4

SFCA_1278776.1

1  entity which became LOCAL 521 when chartered by SEIU International, regarding any

2  employees of RESPONDENT from June 30, 2005 to the present.

3  **REQUEST FOR PRODUCTION NO. 4:**

4       Produce all DOCUMENTS and WRITINGS RELATING TO the present or future

5  representative capacity of SEIU-UHW regarding any employees of RESPONDENT from

6  June 30 2005 to the present.

7  **REQUEST FOR PRODUCTION NO. 5:**

8       Produce all DOCUMENTS and WRITINGS RELATING TO correspondence

9  between YOU and any SEIU International official and/or representative from June 30,

10  2005 to the present regarding the status of LOCAL 715 (including, without limitation, its

11  existence, its termination and/or its merger with or into another LOCAL, or the transfer

12  by any manner of any of its represented bargaining units to another LOCAL or

13  LOCALS).

14  **REQUEST FOR PRODUCTION NO. 6:**

15       Produce all DOCUMENTS and WRITINGS RELATING TO correspondence

16  between YOU and any SEIU-UHW official and/or representative from June 30, 2005 to

17  the present regarding the status of LOCAL 715 (including, without limitation, its

18  existence, its termination and/or its merger with or into another LOCAL, or the transfer

19  by any manner of its represented bargaining units to another LOCAL or LOCALS).

20  **REQUEST FOR PRODUCTION NO. 7:**

21       Produce all DOCUMENTS and WRITINGS RELATING TO correspondence

22  between YOU and any LOCAL 521 official and/or representative from June 30, 2005 to

23  the present regarding the status of LOCAL 715 (including, without limitation, its

24  existence, its termination and/or its merger with or into another LOCAL, or the transfer

25  by any manner of any of its represented bargaining units to another LOCAL or

26  LOCALS).

27  **REQUEST FOR PRODUCTION NO. 8:**

28       Produce all DOCUMENTS and WRITINGS RELATING TO correspondence

5

SFCA_1378776_1

1  between YOU and any LOCAL 715 official and/or representative from June 30, 2005 to

2  the present regarding the status of LOCAL 715 (including, without limitation, its

3  existence, its termination and/or its merger with or into another LOCAL, or the transfer

4  by any manner of any of its represented bargaining units to another LOCAL or

5  LOCALS).

6  **REQUEST FOR PRODUCTION NO. 9:**

7      Produce all DOCUMENTS and WRITINGS RELATING TO the handling of any

8  funds (including, without limitation, dues payments) RELATING TO LOCAL 715

9  (including, without limitation, all deposits, payments and transfers of said funds) from

10  January 2007 to the present.

11  **REQUEST FOR PRODUCTION NO. 10:**

12      Produce all DOCUMENTS and WRITINGS RELATING TO the affairs and

13  transactions of LOCAL 715 from January 2006 to the present (including, without

14  limitation, all reports and monitoring activities of said affairs and transactions).

15  **REQUEST FOR PRODUCTION NO. 11:**

16      Produce all DOCUMENTS and WRITINGS RELATING TO the establishment of

17  a trusteeship for LOCAL 715 from January 2007 to the present.

18  **REQUEST FOR PRODUCTION NO. 12:**

19      Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's

20  website from January 2007 to the present including, without limitation, all links from the

21  website to other sites, all references to LOCAL 715's status (including existence,

22  termination or merger with or into another LOCAL), all references to LOCAL 715's

23  funds, and all references to LOCAL 715's officers and/or trustees.  This request

24  specifically includes all versions of LOCAL 715's website during the time period

25  including, without limitation, all changes to the website and the reasons for such changes.

26  **REQUEST FOR PRODUCTION NO. 13:**

27      Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's

28  website from January 2007 to the present including, without limitation, all links from the

SFCA_1378776 1

1  website to other sites, all references to LOCAL 521's status (including its creation,

2  existence, or merger with other LOCALS), all references to LOCAL 521's funds, and all

3  references to LOCAL 521's officers and/or trustees.  This request specifically includes all

4  versions of LOCAL 521's website during the time period including, without limitation,

5  all changes to the website and the reasons for such changes.

6  **REQUEST FOR PRODUCTION NO. 14:**

7  Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's

8  website from January 1, 2006 to the present including, without limitation, all links from

9  the website to other sites, all references to SEIU-UHW's status in any capacity as

10  representative of any employees of RESPONDENT, and all references to SEIU-UHW's

11  receipt of funds from SEIU-LOCAL 715 and/or SEIU-LOCAL 521.  This request

12  specifically includes all versions of SEIU-UHW's website during the time period

13  including, without limitation, all changes to the website and the reasons for such changes.

14  **REQUEST FOR PRODUCTION NO. 15:**

15  Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

16  between YOU and LOCAL 715 regarding LOCAL 715's website and/or any changes

17  thereto from January 1, 2007 to the present.

18  **REQUEST FOR PRODUCTION NO. 16:**

19  Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

20  between YOU and LOCAL 521 regarding LOCAL 521's website and/or changes thereto

21  from January 1, 2007 to the present.

22  **REQUEST FOR PRODUCTION NO. 17:**

23  Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

24  between YOU and SEIU-UHW regarding SEIU-UHW's website and/or changes thereto

25  from January 2006 to the present.

26  **REQUEST FOR PRODUCTION NO. 18:**

27  Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing

28  Agreement between LOCAL 715 and SEIU-UHW.

SFCA  1378776.1

1 | **REQUEST FOR PRODUCTION NO. 19:**

2 |    Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing

3 | Agreement between LOCAL 715 and SEIU LOCAL 1877 or its successors or affiliated

4 | LOCALS.

5 | **REQUEST FOR PRODUCTION NO. 20:**

6 |    Produce all DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger &

7 | Rosenfeld's representation of LOCAL 715 from January 2006 to the present. This

8 | request does not seek production of DOCUMENTS and WRITINGS concerning

9 | counsel's advice but merely seeks production of DOCUMENTS and WRITINGS

10 | RELATING TO Weinberg, Roger & Rosenfeld's retention to represent LOCAL 715.

11 | **REQUEST FOR PRODUCTION NO. 21:**

12 |    Produce all DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon

13 | LLP's representation of LOCAL 715 from January 2007 to the present. This request

14 | does not seek production of DOCUMENTS and WRITINGS concerning counsel's advice

15 | but merely seeks production of DOCUMENTS and WRITINGS RELATING TO

16 | Altshuler Berzon's retention to represent LOCAL 715.

17 | **REQUEST FOR PRODUCTION NO. 22:**

18 |    Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of

19 | funds from SEIU-LOCAL 715.

20 | **REQUEST FOR PRODUCTION NO. 23:**

21 |    Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of

22 | funds from SEIU-LOCAL 521

23 | **REQUEST FOR PRODUCTION NO. 24:**

24 |    Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's

25 | transfer and/or payment of funds to SEIU-UHW.

26 | **REQUEST FOR PRODUCTION NO. 25:**

27 |    Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's

28 | transfer and/or payment of funds to SEIU-UHW.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's transfer and/or payment of funds to SEIU LOCAL 1877 or its successor or affiliated LOCALS.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 715 and LOCAL 521 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

**REQUEST FOR PRODUCTION NO. 28:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive Board meetings and/or Special Executive Board meetings for LOCAL 715 between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive Board meetings and/or Special Executive Board meetings for LOCAL 521 between July 1, 2006 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive Board meetings and/or Special Executive Board meetings for SEIU-UHW between July 1, 2005 and June 9, 2007 which reference in any manner the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for LOCAL 715 held between July 1, 2005 and June 9, 2007 including, without limitation, a list of those in attendance and those not in attendance at said meetings.

**REQUEST FOR PRODUCTION NO. 32:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of

9

SFCA_1378776.1

Executive Board meetings for LOCAL 521 held between July 1, 2006 and June 9, 2007 including, without limitation, a list of those in attendance and those not in attendance at said meetings.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for SEIU-UHW held between July 1, 2005 and June 9, 2007 which reference in any manner the representation of any employees of RESPONDENT including, without limitation, a list of those in attendance and those not in attendance at said meetings.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's annual budget and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's annual budget and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's annual budget and/or budgets covering and/or applicable to calendar years 2007 and 2008 or any portion thereof.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for LOCAL 715 (including, without limitation, all regular and special general membership meetings) held between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for LOCAL 521 (including, without limitation, all regular

10

SFCA_1378776.1

1 and special general membership meetings) held between January 1, 2007 and June 9,

2 2007.

3 **REQUEST FOR PRODUCTION NO. 39:**

4       Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any

5 general membership meetings for SEIU-UHW (including, without limitation, all regular

6 and special general membership meetings) which reference in any manner the

7 representation of any employees of RESPONDENT and were held between July 1, 2005

8 and June 9, 2007.

9 **REQUEST FOR PRODUCTION NO. 40:**

10       Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of

11 LOCAL 715 showing all dues receipts deposits in accounts held by LOCAL 715 from

12 January 2006 to the present.

13 **REQUEST FOR PRODUCTION NO. 41:**

14       Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of

15 LOCAL 521 showing all dues receipts deposits in accounts held by LOCAL 521 received

16 from or on behalf of any employees of RESPONDENT from January 2006 to the present.

17 **REQUEST FOR PRODUCTION NO. 42:**

18       Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of

19 SEIU-UHW showing all dues receipts deposits in accounts held by SEIU-UHW received

20 from or on behalf of any employees of RESPONDENT from January 2006 to the present.

21 **REQUEST FOR PRODUCTION NO. 43:**

22       Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or

23 other appointment of any employee of SEIU-UHW to provide services to LOCAL 715

24 RELATING TO the representation of any employees of RESPONDENT.

25 **REQUEST FOR PRODUCTION NO. 44:**

26       Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or

27 other appointment of any employee of SEIU-UHW to provide services to LOCAL 521

28 RELATING TO the representation of any employees of RESPONDENT.

SFCA_1378776.1

**REQUEST FOR PRODUCTION NO. 45:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by SEIU-UHW to provide services to LOCAL 715 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by SEIU-UHW to provide services to LOCAL 521 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by LOCAL 521 to provide services RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 48:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's representation employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 49:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's representation employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 50:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services to LOCAL 715 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 51:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services to LOCAL 715 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

SFCA_1378776.1

**REQUEST FOR PRODUCTION NO. 52:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 53:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 54:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 55:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 56:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

**REQUEST FOR PRODUCTION NO. 57:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

1 | Dated:  May 13, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
EILEEN R. RIDLEY
SCOTT P. INCIARDI


By: _____
EILEEN R. RIDLEY
Attorneys for Respondents STANFORD
HOSPITAL & CLINICS and LUCILE
PACKARD CHILDREN'S HOSPITAL

14

1

**PROOF OF SERVICE**

2

I am employed in the **County of San Francisco, State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

3

4

On **May 13, 2008**, I served the foregoing document(s) described as: **REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE** on the interested parties in this action as follows:

5

6    __X__    BY THE FOLLOWING MEANS:

7    I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

8    *Attorneys for Petitioner SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 715

9

10   Bruce A. Harland
     Weinberg, Roger & Rosenfeld
     1001 Marina Village Parkway, Suite 200
11   Alameda, California 94501-1091

12   __X__    BY MAIL

13       __x__    I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at **San Francisco, California**. I placed the envelope(s) for collection and mailing on the above date following ordinary business practices.

14

15

16

17   __X__    Executed on **May 13, 2008**, at **San Francisco, California**.

18   __X__    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

19

20                              *Teresa Schuman*
                                TERESA SCHUMAN

21

22

23

24

25

26

27

28

15

**EXHIBIT C**

AO88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 715
V.

STANFORD HOSPITAL & CLINICS and LUCILE
PACKARD CHILDREN'S HOSPITAL

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 5:08-CV-00213-JF

TO:  SEIU Local 521
2302 ZANKER ROAD
SAN JOSE, CA 95131

❑  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | **DATE AND TIME** |

❑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
[See Attachment "A"]

| PLACE | DATE AND TIME |
|---|---|
| Foley & Lardner LLP, One Maritime Plaza, Sixth Floor, San Francisco, CA 94111 | June 18, 2008 |

❑  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ | May 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, Sixth Floor, San Francisco, CA 94111
Telephone: (415) 434-4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| SERVED | | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

## Attachment "A"

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply throughout this demand for identification and production, unless the context clearly indicates otherwise:

A.    "YOU" and "YOUR" shall mean and include SEIU Local 521 and any of its agents, affiliates, representatives, or any other person or entity acting on its behalf.

B.    This demand requires that YOU identify and produce all DOCUMENTS and WRITINGS responsive to the following numbered demands which are in YOUR possession or control or subject to YOUR control, wherever they may be located. The DOCUMENTS and WRITINGS which YOU must identify and produce include not only writings which YOU presently possess, but also writings which YOU are aware of (regardless of whether they are in YOUR possession or not), DOCUMENTS and WRITINGS that are in the possession or control of YOUR attorneys, accountants, bookkeepers, employees, representatives, or anyone else acting on YOUR behalf.

B.    YOU are requested to produce all DOCUMENTS and WRITINGS which are responsive to the following numbered demands for inspection and photocopying at the law offices of Foley & Lardner LLP, located at One Maritime Plaza, Sixth Floor, San Francisco, California 94111 3404, on June 18, 2008 (or 30 days after service of this demand, or the next business day if that day falls on a Saturday, Sunday or court holiday).

C.    All DOCUMENTS and WRITINGS which are responsive in whole or in part to the following numbered demand shall be produced in full, without abridgment, abbreviation or expurgation of any sort. If any such DOCUMENTS and WRITINGS cannot be produced in full, produce the DOCUMENT and/or WRITING to the greatest extent possible and

indicate in YOUR written response what portion of the DOCUMENT and/or WRITING is not produced and why it could not be produced.

D.    The term "DOCUMENT" as used herein means and includes any and all documents, tangible things, and all WRITINGS of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and includes, without limitation, agreements, purchase orders, invoices, receipts, accounting records, contracts, bills of lading, shipping records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, telex, faxes, minutes, contracts, reports, studies, statements, summaries, interoffice and intra-office communications, notations of any sort of conversations, telephone calls, meetings or other communications, computer printouts, tape recordings, audiotapes, videotapes, charts, graphs, and electronic, mechanical or electronic records, compact discs, computer discs, computer tapes, computer software, electronically stored media, and any other form of stored information.  The term "WRITINGS" as used herein means and includes the definition of that term under Federal Rule of Evidence ("FRE") Rule 1001(1).

E.    YOU are required to produce not only the original or an exact copy of the original of all DOCUMENTS and WRITINGS responsive to the following numbered demands, but also all copies of such DOCUMENTS and WRITINGS which bear any notes or markings not found on the originals and all preliminary, intermediate, final, and revised drafts of said DOCUMENTS and WRITINGS.

F.    If YOU are not producing any DOCUMENT or WRITING responsive to any of the numbered demands below on the basis of a claimed privilege, or for any other reason, state the following information:

1.    Describe the DOCUMENT and/or WRITING with specificity;

SFCA_1379771.1

2.    Identify the privilege claimed or other reason why the DOCUMENT and/or WRITING is not produced;

3.    State the names and capacities of all persons who participated in the preparation of the DOCUMENT and/or WRITING; and

4.    State the names and capacities of all persons to whom the DOCUMENT and/or WRITING was circulated or its contents communicated.

G.    "RELATING TO" or "RELATE(S) TO" are used in their broadest sense and means referring to, describing, evidencing, containing, supporting, rebutting, reflecting, refuting, negating, pertaining to, comprising, memorializing, identifying, verifying, and/or in any way involving or having a logical connection to the subject matter of the request, in whole or in part.

H.    "COMPLAINT" means the operative complaint filed in the above captioned action.

I.    "RESPONDENT" means Stanford Hospital & Clinics and Lucile Packard Children's Hospital.

J.    "LOCAL" means any local union or labor organization affiliated with the Service Employees International Union ("SEIU").

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Produce all DOCUMENTS and WRITINGS RELATING TO the identification of counsel representing LOCAL 715 regarding the issues which are the subject of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of LOCAL 715 regarding any employees of RESPONDENT from June 30, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of LOCAL 521, whether by that name or by other reference to the entity which became LOCAL 521 when chartered by SEIU International, regarding any employees of RESPONDENT from June 30, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of SEIU-UHW regarding any employees of RESPONDENT from June 30 2005 to the present.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any SEIU International official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

**REQUEST FOR PRODUCTION NO. 6:**

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any SEIU-UHW official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its

4

termination and/or its merger with or into another LOCAL, or the transfer by any manner of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 7:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any LOCAL 521 official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 8:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any LOCAL 715 official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 9:

Produce all DOCUMENTS and WRITINGS RELATING TO the handling of any funds (including, without limitation, dues payments) RELATING TO LOCAL 715 (including, without limitation, all deposits, payments and transfers of said funds) from January 2007 to the present.

## REQUEST FOR PRODUCTION NO. 10:

Produce all DOCUMENTS and WRITINGS RELATING TO the affairs and transactions of LOCAL 715 from January 2006 to the present (including, without limitation, all reports and monitoring activities of said affairs and transactions).

5

**REQUEST FOR PRODUCTION NO. 11:**

Produce all DOCUMENTS and WRITINGS RELATING TO the establishment of a trusteeship for LOCAL 715 from January 2007 to the present.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's website from January 2007 to the present including, without limitation, all links from the website to other sites, all references to LOCAL 715's status (including existence, termination or merger with or into another LOCAL), all references to LOCAL 715's funds, and all references to LOCAL 715's officers and/or trustees. This request specifically includes all versions of LOCAL 715's website during the time period including, without limitation, all changes to the website and the reasons for such changes.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's website from January 2007 to the present including, without limitation, all links from the website to other sites, all references to LOCAL 521's status (including its creation, existence, or merger with other LOCALS), all references to LOCAL 521's funds, and all references to LOCAL 521's officers and/or trustees. This request specifically includes all versions of LOCAL 521's website during the time period including, without limitation, all changes to the website and the reasons for such changes.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's website from January 1, 2006 to the present including, without limitation, all links from the website to other sites, all references to SEIU-UHW's status in any capacity as representative of any employees of RESPONDENT, and all references to SEIU-UHW's receipt of funds from

SEIU-LOCAL 715 and/or SEIU-LOCAL 521. This request specifically includes all versions of SEIU-UHW's website during the time period including, without limitation, all changes to the website and the reasons for such changes.

## REQUEST FOR PRODUCTION NO. 15:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between YOU and LOCAL 715 regarding LOCAL 715's website and/or any changes thereto from January 1, 2007 to the present.

## REQUEST FOR PRODUCTION NO. 16:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between YOU and LOCAL 521 regarding LOCAL 521's website and/or changes thereto from January 1, 2007 to the present.

## REQUEST FOR PRODUCTION NO. 17:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between YOU and SEIU-UHW regarding SEIU-UHW's website and/or changes thereto from January 2006 to the present.

## REQUEST FOR PRODUCTION NO. 18:

Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing Agreement between LOCAL 715 and SEIU-UHW.

## REQUEST FOR PRODUCTION NO. 19:

Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing Agreement between LOCAL 715 and SEIU LOCAL 1877 or its successors or affiliated LOCALS.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger & Rosenfeld's representation of LOCAL 715 from January 2006 to the present. This request does not seek production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks production of DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger & Rosenfeld's retention to represent LOCAL 715.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon LLP's representation of LOCAL 715 from January 2007 to the present. This request does not seek production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks production of DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon's retention to represent LOCAL 715.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from SEIU-LOCAL 715.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from SEIU-LOCAL 521

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's transfer and/or payment of funds to SEIU-UHW.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's transfer and/or payment of funds to SEIU-UHW.

SFCA_1379771.1

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's transfer and/or payment of funds to SEIU LOCAL 1877 or its successor or affiliated LOCALS.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 715 and LOCAL 521 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

**REQUEST FOR PRODUCTION NO. 28:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive Board meetings and/or Special Executive Board meetings for LOCAL 715 between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive Board meetings and/or Special Executive Board meetings for LOCAL 521 between July 1, 2006 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive Board meetings and/or Special Executive Board meetings for SEIU-UHW between July 1, 2005 and June 9, 2007 which reference in any manner the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for LOCAL 715 held between July 1, 2005 and June 9, 2007

including, without limitation, a list of those in attendance and those not in attendance at said meetings.

## REQUEST FOR PRODUCTION NO. 32:

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for LOCAL 521 held between July 1, 2006 and June 9, 2007 including, without limitation, a list of those in attendance and those not in attendance at said meetings.

## REQUEST FOR PRODUCTION NO. 33:

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for SEIU-UHW held between July 1, 2005 and June 9, 2007 which reference in any manner the representation of any employees of RESPONDENT including, without limitation, a list of those in attendance and those not in attendance at said meetings.

## REQUEST FOR PRODUCTION NO. 34:

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's annual budget and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

## REQUEST FOR PRODUCTION NO. 35:

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's annual budget and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

## REQUEST FOR PRODUCTION NO. 36:

Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's annual budget and/or budgets covering and/or applicable to calendar years 2007 and 2008 or any portion thereof.

SFCA_1379771.1

**REQUEST FOR PRODUCTION NO. 37:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for LOCAL 715 (including, without limitation, all regular and special general membership meetings) held between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for LOCAL 521 (including, without limitation, all regular and special general membership meetings) held between January 1, 2007 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for SEIU-UHW (including, without limitation, all regular and special general membership meetings) which reference in any manner the representation of any employees of RESPONDENT and were held between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL 715 showing all dues receipts deposits in accounts held by LOCAL 715 from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL 521 showing all dues receipts deposits in accounts held by LOCAL 521 received from or on behalf of any employees of RESPONDENT from January 2006 to the present.

SFCA_1379771.1

**REQUEST FOR PRODUCTION NO. 42:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of SEIU-UHW showing all dues receipts deposits in accounts held by SEIU-UHW received from or on behalf of any employees of RESPONDENT from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of SEIU-UHW to provide services to LOCAL 715 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 44:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of SEIU-UHW to provide services to LOCAL 521 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 45:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by SEIU-UHW to provide services to LOCAL 715 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by SEIU-UHW to provide services to LOCAL 521 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by LOCAL 521 to provide services RELATING TO the representation of any employees of RESPONDENT.

SFCA_1379771.1

**REQUEST FOR PRODUCTION NO. 48:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's representation employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 49:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's representation employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 50:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services to LOCAL 715 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 51:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services to LOCAL 715 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 52:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 53:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 54:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 55:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 56:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

**REQUEST FOR PRODUCTION NO. 57:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

SFCA_1379771.1

1

# PROOF OF SERVICE

2

I am employed in the **County of San Francisco, State of California.** I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza,**

3

**Sixth Floor, San Francisco, CA 94111-3409.**

4

On **May 16, 2008,** I served the foregoing document(s) described as: **SUBPOENA IN A CIVIL CASE** on the interested parties in this action as follows:

5

6

<u>X</u>    BY THE FOLLOWING MEANS:

I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

7

\*Attorneys for Petitioner SERVICE
EMPLOYEES INTERNATIONAL

8

UNION LOCAL 715

9

Bruce A. Harland

Weinberg, Roger & Rosenfeld

10

1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091

11

<u>X</u>    BY MAIL

12

<u>x</u>    I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm

13

deposits the collected correspondence with the United States Postal

14

Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at **San Francisco, California.** I placed the

15

envelope(s) for collection and mailing on the above date following
ordinary business practices.

16

<u>X</u>    Executed on **May 16, 2008,** at **San Francisco, California.**

17

<u>X</u>    I declare that I am employed in the office of a member of the bar of this

18

court at whose direction the service was made.

19

*Teresa Schuman*

20

TERESA SCHUMAN

21

22

23

24

25

26

27

28

| Attorney or Party without Attorney:<br>EILEEN R. RIDLEY<br>FOLEY & LARDNER, LLP<br>ONE MARITIME PLAZA<br>6th FLOOR<br>SAN FRANCISCO, CA 94111<br>Telephone No: 415-434-4484    FAX No: 415-434-4507 | For Court Use Only |
|---|---|

Attorney for: Plaintiff

Ref. No. or File No.: 085437-3080

Insert name of Court, and Judicial District and Branch Court:

United States District Court Northern District Of California

Plaintiff: SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715
Defendant: STANFORD HOSPITAL & CLINICS, et al.

| PROOF OF SERVICE<br>SUBPOENA - CIVIL CASE | Hearing Date:<br>Wed, Jun. 18, 2008 | Time: | Dept/Div: | Case Number:<br>5:08-CV-00213-JF |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE

3. a. Party served:          SEIU LOCAL 521
   b. Person served:         ROBIN MELENDEZ, PAYROLL/AUTHORIZED TO ACCEPT

4. Address where the party was served:    2302 ZANKER ROAD
                                          SAN JOSE, CA 95131

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., May. 16, 2008 (2) at: 3:50PM
   b. I received this subpena for service on:    Friday, May 16, 2008

6. Witness fees were not demanded or paid.

7. **Person Who Served Papers:**
   a. EDGAR MENDEZ

Recoverable Cost Per CCP 1033.5(a)(4)(B)

d. *The Fee for Service was:*

e. I am: Not a Registered California Process Server

First Legal Support Services
ATTORNEY SERVICES
1511 BEVERLY BOULEVARD
Los Angeles, CA 90026
(213) 250-1111, FAX (213) 250-1197

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
   Date:Mon, May. 19, 2008

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 715
V.

STANFORD HOSPITAL & CLINICS and LUCILE
PACKARD CHILDREN'S HOSPITAL

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 5:08-CV-00213-JF

TO:   SEIU/United Health Care Workers West Local 2005
560 THOMAS L. BERKLEY WAY, OAKLAND, CA 94612-1602

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

[See Attachment "A"]

| PLACE<br>Foley & Lardner LLP, One Maritime Plaza, Sixth Floor, San Francisco, CA 94111 | DATE AND TIME<br>June 18, 2008 |
|---|---|

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>May 15, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, Sixth Floor, San Francisco, CA 94111
Telephone: (415) 434-4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

## Attachment "A"

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply throughout this demand for identification and production, unless the context clearly indicates otherwise:

A.    "YOU" and "YOUR" shall mean and include SEIU/United Health Care Workers West Local 2005 and any of its agents, affiliates, representatives, or any other person or entity acting on its behalf.

B.    This demand requires that YOU identify and produce all DOCUMENTS and WRITINGS responsive to the following numbered demands which are in YOUR possession or control or subject to YOUR control, wherever they may be located.  The DOCUMENTS and WRITINGS which YOU must identify and produce include not only writings which YOU presently possess, but also writings which YOU are aware of (regardless of whether they are in YOUR possession or not), DOCUMENTS and WRITINGS that are in the possession or control of YOUR attorneys, accountants, bookkeepers, employees, representatives, or anyone else acting on YOUR behalf.

B.    YOU are requested to produce all DOCUMENTS and WRITINGS which are responsive to the following numbered demands for inspection and photocopying at the law offices of Foley & Lardner LLP, located at One Maritime Plaza, Sixth Floor, San Francisco, California 94111 3404, on June 18, 2008 (or 30 days after service of this demand, or the next business day if that day falls on a Saturday, Sunday or court holiday).

C.    All DOCUMENTS and WRITINGS which are responsive in whole or in part to the following numbered demand shall be produced in full, without abridgment, abbreviation or expurgation of any sort.  If any such DOCUMENTS and WRITINGS cannot be

produced in full, produce the DOCUMENT and/or WRITING to the greatest extent possible and indicate in YOUR written response what portion of the DOCUMENT and/or WRITING is not produced and why it could not be produced.

D.    The term "DOCUMENT" as used herein means and includes any and all documents, tangible things, and all WRITINGS of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and includes, without limitation, agreements, purchase orders, invoices, receipts, accounting records, contracts, bills of lading, shipping records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, telex, faxes, minutes, contracts, reports, studies, statements, summaries, interoffice and intra-office communications, notations of any sort of conversations, telephone calls, meetings or other communications, computer printouts, tape recordings, audiotapes, videotapes, charts, graphs, and electronic, mechanical or electronic records, compact discs, computer discs, computer tapes, computer software, electronically stored media, and any other form of stored information. The term "WRITINGS" as used herein means and includes the definition of that term under Federal Rule of Evidence ("FRE") Rule 1001(1).

E.    YOU are required to produce not only the original or an exact copy of the original of all DOCUMENTS and WRITINGS responsive to the following numbered demands, but also all copies of such DOCUMENTS and WRITINGS which bear any notes or markings not found on the originals and all preliminary, intermediate, final, and revised drafts of said DOCUMENTS and WRITINGS.

F.    If YOU are not producing any DOCUMENT or WRITING responsive to any of the numbered demands below on the basis of a claimed privilege, or for any other reason, state the following information:

2

1.    Describe the DOCUMENT and/or WRITING with specificity;

2.    Identify the privilege claimed or other reason why the DOCUMENT and/or WRITING is not produced;

3.    State the names and capacities of all persons who participated in the preparation of the DOCUMENT and/or WRITING; and

4.    State the names and capacities of all persons to whom the DOCUMENT and/or WRITING was circulated or its contents communicated.

G.    "RELATING TO" or "RELATE(S) TO" are used in their broadest sense and means referring to, describing, evidencing, containing, supporting, rebutting, reflecting, refuting, negating, pertaining to, comprising, memorializing, identifying, verifying, and/or in any way involving or having a logical connection to the subject matter of the request, in whole or in part.

H.    "COMPLAINT" means the operative complaint filed in the above captioned action.

I.    "RESPONDENT" means Stanford Hospital & Clinics and Lucile Packard Children's Hospital.

J.    "LOCAL" means any local union or labor organization affiliated with the Service Employees International Union ("SEIU").

## **REQUESTS FOR PRODUCTION**

## **REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS and WRITINGS RELATING TO the identification of counsel representing LOCAL 715 regarding the issues which are the subject of the COMPLAINT.

3

## REQUEST FOR PRODUCTION NO. 2:

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of LOCAL 715 regarding any employees of RESPONDENT from June 30, 2005 to the present.

## REQUEST FOR PRODUCTION NO. 3:

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of LOCAL 521, whether by that name or by other reference to the entity which became LOCAL 521 when chartered by SEIU International, regarding any employees of RESPONDENT from June 30, 2005 to the present.

## REQUEST FOR PRODUCTION NO. 4:

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of SEIU-UHW regarding any employees of RESPONDENT from June 30 2005 to the present.

## REQUEST FOR PRODUCTION NO. 5:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any SEIU International official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 6:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any SEIU-UHW official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its

termination and/or its merger with or into another LOCAL, or the transfer by any manner of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 7:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any LOCAL 521 official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 8:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any LOCAL 715 official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 9:

Produce all DOCUMENTS and WRITINGS RELATING TO the handling of any funds (including, without limitation, dues payments) RELATING TO LOCAL 715 (including, without limitation, all deposits, payments and transfers of said funds) from January 2007 to the present.

## REQUEST FOR PRODUCTION NO. 10:

Produce all DOCUMENTS and WRITINGS RELATING TO the affairs and transactions of LOCAL 715 from January 2006 to the present (including, without limitation, all reports and monitoring activities of said affairs and transactions).

SFCA_1379766.1

**REQUEST FOR PRODUCTION NO. 11:**

Produce all DOCUMENTS and WRITINGS RELATING TO the establishment of a trusteeship for LOCAL 715 from January 2007 to the present.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's website from January 2007 to the present including, without limitation, all links from the website to other sites, all references to LOCAL 715's status (including existence, termination or merger with or into another LOCAL), all references to LOCAL 715's funds, and all references to LOCAL 715's officers and/or trustees. This request specifically includes all versions of LOCAL 715's website during the time period including, without limitation, all changes to the website and the reasons for such changes.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's website from January 2007 to the present including, without limitation, all links from the website to other sites, all references to LOCAL 521's status (including its creation, existence, or merger with other LOCALS), all references to LOCAL 521's funds, and all references to LOCAL 521's officers and/or trustees. This request specifically includes all versions of LOCAL 521's website during the time period including, without limitation, all changes to the website and the reasons for such changes.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's website from January 1, 2006 to the present including, without limitation, all links from the website to other sites, all references to SEIU-UHW's status in any capacity as representative of any employees of RESPONDENT, and all references to SEIU-UHW's receipt of funds from

SFCA_1379766.1

SEIU-LOCAL 715 and/or SEIU-LOCAL 521.  This request specifically includes all versions of

SEIU-UHW's website during the time period including, without limitation, all changes to the

website and the reasons for such changes.

## REQUEST FOR PRODUCTION NO. 15:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

between YOU and LOCAL 715 regarding LOCAL 715's website and/or any changes thereto

from January 1, 2007 to the present.

## REQUEST FOR PRODUCTION NO. 16:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

between YOU and LOCAL 521 regarding LOCAL 521's website and/or changes thereto from

January 1, 2007 to the present.

## REQUEST FOR PRODUCTION NO. 17:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

between YOU and SEIU-UHW regarding SEIU-UHW's website and/or changes thereto from

January 2006 to the present.

## REQUEST FOR PRODUCTION NO. 18:

Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing

Agreement between LOCAL 715 and SEIU-UHW.

## REQUEST FOR PRODUCTION NO. 19:

Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing

Agreement between LOCAL 715 and SEIU LOCAL 1877 or its successors or affiliated

LOCALS.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger & Rosenfeld's representation of LOCAL 715 from January 2006 to the present. This request does not seek production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks production of DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger & Rosenfeld's retention to represent LOCAL 715.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon LLP's representation of LOCAL 715 from January 2007 to the present. This request does not seek production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks production of DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon's retention to represent LOCAL 715.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from SEIU-LOCAL 715.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from SEIU-LOCAL 521

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's transfer and/or payment of funds to SEIU-UHW.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's transfer and/or payment of funds to SEIU-UHW.

SFCA_1379766.1

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's transfer and/or payment of funds to SEIU LOCAL 1877 or its successor or affiliated LOCALS.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 715 and LOCAL 521 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

**REQUEST FOR PRODUCTION NO. 28:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive Board meetings and/or Special Executive Board meetings for LOCAL 715 between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive Board meetings and/or Special Executive Board meetings for LOCAL 521 between July 1, 2006 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive Board meetings and/or Special Executive Board meetings for SEIU-UHW between July 1, 2005 and June 9, 2007 which reference in any manner the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for LOCAL 715 held between July 1, 2005 and June 9, 2007

9

including, without limitation, a list of those in attendance and those not in attendance at said meetings.

**REQUEST FOR PRODUCTION NO. 32:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for LOCAL 521 held between July 1, 2006 and June 9, 2007 including, without limitation, a list of those in attendance and those not in attendance at said meetings.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for SEIU-UHW held between July 1, 2005 and June 9, 2007 which reference in any manner the representation of any employees of RESPONDENT including, without limitation, a list of those in attendance and those not in attendance at said meetings.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's annual budget and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's annual budget and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's annual budget and/or budgets covering and/or applicable to calendar years 2007 and 2008 or any portion thereof.

10

**REQUEST FOR PRODUCTION NO. 37:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for LOCAL 715 (including, without limitation, all regular and special general membership meetings) held between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for LOCAL 521 (including, without limitation, all regular and special general membership meetings) held between January 1, 2007 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for SEIU-UHW (including, without limitation, all regular and special general membership meetings) which reference in any manner the representation of any employees of RESPONDENT and were held between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL 715 showing all dues receipts deposits in accounts held by LOCAL 715 from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL 521 showing all dues receipts deposits in accounts held by LOCAL 521 received from or on behalf of any employees of RESPONDENT from January 2006 to the present.

11

**REQUEST FOR PRODUCTION NO. 42:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of SEIU-UHW showing all dues receipts deposits in accounts held by SEIU-UHW received from or on behalf of any employees of RESPONDENT from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of SEIU-UHW to provide services to LOCAL 715 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 44:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of SEIU-UHW to provide services to LOCAL 521 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 45:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by SEIU-UHW to provide services to LOCAL 715 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by SEIU-UHW to provide services to LOCAL 521 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by LOCAL 521 to provide services RELATING TO the representation of any employees of RESPONDENT.

SFCA_1379766.1

**REQUEST FOR PRODUCTION NO. 48:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's representation employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 49:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's representation employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 50:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services to LOCAL 715 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 51:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services to LOCAL 715 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 52:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 53:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

SFCA_1379766.1

**REQUEST FOR PRODUCTION NO. 54:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 55:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 56:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

**REQUEST FOR PRODUCTION NO. 57:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

14

1

## PROOF OF SERVICE

2   I am employed in the **County of San Francisco, State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza,**
3   **Sixth Floor, San Francisco, CA 94111-3409.**

4   On **May 16, 2008**, I served the foregoing document(s) described as: **SUBPOENA IN A CIVIL CASE** on the interested parties in this action as follows:
5

6   __X__    BY THE FOLLOWING MEANS:
         I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

7   *Attorneys for Petitioner SERVICE
    EMPLOYEES INTERNATIONAL
8   UNION LOCAL 715

9   Bruce A. Harland
    Weinberg, Roger & Rosenfeld
10  1001 Marina Village Parkway, Suite 200
    Alameda, California 94501-1091
11

    __X__    BY MAIL
12

13      __x__    I am readily familiar with the firm's practice of collection and processing
                 correspondence for mailing with the United States Postal Service; the firm
14               deposits the collected correspondence with the United States Postal
                 Service that same day, in the ordinary course of business, with postage
15               thereon fully prepaid, at **San Francisco, California**. I placed the
                 envelope(s) for collection and mailing on the above date following
16               ordinary business practices.

17  __X__    Executed on **May 16, 2008**, at **San Francisco, California**.

18  __X__    I declare that I am employed in the office of a member of the bar of this
             court at whose direction the service was made.
19
                                    _Teresa Schuman_
20                                  TERESA SCHUMAN

21

22

23

24

25

26

27

28

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| EILEEN R. RIDLEY<br>FOLEY & LARDNER, LLP<br>ONE MARITIME PLAZA<br>6th FLOOR<br>SAN FRANCISCO, CA 94111<br>*Telephone No:* 415-434-4484    *FAX No:* 415-434-4507 | | |
| *Attorney for:* Plaintiff | *Ref. No. or File No.:*<br>085437-3080 | |

*Insert name of Court, and Judicial District and Branch Court:*

United States District Court Northern District Of California

*Plaintiff:* SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715

*Defendant:* STANFORD HOSPITAL & CLINICS, et al.

| **PROOF OF SERVICE**<br>**SUBPOENA - CIVIL CASE** | *Hearing Date:*<br>Wed, Jun. 18, 2008 | *Time:* | *Dept/Div:* | *Case Number:*<br>5:08-CV-00213-JF |
|---|---|---|---|---|

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUBPOENA IN A CIVIL CASE

3.  a. *Party served:*      SEIU/UNITED HEALTH CARE WORKERS WEST LOCAL 2005
    b. *Person served:*     "JANE DOE", RECEPTIONIST-PLACED DOCUMENTS IN BOX FOR LEGAL
                           DEPARTMENT, African-American, Female, 40 Years Old, Black Hair, Brown
                           Eyes, 5 Feet 7 Inches, 140 Pounds

4.  *Address where the party was served:*      560 THOMAS L. BERKLEY WAY
                                              OAKLAND, CA 94612

5.  *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
       process for the party (1) on: Fri., May. 16, 2008 (2) at: 3:25PM
    b. *I received this subpena for service on:*      Friday, May 16, 2008

6.  *Witness fees were not demanded or paid.*

7.  ***Person Who Served Papers:***
    a. RAIMUNDO  CARVALHO

    First Legal Support Services ℠
    ATTORNEY SERVICES
    1138 HOWARD STREET
    San Francisco, CA 94103
    (415) 626-3111, FAX (415) 626-1331

                                                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
    d.  ***The Fee*** *for Service was:*

    e.  I am: (3)  registered California process server
        *(i)*    Independent Contractor
        *(ii)*   *Registration No.:*    2005-0000968-00
        *(iii)*  *County:*              San Francisco

*8.  I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of
    America that the foregoing is true and correct.*

    Date:Mon, May. 19, 2008

AO88 (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 715

V.

STANFORD HOSPITAL & CLINICS and LUCILE
PACKARD CHILDREN'S HOSPITAL

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] MISC.
Nortnern District of California
Case No. 5:08-CV-00213-JF

TO:  SEIU International
1800 Massachusetts Avenue, NW
Washington, DC 20036

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
[See Attachment "A"]

| PLACE | DATE AND TIME |
|---|---|
| Foley & Lardner LLP, 3000 K St. NW, Suite 500, Washington, DC 20007-5143 | June 18, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | May 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, Sixth Floor, San Francisco, CA 94111
Telephone: (415) 434-4484

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

**Attachment "A"**

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply throughout this demand for identification and production, unless the context clearly indicates otherwise:

A.    "YOU" and "YOUR" shall mean and include SEIU INTERNATIONAL and any of its agents, affiliates, representatives, or any other person or entity acting on its behalf.

B.    This demand requires that YOU identify and produce all DOCUMENTS and WRITINGS responsive to the following numbered demands which are in YOUR possession or control or subject to YOUR control, wherever they may be located. The DOCUMENTS and WRITINGS which YOU must identify and produce include not only writings which YOU presently possess, but also writings which YOU are aware of (regardless of whether they are in YOUR possession or not), DOCUMENTS and WRITINGS that are in the possession or control of YOUR attorneys, accountants, bookkeepers, employees, representatives, or anyone else acting on YOUR behalf.

B.    YOU are requested to produce all DOCUMENTS and WRITINGS which are responsive to the following numbered demands for inspection and photocopying at the law offices of Foley & Lardner LLP, located at 3000 K Street NW, Suite 500, Washington, D.C. 20007-5143 on June 18, 2008 (or 30 days after service of this demand, or the next business day if that day falls on a Saturday, Sunday or court holiday).

C.    All DOCUMENTS and WRITINGS which are responsive in whole or in part to the following numbered demand shall be produced in full, without abridgment, abbreviation or expurgation of any sort. If any such DOCUMENTS and WRITINGS cannot be produced in full, produce the DOCUMENT and/or WRITING to the greatest extent possible and

indicate in YOUR written response what portion of the DOCUMENT and/or WRITING is not produced and why it could not be produced.

      D.     The term "DOCUMENT" as used herein means and includes any and all documents, tangible things, and all WRITINGS of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and includes, without limitation, agreements, purchase orders, invoices, receipts, accounting records, contracts, bills of lading, shipping records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, telex, faxes, minutes, contracts, reports, studies, statements, summaries, interoffice and intra-office communications, notations of any sort of conversations, telephone calls, meetings or other communications, computer printouts, tape recordings, audiotapes, videotapes, charts, graphs, and electronic, mechanical or electronic records, compact discs, computer discs, computer tapes, computer software, electronically stored media, and any other form of stored information. The term "WRITINGS" as used herein means and includes the definition of that term under Federal Rule of Evidence ("FRE") Rule 1001(1).

      E.     YOU are required to produce not only the original or an exact copy of the original of all DOCUMENTS and WRITINGS responsive to the following numbered demands, but also all copies of such DOCUMENTS and WRITINGS which bear any notes or markings not found on the originals and all preliminary, intermediate, final, and revised drafts of said DOCUMENTS and WRITINGS.

      F.     If YOU are not producing any DOCUMENT or WRITING responsive to any of the numbered demands below on the basis of a claimed privilege, or for any other reason, state the following information:

          1.     Describe the DOCUMENT and/or WRITING with specificity;

2.      Identify the privilege claimed or other reason why the

DOCUMENT and/or WRITING is not produced;

3.      State the names and capacities of all persons who participated in

the preparation of the DOCUMENT and/or WRITING; and

4.      State the names and capacities of all persons to whom the

DOCUMENT and/or WRITING was circulated or its contents communicated.

G.      "RELATING TO" or "RELATE(S) TO" are used in their broadest sense

and means referring to, describing, evidencing, containing, supporting, rebutting, reflecting,

refuting, negating, pertaining to, comprising, memorializing, identifying, verifying, and/or in any

way involving or having a logical connection to the subject matter of the request, in whole or in

part.

H.      "COMPLAINT" means the operative complaint filed in the above

captioned action.

I.      "RESPONDENT" means Stanford Hospital & Clinics and Lucile Packard

Children's Hospital.

J.      "LOCAL" means any local union or labor organization affiliated with the

Service Employees International Union ("SEIU").

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Produce all DOCUMENTS and WRITINGS RELATING TO the identification of

counsel representing LOCAL 715 regarding the issues which are the subject of the

COMPLAINT.

3

## REQUEST FOR PRODUCTION NO. 2:

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of LOCAL 715 regarding any employees of RESPONDENT from June 30, 2005 to the present.

## REQUEST FOR PRODUCTION NO. 3:

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of LOCAL 521, whether by that name or by other reference to the entity which became LOCAL 521 when chartered by SEIU International, regarding any employees of RESPONDENT from June 30, 2005 to the present.

## REQUEST FOR PRODUCTION NO. 4:

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of SEIU-UHW regarding any employees of RESPONDENT from June 30 2005 to the present.

## REQUEST FOR PRODUCTION NO. 5:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any SEIU International official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 6:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any SEIU-UHW official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its

SFCA_1379751.1

termination and/or its merger with or into another LOCAL, or the transfer by any manner of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 7:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any LOCAL 521 official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 8:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any LOCAL 715 official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 9:

Produce all DOCUMENTS and WRITINGS RELATING TO the handling of any funds (including, without limitation, dues payments) RELATING TO LOCAL 715 (including, without limitation, all deposits, payments and transfers of said funds) from January 2007 to the present.

## REQUEST FOR PRODUCTION NO. 10:

Produce all DOCUMENTS and WRITINGS RELATING TO the affairs and transactions of LOCAL 715 from January 2006 to the present (including, without limitation, all reports and monitoring activities of said affairs and transactions).

5

## REQUEST FOR PRODUCTION NO. 11:

Produce all DOCUMENTS and WRITINGS RELATING TO the establishment of a trusteeship for LOCAL 715 from January 2007 to the present.

## REQUEST FOR PRODUCTION NO. 12:

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's website from January 2007 to the present including, without limitation, all links from the website to other sites, all references to LOCAL 715's status (including existence, termination or merger with or into another LOCAL), all references to LOCAL 715's funds, and all references to LOCAL 715's officers and/or trustees. This request specifically includes all versions of LOCAL 715's website during the time period including, without limitation, all changes to the website and the reasons for such changes.

## REQUEST FOR PRODUCTION NO. 13:

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's website from January 2007 to the present including, without limitation, all links from the website to other sites, all references to LOCAL 521's status (including its creation, existence, or merger with other LOCALS), all references to LOCAL 521's funds, and all references to LOCAL 521's officers and/or trustees. This request specifically includes all versions of LOCAL 521's website during the time period including, without limitation, all changes to the website and the reasons for such changes.

## REQUEST FOR PRODUCTION NO. 14:

Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's website from January 1, 2006 to the present including, without limitation, all links from the website to other sites, all references to SEIU-UHW's status in any capacity as representative of any employees of RESPONDENT, and all references to SEIU-UHW's receipt of funds from

6

SEIU-LOCAL 715 and/or SEIU-LOCAL 521.  This request specifically includes all versions of SEIU-UHW's website during the time period including, without limitation, all changes to the website and the reasons for such changes.

### REQUEST FOR PRODUCTION NO. 15:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between YOU and LOCAL 715 regarding LOCAL 715's website and/or any changes thereto from January 1, 2007 to the present.

### REQUEST FOR PRODUCTION NO. 16:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between YOU and LOCAL 521 regarding LOCAL 521's website and/or changes thereto from January 1, 2007 to the present.

### REQUEST FOR PRODUCTION NO. 17:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between YOU and SEIU-UHW regarding SEIU-UHW's website and/or changes thereto from January 2006 to the present.

### REQUEST FOR PRODUCTION NO. 18:

Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing Agreement between LOCAL 715 and SEIU-UHW.

### REQUEST FOR PRODUCTION NO. 19:

Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing Agreement between LOCAL 715 and SEIU LOCAL 1877 or its successors or affiliated LOCALS.

SFCA_1379751.1

**REQUEST FOR PRODUCTION NO. 20:**

Produce all DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger & Rosenfeld's representation of LOCAL 715 from January 2006 to the present. This request does not seek production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks production of DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger & Rosenfeld's retention to represent LOCAL 715.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon LLP's representation of LOCAL 715 from January 2007 to the present. This request does not seek production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks production of DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon's retention to represent LOCAL 715.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from SEIU-LOCAL 715.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from SEIU-LOCAL 521

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's transfer and/or payment of funds to SEIU-UHW.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's transfer and/or payment of funds to SEIU-UHW.

8

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's

transfer and/or payment of funds to SEIU LOCAL 1877 or its successor or affiliated LOCALS.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of

funds between LOCAL 715 and LOCAL 521 (including, without limitation, any transfer of

funds, payment of funds and/or receipt of funds).

**REQUEST FOR PRODUCTION NO. 28:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of

Executive Board meetings and/or Special Executive Board meetings for LOCAL 715 between

July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of

Executive Board meetings and/or Special Executive Board meetings for LOCAL 521 between

July 1, 2006 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of

Executive Board meetings and/or Special Executive Board meetings for SEIU-UHW between

July 1, 2005 and June 9, 2007 which reference in any manner the representation of any

employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of

Executive Board meetings for LOCAL 715 held between July 1, 2005 and June 9, 2007

9

including, without limitation, a list of those in attendance and those not in attendance at said meetings.

## REQUEST FOR PRODUCTION NO. 32:

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for LOCAL 521 held between July 1, 2006 and June 9, 2007 including, without limitation, a list of those in attendance and those not in attendance at said meetings.

## REQUEST FOR PRODUCTION NO. 33:

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for SEIU-UHW held between July 1, 2005 and June 9, 2007 which reference in any manner the representation of any employees of RESPONDENT including, without limitation, a list of those in attendance and those not in attendance at said meetings.

## REQUEST FOR PRODUCTION NO. 34:

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's annual budget and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

## REQUEST FOR PRODUCTION NO. 35:

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's annual budget and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

## REQUEST FOR PRODUCTION NO. 36:

Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's annual budget and/or budgets covering and/or applicable to calendar years 2007 and 2008 or any portion thereof.

10

**REQUEST FOR PRODUCTION NO. 37:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for LOCAL 715 (including, without limitation, all regular and special general membership meetings) held between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for LOCAL 521 (including, without limitation, all regular and special general membership meetings) held between January 1, 2007 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for SEIU-UHW (including, without limitation, all regular and special general membership meetings) which reference in any manner the representation of any employees of RESPONDENT and were held between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL 715 showing all dues receipts deposits in accounts held by LOCAL 715 from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL 521 showing all dues receipts deposits in accounts held by LOCAL 521 received from or on behalf of any employees of RESPONDENT from January 2006 to the present.

11

**REQUEST FOR PRODUCTION NO. 42:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of SEIU-UHW showing all dues receipts deposits in accounts held by SEIU-UHW received from or on behalf of any employees of RESPONDENT from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of SEIU-UHW to provide services to LOCAL 715 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 44:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of SEIU-UHW to provide services to LOCAL 521 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 45:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by SEIU-UHW to provide services to LOCAL 715 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by SEIU-UHW to provide services to LOCAL 521 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by LOCAL 521 to provide services RELATING TO the representation of any employees of RESPONDENT.

12

**REQUEST FOR PRODUCTION NO. 48:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's

representation employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 49:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's

representation employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 50:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or

other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services

to LOCAL 715 RELATING TO the representation of any employees of Stanford University

from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 51:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or

other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services

to LOCAL 715 RELATING TO the representation of any employees of Santa Clara University

from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 52:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the

representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 53:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the

representation of any employees of Santa Clara University from January 2006 to the present.

13

## REQUEST FOR PRODUCTION NO. 54:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

## REQUEST FOR PRODUCTION NO. 55:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

## REQUEST FOR PRODUCTION NO. 56:

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

## REQUEST FOR PRODUCTION NO. 57:

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

14

1

**PROOF OF SERVICE**

2

I am employed in the **County of San Francisco, State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza,**

3

**Sixth Floor, San Francisco, CA 94111-3409**.

4

On **May 16, 2008**, I served the foregoing document(s) described as: **SUBPOENA IN A CIVIL CASE** on the interested parties in this action as follows:

5

6

__X__    BY THE FOLLOWING MEANS:

I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

7

*Attorneys for Petitioner SERVICE

8

EMPLOYEES INTERNATIONAL
UNION LOCAL 715

9

Bruce A. Harland

10

Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091

11

__X__    BY MAIL

12

13

__x__    I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at **San Francisco, California**. I placed the envelope(s) for collection and mailing on the above date following ordinary business practices.

14

15

16

17

__X__    Executed on **May 16, 2008**, at **San Francisco, California**.

18

__X__    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

19

*Teresa Schuman*

20

TERESA SCHUMAN

21

22

23

24

25

26

27

28

1

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| EILEEN R. RIDLEY<br>FOLEY & LARDNER, LLP<br>ONE MARITIME PLAZA<br>6th FLOOR<br>SAN FRANCISCO, CA 94111<br>Telephone No: 415-434-4484    FAX No: 415-434-4507 | | |
| Attorney for: **Plaintiff** | Ref. No. or File No.:<br>085437-3080 | |

Insert name of Court, and Judicial District and Branch Court:

United States District Court Northern District Of California

Plaintiff: SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715

Defendant: STANFORD HOSPITAL & CLINICS, et al.

| **PROOF OF SERVICE**<br>**SUBPOENA - CIVIL CASE** | Hearing Date:<br>Wed, Jun. 18, 2008 | Time: | Dept/Div: | Case Number:<br>5:08-CV-00213-JF |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA IN A CIVIL CASE

3. a. Party served:      SEIU INTERNATIONAL
   b. Person served:     ANGELA THOMPSON, AUTHORIZED TO ACCEPT

4. Address where the party was served:     1800 MASSACHUSETTS AVENUE NW
   WASHINGTON, DC 20036

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., May. 19, 2008 (2) at: 3:50PM
   b. I received this subpena for service on:     Friday, May 16, 2008

6. Witness fees were not demanded or paid.

7. **Person Who Served Papers:**
   a. BRANDON A. SNESKO

   **First Legal Support Services**
   ATTORNEY SERVICES
   1511 BEVERLY BOULEVARD
   Los Angeles, CA 90026
   (213) 250-1111, FAX (213) 250-1197

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. **The Fee for Service was:**
   e. I am: (3) registered California process server
      (i)   Independent Contractor
      (ii)  Registration No.:
      (iii) County:     WASHINGTON, DC

8. **I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.**

   Date:Tue, May. 20, 2008

PROOF OF SERVICE
SUBPOENA - CIVIL CASE

(BRANDON A. SNESKO)

6419784.folla-sf.134639

*Teresa S.*

# FIRST LEGAL SUPPORT SERVICES

**1511 BEVERLY BOULEVARD**
**LOS ANGELES CA 90026**
**Phone: (213) 250-1111, FAX: (213) 250-1197**

136321.134639

8419784
b38. Aaron Daniel

**Assigned To: BRANDON A. SNESKO**

| | | | |
|---|---|---|---|
| Received: | 05/16/08 | Type of Service: **Normal** | Special: **No** |
| Client: | FOLEY & LARDNER, LLP | | Client ID: FOLLA-SF |
| Attention: | /EILEEN R. RIDLEY | | |
| Address 1: | ONE MARITIME PLAZA | Fax: 415-434-4507 | Phone: 415-434-4484 |
| Address 2: | 6th FLOOR | 1 | |
| City, State Zip: | SAN FRANCISCO, CA 94111 | Attorney File No:085437-3080 | |
| Plaintiff | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | | |
| Defendant | STANFORD HOSPITAL & CLINICS, et al. | | |
| Representing: | Plaintiff | Case Number: 5:08-CV-00213-JF | |
| Court: | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | | |
| Hearing Date: | **06/18/08** | Status: 05/21/08   Last Day to Serve: | Last Day to Sub: |
| Serve Docs To: | **SEIU INTERNATIONAL(134958)** | | |
| Description: | Race:___, Sex:___, Age:___, Hair:___, Eyes:___, Height:___, Weight:___ | | |
| Addresses: | Business, 05/22/08 | | |
| | 1800 MASSACHUSETTS AVENUE NW | | |
| | WASHINGTON, DC 20036 | | |
| Documents: | SUBPOENA IN A CIVIL CASE; | | |

| Loc | Date | Time | Server | Code | Comments |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Manner:___**
[P] Personal Service
[Q] by Posting and Mailing via Cert
[R] Returned Not Served
[S] Substituted Service
[T] Posting CCP 704.770
[U] Posted At Residence
[V] Posted at Business
[W] Warm Body CCP 1011
[X] Posted
[Y] Certified Mail CCP 415.45
[Z] First Class Mail CCP 415.46

**Date Served: ___ / ___ / ___    Time Served:(Military) _____    Served By: _____**

**Served At:____ [H]ome, [B]usiness, or [U]sual Place of Mailing ___ [X] For Changes Above in Address Boxs**

**(3.b.)Person Served_____    Witness Fees: $_____**

**Race:____, Sex:____, Age:____, Hair:____, Eyes:____, Height:____, Weight:____**

**Relationship_____(3.b.)By Leaving Copies With_____**

**Mailed From_____Mailed Date_____Time_____**

+

136321.134639

**EXHIBIT D**



**Stronger Together**

# *SEIU LEGAL DEPARTMENT*

## FAX TRANSMISSION COVER SHEET

*Date:* 27 May 2008

*To:* Eileen Ridley, Esq.

*Fax:* 415/434-4507

*From:*   Norman Gleichman, Esq.
          Deputy General Counsel

---

*YOU SHOULD RECEIVE* __**3**__ *PAGE(S), INCLUDING THIS COVER
SHEET.  IF YOU DO NOT RECEIVE ALL THE PAGES,
PLEASE CALL Cheryl E. Alston AT (202) 730-7466*

---

**Comments:**

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org

**Confidentiality Notice:** The information contained in this facsimile transmission is confidential and may be legally privileged, may be legally protected attorney work product, or may be inside information.  The information is intended only for the use of the recipient(s) named above.  If you have received this information in error, please do not read the content of the fax and immediately notify us by telephone to arrange for return of all documents.  Any unauthorized disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited and may be unlawful.



**Stronger Together**

May 27, 2008

<u>**VIA FACSIMILE AND REGULAR MAIL**</u>

Eileen Ridley, Esq.
Foley & Lardner LLP
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111

Re:     Objections to Subpoenas - SEIU Local 715 v. Stanford
        Hospital & Clinics and Lucile Packard Children's Hospital
        – Case Nos. 5:07-cv-5158-JF; 5:08-cv-00213-JF; 5:08-cv-
        00215-JF; 5:08-cv-00216-JF; 5:08-CV-01727-JF; 5:08-
        CV-01726-JF

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

Dear Ms. Ridley:

    The undersigned represents Service Employees International
Union ("SEIU"). SEIU is in receipt of six sets of what appear to be
identical subpoenas in the above-referenced matters. Each subpoena
sets forth 57 categories of documents to be produced. In accordance
with Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, SEIU
hereby objects to the production of the documents listed in the
subpoenas.

    As I understand it, the matter at issue involves suits to compel
arbitration or vacate an arbitration award involving SEIU Local 715.
The subpoenas appear to seek documents that have nothing to do with
the subject matter of the litigation and are not reasonably calculated to
lead to the discovery of admissible evidence. In addition, it would
appear that much of the documentation sought can be obtained from
the party to the lawsuit, SEIU Local 715. Although Local 715 is an
affiliate of SEIU, it is a separate labor organization. SEIU is not a party
to this litigation, and is not the custodian of records for Local 715 or its
other affiliates. SEIU objects to the subpoenas in part on the basis that
it appears that many of the requests ask for information that is not in the
SEIU's control, custody or possession. Other requests for production
included in the subpoenas are vague, unduly burdensome or
overbroad. As a whole, the subpoenas do not comply with Rule
45(c)(1) of the Federal Rules of Civil Procedure.

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org

Eileen R. Ridley, Esq.
May 27, 2008
Page 2

    It may be that SEIU would be able to supply you with a limited set of documents in response to a narrower set of requests. I will be out of the office between May 27 and June 6, 2008, preparing for and attending SEIU's quadrennial convention. I would be happy to discuss this with you upon my return to the office on June 9, 2008. You can reach me on 202-730-7470.

               Sincerely yours,

               Norman M. Gleichman
               Deputy General Counsel



**FOLEY**

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA  94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

June 9, 2008

CLIENT/MATTER NUMBER
085437-3056, 3080, 3081, 3083, 3094 and
3097

<u>Via Facsimile and U.S. Mail</u>

Mr. Norman M. Gleichman
Deputy General Counsel
Service Employees International Union
1800 Massachusetts Ave NW
Washington, D.C. 20036

Re:    Subpoenas - *SEIU Local 715 v. Stanford Hospitals & Clinics and Lucille Packard Children's Hospital* - U.S. Dist. Ct. Northern Dist. of CA Case Nos.:  5:07-cv-5158-JF, 5:08-cv-00213-JF, 5:08-cv-00215-JF, 5:08-cv-00216-JF, 5:08-cv-01727-JF, and 5:08-cv-01726-JF

Dear Mr. Gleichman:

This will respond to your letter of May 27, 2008 regarding the subpoenas issued by my clients, Stanford Hospitals & Clinics and Lucille Packard Childrens' Hospital (the "Hospitals"). I understand you will be out of the office until June 9, 2008. I look forward to working with you at that time regarding Service Employees International Union's ("SEIU") response and production to the subpoenas.

First, the documents requested in the subpoenas generally concern the existence of Local 715, its representative capacity, and the use and handling of its various resources. These are all issues with relevance to the above-captioned actions. Moreover, the Court presiding over these matters expressly agreed the Hospitals could seek such discovery in the actions. Thus, the subject matter of the subpoenas is not objectionable.

Second, while the information/documents requested may not be in the control, custody or possession of SEIU, the Hospitals are entitled to a response to each request indicating whether or not SEIU has responsive documents or not. If SEIU has no responsive documents in its control, custody or possession, that is an appropriate and informative response. Moreover, while some documentation may also be in the control, custody or possession of other entities (whether parties to the litigation or not), the Hospitals are entitled to SEIU's response as SEIU may also have the documents and the fact that such materials are held by SEIU is itself a discoverable matter.

Third, your letter states that "other requests are vague, unduly burdensome or overbroad" but you do not identify the request(s) to which you are referring. Such a general objection is neither appropriate nor responsive.

BOSTON
BRUSSELS
CENTURY CITY
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI
MILWAUKEE

NEW YORK
ORLANDO
SACRAMENTO
SAN DIEGO
SAN DIEGO/DEL MAR

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA

TOKYO
WASHINGTON, D.C.

SFCA_1401560.1



**FOLEY & LARDNER LLP**

Mr. Norman M. Gleichman
June 9, 2008
Page 2

     Finally, you contend that the subpoenas do not comply with Rule 45(c)(1) of the Federal Rules of Civil Procedure which requires issuing parties to avoid undue burden to the party to which the subpoena is directed.  However, as mentioned previously, the subject matter of the requests was specifically permitted by the Court.  Moreover, if – in fact – SEIU has no responsive documents in its control, custody or possession, there is no burden in responding to each request to that effect.  We suspect that that is not the case as SEIU was involved, at the very least, in the institution of the trusteeship regarding Local 715 and therefore would have responsive materials to many (if not all) of the requests.  We are, of course, willing to work with SEIU to ensure its timely production of responsive documents.  If you are concerned regarding the quantity of responsive documents to the requests, please inform us as to the nature of SEIU's production so that we may address any logistical and/or expense issues that may arise.  While we are certainly willing to work with you regarding SEIU's response and production, the Hospitals will insist on an appropriate response and production to each of the requests in the subpoenas[1].

     I look forward to working with you regarding this matter.

     Very truly yours,

Eileen R. Ridley

---

[1] While the Hospitals served a subpoena on SEIU in each of the six pending actions, SEIU need only produce one set of documents which will be deemed to be a production in all actions.



# *SEIU LEGAL DEPARTMENT*

## FAX TRANSMISSION COVER SHEET

*Date:* 16 June 2008

*To:* Eileen Ridley, Esq

*Fax:* 415/434-4507

*From:*    Norman Gleichman, Esq.
           *Deputy General Counsel*

---

*YOU SHOULD RECEIVE __2__ PAGE(S), INCLUDING THIS COVER
SHEET.  IF YOU DO NOT RECEIVE ALL THE PAGES,
PLEASE CALL Cheryl E. Alston AT (202) 730-7466*

---

**Comments:**

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org

**Confidentiality Notice:** The information contained in this facsimile transmission is confidential
and may be legally privileged, may be legally protected attorney work product, or may be inside
information.  The information is intended only for the use of the recipient(s) named above.  If
you have received this information in error, please do not read the content of the fax and
immediately notify us by telephone to arrange for return of all documents.  Any unauthorized
disclosure, copying, distribution, or the taking of any action in reliance on the contents of this
information is strictly prohibited and may be unlawful.



**SEIU**

**Stronger Together**

June 16, 2008

**VIA FACSIMILE TO 415-434-4507 AND REGULAR MAIL**

Eileen Ridley, Esq.
Foley & Lardner LLP
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111

Re:    SEIU Local 715 v. Stanford Hospital & Clinics and Lucile
       Packard Children's Hospital – Case Nos. 5:07-cv-5158-
       JF; 5:08-cv-00213-JF; 5:08-cv-00215-JF; 5:08-cv-00216-
       JF; 5:08-CV-01727-JF; 5:08-CV-01726-JF

Dear Ms. Ridley:

I have your letter of June 9, 2008. I telephoned your office today
and got your voice mail; your message indicated that you would not be
returning to the office until June 18, 2008. That is the return date on the
subpoenas that are the subject of our previous correspondence.

I suggest a two-week extension of time (until June 30, 2008) for
responding to the subpoenas, which will give us sufficient time to
resolve the issues raised in SEIU's objection and the Hospitals'
response.

Upon your return, please give me a call, and we can discuss this
request and also the deposition subpoenas for President Stern that
were served earlier today.

Sincerely yours,

Norman M. Gleichman
Deputy General Counsel

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org



**FOLEY**

FOLEY & LARDNER LLP

ATTORNEYS AT LAW

ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

June 17, 2008

CLIENT/MATTER NUMBER
085437-3056, 3080, 3081,
3083, 3094 and 3097

<u>VIA U.S. MAIL</u>

Mr. Norman M. Gleichman
Deputy General Counsel
Service Employees International Union
1800 Massachusetts Ave NW
Washington, D.C. 20036

Re:    Subpoenas - *SEIU Local 715 v. Stanford Hospital & Clinics*
       *and Lucile Packard Children's Hospital* - U.S. Dist. Ct.
       Northern Dist. of CA Case Nos.: 5:07-cv-5158-JF, 5:08-cv-
       00213-JF, 5:08-cv-00215-JF, 5:08-cv-00216-JF, 5:08-cv-
       01727-JF, and 5:08-cv-01726-JF

Dear Mr. Gleichman:

    This is in reference to your letter to Eileen Ridley dated June 16, 2008, and will
confirm my voicemail left with you yesterday evening. As Ms. Ridley is presently out of the office,
I am responding on her behalf. You have requested an extension of the time in which to respond to
the subpoenas in the above-referenced cases, presently set for June 18, 2008. We would be willing
to extend the response date to June 23, 2008.

    Ms. Ridley will be available to discuss any issues relating to the subpoenas upon her
return to the office on June 18, 2008.

Yours truly,

Scott P. Inciardi

cc:    Eileen Ridley
       Laurence Arnold

BOSTON          JACKSONVILLE    NEW YORK         SAN FRANCISCO    TOKYO
BRUSSELS        LOS ANGELES     ORLANDO          SHANGHAI         WASHINGTON, D.C.
CENTURY CITY    MADISON         SACRAMENTO       SILICON VALLEY
CHICAGO         MIAMI           SAN DIEGO        TALLAHASSEE
DETROIT         MILWAUKEE       SAN DIEGO/DEL MAR TAMPA



**Stronger Together**

# SEIU Legal Department

1800 Massachusetts Avenue
Washington, DC 20036
Tel: 202/730-7000
Fax: 202/429-5565

## FAX TRANSMISSION COVER

**DATE: June 23, 2008**

**TO: Eileen Ridley, Esq.**

**FAX: 415-434-4507**

**FROM: Norman Gleichman**

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

YOU SHOULD RECEIVE 2 PAGE(S), INCLUDING THIS COVER SHEET.  IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL **AMY** AT 202/730-7243.

**Comments:**

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington, D.C. 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org

**Confidentiality Notice:** The information contained in this facsimile transmission is confidential and may be legally privileged, may be legally protected attorney work product, or may be inside information.  If you have received this information in error, please do not read the content of the fax and immediately notify us by telephone to arrange for return of all documents.  Any unauthorized disclosure, copying, distribution, or the taking of any action in reliance on the content of this information is strictly prohibited and may be unlawful.



**Stronger Together**

June 23, 2008

**VIA FACSIMILE TO 415-434-4507 AND REGULAR MAIL**

Eileen Ridley, Esq.
Foley & Lardner LLP
One Maritime Plaza, Sixth Floor
San Francisco, CA  94111

Re:    SEIU Local 715 v. Stanford Hospital & Clinics and Lucile
Packard Children's Hospital – Case Nos. 5:07-cv-5158-
JF; 5:08-cv-00213-JF; 5:08-cv-00215-JF; 5:08-cv-00216-
JF; 5:08-CV-01727-JF; 5:08-CV-01726-JF

Dear Ms. Ridley:

As you know, despite your best efforts and mine, we have not yet been able to have a conversation concerning the subpoenas in the above-referenced matters.  I telephoned your office this morning and learned from your voicemail message that you will be out of the office today and tomorrow, and will not be returning until June 25, 2008.

Per Mr. Inciardi's letter of June 17, 2008, today was to be response date for the subpoenas.  Given that we have not yet spoken, SEIU will need a further extension so that we can resolve the issues relating to the subpoenas.

Please give me a call at your convenience, and we can discuss this matter.

Sincerely yours,

Norman M. Gleichman
Deputy General Counsel

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD  202.730.7481
www.SEIU.org

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Thursday, June 26, 2008 11:01 AM |
| **To:** | Inciardi, Scott P. |
| **Subject:** | FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated |
| **Attachments:** | Order of Emergency Trusteeship Appointing a Trustee to Take Charge and Control of the Affairs of Service Employees International Union, Local 715.pdf; December 19, 2007 Letter from B.W. Smith to Laurie Quintel.pdf; February 12, 2008 Letter from B.W. Smith to Laurie Quintel.pdf; Form LM-15 Trusteeship Report.pdf; In re SEIU Local Union Jurisdiction in California - Hearing Officers' Joint Report and Recommendations.pdf; June 8, 2007 Appointment of Bruce W. Smith as Trustee of SIEU Local 715 by Andrew L. Stern.pdf; June 11, 2006 Memorandum re IEB Decision on California Jurisdiction.pdf; Notice of Hearing, Appointment of Hearing Officer and Rules of Procedure.pdf |

**From the Desk of:** Eileen R. Ridley

# ▪FOLEY

**FOLEY & LARDNER LLP**

| My Location | My V-card | My Bio | | www.foley.com |
|---|---|---|---|---|

*Eileen*

⌐INFO

---

**From:** Ridley, Eileen R.
**Sent:** Wednesday, June 25, 2008 11:47 PM
**To:** norm.gleichman@seiu.org
**Subject:** FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated

Mr. Gleichman:

Per our conversation this week attached are documents we would request your client to authenticate which include the following:

## June 9, 2006 Hearing Officers' Joint Report And Recommendations

[]
June 11, 2006 memo from Andrew Stern to Affected SEIU Local Unions in California regarding the IEP decision on California jurisdiction

June 8, 2007 notice of appointment of trustee signed by Andrew Stern

June 8, 2007 memo from Andrew Stern to officers and members of Local 715 regarding appointment of trustee

July, 2007 Form LM-15 (Trusteeship Report) signed by Andrew Stern and Anna Burger.

July 12, 2007 Memo from Anna Burger, International Secretary-Treasurer titled "Notice Of Hearing Appointment Of Hearing Officer And Rules Of Procedure."

December 19, 2007 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman

February 12, 2008 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman
[]

In addition, we need to have your client respond to the requests presented by the subpoena (obviously, if there are no responsive documents we will need a verified statement to that effect). Further, we are aware there are likely documents retained by your client which are responsive to the requests but are not included in the above request for authentication. In order to expedite this process, please let us know the quantity of responsive documents your client has. While your client's response was due on Monday, we have agreed to an extension of time. However, we will need a response by early next week.

Finally, as discussed, we will want to depose Mr. Stern and Pullman. In particular, Mr. Stern was involved in the creation of the trust regarding Local 715 which is a subject in this matter. Again, our focus is related to the existence and representation of Local 715 and the use of its resources, Please provide us with available dates for these proceedings. Thanks very much.

## Inciardi, Scott P.

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Tuesday, July 01, 2008 9:14 PM |
| **To:** | Arnold, Laurence R.; Inciardi, Scott P. |
| **Subject:** | FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated |
| **Attachments:** | Final Signed Report & Recommendation.pdf; KS Letter Requesting Trusteeship.pdf; Signed HO Report - 8-13-07.pdf; Stanford Hosp Servicing Agreement.pdf; Order of Reorganization.pdf; Form LM-15 Trusteeship Report May 2008.pdf; Letter to Bruce Smith 6-8-2007.pdf; Letter to Bruce Smith 8-23-2007.pdf; Letter to Clarence Dodge March 1972.pdf |

**From:** Norman Gleichman [mailto:Norman.Gleichman@seiu.org]
**Sent:** Tuesday, July 01, 2008 1:18 PM
**To:** Ridley, Eileen R.
**Subject:** RE: Local 715 v. SHC/LPCH - Documents To Be Authenticated

Dear Ms. Ridley:

I have reviewed your e-mail and the documents you have forwarded with your request that SEIU authenticate them.

First, I wish to reiterate SEIU's position, stated in SEIU's objection dated May 27, 2008, that the subpoenas do not comply with Rule 45(c) of the Federal Rules of Civil Procedure. As I understand it from your communications to date, the Court in this matter has permitted discovery on the narrow question of the existence of Local 715. You have not supplied me with the Court's discovery order, but I assume you have accurately described it.

It is well settled that no formal structure or financing arrangement is required to meet the definition of "labor organization" under the National Labor Relations Act. Thus, a group of employees can constitute a labor organization without officer elections or elected officials, membership meetings, a dues structure, or a set of bylaws. All that is required is employee participation for the purpose of dealing with employers over wages, hours, or terms and conditions of employment. *See, e.g., Sahara Datsun v. NLRB*, 811 F.2d 1317 (9th Cir. 1987); *Polaroid Corp.* 329 NLRB 424 (1999).

Against this backdrop, your subpoena goes far beyond the narrow area of inquiry open to you concerning the issue of the existence of Local 715. As just one example, the identity of the counsel selected to represent Local 715, a subject of the Hospitals' requests for production nos. 1, 20 and 21, is completely irrelevant to the question whether Local 715 exists. Without limitation, the same is true regarding financial transactions regarding Local 715, other SEIU local unions, or SEIU. See request nos. 19, 22-27, 56-57. In sum, these subpoenas constitute an obvious fishing expedition having nothing whatever to do with the question of Local 715's existence.

The subpoenas are also unduly burdensome, in violation of the Federal Rules. The requests are so broadly worded that they would require virtually every piece of written communication to Local 715 to be produced. See, without limitation, request nos. 5, 7, 8, 9 and 10. In this connection, you are advised that SEIU does not maintain a central filing system where documents are uniformly and systematically maintained according to subject matter or other categories. Instead, files and records are kept separately in SEIU's numerous separate departments and regional offices, as well as by individual staff members within those departments. The record retention policies, protocols and categories, if any, used in those separate departments and regional offices are not necessarily compatible. Additionally, a significant volume of SEIU files are not readily accessible because they have been boxed and transferred to an outside archive. Accordingly, the requests detailed herein and similar requests would require SEIU to spend countless hours locating and combing through thousands of separate, uncatalogued files maintained in separate Departments and offices, as well as to retrieve and review files boxed and stored in the

outside archives, simply to determine whether they contain any material falling within the scope of the subpoena. This search would have to be performed manually. The expense to the SEIU in personnel time and archives retrieval charges would be enormous. The subpoena imposes a substantial additional burden on the SEIU in that its personnel would be precluded from carrying out the essential business of SEIU while deployed in the document search demanded by the Hospitals.

The sweeping scope of the subpoenas would force SEIU to divulge SEIU and its members communications on all issues, deliberations, and other activity protected by the First Amendment, including but not limited to SEIU's and its members exercise of the right to freedom of association and freedom of speech. Moreover, while the subpoenas would force the SEIU to mount an expensive, time-consuming records search, that effort will yield little, if any relevant material given the definition of labor organization under the NLRA.

Furthermore, as indicated in SEIU's objection, SEIU does not have custody of much of the documentation your subpoena seeks. I repeat that SEIU is not a party to these actions, and under the Labor Management Reporting and Disclosure Act is not the same labor organization as its affiliated local unions.

Nevertheless, without waiving its stated objections to the subpoenas, in an effort to reach agreement on issues raised by the subpoenas, SEIU further responds to your request as follows:

SEIU is agreeable to stipulating to the authenticity of the following documents:

    Order of Emergency Trusteeship dated June 8, 2007
    Form LM-15 Trusteeship Report
    Memorandum from Andrew L. Stern re: trusteeship of Local 715, dated June 8, 2007
    Notice of Hearing signed by Anna Burger dated July 12, 2007
    Memorandum from Andrfew L. Stern re: IEB Decision on California Jurisdiction dated June 11, 2006

SEIU is unable to stipulate to the authenticity of the following documents for the reasons given:

    Letter from B.W. Smith to Laurie Quintel dated December 19, 2007. This letter was purported issued by Local 715, and Local 715 is the entity that would be in a position to authenticate this document.
    Letter from B.W. Smith to Laurie Quintel dated February 12, 2008. See comment above.
    Hearing Officers' Joint Report and Recommendations. The version you sent to me is unsigned.

Without waiving SEIU's previously stated objections to your subpoena, SEIU is producing herewith the following additional documents that are covered by the subpoena:

    Signed Hearing Officers' Joint Report and Recommendations dated June 9, 2006
    Order of Reorganization signed by Andrew Stern dated January 2, 2007
    Hearing Officer's Report on Local 715 trusteeship dated August 13, 2007
    Letter from Kristina Sermersheim to Andrew Stern dated June 4, 2007
    Letter to Bruce Smith from Andrew L. Stern dated June 8, 2007
    Letter to Clarence Dodge from George E. Fairchild dated March 2, 1972
    Letter to Bruce Smith from Anna Burger dated August 23, 2007
    Servicing Agreement between Local 715 and UHW
    Form LM-15 Trusteeship Report May 2008

SEIU will further stipulate that the hearing officers' reports attached hereto were duly approved by the SEIU International Executive Board.

With respect to taking President Stern's deposition, I am advised that President Stern will be out of the country between July 9 and July 20, and will not be available prior to his departure. However, I can make his assistant James J. Johnston available in his place. Mr. Johnston recently served as SEIU California Area Director and is currently Director of Union-Wide Programs. By virtue of holding these positions, Mr. Johnston is knowledgeable about the existence of Local 715. Mr. Johnston is available on July 10 and 11. Our preference would be July 10. Please note that Mr. Johnston may only be questioned on the narrow issue about which I understand the Court has permitted discovery: the existence of Local 715.

With respect to Greg Pullman, you seemed surprised when I advised you that has been an International Union employee since November 2006. Yet Mr. Pullman testified to this in his deposition which the Hospitals took on March 22, 2007, at which he answered questions related to the 2006 SEIU reorganization in California. It would plainly be improper, oppressive and vexatious to depose Mr. Pullman again on the same issue. Please let me know specifically why the Hospitals seek to depose Mr. Pullman.

Yours,

Norman M. Gleichman
Deputy General Counsel

---

**From:** Ridley, Eileen R. [mailto:ERidley@foley.com]
**Sent:** Thu 6/26/2008 2:47 AM
**To:** Norman Gleichman
**Subject:** FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated



Mr. Gleichman:

Per our conversation this week attached are documents we would request your client to authenticate which include the following:

June 9, 2006 Hearing Officers' Joint Report And Recommendations
[]

June 11, 2006 memo from Andrew Stern to Affected SEIU Local Unions in California regarding the IEP decision on California jurisdiction

June 8, 2007 notice of appointment of trustee signed by Andrew Stern

June 8, 2007 memo from Andrew Stern to officers and members of Local 715 regarding appointment of trustee

July, 2007 Form LM-15 (Trusteeship Report) signed by Andrew Stern and Anna Burger.

July 12, 2007 Memo from Anna Burger, International Secretary-Treasurer titled "Notice Of Hearing Appointment Of Hearing Officer And Rules Of Procedure."

December 19, 2007 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman

February 12, 2008 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman
[]

In addition, we need to have your client respond to the requests presented by the subpoena (obviously, if there are no responsive documents we will need a verified statement to that effect). Further, we are aware there are likely documents retained by your client which are responsive to the requests but are not included in the above request for authentication. In order to expedite this process, please let us know the quantity of responsive documents your client has. While your client's response was due on Monday, we have agreed to an extension of time. However, we will need a response by early next week.

Finally, as discussed, we will want to depose Mr. Stern and Pullman. In particular, Mr. Stern was involved in the creation of the trust regarding Local 715 which is a subject in this matter. Again, our focus is related to the existence and representation of Local 715 and the use of its resources, Please provide us with available dates for these proceedings. Thanks very much.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**EXHIBIT E**

05-29-2008   17:04   From-Weinberg, Roger & Rosenfeld          3371023          T-484   P.001/002   F-017

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR.
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WESSER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN
ANDREA LARACONA
EMILY P. RICH

## WEINBERG, ROGER & ROSENFELD
### A PROFESSIONAL CORPORATION

LORI K. AQUINO
ANNE L. YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOIGUES
KERIANNE R. STEELE
ANA M. GALLEGOS
GARY P. PROVENCHER

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel

— Also admitted in Arizona
— Admitted in Hawaii
— Also admitted in Nevada
— Also admitted in Illinois

| Post-it® Fax Note | 7671 | Date | # of pages |
|---|---|---|---|
| To _Eileen Ridley_ | | From _Andrea Caracona_ | |
| Co./Dept. | | Co. | |
| Phone # | | Phone # | |
| Fax # _415 434 450_ | | Fax # | |

May 29, 2008

Eileen Ridley
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3404

Re:   SEIU, Local 715 v. Stanford Hospital & Clinics and Lucile Packard Children's Hospital;
      Objections to Subpoena Duces Tecum
      C-07-CV-5158; 5:08-CV-00213; 5:08-CV-00215; 5:08-CV-00216; 5:08-CV-01727;
      5:08-CV-01726

Dear Ms. Ridley:

The undersigned represents SEIU Local 521 and therefore submits these written objections in accordance with Federal Rules of Civil Procedure 45(c)(B). These objections are timely because the above referenced civil subpoena appears to have been issued May 15, 2008, and delivered to SEIU Local 521 on or about May 19, 2008.

The subpoenas appear to be abusively drawn. As I am sure that you are aware, the misuse of subpoenas may result in sanctions or tort liability. Rule 45(c) of the Federal Rules of Civil Procedure specifically address this issue, cautioning that an "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing under burden or expense on a person subject to the subpoena." The Rule continues with the warning that the "issuing court *must* enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." (Emphasis added.)

Stanford Hospital & Clinics and Lucile Packard Children's Hospital's has requested 57 categories of documents. I understand that your client has requested the same 57 categories of documents from the Plaintiff in this case. Most, if not all, make little if any sense, and are extremely overbroad. In addition, I understand the Local 715 CBA is set to expire, and wonder if this effort to obtain information by abusing the subpoena process in an effort to gain an upper hand in contract negotiations.

SEIU Local 521 objects to the civil subpoena because, as I understand, it is duplicative of Plaintiff's Request For Production of Documents (Set No. One). SEIU Local 521 also objects to the information sought in the subpoena as irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Finally, SEIU Local 521

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA 90010-1907
TEL 213.380.2344 FAX 213.381.1088

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI 96813-4500
TEL 808.528.8880 FAX 808.528.8881

05-29-2008   17:04    From-Weinberg, Roger & Rosenfeld          3371023          T-484   P.002/002   F-017

May 29, 2008
Eileen Ridley
Page 2

objects to the subpoenas on the basis that it appears that many of the requests ask for information that are not in the SEIU Local 521's control, custody or possession.

In addition, your client is not entitled to documents covered by the work-product doctrine, the attorney-client privilege and trade secrets or other confidential information. *See Mallick v. IBEW*, 749 F.2d 771, 785 (D.C.Cir. 1984) (stating that if the IBEW could demonstrate that disclosure of information "would be comparable to, for example, a corporation's disclosure of trade secrets, confidential earnings projections, or the like, or a union's disclosure of organizing strategy, negotiating plans, or other secrets, then examination should be refused").

If you have any questions, please do not hesitate to contact me.

Sincerely,

Andrea Laiacona
Andrea Laiacona

AL/sm
opeiu 3 afl-cio(1)

# WEINBERG, ROGER & ROSENFELD

**A Professional Corporation**
**1001 Marina Village Parkway, Suite 200**
**Alameda, CA  94501-1091**

Voice:  510.337.1001
Fax:     510.337.1023

**DATE:**          **Thursday, May 29, 2008**                    Confirmation: rfb

**FROM:**          **William A. Sokol**

**RE:**            SEIU, Local 715 v. Stanford Hospital, et al.
                   Objections to Subpoena Duces Tecum
                   USDC Case Nos.  C 07-5158; C 08-0213; C 08-0215; C 08-0216; C 08-1727; C 08-1726

### PLEASE DELIVER AS SOON AS POSSIBLE TO:

| RECIPIENT: | FAX # | PHONE # |
|---|---|---|
| Eileen Ridley<br>Foley & Lardner | (415) 434-4507 | (415) 438-6469 |

Total number of pages including this page: 3
If you do not receive all the pages, please call and ask for the mailroom.

PLEASE NOTE: The information contained in this facsimile message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you have received this communication in error, or if any problems occur with transmission, please notify us immediately by telephone.  Thank you.

05-29-2008  14:32   From-Weinberg, Roger & Rosenfeld      3371023          T-474  P.002/003  F-009

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR.
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY S. HINKLE
JAMES RUTKOWSKI •
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WEBBER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA ••
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN •••
ANDREA LAMACCHIA
EMILY P. RICH

LUIS A. ALONSO •
ANNE I. YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCION E. LOZANO-BATISTA
CAREN P. SCHER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUELA A. BOROUES
KERIANNE R. STEELE
ANA M. GALLEGOS
GARY P. PROVENCHER

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel

• Also admitted in Arizona
•• Admitted in Hawaii
••• Also admitted in Nevada
•••• Also admitted in Illinois

# WEINBERG, ROGER & ROSENFELD
### A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX  510.337.1023

May 29, 2008

*Via Facsimile & U.S. Mail*

Eileen Ridley
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA  94111-3404

Re:   *SEIU, Local 715 v. Stanford Hospital, et al.*
      Objections to Subpoena Duces Tecum
      USDC Case Nos.  C 07-5158; C 08-0213; C 08-0215; C 08-0216; C 08-1727; C 08-1726

Dear Ms. Ridley:

The undersigned represents SEIU UHW West and therefore submits these written objections in accordance with Federal Rules of Civil Procedure 45(c)(B).  These objections are timely because the above referenced civil subpoena appears to have been issued May 15, 2008, and delivered to SEIU UHW West on or about May 19, 2008.

The subpoenas appear to be abusively drawn.  As I am sure that you are aware, the misuse of subpoenas may result in sanctions or tort liability.  Rule 45(c) of the Federal Rules of Civil Procedure specifically addresses this issue, cautioning that an "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing under burden or expense on a person subject to the subpoena."  The Rule continues with the warning that the "issuing court *must* enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply."  (Emphasis added.)

Stanford Hospital & Clinics and Lucile Packard Children's Hospital's has requested at least 57 categories of documents.  I understand that your client has requested the same 57 categories of documents from the Plaintiff in this case.  Most, if not all, make little if any sense, and are extremely overbroad.  In addition, I understand the Local 715 CBA is expiring on November 4, 2008, and wonder if this effort to obtain information by (mis)using the power of the subpoena is not an effort to gain an upper hand in contract negotiations, in violation of 29 USC 158(a)(1), (3), or (5).

SEIU UHW West objects to the civil subpoena because, as I understand, it is duplicative of Plaintiff's Request For Production of Documents (Set No. One).  SEIU UHW West also objects

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA  90010-1907
TEL 213.380.2344 FAX 213.381.1088

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI  96813-4500
TEL 808.528.8880 FAX 808.528.8881

05-29-2008  14:32  From-Weinberg, Roger & Rosenfeld          3371023          T-474  P.003/003  F-009

May 29, 2008
Eileen Ridley
Page 2

to the information sought in the subpoena as irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Finally, SEIU UHW West objects to the subpoenas on the basis that it appears that many of the requests ask for information that is not in SEIU UHW West's control, custody or possession.

In addition, your client is not entitled to documents covered by the work-product doctrine, the attorney-client privilege and trade secrets or other confidential information. *See Mallick v. IBEW*, 749 F.2d 771, 785 (D.C.Cir. 1984) (stating that if the IBEW could demonstrate that disclosure of information "would be comparable to, for example, a corporation's disclosure of trade secrets, confidential earnings projections, or the like, or a union's disclosure of organizing strategy, negotiating plans, or other secrets, then examination should be refused").

Your request is an abuse of process and sanctionable. Please cease and desist from your mis-use of the discovery process. You have already had full discovery in the course of an NLRB hearing of all relevant information, and your attempt to obfuscate and delay these Petitions does not comport well with the intent of the Federal Rules of Civil Procedure.

Sincerely,

William A. Sokol

William A. Sokol

WAS/rfb
opeiu 3 afl-cio(1)

117443/495089



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

June 9, 2008

CLIENT/MATTER NUMBER
085437.3056, 3080, 3081, 3083, 3094, and
3097

<u>VIA FACSIMILE AND U.S. MAIL</u>

Andrea Laiacona
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091

      Re:    SEIU, Local 715 v. Stanford Hospital & Clinics and Lucille
              Packard Childrens' Hospital
              U.S. Dist. Ct. Northern Dist. Ca Case Nos. C-07-cv-5158,
              5:08-cv-00213, 5:08-cv-00215, 5:08-cv-00216, 5:08-cv-01727,
              and 5:08-cv-01726

Dear Ms. Laiacona:

        This will respond to your letter of May 29, 2008 regarding the subpoenas issued by my clients, Stanford Hospitals & Clinics and Lucille Packard Childrens' Hospital (the "Hospitals") to SEIU, Local 521 ("Local 521").

        First, the documents requested in the subpoenas generally concern the existence of Local 715, its representative capacity, the use and handling of its various resources, and the involvement of Local 521 regarding those subjects. These are all issues with relevance to the above-captioned actions. Moreover, the Court presiding over these matters expressly agreed the Hospitals could seek such discovery in the actions. You understand this fact as your office attended the Case Management Conference where Judge Fogel permitted such discovery (indeed, it appears Mr. Harland – the attorney representing Local 715 who attended that hearing – signed your May 29, 2008 letter on your behalf). Thus, the subject matter of the subpoenas is not objectionable nor is it abusively drawn.

        Second, while the information/documents requested may also have been requested of Petitioner (also your client), that does not permit Local 521 to refuse to respond or produce documents. If the documents requested are not in the custody, control or possession of Local 521, Local 521 must state that fact as to each request where such a response is appropriate. If Local 521 retains responsive documents, it must produce them – regardless of whether or not another entity (whether a party to this litigation or not) also produces the document. Indeed, the fact that Local 521 might have a document which Petitioners also have is, in and of itself, a discoverable and informative fact. Thus, the requests are not abusive or overburdensome.

        Third, your reference that "the Local 715 CBA is set to expire" is not relevant to the pending discovery requests. As your office knows, the Court expressly permitted this discovery and attempts to evade appropriate responses to the requests by unfounded suppositions will not be tolerated by the Court.

BOSTON
BRUSSELS
CENTURY CITY
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI
MILWAUKEE

NEW YORK
ORLANDO
SACRAMENTO
SAN DIEGO
SAN DIEGO/DEL MAR

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA

TOKYO
WASHINGTON, D.C.

**█FOLEY**

FOLEY & LARDNER LLP

Andrea Laiacona
June 9, 2008
Page 2

Fourth, your letter attempts to generally object to the subpoenas as a whole and completely fails to respond to each request in the subpoenas. Indeed, you fail to identify which requests are the subject of your objections. Thus, your objections fail to meet the requirements of Rule 45 of the Federal Rules of Civil Procedure and are not responsive.

Finally, you appear to object to the subpoenas on the grounds that they seek materials protected by the work-product and attorney-client privilege doctrines. However, again, you fail to identify which requests are the focus of these objections. Rule 45(d)(2) of the Federal Rules of Civil Procedure requires a party who withholds information based on privilege to expressly make the claim and describe the nature of the withheld documents, communications or tangible things in a matter that will enable the parties to assess the claim. You have failed to provide such information.

We are, of course, willing to work with Local 521 to ensure its timely production of responsive documents. If you are concerned regarding the quantity of responsive documents to the requests, please inform us as to the nature of Local 521's production so that we may address any logistical and/or expense issues that may arise. While we are certainly willing to work with you regarding Local 521's response and production, the Hospitals will insist on an appropriate response and production to each of the requests in the subpoenas[1].

I look forward to working with you regarding this matter.

Very truly yours,

Eileen R. Ridley

---

[1] While the Hospitals served a subpoena on Local 521 in each of the six pending actions, Local 521 need only produce one set of documents which will be deemed to be a production in all actions.



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

June 9, 2008

CLIENT/MATTER NUMBER
085437-3056, 3080, 3081, 3083, 3094, and
3097

<u>**VIA FACSIMILE AND U.S. MAIL**</u>

William A. Sokol
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091

Re:  *SEIU, Local 715 v. Stanford Hospital & Clinics and Lucille Packard Childrens' Hospital*
U.S. Dist. Ct. Northern Dist. Ca Case Nos. C-07-cv-5158, 5:08-cv-00213, 5:08-cv-00215, 5:08-cv-00216, 5:08-cv-01727, and 5:08-cv-01726

Dear Mr. Sokol:

This will respond to your letter of May 29, 2008 regarding the subpoenas issued by my clients, Stanford Hospitals & Clinics and Lucille Packard Childrens' Hospital (the "Hospitals") to SEIU, UHW ("UHW"). Your letter is virtually identical to your colleague's (Ms. Laiacona) letter on behalf of Local 521. However, UHW's position regarding the pending subpoenas (as with Local 521's position) is without merit.

First, the documents requested in the subpoenas generally concern the existence of Local 715, its representative capacity, the use and handling of its various resources, and the involvement of UHW regarding those subjects. These are all issues with relevance to the above-captioned actions. Moreover, the Court presiding over these matters expressly agreed the Hospitals could seek such discovery in the actions. You understand this fact as your office attended the Case Management Conference where Judge Fogel permitted such discovery (indeed, it appears Mr. Harland – the attorney representing Local 715 who attended that hearing – signed your May 29, 2008 letter on your behalf as he also did for Ms. Laiacona). Thus, the subject matter of the subpoenas is not objectionable nor is it abusively drawn.

Second, while the information/documents requested may also have been requested of Petitioner (also your client), that does not permit UHW to refuse to respond or produce documents. If the documents requested are not in the custody, control or possession of UHW, UHW must state that fact as to each request where such a response is appropriate. If UHW retains responsive documents, it must produce them – regardless of whether or not another entity (whether a party to this litigation or not) also produces the document. Indeed, the fact that UHW might have a document which Petitioners also have is, in and of itself, a discoverable and informative fact. Thus, the requests are not abusive or overburdensome.

Third, your reference that "the Local 715 CBA is set to expire" is not relevant to the pending discovery requests. As your office knows, the Court expressly permitted this discovery and

BOSTON
BRUSSELS
CENTURY CITY
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI
MILWAUKEE

NEW YORK
ORLANDO
SACRAMENTO
SAN DIEGO
SAN DIEGO/DEL MAR

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA

TOKYO
WASHINGTON, D.C.



**FOLEY & LARDNER LLP**

William A. Sokol
June 9, 2008
Page 2

attempts to evade appropriate responses to the requests by unfounded suppositions will not be tolerated by the Court.

Fourth, your letter attempts to generally object to the subpoenas as a whole and completely fails to respond to each request in the subpoenas. Indeed, you fail to identify which requests are the subject of your objections. Thus, your objections fail to meet the requirements of Rule 45 of the Federal Rules of Civil Procedure and are not responsive.

Finally, you appear to object to the subpoenas on the grounds that they seek materials protected by the work-product and attorney-client privilege doctrines. However, again, you fail to identify which requests are the focus of these objections. Rule 45(d)(2) of the Federal Rules of Civil Procedure requires a party who withholds information based on privilege to expressly make the claim and describe the nature of the withheld documents, communications or tangible things in a matter that will enable the parties to assess the claim. You have failed to provide such information.

We are, of course, willing to work with UHW to ensure its timely production of responsive documents. If you are concerned regarding the quantity of responsive documents to the requests, please inform us as to the nature of UHW's production so that we may address any logistical and/or expense issues that may arise. While we are certainly willing to work with you regarding UHW's response and production, the Hospitals will insist on an appropriate response and production to each of the requests in the subpoenas[1].

I look forward to working with you regarding this matter.

Very truly yours,

Eileen R. Ridley

---

[1] While the Hospitals served a subpoena on UHW in each of the six pending actions, UHW need only produce one set of documents which will be deemed to be a production in all actions.

SFCA_1401574.1

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI +
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WESSER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA ++
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN +++
ANDREA LAIACONA
EMILY P. RICH

# WEINBERG, ROGER & ROSENFELD
A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

LORI K. AQUINO ++
ANNE I. YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
LINELLE S. MOGADO
MANABRI CHAWLA
KRISTIAN M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOÏGUES ++
KERIANNE R. STEELE +++
ANA M. GALLEGOS
GARY P. PROVENCHER

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel

+ Also admitted in Arizona
++ Admitted in Hawaii
+++ Also admitted in Nevada
++++ Also admitted in Illinois

June 13, 2008

FOLEY & LARDNER LLP
R E C E I V E D

JUN 1 7 2008

Eileen Ridley
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3404

Re:    *SEIU, Local 715 v. Stanford Hospital & Clinics and Lucile Packard Children's' Hospital*
U.S. District Court, N.D., Cases Nos. C-07-cv-5158, 5:08-cv-00213, 5:08-cv-00215,
5:08-cv-00216, 5:08-cv-01727, and 5:08-cv-01726

Dear Ms. Ridley:

Thank you for your letter of June 9, 2008. It simply confirms the reasons for the objections I made to the subpoenae directed to UHW.

First, you acknowledge that the documents requested in the subpoenae "generally concern the existence of Local 715, its representative capacity," etc. You thereby expressly acknowledge that you are acting in bad faith since you have already acknowledged, through your client, under oath, that Local 715 exists, that it represents employees, and you have also acknowledged under oath its relationship to UHW. Your further explanation simply confirms that you are engaged in a fundamental abuse of process in sending these subpoenae out, and that you have been caught up in your own confusion.

As nothing appeared before the NLRB, and having acknowledged the existence of 715, its representative capacity, its relationship to the UHW, you are simply showing that these subpoenae are being served to be harassment, burdensome, as well as perhaps obfuscatory and dilatory. Clearly you have no ground for issuing these subpoenae other than to seek to disprove what your clients have already acknowledged under oath to be the truth and facts.

Sincerely,

William A. Sokol

WAS/map
opeiu 3 afl-cio(1)
1/496680

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA 90010-1907
TEL 213.380.2344 FAX 213.381.1088

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI 96813-4500
TEL 808.528.8880 FAX 808.528.8881

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WESSER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN
ANDREA LAIACONA
EMILY P. RICH

### WEINBERG, ROGER & ROSENFELD
A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX  510.337.1023

LORI K. AQUINO
ANNE I. YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENGER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOIGUES
KERIANNE R. STEELE
ANA M. GALLEGOS
GARY P. PROVENCHER

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel

• Also admitted in Arizona
•• Admitted in Hawaii
••• Also admitted in Nevada
•••• Also admitted in Illinois

June 26, 2008

Eileen Ridley
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA  94111-3404

FOLEY & LARDNER LLP
RECEIVED

JUN 2 7 2008

085437-3056

Re:    SEIU Local 715
Stanford Hospital & Clinics and Lucille Packard Children's Hospital
U.S. District Court, No. District California, Case No. 07-cv-05158 JF, et al.

Dear Ms. Ridley:

I am writing in response to your letter dated June 9, 2008 concerning the above referenced matter. It is my understanding that this letter is identical to letters which were directed to my co-counsel, Bill Sokol, on behalf of SEIU UHW and Bruce Harland on behalf of SEIU Local 715. Therefore, on behalf of Local 521, I reiterate the position of my prior letter, just as you have restated your position in yours.

It is clear from your letters and other documents that you seek discovery generally concerning the existence of Local 715. As Mr. Sokol said in his letter dated June 13, you obviously have acknowledged expressly that you are acting in bad faith through your client by acknowledging that Local 715 exists, that it represents employees and you have acknowledged that it has a relationship to the other Locals. Your explanation for why this information is necessary rings false. Your insistence that you need this information, in light of your acknowledgment, is an abuse of process, burdensome, harassing and unnecessary and that it just points to the bad faith tactics your client is engaging in by maintaining this litigation.

The fundamental facts of this case are not in dispute. You have acknowledged that SEIU Local 715 exists as an entity and your client is fully aware of its relationship to its sister locals in SEIU. Please cease and desist from this harassing discovery tactic. Thank you for your immediate attention in this matter.

Sincerely,

Andrea Laiacona

AL/sm
opeiu 3 afl-cio(1)
117443/497977

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA  90010-1907
TEL 213.380.2344 FAX 213.381.1088

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA  95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI  96813-4500
TEL 808.528.8880 FAX 808.528.8881

## Inciardi, Scott P.

**From:**    Ridley, Eileen R.
**Sent:**    Wednesday, June 25, 2008 11:20 AM
**To:**    Bruce Harland
**Cc:**    Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
**Subject:** SEIU v. Stanford Cases

**From the Desk of:** Eileen R. Ridley



**FOLEY & LARDNER LLP**

www.foley.com

| My Location | My V-card | My Bio |

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla.   We understand that you are refusing to produce Mr. Smith for his deposition tomorrow.  Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions.  We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon.  However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you.  We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.  We will address those issues by separate correspondence.  However, the responses specifically include objections based upon privilege but no privilege log was provided.  Please provide that log immediately.  Thank you.

*Eileen*

⌐INFO

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Friday, June 27, 2008 4:59 PM |
| **To:** | 'Bruce Harland' |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

**From the Desk of:** Eileen R. Ridley

# ∎FOLEY

**FOLEY & LARDNER LLP**

My Location     My V-card     My Bio                                www.foley.com

Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline?  Please provide your response to this question and the issues raised below by Monday, June 30, 2008.  Thank you

*Eileen*

⌐INFO

---

**From:** Ridley, Eileen R.
**Sent:** Wednesday, June 25, 2008 11:20 AM
**To:** Bruce Harland
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
**Subject:** SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla.   We understand that you are refusing to produce Mr. Smith for his deposition tomorrow.  Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions.  We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you.  We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete. We will address those issues by separate correspondence. However, the responses specifically include objections based upon privilege but no privilege log was provided. Please provide that log immediately. Thank you.

*Eileen*



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

June 30, 2008

<u>**VIA FACSIMILE AND U.S. MAIL**</u>

CLIENT/MATTER NUMBER
085437-3056, 3080, 3081, 3083, 3094 and
3097

Andrea Laiacona
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Ste. 200
Alameda, CA 94501-1091

Re: *SEIU v. Stanford Hospital & Clinics, et al.*
U.S. Dist. Ct. Case Nos.: C-07-cv-5158, 5:08-cv-00213, 5:08-cv-00215, 5:08-cv-002216, 5:08-cv-01727 and 5:08-cv-01726

Dear Ms. Laiacona:

This will respond to your letter of June 26, 2008 regarding the above-referenced matters and the deposition of Kristy Sermersheim. Ms. Sermersheim, as you know, was the executive secretary of SEIU Local 715 and was involved (and gave testimony) regarding the SEIU International's activities concerning the reorganization of the local union entities – including Local 715. Moreover, Ms. Sermersheim is identified in a number of documents regarding this matter. Thus, Ms. Sermersheim not only has relevant information, her testimony goes to the heart of one of the issues being litigated in the case. Thus, we require her deposition to take place. Please provide us with available dates for this proceeding.

We further write to address Local 521's complete failure to properly respond to the subpoena issued to it and produce documents. We have received no documentation from this entity whatsoever. Please confirm that Local 521 will provide a proper response to the subpoena (as noted in Eileen Ridley's letter of June 9, 2008) and will produce documents this week. Failure of Local 521 to do so will result in a motion to compel being failed to obtain the discovery requested.

Very truly yours,

Scott P. Inciardi

cc:    Eileen R. Ridley

BOSTON
BRUSSELS
CENTURY CITY
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI
MILWAUKEE

NEW YORK
ORLANDO
SACRAMENTO
SAN DIEGO
SAN DIEGO/DEL MAR

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA

TOKYO
WASHINGTON, D.C.

SFCA_1421057.1



ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507
WWW.FOLEY.COM

FOLEY & LARDNER LLP

# FACSIMILE TRANSMISSION

## Total # of Pages 2 (including this page)

| TO: | PHONE #: | FAX #: |
|---|---|---|
| Andrea Laiacona<br>Weinberg, Roger & Rosenfeld<br>1001 Marina Village Parkway, Ste. 200<br>Alameda, CA 94501-1091 | 5101.337.1001 | 510.337.1023 |

| | |
|---|---|
| From : | Scott P. Inciardi |
| Email Address : | sinciardi@foley.com |
| Sender's Direct Dial : | 415.984.9863 |
| Date : | June 30, 2008 |
| Client/Matter No : | 085437-3056, 3080, 3094, 3083, 3081 & 3097 |
| User ID No : | 3578 |

**MESSAGE:**

Please see the attached.

If there are any problems with this transmission or if you have not
received all of the pages, please call 415.434.4484, extension 858.

| Operator: | Time Sent: | Return Original To:<br>Scott P. Inciardi |
|---|---|---|

CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

☑ 001

```
*********************
***    TX REPORT    ***
*********************

TRANSMISSION OK

TX/RX NO                 0667
DESTINATION TEL #        3578#085437#3056#15103371023#
DESTINATION ID
ST. TIME                 06/30 17:46
TIME USE                 01'05
PAGES SENT               2
RESULT                   OK
```

FAXED JUN 30 2008



# FOLEY

## FOLEY & LARDNER LLP

ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507
WWW.FOLEY.COM

# FACSIMILE TRANSMISSION

## Total # of Pages 2 (including this page)

| TO: | PHONE #: | FAX #: |
|-----|----------|--------|
| Andrea Laiacona<br>Weinberg, Roger & Rosenfeld<br>1001 Marina Village Parkway, Ste. 200<br>Alameda, CA 94501-1091 | 5101.337.1001 | 510.337.1023 |

| | |
|---|---|
| **From :** | Scott P. Inciardi |
| **Email Address :** | sinciardi@foley.com |
| **Sender's Direct Dial :** | 415.984.9863 |
| **Date :** | June 30, 2008 |
| **Client/Matter No :** | 085437-3056, 3080, 3094, 3083, 3081 & 3097 |
| **User ID No :** | 3578 |

**MESSAGE:**

Please see the attached.



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

June 30, 2008

CLIENT/MATTER NUMBER
085437-3056, 3080, 3081, 3083, 3094 and 3097

## VIA FACSIMILE AND U.S. MAIL

William A. Sokol
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Ste. 200
Alameda, CA 94501-1091

Re:   *SEIU v. Stanford Hospital & Clinics, et al.*
U.S. Dist. Ct. Case Nos.: C-07-cv-5158, 5:08-cv-00213, 5:08-cv-00215, 5:08-cv-002216, 5:08-cv-01727 and 5:08-cv-01726

Dear Mr. Sokol:

This will respond to your letter of June 13 2008 regarding the above-referenced matters and the subpoena issued to UHW. UHW indisputably has responsive documents to the subpoena given the simple fact that it apparently entered into a services agreement with Local 715 (which my clients rejected). Nevertheless, while the litigation certainly concerns issues about local 715, that does not mean that UHW may simple ignore a subpoena – especially when it in fact retains documents related to Local 715's operations. To date, UHW has failed to properly respond to the subpoena and has produced no documents. Please confirm that UHW will provide a proper response to the subpoena (as noted in our last correspondence) and will produce documents this week. Failure of UHW to do so will result in a motion to compel being failed to obtain the discovery requested.

Very truly yours,

Eileen R. Ridley

BOSTON          JACKSONVILLE      NEW YORK          SAN FRANCISCO      TOKYO
BRUSSELS         LOS ANGELES       ORLANDO           SHANGHAI           WASHINGTON, D.C.
CENTURY CITY     MADISON           SACRAMENTO        SILICON VALLEY
CHICAGO          MIAMI             SAN DIEGO         TALLAHASSEE
DETROIT          MILWAUKEE         SAN DIEGO/DEL MAR  TAMPA



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA  94111-3409
TELEPHONE:  415.434.4484
FACSIMILE:  415.434.4507
WWW.FOLEY.COM

# FACSIMILE TRANSMISSION

### Total # of Pages 2 (including this page)

| TO: | PHONE #: | FAX #: |
|---|---|---|
| William A. Sokol<br>Weinberg, Roger & Rosenfeld<br>1001 Marina Village Parkway, Ste. 200<br>Alameda, CA 94501-1091 | 5101.337.1001 | **510.337.1023** |

| | |
|---|---|
| **From :** | Scott P. Inciardi |
| **Email Address :** | sinciardi@foley.com |
| **Sender's Direct Dial :** | 415.984.9863 |
| **Date :** | June 30, 2008 |
| **Client/Matter No :** | 085437-3056, 3080, 3094, 3083, 3081 & 3097 |
| **User ID No :** | 3578 |

**MESSAGE:**

Please see the attached letter from Eileen Ridley.

If there are any problems with this transmission or if you have not
received all of the pages, please call 415.434.4484, extension 858.

| Operator: | Time Sent: | Return Original To:<br>Scott P. Inciardi |
|---|---|---|

CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

```
***********************
***  TX REPORT  ***
***********************

TRANSMISSION OK

TX/RX NO             0668
DESTINATION TEL #    3578#085437#3056#15103371023#
DESTINATION ID
ST. TIME             06/30 17:49
TIME USE             00'43
PAGES SENT           2
RESULT               OK
```

*FAXED*

*JUN 3 0 2008*

# ▪FOLEY

**FOLEY & LARDNER LLP**

**ATTORNEYS AT LAW**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507
WWW.FOLEY.COM

## FACSIMILE TRANSMISSION

### Total # of Pages 2 (including this page)

| TO: | PHONE #: | FAX #: |
|---|---|---|
| William A. Sokol<br>Weinberg, Roger & Rosenfeld<br>1001 Marina Village Parkway, Ste. 200<br>Alameda, CA 94501-1091 | 5101.337.1001 | 510.337.1023 |

| | |
|---|---|
| **From :** | Scott P. Inciardi |
| **Email Address :** | sinciardi@foley.com |
| **Sender's Direct Dial :** | 415.984.9863 |
| **Date :** | June 30, 2008 |
| **Client/Matter No :** | 085437-3056, 3080, 3094, 3083, 3081 & 3097 |
| **User ID No :** | 3578 |

## MESSAGE:

Please see the attached letter from Eileen Ridley.

## Inciardi, Scott P.

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Tuesday, July 01, 2008 4:28 PM |
| **To:** | Bruce Harland |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

**From the Desk of:** Eileen R. Ridley

**■FOLEY**

**FOLEY & LARDNER LLP**

My Location      My V-card      My Bio                                    www.foley.com

Mr. Harland -

I have not heard further from you regarding this matter.  Please provide your response by tomorrow morning (9 a.m.) including whether your client will stipulate to a continuance of the filing date - otherwise we will bring a motion before Judge Fogel to continue the date.  Thanks very much.

Eileen

INFO

-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July 1, 2008.  I will have to talk to my client about the stipulation that you propose.  I will talk to you tomorrow.

Bruce

-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif

7/2/2008

Mr. Harland:

I have yet to hear from you regarding the matters discussed below. As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline? Please provide your response to this question and the issues raised below by Monday, June 30, 2008. Thank you

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

_____

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla. We understand that you are refusing to produce Mr. Smith for his deposition tomorrow. Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions. We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you. We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete. We will address those issues by separate correspondence. However, the responses specifically include objections based upon privilege but no privilege log was provided. Please provide that log immediately. Thank you.

Eileen

7/2/2008

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message.  Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Bruce Harland [bharland@unioncounsel.net] |
| **Sent:** | Tuesday, July 01, 2008 5:14 PM |
| **To:** | Ridley, Eileen R. |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Dear Ms. Ridley,

I have talked with my client, Local 715, regarding whether or not it would agree to stipulate to continue the July 18, 2008 filing date for dispositive motions.

Unfortunately, my client does not wish to stipulate to continuing the filing date. The cases pending before Judge Fogel not only involve terminations of employees, but also issues of back pay.

For example, with respect to the petition to vacate that your client filed against the Union, every day of delay means a day that anesthesia techs do not receive the back pay that a neutral arbitrator ruled they are entitled to. The same is true for the petition to confirm that Local 715 filed, involving the termination of Victor Acosta. Further delay just means that Mr. Acosta will have to wait longer to get his job back and the back pay that he is owed, despite the fact that a neutral arbitrator has already determined that your client terminated him without just cause.

Furthermore, the primary reason that it appears that your client needs to continue the July 18, 2008 hearing date is because your client waited to propound 57 requests for documents to multiple parties, and to take depositions of various individuals until the last minute.

All of the requests for documents were extremely overbroad -- both in time and scope -- essentially asking for every single document ever produced by Local 715. And rather than immediately notice a deposition of the person most knowledgeable about Local 715's standing to sue, your client noticed depositions of scores of individuals from Washington D.C.
to California for the end of June, just weeks before the fourth of July.


Turning to the scheduling of depositions for Rusty Smith and Myriam Escamilla, Mr. Smith is unavailable until July 14, 15, 16, and 17, 2008.


As to Ms. Escamilla, you stated in your June 23, 2008 letter that she was noticed as a non-party, or in other words as an employee of SEIU, United Healthcare Workers -- West. First, service of the subpoena was improper, as you served the subpoena to her at the Local 715 address.
Second, it is unclear what you need her to testify to, given that you served her as a non-party. Judge Fogel was clear in his instructions:
discovery was limited to whether or not Local 715 had standing to sue.
Mr. Smith, as the Trustee of Local 715, could certainly be deposed on this matter. As you are already aware, Ms. Escamilla is not available for deposition on July 2, 2008. However, before I offer alternative dates for her deposition, there are various matters we need to discuss, including service of the subpoena and the relevance of her testimony as a non-party.

I am available to meet and confer on July 3, 2008. You can reach me at my office number, 510-337-1001.

Bruce Harland

-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Tuesday, July 01, 2008 4:28 PM
To: Bruce Harland

1

Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>




Mr. Harland -

I have not heard further from you regarding this matter.  Please provide
your response by tomorrow morning (9 a.m.) including whether your client
will stipulate to a continuance of the filing date - otherwise we will
bring a motion before Judge Fogel to continue the date.  Thanks very
much.


Eileen



 <http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July
1, 2008.  I will have to talk to my client about the stipulation that
you propose.  I will talk to you tomorrow.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif


Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As
the Court has set a date for filing dispositive motions for July 18,
2008 and we have not resolved our pending discovery disputes, will you
stipulate to a continuance of the July 18, 2008 deadline?  Please
provide your response to this question and the issues raised below by
Monday, June 30, 2008.  Thank you

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

---

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008
regarding the above cases and the depositions of Mr. Smith and Ms.
Escamilla.  We understand that you are refusing to produce Mr. Smith
for his deposition tomorrow.  Please immediately provide alternative
dates for Mr. Smith and Ms. Escamilla as these depositions must be
completed soon given July 18th deadline to file dispositive motions.  We
would prefer not to have to seek Court intervention in this matter and
look forward to resolving it soon.  However, we are prepared to file a
motion to compel these depositions if we cannot reach an agreement with
you.  We look forward to your response.

In the meantime, we have received the responses to my clients'
request for production/subpoenas from your clients and believe they are
insufficient and incomplete.  We will address those issues by separate
correspondence.  However, the responses specifically include objections
based upon privilege but no privilege log was provided.  Please provide
that log immediately.  Thank you.

Eileen

The preceding email message may be confidential or protected by the
attorney-client privilege. It is not intended for transmission to, or
receipt by, any unauthorized persons.  If you have received this message
in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the
benefit of the Foley & Lardner LLP client(s) represented by the Firm in
the particular matter that is the subject of this message, and may not
be relied upon by any other party.

Internal Revenue Service regulations require that certain types of
written advice include a disclaimer. To the extent the preceding message
contains advice relating to a Federal tax issue, unless expressly stated

otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Tuesday, July 01, 2008 9:12 PM |
| **To:** | 'Bruce Harland' |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Thank you for your email. It is unfortunate that your client has chosen to refuse to stipulate to a continuance of the deadline to file dispositive motions and we will therefore raise the issue with the Court.

There has been no delay in this action by my clients. Once the Court confirmed that discovery could be conducted during the April 25th Case Management Conference we served requests for production and subpoenas within two weeks in all six matters. That is hardly "waiting until the last minute". Your clients and your firm, however, have decided to conduct a coordinted strategy of stonewalling and refusing to respond to any discovery request by either refusing to answer or produce documents, refusing to produce witnesses for deposition (including the trustee of Local 715), and characterizing every discovery request as "harrassment". This is a designed pattern and practice that is contrary to the law and a blatent attempt to prejudice my client regarding the dispositive motions in this case. If there is any delay in this matter it has been caused by your firm's clients and their refusal to properly respond to legal discovery requests (even after being provided with requested extensions).

The discovery propounded by my clients was specifically designed to address the areas the Court permitted to be the subject of discovery - the existance of Local 715, its representative capacity and the handling of its resources. This is not requesting every document held by Local 715 but your comment underscores a major issue regarding the pending discovery - Local 715 has failed to provide complete responses and has further failed to produce responsive documents. Further, we have not noticed "scores" of depositions. We have noticed five depositions of indivudals who have direct knowledge of these issues -including the trustee of Local 715 whom you refused to produce. Again, any "delay" is solely due to your clients' conduct.

That being said, you have indicated you are available to discuss these matters on July 3, 2008. I will be on vacation but will make myself available for a call. What time works for you? Thank you.

-----Original Message-----
From: Bruce Harland [mailto:bharland@unioncounsel.net]
Sent: Tuesday, July 01, 2008 5:14 PM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Dear Ms. Ridley,

I have talked with my client, Local 715, regarding whether or not it would agree to stipulate to continue the July 18, 2008 filing date for dispositive motions.

Unfortunately, my client does not wish to stipulate to continuing the filing date. The cases pending before Judge Fogel not only involve terminations of employees, but also issues of back pay.

For example, with respect to the petition to vacate that your client filed against the Union, every day of delay means a day that anesthesia techs do not receive the back pay that a neutral arbitrator ruled they are entitled to. The same is true for the petition to confirm that Local 715 filed, involving the termination of Victor Acosta. Further

1

delay just means that Mr. Acosta will have to wait longer to get his job back and the back pay that he is owed, despite the fact that a neutral arbitrator has already determined that your client terminated him without just cause.

Furthermore, the primary reason that it appears that your client needs to continue the July 18, 2008 hearing date is because your client waited to propound 57 requests for documents to multiple parties, and to take depositions of various individuals until the last minute.

All of the requests for documents were extremely overbroad -- both in time and scope -- essentially asking for every single document ever produced by Local 715. And rather than immediately notice a deposition of the person most knowledgeable about Local 715's standing to sue, your client noticed depositions of scores of individuals from Washington D.C.
to California for the end of June, just weeks before the fourth of July.


Turning to the scheduling of depositions for Rusty Smith and Myriam Escamilla, Mr. Smith is unavailable until July 14, 15, 16, and 17, 2008.


As to Ms. Escamilla, you stated in your June 23, 2008 letter that she was noticed as a non-party, or in other words as an employee of SEIU, United Healthcare Workers -- West. First, service of the subpoena was improper, as you served the subpoena to her at the Local 715 address.
Second, it is unclear what you need her to testify to, given that you served her as a non-party.  Judge Fogel was clear in his instructions:
discovery was limited to whether or not Local 715 had standing to sue.
Mr. Smith, as the Trustee of Local 715, could certainly be deposed on this matter.  As you are already aware, Ms. Escamilla is not available for deposition on July 2, 2008.
However, before I offer alternative dates for her deposition, there are various matters we need to discuss, including service of the subpoena and the relevance of her testimony as a non-party.

I am available to meet and confer on July 3, 2008.  You can reach me at my office number, 510-337-1001.

Bruce Harland

-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Tuesday, July 01, 2008 4:28 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>




Mr. Harland -

I have not heard further from you regarding this matter.  Please provide your response by tomorrow morning (9 a.m.) including whether your client will stipulate to a continuance of the filing date - otherwise we will bring a motion before Judge Fogel to continue the date.  Thanks very much.


Eileen

```
        <http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July
1, 2008.  I will have to talk to my client about the stipulation that
you propose.  I will talk to you tomorrow.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif


Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As
the Court has set a date for filing dispositive motions for July 18,
2008 and we have not resolved our pending discovery disputes, will you
stipulate to a continuance of the July 18, 2008 deadline?  Please
provide your response to this question and the issues raised below by
Monday, June 30, 2008.  Thank you



Eileen




http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


_____

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases



Mr. Harland:
```

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla. We understand that you are refusing to produce Mr. Smith for his deposition tomorrow. Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions. We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you. We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete. We will address those issues by separate correspondence. However, the responses specifically include objections based upon privilege but no privilege log was provided. Please provide that log immediately. Thank you.


Eileen




The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.




The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it

cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**EXHIBIT F**

1
**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
2
TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507
3
LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
4
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Respondents and Counter-Petitioners
5
Stanford Hospital & Clinics and
Lucile Packard Children's Hospital
6

7

8                  **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10

11

| | |
|---|---|
| 12 **SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,** | Case No:  5:08-CV-00213-JF |
| 13     **Petitioner and Counter-Respondent,** | |
| 14 | |
| 15     **v.** | **NOTICE OF DEPOSITION OF BRUCE W. SMITH** |
| 16 **STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,** | |
| 17 | |
| 18     **Respondents and Counter-Petitioners.** | |
| 19 | **Judge: Hon. Jeremy Fogel** |

20          TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21          YOU ARE HEREBY NOTIFIED THAT: the deposition of Bruce W. Smith, alleged

22    trustee for Service Employees International Union, Local 715, a party to this action, will be taken

23    stenographically and recorded on audiotape and videotape by respondents and counter-

24    petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital at the law offices

25    of Foley & Lardner LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00

26    AM on Thursday, June 26, 2008.

27    ///

28    ///

---

SFCA_1406844.1

1    So far as known to the deposing party, the deponent's alleged business address and

2    telephone number are as follows:

3         2302 Zanker Road

4         San Jose, CA, 95131

5         408.594.8715

6    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

7    served is shown on the accompanying Proof of Service.

8

9

10   Dated:  June 10, 2008                    FOLEY & LARDNER LLP
                                              LAURENCE R. ARNOLD
11                                            EILEEN R RIDLEY
                                              SCOTT P. INCIARDI
12

13

14                                      By: _____
                                              EILEEN R. RIDLEY
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
## PROOF OF SERVICE

2  I am employed in the **County of San Francisco, State of California**. I am over the age
   of 18 and not a party to this action; my current business address is **One Maritime Plaza,**
3  **Sixth Floor, San Francisco, CA 94111-3409**.

4  On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF**
   **DEPOSITION OF BRUCE W. SMITH, Case No. 5:08-CV-00213-JF**, on the
5  interested parties in this action as follows:

6  ✓    BY THE FOLLOWING MEANS:
           I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:
7

8  William Sokol, Esq.
   W. Daniel Boone, Esq.
9  Bruce A. Harland, Esq.
   Weinberg, Roger & Rosenfeld
10 1001 Marina Village Pkwy, Suite 200
   Alameda, CA 94501-1091
11 (510) 337-1023

12

13 ✓    BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

14        ✓    I am readily familiar with the firm's practice for collection and processing
                of correspondence for delivery by Federal Express: collected packages are
15              picked up by an express carrier representative on the same day, with the
                Airbill listing the account number for billing to sender, at **San Francisco,**
16              **California**, in the ordinary course of business. I placed the envelope(s) in
                an envelope or package designated by the express service carrier for
17              collection and processing for express service delivery on the above date
                following ordinary business practices.
18

19 ✓    Executed on **June 13, 2008**, at **San Francisco, California**.

20 ✓          I declare under penalty of perjury under the laws of the State of California
                that the above is true and correct.
21 ✓          I declare that I am employed in the office of a member of the bar of this
                court at whose direction the service was made.

22

23

24              /Susan E. Yardley

25

26

27

28

1   **FOLEY & LARDNER LLP**
    ONE MARITIME PLAZA, SIXTH FLOOR
    SAN FRANCISCO, CA 94111-3409
2   TELEPHONE:    415.434.4484
    FACSIMILE:    415.434.4507
3
    LAURENCE R. ARNOLD, CA BAR NO. 133715
    EILEEN R. RIDLEY, CA BAR NO. 151735
4   SCOTT P. INCIARDI, CA BAR NO. 228814
    Attorneys for Respondents and Counter-Petitioners
5   Stanford Hospital & Clinics and
    Lucile Packard Children's Hospital
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11

    SERVICE EMPLOYEES                    Case No:  5:08-CV-00213-JF
12  INTERNATIONAL UNION, LOCAL 715,

13           Petitioner and Counter-
             Respondent,
14
                                         NOTICE OF DEPOSITION OF
15       v.                              ANDREW L. STERN

    STANFORD HOSPITAL & CLINICS and
16  LUCILE PACKARD CHILDREN'S
    HOSPITAL,
17
             Respondents and Counter-
18           Petitioners.               Judge: Hon. Jeremy Fogel

19

20       TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21       YOU ARE HEREBY NOTIFIED THAT: the deposition of Andrew L. Stern will be

22  taken stenographically and recorded on audiotape and videotape by respondents and counter-

23  petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital at the law offices

24  of Foley & Lardner LLP, located at 3000 K Street, N.W., Suite 500, Washington, DC 20007

25  commencing at 10:00 AM on Monday, June 30, 2008.

26  ///

27  ///

28  ///

---

NOTICE OF DEPOSITION OF ANDREW L. STERN
CASE NO:  5:08-CV-00213-JF

SFCA_1406853.1

1    YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action. So

2  far as known to the deposing party, the deponent's business address and telephone number are as

3  follows:

4        1800 Massachusetts Ave NW

5        Washington, DC 30036

6        202.730.7000

7    Said deponent has been served with a deposition subpoena. A copy of the deposition

8  subpoena is attached hereto and served herewith.

9    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

10  served is shown on the accompanying Proof of Service.

11

12

13  Dated: June 10, 2008                    FOLEY & LARDNER LLP
                                            LAURENCE R. ARNOLD
14                                          EILEEN R RIDLEY
                                            SCOTT P. INCIARDI
15

16

17                              By: _____
                                    EILEEN R. RIDLEY
18

19

20

21

22

23

24

25

26

27

28

---

2

NOTICE OF DEPOSITION OF ANDREW L. STERN
CASE NO: 5:08-CV-00213-JF

SFCA_1406853.1

# PROOF OF SERVICE

I am employed in the **County of San Francisco, State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF ANDREW L. STERN, Case No. 5:08-CV-00213-JF**, on the interested parties in this action as follows:

✓     BY THE FOLLOWING MEANS:
      I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
Alameda, CA 94501-1091
(510) 337-1023

✓     BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

    ✓     I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express: collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco, California**, in the ordinary course of business. I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

✓     Executed on **June 13, 2008**, at **San Francisco, California**.

✓     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
✓     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Susan E. Yardley*
Susan E. Yardley

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1] 5:08-CV-00213 JF

TO:

Andrew L. Stern

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 3000 K Street, N.W., Suite 500, Washington, DC 20007 | June 30, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*   Attorney for Respondents | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE<br>06-16-08 AT 11:45AM | PLACE<br>ANDREW L. STERN<br>1800 MASSACHUSETTS AVENUE NW<br>WASHINGTON, DC 20036 |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME)<br>ANDREW L. STERN | MANNER OF SERVICE<br>PERSONAL SERVICE |
|---|---|
| SERVED BY (PRINT NAME)<br>ANDRE KEITH | TITLE<br>PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     JUNE 18, 2008
                DATE

REF: 3022952
c/o NATIONWIDE LEGAL, INC,
ANDREW KEITH
Not A Registered
California Process Server

SIGNATURE OF SERVER

1255 POST STREET, SUITE #500
ADDRESS OF SERVER

SAN FRANCISCO, CALIFORNIA 94109

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1    **FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
2    TELEPHONE:   415.434.4484
FACSIMILE:    415.434.4507

3

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
4    SCOTT P. INCIARDI, CA BAR NO. 228814

Attorneys for Respondents and Counter-Petitioners
5    Stanford Hospital & Clinics and
Lucile Packard Children's Hospital

6

7

8                     **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12    **SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 715,**     **Case No: 5:08-CV-00213-JF**

13          **Petitioner and Counter-
Respondent,**

14

15         v.                  **NOTICE OF DEPOSITION OF
KRISTY SERMERSHEIM**

16    **STANFORD HOSPITAL & CLINICS and
LUCILE PACKARD CHILDREN'S
HOSPITAL,**

17

18          **Respondents and Counter-
Petitioners.**     **Judge: Hon Jeremy Fogel**

19

20       TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21       YOU ARE HEREBY NOTIFIED THAT: the deposition of Kristy Sermersheim will be

22    taken stenographically and recorded on audiotape and videotape by petitioners and counter-

23    respondents Stanford Hospital & Clinics and Lucile Packard Children's Hospital at the law

24    offices of Foley & Lardner LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing

25    at 10:00 AM on Tuesday, July 1, 2008.

26    ///

27    ///

28    ///

SFCA_1406848.1

1    YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  So

2  far as known to the deposing party, the deponent's alleged business address is as follows:

3         2302 Zanker Road

4         San Jose, CA, 95131

5    Said deponent has been served with a deposition subpoena.  A copy of the deposition

6  subpoena is attached hereto and served herewith.

7    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

8  served is shown on the accompanying Proof of Service.

9

10

Dated:  June 12, 2008                    FOLEY & LARDNER LLP
11                                        LAURENCE R. ARNOLD
                                          EILEEN R RIDLEY
12                                        SCOTT P. INCIARDI

13

14

15    By: _____
                SCOTT P. INCIARDI
16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM
CASE NO:  5:08-CV-00213-JF

SFCA_1406848.1

**PROOF OF SERVICE**

I am employed in the **County of San Francisco, State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF KRISTY SERMERSHEIM, Case No. 5:08-CV-00213-JF**, on the interested parties in this action as follows:

✓    BY THE FOLLOWING MEANS:
        I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:


William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
Alameda, CA  94501-1091
(510) 337-1023


✓    BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

        ✓        I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express:  collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco, California**, in the ordinary course of business.  I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

✓    Executed on **June 13, 2008**, at **San Francisco, California**.

✓        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

✓        I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


Susan E. Yardley

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1] 5:08-CV-00213-JF

TO:

Kristy Sermersheim

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 1, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Scott P. Inciardi*  Attorney for Respondents | June 12, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Scott P. Inciardi, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE<br>06-18-08 AT 3:30PM | PLACE<br>KRISTY SERMERSHEIM |
|---|---|---|
| SERVED | | 2302 ZANKER ROAD<br>SAN JOSE, CA 95131 |

| SERVED ON (PRINT NAME)<br>KRISTY SERMERSHEIM | MANNER OF SERVICE<br>PERSONAL SERVICE |
|---|---|
| SERVED BY (PRINT NAME)<br>ISMAEL VELASCO | TITLE<br>PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ JUNE 18, 2008 _____
DATE

_____
SIGNATURE OF SERVER

REF: 3022970
NATIONWIDE LEGAL, INC,
ISMAEL VELASCO
REG. NUMBER: 908
SAN FRANCISCO COUNTY

1255 POST STREET, SUITE #500
ADDRESS OF SERVER

SAN FRANCISCO, CALIFORNIA 94109

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Respondents and Counter-Petitioners
Stanford Hospital & Clinics and
Lucile Packard Children's Hospital

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>Petitioner and Counter-Respondent,<br><br>v.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>Respondents and Counter-Petitioners. | Case No: 5:08-CV-00213-JF<br><br><br>**NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA**<br><br><br><br>Judge: Hon Jeremy Fogel |

TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

YOU ARE HEREBY NOTIFIED THAT: the deposition of Myriam Escamilla will be taken stenographically and recorded on audiotape and videotape by respondents and counter-petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital at the law offices of Foley & Lardner LLP, 975 Page Mill Road, Palo Alto, California 94304 commencing at 10:00 AM on Wednesday, July 2, 2008.

///

///

///

///

1    YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  So

2  far as known to the deposing party, the deponent's alleged business address and telephone

3  number are as follows:

4        2302 Zanker Road

5        San Jose, CA, 95131

6        408.594.8715

7    Said deponent has been served with a deposition subpoena.  A copy of the deposition

8  subpoena is attached hereto and served herewith.

9    A list of all parties or attorneys for parties on whom this Notice of Deposition is being

10 served is shown on the accompanying Proof of Service.

11

12 Dated:  June 10, 2008                    FOLEY & LARDNER LLP
                                           LAURENCE R. ARNOLD
13                                         EILEEN R RIDLEY
                                           SCOTT P. INCIARDI
14

15

16                              By: _____
                                    EILEEN R. RIDLEY
17

18

19

20

21

22

23

24

25

26

27

28

2

**PROOF OF SERVICE**

I am employed in the **County of San Francisco, State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, Case No. 5:08-CV-00213-JF**, on the interested parties in this action as follows:

✓      BY THE FOLLOWING MEANS:
    I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

William Sokol, Esq.
W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
Alameda, CA 94501-1091
(510) 337-1023

✓      BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

    ✓      I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express: collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco, California**, in the ordinary course of business. I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

✓      Executed on **June 13, 2008**, at San Francisco, California.

✓          I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

✓          I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Susan E. Yardley

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1] 5:08-CV-00213-JF

TO:

Myriam Escamilla

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 2, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Respondents | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                         DATE                                    SIGNATURE OF SERVER

                                                    _____
                                                    ADDRESS OF SERVER

                                                    _____

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br>LOCAL 715, RESPONDENT<br>vs. STANFORD HOSPITAL AND CLINICS<br>AND LUCILE PACKARD CHILDREN'S HOSPITAL | |
| **ATTORNEY (S) NAME & ADDRESS**<br>EILEEN R. RIDLEY                    (415) 434-4484<br>FOLEY & LARDNER LLP<br>ONE MARITIME PLAZA<br>SAN FRANCISCO, CA 94111<br>**Attorney(s) for:** PETITIONERS<br>Ref: 3022959 | |
| **DECLARATION OF DUE DILIGENCE** | **CASE #: 5:08-CV-00213-JF** |

I, ISMAEL VELASCO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto.  I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA 94109 (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.

On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**          **2302 ZANKER ROAD, SAN JOSE, CA 95131**

06-16-08 AT 1:00PM          PER THE RECEPTIONIST THE SUBJECT HAS BOT WORKED HERE FOR TWO YEARS. THE RECEPTIONIST HAS A PHONE NUMBER FOR THE SUBJECT AND BELIEVES SHE WORKS SOMEWHERE IN OAKLAND, CA (510) 869-2264

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 25, 2008**          **Signature:** _____

**ISMAEL VELASCO**

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|

| SERVICE EMPLOYEES INTERNATIONAL UNION,<br>LOCAL 715, RESPONDENT<br>vs. STANFORD HOSPITAL AND CLINICS<br>AND LUCILE PACKARD CHILDREN'S HOSPITAL | |

**ATTORNEY (S) NAME & ADDRESS**
EILEEN R. RIDLEY                          (415) 434-4484
FOLEY & LARDNER LLP
ONE MARITIME PLAZA
SAN FRANCISCO, CA 94111
**Attorney(s) for: PETITIONERS**
Ref: 3022959

**CASE #: 5:08-CV-00213-JF**

## DECLARATION OF DUE DILIGENCE

I, CARLOS CASTRO, declare that I have personal, first hand knowledge of the following facts, and if called and sworn as a witness, I can and will testify competently thereto. I and any employees or agents retained by NATIONWIDE LEGAL, INC. 1255 POST STREET, SUITE 500, SAN FRANCISCO, CA (415) 351-0400, are and were on the dates mentioned herein over the age of 18 years and not a party to this action.
On JUNE 13, 2008 Nationwide Legal, Inc. received the following document(s): SUPOENA IN A CIVIL CASE; NOTICE OF DEPOSITION OF MYRIAM ESCAMILLA, to be served on MYRIAM ESCAMILLA, at the following:

**ATTEMPTED SERVICE AT:**          **288 3RD STREET, UNIT 217, OAKLAND, CA 94607**

| | |
|---|---|
| 06-16-08 AT 6:50PM | THIS IS A SECURED APARTMENT BUILDING. THE SUBJECT'S NAME IS LISTED ON THE INTERCOM SYSTEM. I TRIED TO CONTACT THE SUBJECT VIA INTERCOM, BUT THERE WAS NO ANSWER, LEFT A VOICEMAIL FOR THE SUBJECT |
| 06-17-08 AT 7:20AM | NO CHANGES, NO ACTIVITY, NO ACCESS TO APARTMENT |
| 06-17-08 AT 8:15AM | I CALLED AND MADE AN APPOINTMENT TO HAVE THE SUBJECT ACCEPT SERVICE ON JUNE 18, 2008 BEFORE 8AM |
| 06-18-08 AT 8:45AM | THERE WAS NO ANSWER AT THE DOOR, RANG DOORBELL. I WAS INFORMED SHE WILL NOT BE ACCEPTING SERVICE |
| 06-19-08 AT 7:20PM | I CALLED THE SUBJECT ON THE INTERCOM THERE WAS NO ANSWER. SECURED BUILDING |
| 06-21-08 AT 10:10AM | I GAINED ACCESS BY BEING BUZZED INSIDE THE BUILDING, KNOCKED ON THE DOOR, COULD HEAR VOICES INSIDE. NO ANSWER AT THE DOOR OR BY DOORBELL. |
| 06-22-08 AT 6:35PM | GAIN ACCESS TO THE BUILDING, NO ANSWER AT THE DOOR |

**560 THOMAS L. BERKELEY WAY, OAKLAND, CA 94612**

| | |
|---|---|
| 06-19-08 AT 11:10AM | THIS LOCATION IS CALLED "UNITED HEALTHCARE WORKERS WEST", PER EMPLOYEE THEY ACCEPTED SERVICE OF PROCESS ON BEHALF OF PEOPLE HOWEVER IT IS JUST A DROP BOX, NO NAME OR TITLE GIVEN UP THE DROPPING THE DOCUMENTS |
| 06-19-08 AT 11:30AM | I WALKED BACK INSIDE THE BUSINESS AND NOW IT'S A DIFFERENT RECEPTIONIST SITTING AT THE DESK. PER THE RECEPTIONIST THEY WILL NOT BE RESPONSIBLE FOR ANYTHING IF THE DOCUMENTS WERE TO BE DROPPED |
| 06-20-08 AT 1:10PM | PER RECEPTIONIST THEY DO NOT ACCEPT PERSONAL SUBPOENAS |

I declare under penalty of perjury that the foregoing is true and correct.

**Dated: JUNE 25, 2008**

**Signature:** _____

**CARLOS CASTRO**

1   **FOLEY & LARDNER LLP**
    ONE MARITIME PLAZA, SIXTH FLOOR
    SAN FRANCISCO, CA 94111-3409
2   TELEPHONE:    415.434.4484
    FACSIMILE:    415.434.4507
3
    LAURENCE R. ARNOLD, CA BAR NO. 133715
    EILEEN R. RIDLEY, CA BAR NO. 151735
4   SCOTT P. INCIARDI, CA BAR NO. 228814
    Attorneys for Respondents and Counter-Petitioners
5   Stanford Hospital & Clinics and
    Lucile Packard Children's Hospital
6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  **SERVICE EMPLOYEES**                    Case No:  5:08-CV-00213-JF
    **INTERNATIONAL UNION, LOCAL 715,**

13            **Petitioner and Counter-**
              **Respondent,**
14
                                            **NOTICE OF DEPOSITION OF**
15       v.                                 **GREG PULLMAN**

    **STANFORD HOSPITAL & CLINICS and**
16  **LUCILE PACKARD CHILDREN'S**
    **HOSPITAL,**
17
              **Respondents and Counter-**
18            **Petitioners.**              **Judge: Hon. Jeremy Fogel**

19

20       TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:

21       YOU ARE HEREBY NOTIFIED THAT: the deposition of Greg Pullman will be taken

22  stenographically and recorded on audiotape and videotape by respondents and counter-

23  petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital at the law offices

24  of Foley & Lardner LLP, 975 Page Mill Road, Palo Alto, California 94304, commencing at

25  10:00 AM on Monday, July 7, 2008.

26  ///

27  ///

28  ///

1       YOU ARE FURTHER NOTIFIED THAT the deponent is not a party to this action.  The

2   deponent's address and telephone number is not presently known to the deposing party.

3       Said deponent has been served with a deposition subpoena.  A copy of the deposition

4   subpoena is attached hereto and served herewith.

5       A list of all parties or attorneys for parties on whom this Notice of Deposition is being

6   served is shown on the accompanying Proof of Service.

7

8

9   Dated:  June 10, 2008           FOLEY & LARDNER LLP
                              LAURENCE R. ARNOLD

10                                 EILEEN R RIDLEY
                              SCOTT P. INCIARDI

11

12

13                      By:
                              EILEEN R. RIDLEY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF DEPOSITION OF GREG PULLMAN
CASE NO:  5:08-CV-00213-JF

SFCA_1406857.1

1                                **PROOF OF SERVICE**

2  I am employed in the **County of San Francisco, State of California**.  I am over the age
   of 18 and not a party to this action; my current business address is **One Maritime Plaza,**
3  **Sixth Floor, San Francisco, CA 94111-3409.**

4  On **June 13, 2008**, I served the foregoing document(s) described as: **NOTICE OF**
   **DEPOSITION OF GREG PULLMAN, Case No. 5:08-CV-00213-JF,** on the interested
5  parties in this action as follows:

6    ✓      BY THE FOLLOWING MEANS:
             I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:
7

8  William Sokol, Esq.
   W. Daniel Boone, Esq.
9  Bruce A. Harland, Esq.
   Weinberg, Roger & Rosenfeld
10 1001 Marina Village Pkwy, Suite 200
   Alameda, CA  94501-1091
11 (510) 337-1023

12

13   ✓      BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

14           ✓      I am readily familiar with the firm's practice for collection and processing
                    of correspondence for delivery by Federal Express:  collected packages are
15                  picked up by an express carrier representative on the same day, with the
                    Airbill listing the account number for billing to sender, at **San Francisco,**
16                  **California**, in the ordinary course of business.  I placed the envelope(s) in
                    an envelope or package designated by the express service carrier for
17                  collection and processing for express service delivery on the above date
                    following ordinary business practices.
18

19   ✓      Executed on **June 13, 2008**, at **San Francisco, California**.

20   ✓              I declare under penalty of perjury under the laws of the State of California
                    that the above is true and correct.
21   ✓              I declare that I am employed in the office of a member of the bar of this
                    court at whose direction the service was made.
22

23                                          Susan E. Yardley

24

25

26

27

28

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1] 5:08-CV-00213-JF

TO:

Greg Pullman

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 7, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Respondents | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE<br>06-16-08 AT 3:35PM | PLACE<br>GREG PULLMAN |
|---|---|---|
| **SERVED** | | 7677 OAKPORT STREET, #725<br>OAKLAND, CA 94621 |
| SERVED ON (PRINT NAME)<br>GREG PULLMAN | | MANNER OF SERVICE<br>PERSONAL SERVICE |
| SERVED BY (PRINT NAME)<br>CARLOS CASTRO | | TITLE<br>PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____JUNE 16, 2008_____
DATE

_____
SIGNATURE OF SERVER

REF: 3022961
NATIONWIDE LEGAL, INC,
CARLOS CASTRO
REG. NUMBER: 417
SAN FRANCISCO COUNTY

1255 POST STREET, SUITE #500
ADDRESS OF SERVER

SAN FRANCISCO, CALIFORNIA 94109

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty an impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance:
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) if a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT G**



**SEIU**
®

**Stronger Together**

# SEIU LEGAL DEPARTMENT

## FAX TRANSMISSION COVER SHEET

*Date:* 16 June 2008

*To:* Eileen Ridley, Esq

*Fax:* 415/434-4507

*From:*    Norman Gleichman, Esq.
          Deputy General Counsel

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

*YOU SHOULD RECEIVE* __2__ *PAGE(S), INCLUDING THIS COVER SHEET. IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL Cheryl E. Alston AT (202) 730-7466*

**Comments:**

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org

**Confidentiality Notice:** The information contained in this facsimile transmission is confidential and may be legally privileged, may be legally protected attorney work product, or may be inside information. The information is intended only for the use of the recipient(s) named above. If you have received this information in error, please do not read the content of the fax and immediately notify us by telephone to arrange for return of all documents. Any unauthorized disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited and may be unlawful.



**Stronger Together**

June 16, 2008

<u>VIA FACSIMILE TO 415-434-4507 AND REGULAR MAIL</u>

Eileen Ridley, Esq.
Foley & Lardner LLP
One Maritime Plaza, Sixth Floor
San Francisco, CA  94111

   Re: SEIU Local 715 v. Stanford Hospital & Clinics and Lucile
      Packard Children's Hospital – Case Nos. 5:07-cv-5158-
      JF; 5:08-cv-00213-JF; 5:08-cv-00215-JF; 5:08-cv-00216-
      JF; 5:08-CV-01727-JF; 5:08-CV-01726-JF

Dear Ms. Ridley:

   I have your letter of June 9, 2008.  I telephoned your office today
and got your voice mail; your message indicated that you would not be
returning to the office until June 18, 2008.  That is the return date on the
subpoenas that are the subject of our previous correspondence.

   I suggest a two-week extension of time (until June 30, 2008) for
responding to the subpoenas, which will give us sufficient time to
resolve the issues raised in SEIU's objection and the Hospitals'
response.

   Upon your return, please give me a call, and we can discuss this
request and also the deposition subpoenas for President Stern that
were served earlier today.

      Sincerely yours,

      Norman M. Gleichman
      Deputy General Counsel

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org



**Stronger Together**

# SEIU Legal Department

1800 Massachusetts Avenue
Washington, DC 20036
Tel: 202/730-7000
Fax: 202/429-5565

## FAX TRANSMISSION COVER

**DATE: June 23, 2008**

**TO: Eileen Ridley, Esq.**

**FAX: 415-434-4507**

**FROM: Norman Gleichman**

YOU SHOULD RECEIVE 2 PAGE(S), INCLUDING THIS COVER SHEET. IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL **AMY AT 202/730-7243.**

**Comments:**

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington, D.C. 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org

**Confidentiality Notice:** The information contained in this facsimile transmission is confidential and may be legally privileged, may be legally protected attorney work product, or may be inside information. If you have received this information in error, please do not read the content of the fax and immediately notify us by telephone to arrange for return of all documents. Any unauthorized disclosure, copying, distribution, or the taking of any action in reliance on the content of this information is strictly prohibited and may be unlawful.



**SEIU**®
**Stronger Together**

June 23, 2008

<u>**VIA FACSIMILE TO 415-434-4507 AND REGULAR MAIL**</u>

Eileen Ridley, Esq.
Foley & Lardner LLP
One Maritime Plaza, Sixth Floor
San Francisco, CA  94111

    Re:    SEIU Local 715 v. Stanford Hospital & Clinics and Lucile
           Packard Children's Hospital – Case Nos. 5:07-cv-5158-
           JF; 5:08-cv-00213-JF; 5:08-cv-00215-JF; 5:08-cv-00216-
           JF; 5:08-CV-01727-JF; 5:08-CV-01726-JF

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

Dear Ms. Ridley:

    As you know, despite your best efforts and mine, we have not yet been able to have a conversation concerning the subpoenas in the above-referenced matters.  I telephoned your office this morning and learned from your voicemail message that you will be out of the office today and tomorrow, and will not be returning until June 25, 2008.

    Per Mr. Inciardi's letter of June 17, 2008, today was to be response date for the subpoenas.  Given that we have not yet spoken, SEIU will need a further extension so that we can resolve the issues relating to the subpoenas.

    Please give me a call at your convenience, and we can discuss this matter.

    Sincerely yours,

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD  202.730.7481
www.SEIU.org

Norman M. Gleichman
Deputy General Counsel

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Thursday, June 26, 2008 11:01 AM |
| **To:** | Inciardi, Scott P. |
| **Subject:** | FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated |
| **Attachments:** | Order of Emergency Trusteeship Appointing a Trustee to Take Charge and Control of the Affairs of Service Employees International Union, Local 715.pdf; December 19, 2007 Letter from B.W. Smith to Laurie Quintel.pdf; February 12, 2008 Letter from B.W. Smith to Laurie Quintel.pdf; Form LM-15 Trusteeship Report.pdf; In re SEIU Local Union Jurisdiction in California - Hearing Officers' Joint Report and Recommendations.pdf; June 8, 2007 Appointment of Bruce W. Smith as Trustee of SIEU Local 715 by Andrew L. Stern.pdf; June 11, 2006 Memorandum re IEB Decision on California Jurisdiction.pdf; Notice of Hearing, Appointment of Hearing Officer and Rules of Procedure.pdf |

**From the Desk of: Eileen R. Ridley**

**:FOLEY**

**FOLEY & LARDNER LLP**

My Location    My V-card    My Bio    www.foley.com

*Eileen*

INFO

---

**From:** Ridley, Eileen R.
**Sent:** Wednesday, June 25, 2008 11:47 PM
**To:** norm.gleichman@seiu.org
**Subject:** FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated

Mr. Gleichman:

Per our conversation this week attached are documents we would request your client to authenticate which include the following:

June 9, 2006 Hearing Officers' Joint Report And Recommendations

[]

June 11, 2006 memo from Andrew Stern to Affected SEIU Local Unions in California regarding the IEP decision on California jurisdiction

June 8, 2007 notice of appointment of trustee signed by Andrew Stern

June 8, 2007 memo from Andrew Stern to officers and members of Local 715 regarding appointment of trustee

July, 2007 Form LM-15 (Trusteeship Report) signed by Andrew Stern and Anna Burger.

July 12, 2007 Memo from Anna Burger, International Secretary-Treasurer titled "Notice Of Hearing Appointment Of Hearing Officer And Rules Of Procedure."

December 19, 2007 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman

February 12, 2008 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman

[]

In addition, we need to have your client respond to the requests presented by the subpoena (obviously, if there are no responsive documents we will need a verified statement to that effect). Further, we are aware there are likely documents retained by your client which are responsive to the requests but are not included in the above request for authentication. In order to expedite this process, please let us know the quantity of responsive documents your client has. While your client's response was due on Monday, we have agreed to an extension of time. However, we will need a response by early next week.

Finally, as discussed, we will want to depose Mr. Stern and Pullman. In particular, Mr. Stern was involved in the creation of the trust regarding Local 715 which is a subject in this matter. Again, our focus is related to the existence and representation of Local 715 and the use of its resources, Please provide us with available dates for these proceedings. Thanks very much.

## Inciardi, Scott P.

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Tuesday, July 01, 2008 9:14 PM |
| **To:** | Arnold, Laurence R.; Inciardi, Scott P. |
| **Subject:** | FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated |
| **Attachments:** | Final Signed Report & Recommendation.pdf; KS Letter Requesting Trusteeship.pdf; Signed HO Report - 8-13-07.pdf; Stanford Hosp Servicing Agreement.pdf; Order of Reorganization.pdf; Form LM-15 Trusteeship Report May 2008.pdf; Letter to Bruce Smith 6-8-2007.pdf; Letter to Bruce Smith 8-23-2007.pdf; Letter to Clarence Dodge March 1972.pdf |

**From:** Norman Gleichman [mailto:Norman.Gleichman@seiu.org]
**Sent:** Tuesday, July 01, 2008 1:18 PM
**To:** Ridley, Eileen R.
**Subject:** RE: Local 715 v. SHC/LPCH - Documents To Be Authenticated

Dear Ms. Ridley:

I have reviewed your e-mail and the documents you have forwarded with your request that SEIU authenticate them.

First, I wish to reiterate SEIU's position, stated in SEIU's objection dated May 27, 2008, that the subpoenas do not comply with Rule 45(c) of the Federal Rules of Civil Procedure. As I understand it from your communications to date, the Court in this matter has permitted discovery on the narrow question of the existence of Local 715. You have not supplied me with the Court's discovery order, but I assume you have accurately described it.

It is well settled that no formal structure or financing arrangement is required to meet the definition of "labor organization" under the National Labor Relations Act. Thus, a group of employees can constitute a labor organization without officer elections or elected officials, membership meetings, a dues structure, or a set of bylaws. All that is required is employee participation for the purpose of dealing with employers over wages, hours, or terms and conditions of employment. *See, e.g., Sahara Datsun v. NLRB*, 811 F.2d 1317 (9th Cir. 1987); *Polaroid Corp.* 329 NLRB 424 (1999).

Against this backdrop, your subpoena goes far beyond the narrow area of inquiry open to you concerning the issue of the existence of Local 715. As just one example, the identity of the counsel selected to represent Local 715, a subject of the Hospitals' requests for production nos. 1, 20 and 21, is completely irrelevant to the question whether Local 715 exists. Without limitation, the same is true regarding financial transactions regarding Local 715, other SEIU local unions, or SEIU. See request nos. 19, 22-27, 56-57. In sum, these subpoenas constitute an obvious fishing expedition having nothing whatever to do with the question of Local 715's existence.

The subpoenas are also unduly burdensome, in violation of the Federal Rules. The requests are so broadly worded that they would require virtually every piece of written communication to Local 715 to be produced. See, without limitation, request nos. 5, 7, 8, 9 and 10. In this connection, you are advised that SEIU does not maintain a central filing system where documents are uniformly and systematically maintained according to subject matter or other categories. Instead, files and records are kept separately in SEIU's numerous separate departments and regional offices, as well as by individual staff members within those departments. The record retention policies, protocols and categories, if any, used in those separate departments and regional offices are not necessarily compatible. Additionally, a significant volume of SEIU files are not readily accessible because they have been boxed and transferred to an outside archive. Accordingly, the requests detailed herein and similar requests would require SEIU to spend countless hours locating and combing through thousands of separate, uncatalogued files maintained in separate Departments and offices, as well as to retrieve and review files boxed and stored in the

outside archives, simply to determine whether they contain any material falling within the scope of the subpoena. This search would have to be performed manually. The expense to the SEIU in personnel time and archives retrieval charges would be enormous. The subpoena imposes a substantial additional burden on the SEIU in that its personnel would be precluded from carrying out the essential business of SEIU while deployed in the document search demanded by the Hospitals.

The sweeping scope of the subpoenas would force SEIU to divulge SEIU and its members communications on all issues, deliberations, and other activity protected by the First Amendment, including but not limited to SEIU's and its members exercise of the right to freedom of association and freedom of speech. Moreover, while the subpoenas would force the SEIU to mount an expensive, time-consuming records search, that effort will yield little, if any relevant material given the definition of labor organization under the NLRA.

Furthermore, as indicated in SEIU's objection, SEIU does not have custody of much of the documentation your subpoena seeks. I repeat that SEIU is not a party to these actions, and under the Labor Management Reporting and Disclosure Act is not the same labor organization as its affiliated local unions.

Nevertheless, without waiving its stated objections to the subpoenas, in an effort to reach agreement on issues raised by the subpoenas, SEIU further responds to your request as follows:

SEIU is agreeable to stipulating to the authenticity of the following documents:

    Order of Emergency Trusteeship dated June 8, 2007
    Form LM-15 Trusteeship Report
    Memorandum from Andrew L. Stern re: trusteeship of Local 715, dated June 8, 2007
    Notice of Hearing signed by Anna Burger dated July 12, 2007
    Memorandum from Andrfew L. Stern re: IEB Decision on California Jurisdiction dated June 11, 2006

SEIU is unable to stipulate to the authenticity of the following documents for the reasons given:

    Letter from B.W. Smith to Laurie Quintel dated December 19, 2007. This letter was purported issued by Local 715, and Local 715 is the entity that would be in a position to authenticate this document.
    Letter from B.W. Smith to Laurie Quintel dated February 12, 2008. See comment above.
    Hearing Officers' Joint Report and Recommendations. The version you sent to me is unsigned.

Without waiving SEIU's previously stated objections to your subpoena, SEIU is producing herewith the following additional documents that are covered by the subpoena:

    Signed Hearing Officers' Joint Report and Recommendations dated June 9, 2006
    Order of Reorganization signed by Andrew Stern dated January 2, 2007
    Hearing Officer's Report on Local 715 trusteeship dated August 13, 2007
    Letter from Kristina Sermersheim to Andrew Stern dated June 4, 2007
    Letter to Bruce Smith from Andrew L. Stern dated June 8, 2007
    Letter to Clarence Dodge from George E. Fairchild dated March 2, 1972
    Letter to Bruce Smith from Anna Burger dated August 23, 2007
    Servicing Agreement between Local 715 and UHW
    Form LM-15 Trusteeship Report May 2008

SEIU will further stipulate that the hearing officers' reports attached hereto were duly approved by the SEIU International Executive Board.

With respect to taking President Stern's deposition, I am advised that President Stern will be out of the country between July 9 and July 20, and will not be available prior to his departure. However, I can make his assistant James J. Johnston available in his place. Mr. Johnston recently served as SEIU California Area Director and is currently Director of Union-Wide Programs. By virtue of holding these positions, Mr. Johnston is knowledgeable about the existence of Local 715. Mr. Johnston is available on July 10 and 11. Our preference would be July 10. Please note that Mr. Johnston may only be questioned on the narrow issue about which I understand the Court has permitted discovery: the existence of Local 715.

With respect to Greg Pullman, you seemed surprised when I advised you that has been an International Union employee since November 2006. Yet Mr. Pullman testified to this in his deposition which the Hospitals took on March 22, 2007, at which he answered questions related to the 2006 SEIU reorganization in California. It would plainly be improper, oppressive and vexatious to depose Mr. Pullman again on the same issue. Please let me know specifically why the Hospitals seek to depose Mr. Pullman.

Yours,

Norman M. Gleichman
Deputy General Counsel

---

**From:** Ridley, Eileen R. [mailto:ERIdley@foley.com]
**Sent:** Thu 6/26/2008 2:47 AM
**To:** Norman Gleichman
**Subject:** FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated



Mr. Gleichman:

Per our conversation this week attached are documents we would request your client to authenticate which include the following:

June 9, 2006 Hearing Officers' Joint Report And Recommendations
[]

June 11, 2006 memo from Andrew Stern to Affected SEIU Local Unions in California regarding the IEP decision on California jurisdiction

June 8, 2007 notice of appointment of trustee signed by Andrew Stern

June 8, 2007 memo from Andrew Stern to officers and members of Local 715 regarding appointment of trustee

July, 2007 Form LM-15 (Trusteeship Report) signed by Andrew Stern and Anna Burger.

July 12, 2007 Memo from Anna Burger, International Secretary-Treasurer titled "Notice Of Hearing Appointment Of Hearing Officer And Rules Of Procedure."

December 19, 2007 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman

February 12, 2008 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman
[]

In addition, we need to have your client respond to the requests presented by the subpoena (obviously, if there are no responsive documents we will need a verified statement to that effect). Further, we are aware there are likely documents retained by your client which are responsive to the requests but are not included in the above request for authentication. In order to expedite this process, please let us know the quantity of responsive documents your client has. While your client's response was due on Monday, we have agreed to an extension of time. However, we will need a response by early next week.

Finally, as discussed, we will want to depose Mr. Stern and Pullman. In particular, Mr. Stern was involved in the creation of the trust regarding Local 715 which is a subject in this matter. Again, our focus is related to the existence and representation of Local 715 and the use of its resources, Please provide us with available dates for these proceedings. Thanks very much.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**EXHIBIT H**

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR.
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WEBBER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN
ANDREA LAIACONA
EMILY P. RICH

LORI K. AQUINO
ANNE I. YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCION E. LOZANO-BATISTA
CAREN P. SENCER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN
JANVAN V. MANANSALA
MANUELA A. BOIGUES
KERIANNE R. STEELE
ANA M. GALLEGOS
GARY P. PROVENCHER

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel

* Also admitted in Arizona
** Admitted in Hawaii
*** Also admitted in Nevada
**** Also admitted in Illinois

# WEINBERG, ROGER & ROSENFELD
A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

June 23, 2008

<u>VIA FACSIMILE & U.S. MAIL</u>

Eileen Ridley
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3404

Re:    Stanford Hospital & Clinics and Lucile Packard Children's Hospital v. SEIU, Local 715
       <u>U.S.D.C. Case No. 5:07-CV-05158; 5:08-CV-00213; 5:08-CV-00215; 5:08-CV-00216;
       5:08-CV-01726; 5:08-CV-01727.</u>

Dear Ms. Ridley:

I am writing this letter on behalf of both Bruce W. Smith and Myriam Escamilla. I have received copies of the Notices of Deposition for both Bruce W. Smith and Myriam Escamilla that you served. It is my understanding that you claim that they are not parties to this action. If that is incorrect, please let me know.

If my understanding is correct, then the both Mr. Smith and Ms. Escamilla object to the subpoenas for the following reasons in accordance with Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure. Clearly, the deposition subpoenas are an effort to harass both Mr. Smith and Ms. Escamilla, especially in light of the fact that you have noticed their depositions as non-parties.

In any event, given the Fourth of July holiday fast approaching and because of other pre-scheduled commitments, neither Mr. Smith nor Ms. Escamilla are available for the dates notice.

Please contact me at your earliest convenience so that we can discuss this matter.

Sincerely,

Bruce A. Harland

BAH/not
cc:    Local 715
       Rusty Smith, Trustee
       Myriam Escamilla, Asst. Trustee

117443/497466

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA 90010-1907

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI 96813-4500
TEL 808.528.8880 FAX 808.528.8881



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

CLIENT/MATTER NUMBER
085437 3056, 3080, 3081, 3083, 3094, and
3097

June 23, 2008

<u>VIA FACSIMILE AND U.S. MAIL</u>

Bruce Harland
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091

      Re:    SEIU, Local 715 v. Stanford Hospital & Clinics and Lucille
              Packard Childrens' Hospital
              U.S. Dist. Ct. Northern Dist. Ca Case Nos. C-07-cv-5158,
              5:08-cv-00213, 5:08-cv-00215, 5:08-cv-00216, 5:08-cv-01727,
              and 5:08-cv-01726

Dear Mr. Harland:

      This will respond to your letter of today's date regarding the depositions of Mr. Smith and Ms. Escamilla.

      You are incorrect regarding the basis of service. Mr. Smith was served as a party as we understand he is the trustee for Local 715.

      Ms. Escamilla was served as a non-party as we understand she is employed by UHW. Ms. Escamilla has repeatedly evaded service including refusing to accept the subpoena at work and arranging to have the subpoena accepted at her home to only to thereafter refuse to accept service of the subpoena. Ms. Escamilla's actions are inappropriate and contrary to law and we will seek redress from the Court if she continues to actively and consciously evade service. As your office apparently represents Ms. Escamilla, we will agree to permit acceptance of the subpoena through your office if you are authorized to accept such service. If not, we will seek redress from the Court for Ms. Escamilla's actions. Please confirm you may accept service of the subpoena on Ms. Escamilla's behalf.

      Having said the above, the simple request for a deposition is not harassment, and thus the objections raised to the proceedings are inappropriate both in form and substance.. Indeed, both Mr. Smith and Ms. Escamilla have information regarding the issues related to the existence, representation, and the use of resources of Local 715 which you well know. Mr. Smith is purportedly that entity's trustee, and Ms. Escamilla a representative of UHW assigned to Stanford Hospital & Clinics and Lucile Packard Children's Hospital under the purported servicing agreement with Local 715 as well as the purported trustee's assistant. Moreover, the Court specifically permitted such discovery to take place. Finally, the depositions were specifically set so as to not take place over the July 4th holiday. As there is a filing deadline with the Court of July 18, 2008, we expect both the witnesses to appear at their depositions. If they truly need to reschedule the dates of

BOSTON          JACKSONVILLE       NEW YORK         SAN FRANCISCO      TOKYO
BRUSSELS        LOS ANGELES        ORLANDO          SHANGHAI           WASHINGTON, D.C.
CENTURY CITY     MADISON           SACRAMENTO      SILICON VALLEY
CHICAGO         MIAMI             SAN DIEGO        TALLAHASSEE
DETROIT         MILWAUKEE       SAN DIEGO/DEL MAR   TAMPA

SFCA_1418920.1



**FOLEY & LARDNER LLP**

Bruce Harland
June 23, 2008
Page 2

the proceedings, please provide us with suggested alternative date to be considered as soon as possible.

Continued failure to respond to discovery requests by persons or entities represented by your office will be raised with the Court – particularly in light of the up-coming deadlines in the case. We trust the present impasse will be resolved short of the need for Court intervention.

Very truly yours,

*Eileen R. Ridley /ts*

Eileen R. Ridley

## Inciardi, Scott P.

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Wednesday, June 25, 2008 11:20 AM |
| **To:** | Bruce Harland |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | SEIU v. Stanford Cases |

**From the Desk of:** Eileen R. Ridley



**■FOLEY**

**FOLEY & LARDNER LLP**

| My Location | My V-card | My Bio | www.foley.com |

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla.   We understand that you are refusing to produce Mr. Smith for his deposition tomorrow.  Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions.  We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon.  However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you.  We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.  We will address those issues by separate correspondence.  However, the responses specifically include objections based upon privilege but no privilege log was provided.  Please provide that log immediately.  Thank you.

*Eileen*

⌐₂INFO

7/2/2008

## Inciardi, Scott P.

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Friday, June 27, 2008 4:59 PM |
| **To:** | 'Bruce Harland' |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

**From the Desk of:** Eileen R. Ridley

# ■FOLEY

**FOLEY & LARDNER LLP**

My Location    My V-card    My Bio                                    www.foley.com

Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline?  Please provide your response to this question and the issues raised below by Monday, June 30, 2008.  Thank you

*Eileen*

⌐INFO

**From:** Ridley, Eileen R.
**Sent:** Wednesday, June 25, 2008 11:20 AM
**To:** Bruce Harland
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
**Subject:** SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla.   We understand that you are refusing to produce Mr. Smith for his deposition tomorrow.  Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions.  We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon.  However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you.  We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.  We will address those issues by separate correspondence.  However, the responses specifically include objections based upon privilege but no privilege log was provided.  Please provide that log immediately.  Thank you.


*Eileen*

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Bruce Harland [bharland@unioncounsel.net] |
| **Sent:** | Monday, June 30, 2008 7:41 AM |
| **To:** | Ridley, Eileen R. |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July 1, 2008.   I will
have to talk to my client about the stipulation that you propose.  I will talk to you
tomorrow.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>


Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As
the Court has set a date for filing dispositive motions for July 18,
2008 and we have not resolved our pending discovery disputes, will you
stipulate to a continuance of the July 18, 2008 deadline?  Please
provide your response to this question and the issues raised below by
Monday, June 30, 2008.  Thank you



Eileen




 <http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


_____

        From: Ridley, Eileen R.
        Sent: Wednesday, June 25, 2008 11:20 AM
        To: Bruce Harland
        Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
        Subject: SEIU v. Stanford Cases



        Mr. Harland:

1

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla.  We understand that you are refusing to produce Mr. Smith for his deposition tomorrow.  Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions.  We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon.  However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you.  We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.  We will address those issues by separate correspondence.  However, the responses specifically include objections based upon privilege but no privilege log was provided.  Please provide that log immediately.  Thank you.


    Eileen




The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message.  Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

## Inciardi, Scott P.

**From:**    Ridley, Eileen R.
**Sent:**    Tuesday, July 01, 2008 4:28 PM
**To:**    Bruce Harland
**Cc:**    Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
**Subject:** RE: SEIU v. Stanford Cases

**From the Desk of:** Eileen R. Ridley



**FOLEY & LARDNER LLP**

| My Location | My V-card | My Bio | | www.foley.com |

Mr. Harland -

I have not heard further from you regarding this matter.  Please provide your response by tomorrow morning (9 a.m.)
including whether your client will stipulate to a continuance of the filing date - otherwise we will bring a motion before
Judge Fogel to continue the date.  Thanks very much.


Eileen


INFO


-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July 1, 2008.  I will have to talk to my client about the
stipulation that you propose.  I will talk to you tomorrow.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif


7/2/2008

Mr. Harland:

I have yet to hear from you regarding the matters discussed below. As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline? Please provide your response to this question and the issues raised below by Monday, June 30, 2008. Thank you

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

_____

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla. We understand that you are refusing to produce Mr. Smith for his deposition tomorrow. Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions. We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you. We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete. We will address those issues by separate correspondence. However, the responses specifically include objections based upon privilege but no privilege log was provided. Please provide that log immediately. Thank you.

Eileen

7/2/2008

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Bruce Harland [bharland@unioncounsel.net] |
| **Sent:** | Tuesday, July 01, 2008 5:14 PM |
| **To:** | Ridley, Eileen R. |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Dear Ms. Ridley,

I have talked with my client, Local 715, regarding whether or not it would agree to stipulate to continue the July 18, 2008 filing date for dispositive motions.

Unfortunately, my client does not wish to stipulate to continuing the filing date.  The cases pending before Judge Fogel not only involve terminations of employees, but also issues of back pay.

For example, with respect to the petition to vacate that your client filed against the Union, every day of delay means a day that anesthesia techs do not receive the back pay that a neutral arbitrator ruled they are entitled to.  The same is true for the petition to confirm that Local 715 filed, involving the termination of Victor Acosta.  Further delay just means that Mr. Acosta will have to wait longer to get his job back and the back pay that he is owed, despite the fact that a neutral arbitrator has already determined that your client terminated him without just cause.

Furthermore, the primary reason that it appears that your client needs to continue the July 18, 2008 hearing date is because your client waited to propound 57 requests for documents to multiple parties, and to take depositions of various individuals until the last minute.

All of the requests for documents were extremely overbroad -- both in time and scope -- essentially asking for every single document ever produced by Local 715.  And rather than immediately notice a deposition of the person most knowledgeable about Local 715's standing to sue, your client noticed depositions of scores of individuals from Washington D.C.
to California for the end of June, just weeks before the fourth of July.


Turning to the scheduling of depositions for Rusty Smith and Myriam Escamilla, Mr. Smith is unavailable until July 14, 15, 16, and 17, 2008.


As to Ms. Escamilla, you stated in your June 23, 2008 letter that she was noticed as a non-party, or in other words as an employee of SEIU, United Healthcare Workers -- West. First, service of the subpoena was improper, as you served the subpoena to her at the Local 715 address.
Second, it is unclear what you need her to testify to, given that you served her as a non-party.  Judge Fogel was clear in his instructions:
discovery was limited to whether or not Local 715 had standing to sue.
Mr. Smith, as the Trustee of Local 715, could certainly be deposed on this matter.  As you are already aware, Ms. Escamilla is not available for deposition on July 2, 2008.
However, before I offer alternative dates for her deposition, there are various matters we need to discuss, including service of the subpoena and the relevance of her testimony as a non-party.

I am available to meet and confer on July 3, 2008.  You can reach me at my office number, 510-337-1001.

Bruce Harland

-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Tuesday, July 01, 2008 4:28 PM
To: Bruce Harland

1

Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>


Mr. Harland -

I have not heard further from you regarding this matter.  Please provide
your response by tomorrow morning (9 a.m.) including whether your client
will stipulate to a continuance of the filing date - otherwise we will
bring a motion before Judge Fogel to continue the date.  Thanks very
much.


Eileen


 <http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July
1, 2008.  I will have to talk to my client about the stipulation that
you propose.  I will talk to you tomorrow.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif


Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As
the Court has set a date for filing dispositive motions for July 18,
2008 and we have not resolved our pending discovery disputes, will you
stipulate to a continuance of the July 18, 2008 deadline?  Please
provide your response to this question and the issues raised below by
Monday, June 30, 2008.  Thank you

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

_____

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008
regarding the above cases and the depositions of Mr. Smith and Ms.
Escamilla. We understand that you are refusing to produce Mr. Smith
for his deposition tomorrow. Please immediately provide alternative
dates for Mr. Smith and Ms. Escamilla as these depositions must be
completed soon given July 18th deadline to file dispositive motions. We
would prefer not to have to seek Court intervention in this matter and
look forward to resolving it soon. However, we are prepared to file a
motion to compel these depositions if we cannot reach an agreement with
you. We look forward to your response.

In the meantime, we have received the responses to my clients'
request for production/subpoenas from your clients and believe they are
insufficient and incomplete. We will address those issues by separate
correspondence. However, the responses specifically include objections
based upon privilege but no privilege log was provided. Please provide
that log immediately. Thank you.

Eileen

The preceding email message may be confidential or protected by the
attorney-client privilege. It is not intended for transmission to, or
receipt by, any unauthorized persons. If you have received this message
in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the
benefit of the Foley & Lardner LLP client(s) represented by the Firm in
the particular matter that is the subject of this message, and may not
be relied upon by any other party.

Internal Revenue Service regulations require that certain types of
written advice include a disclaimer. To the extent the preceding message
contains advice relating to a Federal tax issue, unless expressly stated

3

otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Tuesday, July 01, 2008 9:12 PM |
| **To:** | 'Bruce Harland' |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Thank you for your email.  It is unfortunate that your client has chosen to refuse to stipulate to a continuance of the deadline to file dispositive motions and we will therefore raise the issue with the Court.

There has been no delay in this action by my clients.  Once the Court confirmed that discovery could be conducted during the April 25th Case Management Conference we served requests for production and subpoenas within two weeks in all six matters.  That is hardly "waiting until the last minute".  Your clients and your firm, however, have decided to conduct a coordinted strategy of stonewalling and refusing to respond to any discovery request by either refusing to answer or produce documents, refusing to produce witnesses for deposition (including the trustee of Local 715), and characterizing every discovery request as "harrassment".  This is a designed pattern and practice that is contrary to the law and a blatent attempt to prejudice my client regarding the dispositive motions in this case.  If there is any delay in this matter it has been caused by your firm's clients and their refusal to properly respond to legal discovery requests (even after being provided with requested extensions).

The discovery propounded by my clients was specifically designed to address the areas the Court permitted to be the subject of discovery - the existance of Local 715, its representative capacity and the handling of its resources.  This is not requesting every document held by Local 715 but your comment underscores a major issue regarding the pending discovery - Local 715 has failed to provide complete responses and has further failed to produce responsive documents.  Further, we have not noticed "scores" of depositions.  We have noticed five depositions of indivuals who have direct knowledge of these issues -including the trustee of Local 715 whom you refused to produce.  Again, any "delay" is solely due to your clients' conduct.

That being said, you have indicated you are available to discuss these matters on July 3, 2008.  I will be on vacation but will make myself available for a call.  What time works for you?  Thank you.



-----Original Message-----
From: Bruce Harland [mailto:bharland@unioncounsel.net]
Sent: Tuesday, July 01, 2008 5:14 PM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Dear Ms. Ridley,

I have talked with my client, Local 715, regarding whether or not it would agree to stipulate to continue the July 18, 2008 filing date for dispositive motions.

Unfortunately, my client does not wish to stipulate to continuing the filing date.  The cases pending before Judge Fogel not only involve terminations of employees, but also issues of back pay.

For example, with respect to the petition to vacate that your client filed against the Union, every day of delay means a day that anesthesia techs do not receive the back pay that a neutral arbitrator ruled they are entitled to.  The same is true for the petition to confirm that Local 715 filed, involving the termination of Victor Acosta.  Further

1

delay just means that Mr. Acosta will have to wait longer to get his job back and the back pay that he is owed, despite the fact that a neutral arbitrator has already determined that your client terminated him without just cause.

Furthermore, the primary reason that it appears that your client needs to continue the July 18, 2008 hearing date is because your client waited to propound 57 requests for documents to multiple parties, and to take depositions of various individuals until the last minute.

All of the requests for documents were extremely overbroad -- both in time and scope -- essentially asking for every single document ever produced by Local 715. And rather than immediately notice a deposition of the person most knowledgeable about Local 715's standing to sue, your client noticed depositions of scores of individuals from Washington D.C.
to California for the end of June, just weeks before the fourth of July.


Turning to the scheduling of depositions for Rusty Smith and Myriam Escamilla, Mr. Smith is unavailable until July 14, 15, 16, and 17, 2008.


As to Ms. Escamilla, you stated in your June 23, 2008 letter that she was noticed as a non-party, or in other words as an employee of SEIU, United Healthcare Workers -- West. First, service of the subpoena was improper, as you served the subpoena to her at the Local 715 address.
Second, it is unclear what you need her to testify to, given that you served her as a non-party. Judge Fogel was clear in his instructions:
discovery was limited to whether or not Local 715 had standing to sue.
Mr. Smith, as the Trustee of Local 715, could certainly be deposed on this matter. As you are already aware, Ms. Escamilla is not available for deposition on July 2, 2008. However, before I offer alternative dates for her deposition, there are various matters we need to discuss, including service of the subpoena and the relevance of her testimony as a non-party.

I am available to meet and confer on July 3, 2008. You can reach me at my office number, 510-337-1001.

Bruce Harland

-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Tuesday, July 01, 2008 4:28 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>




Mr. Harland -

I have not heard further from you regarding this matter. Please provide your response by tomorrow morning (9 a.m.) including whether your client will stipulate to a continuance of the filing date - otherwise we will bring a motion before Judge Fogel to continue the date. Thanks very much.


Eileen


2

```
<http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July
1, 2008.  I will have to talk to my client about the stipulation that
you propose.  I will talk to you tomorrow.

Bruce

-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif


Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As
the Court has set a date for filing dispositive motions for July 18,
2008 and we have not resolved our pending discovery disputes, will you
stipulate to a continuance of the July 18, 2008 deadline?  Please
provide your response to this question and the issues raised below by
Monday, June 30, 2008.  Thank you



Eileen




http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


    _____

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases



Mr. Harland:
```

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla. We understand that you are refusing to produce Mr. Smith for his deposition tomorrow. Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions. We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you. We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete. We will address those issues by separate correspondence. However, the responses specifically include objections based upon privilege but no privilege log was provided. Please provide that log immediately. Thank you.

Eileen

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it

cannot be used by the recipient or any other taxpayer, for the purpose
of avoiding Federal tax penalties, and was not written to support the
promotion or marketing of any transaction or matter discussed herein.

# EXHIBIT I

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON JR.
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WEBBER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN
ANDREA LAIACONA
EMILY P. RICH

### WEINBERG, ROGER & ROSENFELD
A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

LORI K. AQUINO
ANNE I. YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCION E. LOZANO-BATISTA
CAREN P. SENCER
LAELLIE S. NOCADO
MANJARI CHAWLA
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUELA A. SADQUES
KERIANNE R. STEELE
ANA M. GALLEGOS
GARY P. PROVENCHER

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel

• Also admitted in Arizona
•• Admitted in Hawaii
••• Also admitted in Nevada
•••• Also admitted in Illinois

June 23, 2008

<u>VIA FACSIMILE & U.S. MAIL</u>

Eileen Ridley
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3404

Re:    Stanford Hospital & Clinics and Lucile Packard Children's Hospital v. SEIU, Local 715
       <u>U.S.D.C. Case No. 5:07-CV-05158; 5:08-CV-00213; 5:08-CV-00215; 5:08-CV-00216;
       5:08-CV-01726; 5:08-CV-01727.</u>

Dear Ms. Ridley:

I am writing this letter on behalf of both Bruce W. Smith and Myriam Escamilla. I have received copies of the Notices of Deposition for both Bruce W. Smith and Myriam Escamilla that you served. It is my understanding that you claim that they are not parties to this action. If that is incorrect, please let me know.

If my understanding is correct, then the both Mr. Smith and Ms. Escamilla object to the subpoenas for the following reasons in accordance with Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure. Clearly, the deposition subpoenas are an effort to harass both Mr. Smith and Ms. Escamilla, especially in light of the fact that you have noticed their depositions as non-parties.

In any event, given the Fourth of July holiday fast approaching and because of other pre-scheduled commitments, neither Mr. Smith nor Ms. Escamilla are available for the dates notice.

Please contact me at your earliest convenience so that we can discuss this matter.

Sincerely,

Bruce A. Harland

BAH/not
cc:    Local 715
       Rusty Smith, Trustee
       Myriam Escamilla, Asst. Trustee

117443/497466

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA 90010-1907

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI 96813-4500
TEL 808.528.8880 FAX 808.528.8881



**FOLEY**

FOLEY & LARDNER LLP

**ATTORNEYS AT LAW**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA  94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

June 23, 2008

CLIENT/MATTER NUMBER
085437.3056, 3080, 3081, 3083, 3094, and
3097

<u>VIA FACSIMILE AND U.S. MAIL</u>

Bruce Harland
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091

          Re:    SEIU, Local 715 v. Stanford Hospital & Clinics and Lucille
                  Packard Childrens' Hospital
                  U.S. Dist. Ct. Northern Dist. Ca Case Nos. C-07-cv-5158,
                  5:08-cv-00213, 5:08-cv-00215, 5:08-cv-00216, 5:08-cv-01727,
                  and 5:08-cv-01726

Dear Mr. Harland:

        This will respond to your letter of today's date regarding the depositions of Mr. Smith and Ms. Escamilla.

        You are incorrect regarding the basis of service.  Mr. Smith was served as a party as we understand he is the trustee for Local 715.

        Ms. Escamilla was served as a non-party as we understand she is employed by UHW. Ms. Escamilla has repeatedly evaded service including refusing to accept the subpoena at work and arranging to have the subpoena accepted at her home to only to thereafter refuse to accept service of the subpoena.  Ms. Escamilla's actions are inappropriate and contrary to law and we will seek redress from the Court if she continues to actively and consciously evade service.  As your office apparently represents Ms. Escamilla, we will agree to permit acceptance of the subpoena through your office if you are authorized to accept such service.  If not, we will seek redress from the Court for Ms. Escamilla's actions.  Please confirm you may accept service of the subpoena on Ms. Escamilla's behalf.

        Having said the above, the simple request for a deposition is not harassment, and thus the objections raised to the proceedings are inappropriate both in form and substance..  Indeed, both Mr. Smith and Ms. Escamilla have information regarding the issues related to the existence, representation, and the use of resources of Local 715 which you well know.  Mr. Smith is purportedly that entity's trustee, and Ms. Escamilla a representative of UHW assigned to Stanford Hospital & Clinics and Lucile Packard Children's Hospital under the purported servicing agreement with Local 715 as well as the purported trustee's assistant.  Moreover, the Court specifically permitted such discovery to take place.  Finally, the depositions were specifically set so as to not take place over the July 4th holiday.  As there is a filing deadline with the Court of July 18, 2008, we expect both the witnesses to appear at their depositions.  If they truly need to reschedule the dates of

BOSTON
BRUSSELS
CENTURY CITY
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI
MILWAUKEE

NEW YORK
ORLANDO
SACRAMENTO
SAN DIEGO
SAN DIEGO/DEL MAR

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA

TOKYO
WASHINGTON, D.C.



FOLEY & LARDNER LLP

Bruce Harland
June 23, 2008
Page 2

the proceedings, please provide us with suggested alternative date to be considered as soon as possible.

Continued failure to respond to discovery requests by persons or entities represented by your office will be raised with the Court – particularly in light of the up-coming deadlines in the case. We trust the present impasse will be resolved short of the need for Court intervention.

Very truly yours,

*Eileen R. Ridley/to.*

Eileen R. Ridley

Page 1 of 1

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Wednesday, June 25, 2008 11:20 AM |
| **To:** | Bruce Harland |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | SEIU v. Stanford Cases |

**From the Desk of:** Eileen R. Ridley

# FOLEY

FOLEY & LARDNER LLP

My Location    My V-card    My Bio    www.foley.com

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla.   We understand that you are refusing to produce Mr. Smith for his deposition tomorrow.  Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions.  We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon.  However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you.  We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.  We will address those issues by separate correspondence.  However, the responses specifically include objections based upon privilege but no privilege log was provided.  Please provide that log immediately.  Thank you.

*Eileen*

INFO

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Friday, June 27, 2008 4:59 PM |
| **To:** | 'Bruce Harland' |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

**From the Desk of:** Eileen R. Ridley

# ∎FOLEY

**FOLEY & LARDNER LLP**

My Location      My V-card      My Bio                                                    www.foley.com

Mr. Harland:

I have yet to hear from you regarding the matters discussed below. As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline? Please provide your response to this question and the issues raised below by Monday, June 30, 2008. Thank you

*Eileen*

⌐INFO

**From:** Ridley, Eileen R.
**Sent:** Wednesday, June 25, 2008 11:20 AM
**To:** Bruce Harland
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
**Subject:** SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla. We understand that you are refusing to produce Mr. Smith for his deposition tomorrow. Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions. We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you. We look forward to your response.

7/2/2008

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.  We will address those issues by separate correspondence.  However, the responses specifically include objections based upon privilege but no privilege log was provided.  Please provide that log immediately.  Thank you.


*Eileen*

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Bruce Harland [bharland@unioncounsel.net] |
| **Sent:** | Monday, June 30, 2008 7:41 AM |
| **To:** | Ridley, Eileen R. |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July 1, 2008.    I will have to talk to my client about the stipulation that you propose.  I will talk to you tomorrow.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>


Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline?  Please provide your response to this question and the issues raised below by Monday, June 30, 2008.  Thank you


Eileen


<http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

---

        From: Ridley, Eileen R.
        Sent: Wednesday, June 25, 2008 11:20 AM
        To: Bruce Harland
        Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
        Subject: SEIU v. Stanford Cases



        Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla.   We understand that you are refusing to produce Mr. Smith for his deposition tomorrow.   Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions.   We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon.   However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you.   We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.   We will address those issues by separate correspondence.   However, the responses specifically include objections based upon privilege but no privilege log was provided.   Please provide that log immediately.   Thank you.

Eileen

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.   If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message.   Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Tuesday, July 01, 2008 4:28 PM |
| **To:** | Bruce Harland |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

**From the Desk of:** Eileen R. Ridley

**■FOLEY**

**FOLEY & LARDNER LLP**
www.foley.com

My Location      My V-card      My Bio

Mr. Harland -

I have not heard further from you regarding this matter. Please provide your response by tomorrow morning (9 a.m.) including whether your client will stipulate to a continuance of the filing date - otherwise we will bring a motion before Judge Fogel to continue the date. Thanks very much.


Eileen

⌐INFO

-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July 1, 2008. I will have to talk to my client about the stipulation that you propose. I will talk to you tomorrow.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif


7/2/2008

Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline?  Please provide your response to this question and the issues raised below by Monday, June 30, 2008.  Thank you

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

_____

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla.  We understand that you are refusing to produce Mr. Smith for his deposition tomorrow.  Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions.  We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon.  However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you.  We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.  We will address those issues by separate correspondence.  However, the responses specifically include objections based upon privilege but no privilege log was provided.  Please provide that log immediately.  Thank you.

Eileen

7/2/2008

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

7/2/2008

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Bruce Harland [bharland@unioncounsel.net] |
| **Sent:** | Tuesday, July 01, 2008 5:14 PM |
| **To:** | Ridley, Eileen R. |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Dear Ms. Ridley,

I have talked with my client, Local 715, regarding whether or not it would agree to stipulate to continue the July 18, 2008 filing date for dispositive motions.

Unfortunately, my client does not wish to stipulate to continuing the filing date.  The cases pending before Judge Fogel not only involve terminations of employees, but also issues of back pay.

For example, with respect to the petition to vacate that your client filed against the Union, every day of delay means a day that anesthesia techs do not receive the back pay that a neutral arbitrator ruled they are entitled to.  The same is true for the petition to confirm that Local 715 filed, involving the termination of Victor Acosta.  Further delay just means that Mr. Acosta will have to wait longer to get his job back and the back pay that he is owed, despite the fact that a neutral arbitrator has already determined that your client terminated him without just cause.

Furthermore, the primary reason that it appears that your client needs to continue the July 18, 2008 hearing date is because your client waited to propound 57 requests for documents to multiple parties, and to take depositions of various individuals until the last minute.

All of the requests for documents were extremely overbroad -- both in time and scope -- essentially asking for every single document ever produced by Local 715.  And rather than immediately notice a deposition of the person most knowledgeable about Local 715's standing to sue, your client noticed depositions of scores of individuals from Washington D.C.
to California for the end of June, just weeks before the fourth of July.


Turning to the scheduling of depositions for Rusty Smith and Myriam Escamilla, Mr. Smith is unavailable until July 14, 15, 16, and 17, 2008.


As to Ms. Escamilla, you stated in your June 23, 2008 letter that she was noticed as a non-party, or in other words as an employee of SEIU, United Healthcare Workers -- West.  First, service of the subpoena was improper, as you served the subpoena to her at the Local 715 address.
Second, it is unclear what you need her to testify to, given that you served her as a non-party.  Judge Fogel was clear in his instructions:
discovery was limited to whether or not Local 715 had standing to sue.
Mr. Smith, as the Trustee of Local 715, could certainly be deposed on this matter.  As you are already aware, Ms. Escamilla is not available for deposition on July 2, 2008.
However, before I offer alternative dates for her deposition, there are various matters we need to discuss, including service of the subpoena and the relevance of her testimony as a non-party.

I am available to meet and confer on July 3, 2008.  You can reach me at my office number, 510-337-1001.

Bruce Harland

-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Tuesday, July 01, 2008 4:28 PM
To: Bruce Harland

1

Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>

Mr. Harland -

I have not heard further from you regarding this matter.  Please provide
your response by tomorrow morning (9 a.m.) including whether your client
will stipulate to a continuance of the filing date - otherwise we will
bring a motion before Judge Fogel to continue the date.  Thanks very
much.

Eileen

 <http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July
1, 2008.  I will have to talk to my client about the stipulation that
you propose.  I will talk to you tomorrow.

Bruce

-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif

Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As
the Court has set a date for filing dispositive motions for July 18,
2008 and we have not resolved our pending discovery disputes, will you
stipulate to a continuance of the July 18, 2008 deadline?  Please
provide your response to this question and the issues raised below by
Monday, June 30, 2008.  Thank you

2

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

---

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases


Mr. Harland:

I have not yet received a response to my letter of June 23, 2008
regarding the above cases and the depositions of Mr. Smith and Ms.
Escamilla.  We understand that you are refusing to produce Mr. Smith
for his deposition tomorrow.  Please immediately provide alternative
dates for Mr. Smith and Ms. Escamilla as these depositions must be
completed soon given July 18th deadline to file dispositive motions.  We
would prefer not to have to seek Court intervention in this matter and
look forward to resolving it soon.  However, we are prepared to file a
motion to compel these depositions if we cannot reach an agreement with
you.  We look forward to your response.

In the meantime, we have received the responses to my clients'
request for production/subpoenas from your clients and believe they are
insufficient and incomplete.  We will address those issues by separate
correspondence.  However, the responses specifically include objections
based upon privilege but no privilege log was provided.  Please provide
that log immediately.  Thank you.


Eileen


The preceding email message may be confidential or protected by the
attorney-client privilege. It is not intended for transmission to, or
receipt by, any unauthorized persons.  If you have received this message
in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the
benefit of the Foley & Lardner LLP client(s) represented by the Firm in
the particular matter that is the subject of this message, and may not
be relied upon by any other party.

Internal Revenue Service regulations require that certain types of
written advice include a disclaimer. To the extent the preceding message
contains advice relating to a Federal tax issue, unless expressly stated

otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Tuesday, July 01, 2008 9:12 PM |
| **To:** | 'Bruce Harland' |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Thank you for your email.  It is unfortunate that your client has chosen to refuse to stipulate to a continuance of the deadline to file dispositive motions and we will therefore raise the issue with the Court.

There has been no delay in this action by my clients.  Once the Court confirmed that discovery could be conducted during the April 25th Case Management Conference we served requests for production and subpoenas within two weeks in all six matters.  That is hardly "waiting until the last minute".  Your clients and your firm, however, have decided to conduct a coordinted strategy of stonewalling and refusing to respond to any discovery request by either refusing to answer or produce documents, refusing to produce witnesses for deposition (including the trustee of Local 715), and characterizing every discovery request as "harrassment".  This is a designed pattern and practice that is contrary to the law and a blatent attempt to prejudice my client regarding the dispositive motions in this case.  If there is any delay in this matter it has been caused by your firm's clients and their refusal to properly respond to legal discovery requests (even after being provided with requested extensions).

The discovery propounded by my clients was specifically designed to address the areas the Court permitted to be the subject of discovery - the existance of Local 715, its representative capacity and the handling of its resources.  This is not requesting every document held by Local 715 but your comment underscores a major issue regarding the pending discovery - Local 715 has failed to provide complete responses and has further failed to produce responsive documents.  Further, we have not noticed "scores" of depositions.  We have noticed five depositions of indivudals who have direct knowledge of these issues -including the trustee of Local 715 whom you refused to produce.  Again, any "delay" is solely due to your clients' conduct.

That being said, you have indicated you are available to discuss these matters on July 3, 2008.  I will be on vacation but will make myself available for a call.  What time works for you?  Thank you.

-----Original Message-----
From: Bruce Harland [mailto:bharland@unioncounsel.net]
Sent: Tuesday, July 01, 2008 5:14 PM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Dear Ms. Ridley,

I have talked with my client, Local 715, regarding whether or not it would agree to stipulate to continue the July 18, 2008 filing date for dispositive motions.

Unfortunately, my client does not wish to stipulate to continuing the filing date.  The cases pending before Judge Fogel not only involve terminations of employees, but also issues of back pay.

For example, with respect to the petition to vacate that your client filed against the Union, every day of delay means a day that anesthesia techs do not receive the back pay that a neutral arbitrator ruled they are entitled to.  The same is true for the petition to confirm that Local 715 filed, involving the termination of Victor Acosta.  Further

1

delay just means that Mr. Acosta will have to wait longer to get his job back and the back pay that he is owed, despite the fact that a neutral arbitrator has already determined that your client terminated him without just cause.

Furthermore, the primary reason that it appears that your client needs to continue the July 18, 2008 hearing date is because your client waited to propound 57 requests for documents to multiple parties, and to take depositions of various individuals until the last minute.

All of the requests for documents were extremely overbroad -- both in time and scope -- essentially asking for every single document ever produced by Local 715.  And rather than immediately notice a deposition of the person most knowledgeable about Local 715's standing to sue, your client noticed depositions of scores of individuals from Washington D.C.
to California for the end of June, just weeks before the fourth of July.


Turning to the scheduling of depositions for Rusty Smith and Myriam Escamilla, Mr. Smith is unavailable until July 14, 15, 16, and 17, 2008.


As to Ms. Escamilla, you stated in your June 23, 2008 letter that she was noticed as a non-party, or in other words as an employee of SEIU, United Healthcare Workers -- West. First, service of the subpoena was improper, as you served the subpoena to her at the Local 715 address.
Second, it is unclear what you need her to testify to, given that you served her as a non-party.  Judge Fogel was clear in his instructions:
discovery was limited to whether or not Local 715 had standing to sue.
Mr. Smith, as the Trustee of Local 715, could certainly be deposed on this matter.  As you are already aware, Ms. Escamilla is not available for deposition on July 2, 2008.
However, before I offer alternative dates for her deposition, there are various matters we need to discuss, including service of the subpoena and the relevance of her testimony as a non-party.

I am available to meet and confer on July 3, 2008.  You can reach me at my office number, 510-337-1001.

Bruce Harland

-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Tuesday, July 01, 2008 4:28 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>




Mr. Harland -

I have not heard further from you regarding this matter.  Please provide your response by tomorrow morning (9 a.m.) including whether your client will stipulate to a continuance of the filing date - otherwise we will bring a motion before Judge Fogel to continue the date.  Thanks very much.


Eileen

<http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July
1, 2008.  I will have to talk to my client about the stipulation that
you propose.  I will talk to you tomorrow.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif


Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As
the Court has set a date for filing dispositive motions for July 18,
2008 and we have not resolved our pending discovery disputes, will you
stipulate to a continuance of the July 18, 2008 deadline?  Please
provide your response to this question and the issues raised below by
Monday, June 30, 2008.  Thank you



Eileen



http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

_____

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases



Mr. Harland:

3

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla.  We understand that you are refusing to produce Mr. Smith for his deposition tomorrow.  Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions.  We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon.  However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you.  We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.  We will address those issues by separate correspondence.  However, the responses specifically include objections based upon privilege but no privilege log was provided.  Please provide that log immediately.  Thank you.

Eileen

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it

cannot be used by the recipient or any other taxpayer, for the purpose
of avoiding Federal tax penalties, and was not written to support the
promotion or marketing of any transaction or matter discussed herein.

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Tuesday, July 01, 2008 9:14 PM |
| **To:** | Arnold, Laurence R.; Inciardi, Scott P. |
| **Subject:** | FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated |
| **Attachments:** | Final Signed Report & Recommendation.pdf; KS Letter Requesting Trusteeship.pdf; Signed HO Report - 8-13-07.pdf; Stanford Hosp Servicing Agreement.pdf; Order of Reorganization.pdf; Form LM-15 Trusteeship Report May 2008.pdf; Letter to Bruce Smith 6-8-2007.pdf; Letter to Bruce Smith 8-23-2007.pdf; Letter to Clarence Dodge March 1972.pdf |

**From:** Norman Gleichman [mailto:Norman.Gleichman@seiu.org]
**Sent:** Tuesday, July 01, 2008 1:18 PM
**To:** Ridley, Eileen R.
**Subject:** RE: Local 715 v. SHC/LPCH - Documents To Be Authenticated

Dear Ms. Ridley:

I have reviewed your e-mail and the documents you have forwarded with your request that SEIU authenticate them.

First, I wish to reiterate SEIU's position, stated in SEIU's objection dated May 27, 2008, that the subpoenas do not comply with Rule 45(c) of the Federal Rules of Civil Procedure. As I understand it from your communications to date, the Court in this matter has permitted discovery on the narrow question of the existence of Local 715. You have not supplied me with the Court's discovery order, but I assume you have accurately described it.

It is well settled that no formal structure or financing arrangement is required to meet the definition of "labor organization" under the National Labor Relations Act. Thus, a group of employees can constitute a labor organization without officer elections or elected officials, membership meetings, a dues structure, or a set of bylaws. All that is required is employee participation for the purpose of dealing with employers over wages, hours, or terms and conditions of employment. *See, e.g., Sahara Datsun v. NLRB*, 811 F.2d 1317 (9th Cir. 1987); *Polaroid Corp.* 329 NLRB 424 (1999).

Against this backdrop, your subpoena goes far beyond the narrow area of inquiry open to you concerning the issue of the existence of Local 715. As just one example, the identity of the counsel selected to represent Local 715, a subject of the Hospitals' requests for production nos. 1, 20 and 21, is completely irrelevant to the question whether Local 715 exists. Without limitation, the same is true regarding financial transactions regarding Local 715, other SEIU local unions, or SEIU. See request nos. 19, 22-27, 56-57. In sum, these subpoenas constitute an obvious fishing expedition having nothing whatever to do with the question of Local 715's existence.

The subpoenas are also unduly burdensome, in violation of the Federal Rules. The requests are so broadly worded that they would require virtually every piece of written communication to Local 715 to be produced. See, without limitation, request nos. 5, 7, 8, 9 and 10. In this connection, you are advised that SEIU does not maintain a central filing system where documents are uniformly and systematically maintained according to subject matter or other categories. Instead, files and records are kept separately in SEIU's numerous separate departments and regional offices, as well as by individual staff members within those departments. The record retention policies, protocols and categories, if any, used in those separate departments and regional offices are not necessarily compatible. Additionally, a significant volume of SEIU files are not readily accessible because they have been boxed and transferred to an outside archive. Accordingly, the requests detailed herein and similar requests would require SEIU to spend countless hours locating and combing through thousands of separate, uncatalogued files maintained in separate Departments and offices, as well as to retrieve and review files boxed and stored in the

outside archives, simply to determine whether they contain any material falling within the scope of the subpoena. This search would have to be performed manually. The expense to the SEIU in personnel time and archives retrieval charges would be enormous. The subpoena imposes a substantial additional burden on the SEIU in that its personnel would be precluded from carrying out the essential business of SEIU while deployed in the document search demanded by the Hospitals.

The sweeping scope of the subpoenas would force SEIU to divulge SEIU and its members communications on all issues, deliberations, and other activity protected by the First Amendment, including but not limited to SEIU's and its members exercise of the right to freedom of association and freedom of speech. Moreover, while the subpoenas would force the SEIU to mount an expensive, time-consuming records search, that effort will yield little, if any relevant material given the definition of labor organization under the NLRA.

Furthermore, as indicated in SEIU's objection, SEIU does not have custody of much of the documentation your subpoena seeks. I repeat that SEIU is not a party to these actions, and under the Labor Management Reporting and Disclosure Act is not the same labor organization as its affiliated local unions.

Nevertheless, without waiving its stated objections to the subpoenas, in an effort to reach agreement on issues raised by the subpoenas, SEIU further responds to your request as follows:

SEIU is agreeable to stipulating to the authenticity of the following documents:

    Order of Emergency Trusteeship dated June 8, 2007
    Form LM-15 Trusteeship Report
    Memorandum from Andrew L. Stern re: trusteeship of Local 715, dated June 8, 2007
    Notice of Hearing signed by Anna Burger dated July 12, 2007
    Memorandum from Andrfew L. Stern re: IEB Decision on California Jurisdiction dated June 11, 2006

SEIU is unable to stipulate to the authenticity of the following documents for the reasons given:

    Letter from B.W. Smith to Laurie Quintel dated December 19, 2007. This letter was purported issued by Local 715, and Local 715 is the entity that would be in a position to authenticate this document.
    Letter from B.W. Smith to Laurie Quintel dated February 12, 2008. See comment above.
    Hearing Officers' Joint Report and Recommendations. The version you sent to me is unsigned.

Without waiving SEIU's previously stated objections to your subpoena, SEIU is producing herewith the following additional documents that are covered by the subpoena:

    Signed Hearing Officers' Joint Report and Recommendations dated June 9, 2006
    Order of Reorganization signed by Andrew Stern dated January 2, 2007
    Hearing Officer's Report on Local 715 trusteeship dated August 13, 2007
    Letter from Kristina Sermersheim to Andrew Stern dated June 4, 2007
    Letter to Bruce Smith from Andrew L. Stern dated June 8, 2007
    Letter to Clarence Dodge from George E. Fairchild dated March 2, 1972
    Letter to Bruce Smith from Anna Burger dated August 23, 2007
    Servicing Agreement between Local 715 and UHW
    Form LM-15 Trusteeship Report May 2008

SEIU will further stipulate that the hearing officers' reports attached hereto were duly approved by the SEIU International Executive Board.

With respect to taking President Stern's deposition, I am advised that President Stern will be out of the country between July 9 and July 20, and will not be available prior to his departure. However, I can make his assistant James J. Johnston available in his place. Mr. Johnston recently served as SEIU California Area Director and is currently Director of Union-Wide Programs. By virtue of holding these positions, Mr. Johnston is knowledgeable about the existence of Local 715. Mr. Johnston is available on July 10 and 11. Our preference would be July 10. Please note that Mr. Johnston may only be questioned on the narrow issue about which I understand the Court has permitted discovery: the existence of Local 715.

With respect to Greg Pullman, you seemed surprised when I advised you that has been an International Union employee since November 2006. Yet Mr. Pullman testified to this in his deposition which the Hospitals took on March 22, 2007, at which he answered questions related to the 2006 SEIU reorganization in California. It would plainly be improper, oppressive and vexatious to depose Mr. Pullman again on the same issue. Please let me know specifically why the Hospitals seek to depose Mr. Pullman.

Yours,

Norman M. Gleichman
Deputy General Counsel

_____

**From:** Ridley, Eileen R. [mailto:ERidley@foley.com]
**Sent:** Thu 6/26/2008 2:47 AM
**To:** Norman Gleichman
**Subject:** FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated



Mr. Gleichman:

Per our conversation this week attached are documents we would request your client to authenticate which include the following:

June 9, 2006 Hearing Officers' Joint Report And Recommendations
[]

June 11, 2006 memo from Andrew Stern to Affected SEIU Local Unions in California regarding the IEP decision on California jurisdiction

June 8, 2007 notice of appointment of trustee signed by Andrew Stern

June 8, 2007 memo from Andrew Stern to officers and members of Local 715 regarding appointment of trustee

July, 2007 Form LM-15 (Trusteeship Report) signed by Andrew Stern and Anna Burger.

July 12, 2007 Memo from Anna Burger, International Secretary-Treasurer titled "Notice Of Hearing Appointment Of Hearing Officer And Rules Of Procedure."

December 19, 2007 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman

February 12, 2008 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman
[]

7/2/2008

In addition, we need to have your client respond to the requests presented by the subpoena (obviously, if there are no responsive documents we will need a verified statement to that effect). Further, we are aware there are likely documents retained by your client which are responsive to the requests but are not included in the above request for authentication. In order to expedite this process, please let us know the quantity of responsive documents your client has. While your client's response was due on Monday, we have agreed to an extension of time. However, we will need a response by early next week.

Finally, as discussed, we will want to depose Mr. Stern and Pullman. In particular, Mr. Stern was involved in the creation of the trust regarding Local 715 which is a subject in this matter. Again, our focus is related to the existence and representation of Local 715 and the use of its resources, Please provide us with available dates for these proceedings. Thanks very much.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**EXHIBIT J**

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI •
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WESSER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA ••
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN •••
ANDREA LAIACONA
EMILY P. RICH

# WEINBERG, ROGER & ROSENFELD

A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX  510.337.1023

LORI K. AQUINO ••
ANNE I YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOÑGUES ••••
KERIANNE R. STEELE ••••
ANA M. GALLEGOS
GARY P. PROVENCHER

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel

• Also admitted in Arizona
•• Admitted in Hawaii
••• Also admitted in Nevada
•••• Also admitted in Illinois

FOLEY & LARDNER LLP
R E C E I V E D

JUN 2 7 2008

June 26, 2008

WORKING COPY

Scott P. Inciardi
Foley & Lardner LLP
One Maritime Plaza
San Francisco, CA  94111

Re:    SEIU Local 715
       Stanford Hospital & Clinics and Lucille Packard Children's Hospital
       U.S. District Court, No. District California, Case No. 07-cv-05158 JF, et al.

Dear Mr. Inciardi:

I am writing concerning the subpoenas for deposition of Kristy Sermersheim, which you unilaterally scheduled on July 1, 2008.  Neither Ms. Sermersheim nor myself is available on July 1 for that proposed deposition.  Please contact me at your earliest convenience to discuss possible dates and to discuss the necessity of taking Ms. Sermersheim's deposition.  I do not believe that, given the causes of action in this matter, that Ms. Sermersheim has any relevant information for you and am not entirely certain that her deposition is necessary.  However, we would like to work with you in good faith to discuss this rather than file an immediate motion to quash.  I look forward to discussing this matter further with you.

Sincerely,

Andrea Laiacona

AL/sm
opeiu 3 afl-cio(1)
cc:    Kristy Sermersheim

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA  90010-1907
TEL 213.380.2344 FAX 213.381.1088

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA  95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI  96813-4500
TEL 808.528.8880 FAX 808.528.8881

# ▪▪FOLEY

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA  94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

CLIENT/MATTER NUMBER
085437-3056 3080 3081, 3083, 3094 and
3097

June 30, 2008

**VIA FACSIMILE AND U.S. MAIL**

Andrea Laiacona
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Ste. 200
Alameda, CA 94501-1091

Re:     *SEIU v. Stanford Hospital & Clinics, et al.*
        U.S. Dist. Ct. Case Nos.:  C-07-cv-5158, 5:08-cv-00213, 5:08-
        cv-00215, 5:08-cv-002216, 5:08-cv-01727 and 5:08-cv-01726

Dear Ms. Laiacona:

        This will respond to your letter of June 26, 2008 regarding the above-referenced matters and the deposition of Kristy Sermersheim. Ms. Sermersheim, as you know, was the executive secretary of SEIU Local 715 and was involved (and gave testimony) regarding the SEIU International's activities concerning the reorganization of the local union entities – including Local 715.  Moreover, Ms. Sermersheim is identified in a number of documents regarding this matter. Thus, Ms. Sermersheim not only has relevant information, her testimony goes to the heart of one of the issues being litigated in the case.  Thus, we require her deposition to take place.  Please provide us with available dates for this proceeding.

        We further write to address Local 521's complete failure to properly respond to the subpoena issued to it and produce documents.  We have received no documentation from this entity whatsoever.  Please confirm that Local 521 will provide a proper response to the subpoena (as noted in Eileen Ridley's letter of June 9, 2008) and will produce documents this week.  Failure of Local 521 to do so will result in a motion to compel being failed to obtain the discovery requested.

                        Very truly yours,

                        *Scott P. Inciardi*

                        Scott P. Inciardi

cc:     Eileen R. Ridley

BOSTON          JACKSONVILLE        NEW YORK            SAN FRANCISCO        TOKYO
BRUSSELS        LOS ANGELES         ORLANDO             SHANGHAI             WASHINGTON, D.C.
CENTURY CITY    MADISON             SACRAMENTO          SILICON VALLEY
CHICAGO         MIAMI               SAN DIEGO           TALLAHASSEE
DETROIT         MILWAUKEE           SAN DIEGO/DEL MAR   TAMPA



## FOLEY

**FOLEY & LARDNER LLP**

**ATTORNEYS AT LAW**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507
WWW.FOLEY.COM

# FACSIMILE TRANSMISSION

### Total # of Pages <u>2</u> (including this page)

| TO: | PHONE #: | FAX #: |
|---|---|---|
| Andrea Laiacona<br>Weinberg, Roger & Rosenfeld<br>1001 Marina Village Parkway, Ste. 200<br>Alameda, CA 94501-1091 | 5101.337.1001 | **510.337.1023** |

| | |
|---|---|
| **From :** | Scott P. Inciardi |
| **Email Address :** | sinciardi@foley.com |
| **Sender's Direct Dial :** | 415.984.9863 |
| **Date :** | June 30, 2008 |
| **Client/Matter No :** | 085437-3056, 3080, 3094, 3083, 3081 & 3097 |
| **User ID No :** | 3578 |

## MESSAGE:

Please see the attached.

If there are any problems with this transmission or if you have not
received all of the pages, please call 415.434.4484, extension 858.

| Operator: | Time Sent: | Return Original To:<br>Scott P. Inciardi |
|---|---|---|

CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

```
    ***********************
    ***   TX REPORT   ***
    ***********************

TRANSMISSION OK

TX/RX NO           0667
DESTINATION TEL #  3578#085437#3056#15103371023#
DESTINATION ID
ST. TIME           06/30 17:46
TIME USE           01'05
PAGES SENT         2
RESULT             OK
```

FAXED
JUN 3 0 2008



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507
WWW.FOLEY.COM

# FACSIMILE TRANSMISSION

## Total # of Pages 2 (including this page)

| TO: | PHONE #: | FAX #: |
|---|---|---|
| Andrea Laiacona<br>Weinberg, Roger & Rosenfeld<br>1001 Marina Village Parkway, Ste. 200<br>Alameda, CA 94501-1091 | 5101.337.1001 | 510.337.1023 |

| | |
|---|---|
| From : | Scott P. Inciardi |
| Email Address : | sinciardi@foley.com |
| Sender's Direct Dial : | 415.984.9863 |
| Date : | June 30, 2008 |
| Client/Matter No : | 085437-3056, 3080, 3094, 3083, 3081 & 3097 |
| User ID No : | 3578 |

## MESSAGE:

Please see the attached.

## Inciardi, Scott P.

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Tuesday, July 01, 2008 9:14 PM |
| **To:** | Arnold, Laurence R.; Inciardi, Scott P. |
| **Subject:** | FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated |
| **Attachments:** | Final Signed Report & Recommendation.pdf; KS Letter Requesting Trusteeship.pdf; Signed HO Report - 8-13-07.pdf; Stanford Hosp Servicing Agreement.pdf; Order of Reorganization.pdf; Form LM-15 Trusteeship Report May 2008.pdf; Letter to Bruce Smith 6-8-2007.pdf; Letter to Bruce Smith 8-23-2007.pdf; Letter to Clarence Dodge March 1972.pdf |

**From:** Norman Gleichman [mailto:Norman.Gleichman@seiu.org]
**Sent:** Tuesday, July 01, 2008 1:18 PM
**To:** Ridley, Eileen R.
**Subject:** RE: Local 715 v. SHC/LPCH - Documents To Be Authenticated

Dear Ms. Ridley:

I have reviewed your e-mail and the documents you have forwarded with your request that SEIU authenticate them.

First, I wish to reiterate SEIU's position, stated in SEIU's objection dated May 27, 2008, that the subpoenas do not comply with Rule 45(c) of the Federal Rules of Civil Procedure. As I understand it from your communications to date, the Court in this matter has permitted discovery on the narrow question of the existence of Local 715. You have not supplied me with the Court's discovery order, but I assume you have accurately described it.

It is well settled that no formal structure or financing arrangement is required to meet the definition of "labor organization" under the National Labor Relations Act. Thus, a group of employees can constitute a labor organization without officer elections or elected officials, membership meetings, a dues structure, or a set of bylaws. All that is required is employee participation for the purpose of dealing with employers over wages, hours, or terms and conditions of employment. *See, e.g., Sahara Datsun v. NLRB*, 811 F.2d 1317 (9th Cir. 1987); *Polaroid Corp.* 329 NLRB 424 (1999).

Against this backdrop, your subpoena goes far beyond the narrow area of inquiry open to you concerning the issue of the existence of Local 715. As just one example, the identity of the counsel selected to represent Local 715, a subject of the Hospitals' requests for production nos. 1, 20 and 21, is completely irrelevant to the question whether Local 715 exists. Without limitation, the same is true regarding financial transactions regarding Local 715, other SEIU local unions, or SEIU. See request nos. 19, 22-27, 56-57. In sum, these subpoenas constitute an obvious fishing expedition having nothing whatever to do with the question of Local 715's existence.

The subpoenas are also unduly burdensome, in violation of the Federal Rules. The requests are so broadly worded that they would require virtually every piece of written communication to Local 715 to be produced. See, without limitation, request nos. 5, 7, 8, 9 and 10. In this connection, you are advised that SEIU does not maintain a central filing system where documents are uniformly and systematically maintained according to subject matter or other categories. Instead, files and records are kept separately in SEIU's numerous separate departments and regional offices, as well as by individual staff members within those departments. The record retention policies, protocols and categories, if any, used in those separate departments and regional offices are not necessarily compatible. Additionally, a significant volume of SEIU files are not readily accessible because they have been boxed and transferred to an outside archive. Accordingly, the requests detailed herein and similar requests would require SEIU to spend countless hours locating and combing through thousands of separate, uncatalogued files maintained in separate Departments and offices, as well as to retrieve and review files boxed and stored in the

outside archives, simply to determine whether they contain any material falling within the scope of the subpoena. This search would have to be performed manually. The expense to the SEIU in personnel time and archives retrieval charges would be enormous. The subpoena imposes a substantial additional burden on the SEIU in that its personnel would be precluded from carrying out the essential business of SEIU while deployed in the document search demanded by the Hospitals.

The sweeping scope of the subpoenas would force SEIU to divulge SEIU and its members communications on all issues, deliberations, and other activity protected by the First Amendment, including but not limited to SEIU's and its members exercise of the right to freedom of association and freedom of speech. Moreover, while the subpoenas would force the SEIU to mount an expensive, time-consuming records search, that effort will yield little, if any relevant material given the definition of labor organization under the NLRA.

Furthermore, as indicated in SEIU's objection, SEIU does not have custody of much of the documentation your subpoena seeks. I repeat that SEIU is not a party to these actions, and under the Labor Management Reporting and Disclosure Act is not the same labor organization as its affiliated local unions.

Nevertheless, without waiving its stated objections to the subpoenas, in an effort to reach agreement on issues raised by the subpoenas, SEIU further responds to your request as follows:

SEIU is agreeable to stipulating to the authenticity of the following documents:

    Order of Emergency Trusteeship dated June 8, 2007
    Form LM-15 Trusteeship Report
    Memorandum from Andrew L. Stern re: trusteeship of Local 715, dated June 8, 2007
    Notice of Hearing signed by Anna Burger dated July 12, 2007
    Memorandum from Andrfew L. Stern re: IEB Decision on California Jurisdiction dated June 11, 2006

SEIU is unable to stipulate to the authenticity of the following documents for the reasons given:

    Letter from B.W. Smith to Laurie Quintel dated December 19, 2007. This letter was purported issued by Local 715, and Local 715 is the entity that would be in a position to authenticate this document.
    Letter from B.W. Smith to Laurie Quintel dated February 12, 2008. See comment above.
    Hearing Officers' Joint Report and Recommendations. The version you sent to me is unsigned.

Without waiving SEIU's previously stated objections to your subpoena, SEIU is producing herewith the following additional documents that are covered by the subpoena:

    Signed Hearing Officers' Joint Report and Recommendations dated June 9, 2006
    Order of Reorganization signed by Andrew Stern dated January 2, 2007
    Hearing Officer's Report on Local 715 trusteeship dated August 13, 2007
    Letter from Kristina Sermersheim to Andrew Stern dated June 4, 2007
    Letter to Bruce Smith from Andrew L. Stern dated June 8, 2007
    Letter to Clarence Dodge from George E. Fairchild dated March 2, 1972
    Letter to Bruce Smith from Anna Burger dated August 23, 2007
    Servicing Agreement between Local 715 and UHW
    Form LM-15 Trusteeship Report May 2008

SEIU will further stipulate that the hearing officers' reports attached hereto were duly approved by the SEIU International Executive Board.

With respect to taking President Stern's deposition, I am advised that President Stern will be out of the country between July 9 and July 20, and will not be available prior to his departure. However, I can make his assistant James J. Johnston available in his place. Mr. Johnston recently served as SEIU California Area Director and is currently Director of Union-Wide Programs. By virtue of holding these positions, Mr. Johnston is knowledgeable about the existence of Local 715. Mr. Johnston is available on July 10 and 11. Our preference would be July 10. Please note that Mr. Johnston may only be questioned on the narrow issue about which I understand the Court has permitted discovery: the existence of Local 715.

With respect to Greg Pullman, you seemed surprised when I advised you that has been an International Union employee since November 2006. Yet Mr. Pullman testified to this in his deposition which the Hospitals took on March 22, 2007, at which he answered questions related to the 2006 SEIU reorganization in California. It would plainly be improper, oppressive and vexatious to depose Mr. Pullman again on the same issue. Please let me know specifically why the Hospitals seek to depose Mr. Pullman.

Yours,

Norman M. Gleichman
Deputy General Counsel

---

**From:** Ridley, Eileen R. [mailto:ERidley@foley.com]
**Sent:** Thu 6/26/2008 2:47 AM
**To:** Norman Gleichman
**Subject:** FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated



Mr. Gleichman:

Per our conversation this week attached are documents we would request your client to authenticate which include the following:

June 9, 2006 Hearing Officers' Joint Report And Recommendations
[]

June 11, 2006 memo from Andrew Stern to Affected SEIU Local Unions in California regarding the IEP decision on California jurisdiction

June 8, 2007 notice of appointment of trustee signed by Andrew Stern

June 8, 2007 memo from Andrew Stern to officers and members of Local 715 regarding appointment of trustee

July, 2007 Form LM-15 (Trusteeship Report) signed by Andrew Stern and Anna Burger.

July 12, 2007 Memo from Anna Burger, International Secretary-Treasurer titled "Notice Of Hearing Appointment Of Hearing Officer And Rules Of Procedure."

December 19, 2007 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman

February 12, 2008 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman
[]

In addition, we need to have your client respond to the requests presented by the subpoena (obviously, if there are no responsive documents we will need a verified statement to that effect). Further, we are aware there are likely documents retained by your client which are responsive to the requests but are not included in the above request for authentication. In order to expedite this process, please let us know the quantity of responsive documents your client has. While your client's response was due on Monday, we have agreed to an extension of time. However, we will need a response by early next week.

Finally, as discussed, we will want to depose Mr. Stern and Pullman. In particular, Mr. Stern was involved in the creation of the trust regarding Local 715 which is a subject in this matter. Again, our focus is related to the existence and representation of Local 715 and the use of its resources, Please provide us with available dates for these proceedings. Thanks very much.



The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**EXHIBIT K**

1  WILLIAM A. SOKOL, Bar No. 072740
   W. DANIEL BOONE, Bar No. 046553
2  BRUCE A. HARLAND, Bar No. 230477
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501-1091
   Telephone 510.337.1001
5  Fax 510.337.1023

6  Attorneys for Petitioner
   SEIU LOCAL 715
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  SERVICE EMPLOYEES INTERNATIONAL  )  No.   C-08-CV-0213
    UNION, LOCAL 715,                )
12                                   )  SEIU LOCAL 715'S RESPONSE TO
                   Petitioner,       )  DEFENDANTS' REQUEST FOR
13                                   )  PRODUCTION OF DOCUMENTS, SET
          v.                         )  ONE
14                                   )
    STANFORD HOSPITAL & CLINICS and  )
15  LUCILE PACKARD CHILDREN'S        )
    HOSPITAL,                        )
16                                   )
                   Respondents.      )
17  _____ )

18  PROPOUNDING PARTY:          Stanford & Clinics and Lucile Packard Children's
19                              Hospital

20  RESPONDING PARTY:           SEIU, Local 715

21  SET NUMBER:                 One

22       Petitioner SEIU, Local 715 responds to Respondent Stanford & Clincis and Lucile Packard

23  Children's Hospital as follows:

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

## GENERAL OBJECTIONS TO REQUEST FOR PRODUCTION

1.    Petitioner objects to the requests for production, and to each category of information sought, to the extent Respondents purport to require disclosure of information covered by the attorney-client privilege, the work product doctrine, the joint defense privilege, and/or the critical self-analysis privilege.

2.    Petitioner objects to the requests for production, and to each category of information sought, to the extent that they call for disclosure of information which would invade the privacy of third persons who are not parties to this litigation.

3.    Petitioner objects to the requests for production generally, and to each category of information sought, to the extent that they purport to require Petitioner to conduct an investigation to obtain information beyond its own records, as unduly burdensome and oppressive.

4.    Petitioner objects to the request for production, and to each category of information sought, to the extent that they seek confidential, proprietary or trade secret information.

5.    Petitioner objects to the requests for production, and to each category of information sought, to the extent that they call for a legal conclusion.

6.    The responses/objections herein are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any grounds which would require the exclusion from evidence of any statement herein, if any request were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved so that these may be made at trial.

8.    The responses herein are made on the basis of information and writings presently available to and located by Petitioner upon reasonable investigation and inquiry. Because discovery and investigation remain to be completed, there may be other and further information affecting Petitioner's responses/objections to this set of requests for production of which Petitioner, despite reasonable investigation and inquiry, presently is unaware. Defendants is continuing the development of facts and legal issues which are presented in this matter and inquired into by this set of request for production. Petitioner reserves the right to modify its responses/objections herein

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  with such additional information as it may subsequently discover.  These responses/objections are

2  made by Petitioner without prejudice to its using or relying at trial on subsequently discovered

3  information, or on information omitted from these responses/objections as a result of good faith

4  oversight of error.

5      9.      Petitioner expressly incorporates each and every objection and reservation listed

6  above into each and every response made below, as though set forth in full.

<strong><u>REQUESTS FOR PRODUCTION</u></strong>

7

8  <strong><u>REQUEST FOR PRODUCTION NO. 1:</u></strong>

9      Produce all DOCUMENTS and WRITINGS RELATING TO the identification of counsel

10  representing LOCAL 715 regarding the issues which are the subject of the COMPLAINT.

11  <strong><u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u></strong>

12      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

13  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

14  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

15  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

16  The Request is vague as to the meaning "identification of counsel representing Local 715 regarding

17  issues which are the subject of the COMPLAINT."  Petitioner objects on the ground that this

18  Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of

19  admissible evidence.  Petitioner also objects as this Request violates the privacy of third parties and

20  that this information is protected from disclosure by, including but not limited to the attorney client

21  privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the

22  United States Constitution, and on public policy grounds.  Petitioner further objects to this Request

23  on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the

24  personal financial affairs of third parties.

25      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

26  supplement this response at a later time, up to and including at the time of trial.

27  <strong><u>REQUEST FOR PRODUCTION NO. 2:</u></strong>

28      Produce all DOCUMENTS and WRITINGS RELATING TO the present or future

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337 1001

- 3 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1 representative capacity of LOCAL 715 regarding any employees of RESPONDENT from June 30,

2 2005 to the present.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

4 　　　Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

5 onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

6 unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

7 multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

8 This Request is also vague as to the meaning of "present or future representative capacity of Local

9 715 regarding employees of Respondent from June 30, 2005 to the present." Petitioner objects on

10 the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to

11 the discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

12 third parties and that this information is protected from disclosure by, including but not limited to

13 the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

14 Amendment of the United States Constitution, and on public policy grounds. Petitioner further

15 objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

16 of privacy to the personal financial affairs of third parties.

17 　　　Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

18 supplement this response at a later time, up to and including the time of trial.

19 **REQUEST FOR PRODUCTION NO.3:**

20 　　　Produce all DOCUMENTS and WRITINGS RELATING TO the present or future

21 representative capacity of LOCAL 521, whether by that name or by other reference to the entity

22 which became LOCAL 521 when chartered by SEIU International, regarding any employees of

23 RESPONDENT from June 30, 2005 to the present.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

25 　　　Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

26 onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

27 unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

28 multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   This Request is also vague as to the meaning of "the present or future representative capacity of

2   Local 521, whether by name or by other reference to the entity which became Local 521 when

3   chartered by SEIU, International, regarding any employees of Respondent from June 30, 2005 to

4   present." Petitioner objects on the ground that this Request exceeds the scope of permissible

5   discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects

6   as this Request violates the privacy of third parties and that this information is protected from

7   disclosure by, including but not limited to the attorney client privilege, work product doctrine, the

8   National Labor Relations Act, the First Amendment of the United States Constitution, and on

9   public policy grounds. Petitioner further objects to this Request on the ground that the matter

10  seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third

11  parties.

12          Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

13  supplement this response at a later time, up to and including at the time trial.

14  **REQUEST FOR PRODUCTION NO. 4:**

15          Produce all DOCUMENTS and WRITINGS RELATING TO the present or future

16  representative capacity of SEIU-UHW regarding any employees of RESPONDENT from June 30

17  2005 to the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19          Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

20  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

21  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

22  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

23  This Request is also vague as to the meaning of "the present or future representative capacity of

24  SEIU-UHW regarding any employees of Respondent from June 30, 2005 to present." Petitioner

25  objects on the ground that this Request exceeds the scope of permissible discovery and is not likely

26  to lead to the discovery of admissible evidence. Petitioner also objects as this Request violates the

27  privacy of third parties and that this information is protected from disclosure by, including but not

28  limited to the attorney client privilege, work product doctrine, the National Labor Relations Act,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510-337-1001

- 5 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    the First Amendment of the United States Constitution, and on public policy grounds. Petitioner

2    further objects to this Request on the ground that the matter seeks unreasonably to intrude upon the

3    right of privacy to the personal financial affairs of third parties. After a diligent search and

4    reasonable inquiry, and without waiving any objections, there are no documents that are responsive

5    to this request.

6          Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

7    supplement this response at a later time, up to and including at the time trial.

8    **REQUEST FOR PRODUCTION NO. 5:**

9          Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between

10   YOU and any SEIU International official and/or representative from June 30, 2005 to the present

11   regarding the status of LOCAL 715 (including, without limitation, its existence, its termination

12   and/or its merger with or into another LOCAL, or the transfer by any manner of any of its

13   represented bargaining units to another LOCAL or LOCALS).

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

15         Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

16   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

17   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

18   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

19   This Request is vague as to the meaning of the "status of Local 715". Petitioner objects on the

20   ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the

21   discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

22   third parties and that this information is protected from disclosure by, including but not limited to

23   the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

24   Amendment of the United States Constitution, and on public policy grounds. Petitioner further

25   objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

26   of privacy to the personal financial affairs of third parties.

27         Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

28   supplement this response at a later time, up to and including at the time trial.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 6 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

**REQUEST FOR PRODUCTION NO. 6:**

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any SEIU-UHW official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of its represented bargaining units to another LOCAL or LOCALS).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and that this information is protected from disclosure by, including but not limited to the attorney client privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the United States Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties. After a diligent search and reasonable inquiry, and without waiving any objections, there are no documents that are responsive to this request.

Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or supplement this response at a later time, up to and including at the time trial.

**REQUEST FOR PRODUCTION NO.7:**

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any LOCAL 521 official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 7 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and that this information is protected from disclosure by, including but not limited to the attorney client privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the United States Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties. After a diligent search and reasonable inquiry, and without waiving any objections, there are no documents that are responsive to this request.

Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or supplement this response at a later time, up to and including at the time trial.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any LOCAL 715 official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. This Request is vague as to the meaning "between YOU and any LOCAL 715 official and/or

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337 1001

- 8 -

1  representative" and as to "the status of LOCAL 715". Petitioner objects on the ground that this

2  Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of

3  admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and

4  that this information is protected from disclosure by, including but not limited to the attorney client

5  privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the

6  United States Constitution, and on public policy grounds. Petitioner further objects to this Request

7  on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the

8  personal financial affairs of third parties.

9       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

10  supplement this response at a later time, up to and including at the time trial.

11  **REQUEST FOR PRODUCTION NO. 9:**

12       Produce all DOCUMENTS and WRITINGS RELATING TO the handling of any funds

13  (including, without limitation, dues payments) RELATING TO LOCAL 715 (including, without

14  limitation, all deposits, payments and transfers of said funds) from January 2007 to the present.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

16       Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

17  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

18  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

19  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

20  This Request is vague as to the meaning of "handling of any funds". Petitioner objects on the

21  ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the

22  discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

23  third parties and that this information is protected from disclosure by, including but not limited to

24  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

25  Amendment of the United States Constitution, and on public policy grounds. Petitioner further

26  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

27  of privacy to the personal financial affairs of third parties.

28       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 9 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  supplement this response at a later time, up to and including at the time trial.

2  **REQUEST FOR PRODUCTION NO. 10:**

3      Produce all DOCUMENTS and WRITINGS RELATING TO the affairs and transactions of

4  LOCAL 715 from January 2006 to the present (including, without limitation, all reports and

5  monitoring activities of said affairs and transactions).

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

7      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

8  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

9  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

10  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

11  This Request is vague as to the meaning of "affairs and transactions of LOCAL 715" and "all

12  reports and monitoring activities of said affairs and transactions."  Petitioner objects on the ground

13  that this Request exceeds the scope of permissible discovery and is not likely to lead to the

14  discovery of admissible evidence.  Petitioner also objects as this Request violates the privacy of

15  third parties and that this information is protected from disclosure by, including but not limited to

16  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

17  Amendment of the United States Constitution, and on public policy grounds.  Petitioner further

18  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

19  of privacy to the personal financial affairs of third parties.

20      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

21  supplement this response at a later time, up to and including at the time trial.

22  **REQUEST FOR PRODUCTION NO. 11:**

23      Produce all DOCUMENTS and WRITINGS RELATING TO the establishment of a

24  trusteeship for LOCAL 715 from January 2007 to the present.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

26      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

27  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

28  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

2  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

3  not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

4  violates the privacy of third parties and that this information is protected from disclosure by,

5  including but not limited to the attorney client privilege, work product doctrine, the National Labor

6  Relations Act, the First Amendment of the United States Constitution, and on public policy

7  grounds.  Petitioner further objects to this Request on the ground that the matter seeks

8  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

9  Subject to and without waiving any objections, Petitioner produces SEIU0001 to SEIU0009 and

10  SEIU0029 to SEIU0034.

11       Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

12  supplement this response at a later time, up to and including at the time trial.

13  **REQUEST FOR PRODUCTION NO. 12:**

14       Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's website from

15  January 2007 to the present including, without limitation, all links from the website to other sites,

16  all references to LOCAL 715's status (including existence, termination or merger with or into

17  another LOCAL), all references to LOCAL 715's funds, and all references to LOCAL 715's

18  officers and/or trustees. This request specifically includes all versions of LOCAL 715's website

19  during the time period including, without limitation, all changes to the website and the reasons for

20  such changes.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

22       Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

23  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

24  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

25  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

26  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

27  not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

28  violates the privacy of third parties and that this information is protected from disclosure by,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510 337.1001

- 11 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    including but not limited to the attorney client privilege, work product doctrine, the National Labor

2    Relations Act, the First Amendment of the United States Constitution, and on public policy

3    grounds. Petitioner further objects to this Request on the ground that the matter seeks

4    unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

5    Finally, the requested documents are equally available to Respondent. Subject to and without

6    waiving any objections, Petitioner produces SEIU0010 to SEIU0019.

7        Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

8    supplement this response at a later time, up to and including at the time trial.

9    **REQUEST FOR PRODUCTION NO. 13:**

10       Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's website from

11   January 2007 to the present including, without limitation, all links from the website to other sites,

12   all references to LOCAL 521's status (including its creation, existence, or merger with other

13   LOCALS), all references to LOCAL 52l's funds, and all references to LOCAL 521's officers

14   and/or trustees. This request specifically includes all versions of LOCAL 521's website during the

15   time period including, without limitation, all changes to the website and the reasons for such

16   changes.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

18       Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

19   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

20   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

21   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

22   Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

23   not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

24   violates the privacy of third parties and that this information is protected from disclosure by,

25   including but not limited to the attorney client privilege, work product doctrine, the National Labor

26   Relations Act, the First Amendment of the United States Constitution, and on public policy

27   grounds. Petitioner further objects to this Request on the ground that the matter seeks

28   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510 337 1001

- 12 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   After a diligent search and reasonable inquiry, and without waiving any objections, there are no

2   documents that are responsive to this request.

3       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

4   supplement this response at a later time, up to and including at the time trial.

5   **REQUEST FOR PRODUCTION NO. 14:**

6       Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's website from

7   January 1, 2006 to the present including, without limitation, all links from the website to other

8   sites, all references to SEIU-UHW's status in any capacity as representative of any employees of

9   RESPONDENT, and all references to SEIU-UHW's receipt of funds from SEIU-LOCAL 715

10  and/or SEIU-LOCAL 521. This request specifically includes all versions of SEIU-UHW's website

11  during the time period including, without limitation, all changes to the website and the reasons for

12  such changes.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

14      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

15  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

16  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

17  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

18  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

19  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

20  violates the privacy of third parties and that this information is protected from disclosure by,

21  including but not limited to the attorney client privilege, work product doctrine, the National Labor

22  Relations Act, the First Amendment of the United States Constitution, and on public policy

23  grounds. Petitioner further objects to this Request on the ground that the matter seeks

24  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

25  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

26  documents that are responsive to this request.

27      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

28  supplement this response at a later time, up to and including at the time trial.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337 1001

- 13 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

**REQUEST FOR PRODUCTION NO. 15:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between YOU and LOCAL 715 regarding LOCAL 715's website and/or any changes thereto from January 1, 2007 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. This Request is vague as to the meaning of "correspondence between YOU and LOCAL 715 regarding LOCAL 715's website and/or any changes thereto from January 1, 2007 to the present." Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and that this information is protected from disclosure by, including but not limited to the attorney client privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the United States Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or supplement this response at a later time, up to and including at the time trial.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between YOU and LOCAL 521 regarding LOCAL 521's website and/or changes thereto from January 1, 2007 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510 337 1001

- 14 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

2    Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

3    not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

4    violates the privacy of third parties and that this information is protected from disclosure by,

5    including but not limited to the attorney client privilege, work product doctrine, the National Labor

6    Relations Act, the First Amendment of the United States Constitution, and on public policy

7    grounds.  Petitioner further objects to this Request on the ground that the matter seeks

8    unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

9         Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

10   supplement this response at a later time, up to and including at the time trial.

11   **REQUEST FOR PRODUCTION NO. 17:**

12        Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between

13   YOU and SEIU-UHW regarding SEIU-UHW's website and/or changes thereto from January 2006

14   to the present.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

16        Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

17   onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

18   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

19   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

20   Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

21   not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

22   violates the privacy of third parties and that this information is protected from disclosure by,

23   including but not limited to the attorney client privilege, work product doctrine, the National Labor

24   Relations Act, the First Amendment of the United States Constitution, and on public policy

25   grounds.  Petitioner further objects to this Request on the ground that the matter seeks

26   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

27   After a diligent search and reasonable inquiry, and without waiving any objections, there are no

28   documents that are responsive to this request.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 15 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

2    supplement this response at a later time, up to and including at the time trial.

3    **REQUEST FOR PRODUCTION NO. 18:**

4    Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing Agreement

5    between LOCAL 715 and SEIU-UHW.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

7    Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

8    onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

9    unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

10   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

11   Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

12   not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

13   violates the privacy of third parties and that this information is protected from disclosure by,

14   including but not limited to the attorney client privilege, work product doctrine, the National Labor

15   Relations Act, the First Amendment of the United States Constitution, and on public policy

16   grounds.  Petitioner further objects to this Request on the ground that the matter seeks

17   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

18   Subject to and without waiving any objections, Petitioner produces SEIU0020 to SEIU0027.

19   Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

20   supplement this response at a later time, up to and including at the time trial.

21   **REQUEST FOR PRODUCTION NO. 19:**

22   Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing Agreement

23   between LOCAL 715 and SEIU LOCAL 1877 or its successors or affiliated LOCALS.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

25   Petitioner objects to this Request on the grounds that is it overbroad, unduly

26   burdensome, onerous and vague and ambiguous as to time and scope.  This Request is vague,

27   ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple

28   parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 16 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   this Request. Petitioner objects on the ground that this Request exceeds the scope of permissible

2   discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects

3   as this Request violates the privacy of third parties and that this information is protected from

4   disclosure by, including but not limited to the attorney client privilege, work product doctrine, the

5   National Labor Relations Act, the First Amendment of the United States Constitution, and on

6   public policy grounds. Petitioner further objects to this Request on the ground that the matter

7   seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third

8   parties.

9            Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

10  supplement this response at a later time, up to and including at the time trial.

11  **REQUEST FOR PRODUCTION NO. 20:**

12           Produce all DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger &

13  Rosenfeld's representation of LOCAL 715 from January 2006 to the present. This request does not

14  seek production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks

15  production of DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger & Rosenfeld's

16  retention to represent LOCAL 715.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

18           Petitioner objects to this Request on the grounds that is it overbroad, unduly

19  burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague,

20  ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple

21  parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to

22  this Request. Petitioner objects on the ground that this Request exceeds the scope of permissible

23  discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects

24  as this Request violates the privacy of third parties and that this information is protected from

25  disclosure by, including but not limited to the attorney client privilege, work product doctrine, the

26  National Labor Relations Act, the First Amendment of the United States Constitution, and on

27  public policy grounds. Petitioner further objects to this Request on the ground that the matter

28  seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 17 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   parties.

2       Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

3   supplement this response at a later time, up to and including at the time trial.

4   **REQUEST FOR PRODUCTION NO. 21:**

5       Produce all DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon LLP's

6   representation of LOCAL 715 from January 2007 to the present. This request does not seek

7   production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks

8   production of DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon's retention to

9   represent LOCAL 715.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

11      Petitioner objects to this Request on the grounds that is it overbroad, unduly

12  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is vague,

13  ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple

14  parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to

15  this Request.  Petitioner objects on the ground that this Request exceeds the scope of permissible

16  discovery and is not likely to lead to the discovery of admissible evidence.  Petitioner also objects

17  as this Request violates the privacy of third parties and that this information is protected from

18  disclosure by, including but not limited to the attorney client privilege, work product doctrine, the

19  National Labor Relations Act, the First Amendment of the United States Constitution, and on

20  public policy grounds.  Petitioner further objects to this Request on the ground that the matter

21  seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third

22  parties.

23      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

24  supplement this response at a later time, up to and including at the time trial.

25  **REQUEST FOR PRODUCTION NO. 22:**

26      Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from

27  SEIU-LOCAL 715.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 18 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1            Petitioner objects to this Request on the grounds that is it overbroad, unduly

2 burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague,

3 ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple

4 parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to

5 this Request. This Request is vague as to the meaning of "receipt of funds from SEIU-LOCAL

6 715." Petitioner objects on the ground that this Request exceeds the scope of permissible

7 discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects

8 as this Request violates the privacy of third parties and that this information is protected from

9 disclosure by, including but not limited to the attorney client privilege, work product doctrine, the

10 National Labor Relations Act, the First Amendment of the United States Constitution, and on

11 public policy grounds. Petitioner further objects to this Request on the ground that the matter

12 seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third

13 parties. After a diligent search and reasonable inquiry, and without waiving any objections, there

14 are no documents that are responsive to this request.

15            Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

16 supplement this response at a later time, up to and including at the time trial.

17 **REQUEST FOR PRODUCTION NO. 23:**

18            Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from

19 SEIU-LOCAL 521.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

21            Petitioner objects to this Request on the grounds that is it overbroad, unduly

22 burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague,

23 ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple

24 parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to

25 this Request. This request is vague as to the meaning of "receipt of funds". Petitioner objects on

26 the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to

27 the discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

28 third parties and that this information is protected from disclosure by, including but not limited to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510 337 1001

- 19 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

2    Amendment of the United States Constitution, and on public policy grounds. Petitioner further

3    objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

4    of privacy to the personal financial affairs of third parties.

5          Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

6    supplement this response at a later time, up to and including at the time trial.

7    **REQUEST FOR PRODUCTION NO. 24:**

8          Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's transfer and/or

9    payment of funds to SEIU-UHW.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

11         Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

12   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

13   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

14   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

15   This Request is vague as to the "transfer and/or payment of funds". Petitioner objects on the

16   ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the

17   discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

18   third parties and that this information is protected from disclosure by, including but not limited to

19   the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

20   Amendment of the United States Constitution, and on public policy grounds. Petitioner further

21   objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

22   of privacy to the personal financial affairs of third parties.

23         Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

24   supplement this response at a later time, up to and including at the time trial.

25   **REQUEST FOR PRODUCTION NO. 25:**

26         Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's transfer and/or

27   payment of funds to SEIU-UHW.

28   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 20 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

2  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

3  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

4  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

5  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

6  not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

7  violates the privacy of third parties and that this information is protected from disclosure by,

8  including but not limited to the attorney client privilege, work product doctrine, the National Labor

9  Relations Act, the First Amendment of the United States Constitution, and on public policy

10  grounds.  Petitioner further objects to this Request on the ground that the matter seeks

11  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

12  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

13  documents that are responsive to this request.

14    Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

15  supplement this response at a later time, up to and including at the time trial.

16  **REQUEST FOR PRODUCTION NO. 26:**

17    Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's transfer and/or

18  payment of funds to SEIU LOCAL 1877 or its successor or affiliated LOCALS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

20    Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

21  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

22  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

23  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

24  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

25  not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

26  violates the privacy of third parties and that this information is protected from disclosure by,

27  including but not limited to the attorney client privilege, work product doctrine, the National Labor

28  Relations Act, the First Amendment of the United States Constitution, and on public policy

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 21 -
SEIU, Local 715's Response to Request for Production of Documents, Set One

1  grounds. Petitioner further objects to this Request on the ground that the matter seeks

2  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

3  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

4  documents that are responsive to this request.

5      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

6  supplement this response at a later time, up to and including at the time trial.

7  **REQUEST FOR PRODUCTION NO. 27:**

8      Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds

9  between LOCAL 715 and LOCAL 521 (including, without limitation, any transfer of funds,

10  payment of funds and/or receipt of funds).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

12      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

13  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

14  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

15  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

16  This Request is vague as to the meaning of "exchange of funds". Petitioner objects on the ground

17  that this Request exceeds the scope of permissible discovery and is not likely to lead to the

18  discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

19  third parties and that this information is protected from disclosure by, including but not limited to

20  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

21  Amendment of the United States Constitution, and on public policy grounds. Petitioner further

22  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

23  of privacy to the personal financial affairs of third parties.

24      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

25  supplement this response at a later time, up to and including at the time trial.

26  **REQUEST FOR PRODUCTION NO. 28:**

27      Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive

28  Board meetings and/or Special Executive Board meetings for LOCAL 715 between July 1, 2005 and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337 1001

- 22 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    June 9, 2007.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

3    Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

4    onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

5    unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

6    multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

7    This Request is vague as to the meaning of "all notices of Executive Board meetings and/or Special

8    Executive Board meetings". Petitioner objects on the ground that this Request exceeds the scope

9    of permissible discovery and is not likely to lead to the discovery of admissible evidence.

10    Petitioner also objects as this Request violates the privacy of third parties and that this information

11    is protected from disclosure by, including but not limited to the attorney client privilege, work

12    product doctrine, the National Labor Relations Act, the First Amendment of the United States

13    Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground

14    that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial

15    affairs of third parties.

16    Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

17    supplement this response at a later time, up to and including at the time trial.

18    **REQUEST FOR PRODUCTION NO. 29:**

19    Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive

20    Board meetings and/or Special Executive Board meetings for LOCAL 521 between July 1, 2006 and

21    June 9, 2007.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

23    Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

24    onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

25    unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

26    multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

27    Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

28    not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 23 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    violates the privacy of third parties and that this information is protected from disclosure by,

2    including but not limited to the attorney client privilege, work product doctrine, the National Labor

3    Relations Act, the First Amendment of the United States Constitution, and on public policy

4    grounds. Petitioner further objects to this Request on the ground that the matter seeks

5    unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

6    After a diligent search and reasonable inquiry, and without waiving any objections, there are no

7    documents that are responsive to this request.

8         Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

9    supplement this response at a later time, up to and including at the time trial.

10   **REQUEST FOR PRODUCTION NO. 30:**

11        Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive

12   Board meetings and/or Special Executive Board meetings for SEIU-UHW between July 1, 2005

13   and June 9, 2007 which reference in any manner the representation of any employees of

14   RESPONDENT.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

16        Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

17   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

18   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

19   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

20   Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

21   not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

22   violates the privacy of third parties and that this information is protected from disclosure by,

23   including but not limited to the attorney client privilege, work product doctrine, the National Labor

24   Relations Act, the First Amendment of the United States Constitution, and on public policy

25   grounds. Petitioner further objects to this Request on the ground that the matter seeks

26   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

27   After a diligent search and reasonable inquiry, and without waiving any objections, there are no

28   documents that are responsive to this request.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 24 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

2   supplement this response at a later time, up to and including at the time trial.

3   **REQUEST FOR PRODUCTION NO. 31:**

4   Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive

5   Board meetings for LOCAL 715 held between July 1, 2005 and June 9, 2007 including, without

6   limitation, a list of those in attendance and those not in attendance at said meetings.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

8   Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

9   onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

10   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

11   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

12   Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

13   not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

14   violates the privacy of third parties and that this information is protected from disclosure by,

15   including but not limited to the attorney client privilege, work product doctrine, the National Labor

16   Relations Act, the First Amendment of the United States Constitution, and on public policy

17   grounds.  Petitioner further objects to this Request on the ground that the matter seeks

18   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

19   Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

20   supplement this response at a later time, up to and including at the time trial.

21   **REQUEST FOR PRODUCTION NO. 32:**

22   Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive

23   Board meetings for LOCAL 521 held between July 1, 2006 and June 9, 2007 including, without

24   limitation, a list of those in attendance and those not in attendance at said meetings.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

26   Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

27   onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

28   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510 337 1001

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

2    Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

3    not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

4    violates the privacy of third parties and that this information is protected from disclosure by,

5    including but not limited to the attorney client privilege, work product doctrine, the National Labor

6    Relations Act, the First Amendment of the United States Constitution, and on public policy

7    grounds. Petitioner further objects to this Request on the ground that the matter seeks

8    unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

9    After a diligent search and reasonable inquiry, and without waiving any objections, there are no

10    documents that are responsive to this request.

11       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

12    supplement this response at a later time, up to and including at the time trial.

13    **REQUEST FOR PRODUCTION NO. 33:**

14       Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive

15    Board meetings for SEIU-UHW held between July 1, 2005 and June 9, 2007 which reference in

16    any manner the representation of any employees of RESPONDENT including, without limitation,

17    a list of those in attendance and those not in attendance at said meetings.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

19       Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

20    onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

21    unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

22    multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

23    Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

24    not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

25    violates the privacy of third parties and that this information is protected from disclosure by,

26    including but not limited to the attorney client privilege, work product doctrine, the National Labor

27    Relations Act, the First Amendment of the United States Constitution, and on public policy

28    grounds. Petitioner further objects to this Request on the ground that the matter seeks

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 26 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

2  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

3  documents that are responsive to this request.

4      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

5  supplement this response at a later time, up to and including at the time trial.

6  **REQUEST FOR PRODUCTION NO. 34:**

7      Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's annual budget

8  and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

10      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

11  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

12  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

13  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

14  This Request is vague as to the meaning of "annual budget and/or budgets".  Petitioner objects on

15  the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to

16  the discovery of admissible evidence.  Petitioner also objects as this Request violates the privacy of

17  third parties and that this information is protected from disclosure by, including but not limited to

18  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

19  Amendment of the United States Constitution, and on public policy grounds.  Petitioner further

20  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

21  of privacy to the personal financial affairs of third parties.

22      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

23  supplement this response at a later time, up to and including at the time trial.

24  **REQUEST FOR PRODUCTION NO. 35:**

25      Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's annual budget

26  and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

28      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 27 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

2   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

3   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

4   Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

5   not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

6   violates the privacy of third parties and that this information is protected from disclosure by,

7   including but not limited to the attorney client privilege, work product doctrine, the National Labor

8   Relations Act, the First Amendment of the United States Constitution, and on public policy

9   grounds. Petitioner further objects to this Request on the ground that the matter seeks

10  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

11  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

12  documents that are responsive to this request.

13      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

14  supplement this response at a later time, up to and including at the time trial.

15  **REQUEST FOR PRODUCTION NO. 36:**

16      Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's annual budget

17  and/or budgets covering and/or applicable to calendar years 2007 and 2008 or any portion thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

19      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

20  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

21  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

22  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

23  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

24  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

25  violates the privacy of third parties and that this information is protected from disclosure by,

26  including but not limited to the attorney client privilege, work product doctrine, the National Labor

27  Relations Act, the First Amendment of the United States Constitution, and on public policy

28  grounds. Petitioner further objects to this Request on the ground that the matter seeks

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337 1001

- 28 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

2    After a diligent search and reasonable inquiry, and without waiving any objections, there are no

3    documents that are responsive to this request.

4           Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

5    supplement this response at a later time, up to and including at the time trial.

6    **REQUEST FOR PRODUCTION NO. 37:**

7           Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general

8    membership meetings for LOCAL 715 (including, without limitation, all regular and special

9    general membership meetings) held between July 1, 2005 and June 9, 2007.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

11          Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

12   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

13   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

14   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

15   Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

16   not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

17   violates the privacy of third parties and that this information is protected from disclosure by,

18   including but not limited to the attorney client privilege, work product doctrine, the National Labor

19   Relations Act, the First Amendment of the United States Constitution, and on public policy

20   grounds. Petitioner further objects to this Request on the ground that the matter seeks

21   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

22          Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

23   supplement this response at a later time, up to and including at the time trial.

24   **REQUEST FOR PRODUCTION NO. 38:**

25          Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general

26   membership meetings for LOCAL 521 (including, without limitation, all regular and special

27   general membership meetings) held between January 1, 2007 and June 9, 2007.

28   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 29 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

2    onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

3    unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

4    multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

5    Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

6    not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

7    violates the privacy of third parties and that this information is protected from disclosure by,

8    including but not limited to the attorney client privilege, work product doctrine, the National Labor

9    Relations Act, the First Amendment of the United States Constitution, and on public policy

10    grounds.  Petitioner further objects to this Request on the ground that the matter seeks

11    unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

12    After a diligent search and reasonable inquiry, and without waiving any objections, there are no

13    documents that are responsive to this request.

14    Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

15    supplement this response at a later time, up to and including at the time trial.

16    **REQUEST FOR PRODUCTION NO. 39:**

17    Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general

18    membership meetings for SEIU-UHW (including, without limitation, all regular and special general

19    membership meetings) which reference in any manner the representation of any employees of

20    RESPONDENT and were held between July 1, 2005 and June 9, 2007.

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

22    Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

23    onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

24    unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

25    multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

26    Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

27    not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

28    violates the privacy of third parties and that this information is protected from disclosure by,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 30 -

1 including but not limited to the attorney client privilege, work product doctrine, the National Labor

2 Relations Act, the First Amendment of the United States Constitution, and on public policy

3 grounds. Petitioner further objects to this Request on the ground that the matter seeks

4 unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

5 After a diligent search and reasonable inquiry, and without waiving any objections, there are no

6 documents that are responsive to this request.

7      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

8 supplement this response at a later time, up to and including at the time trial.

9 **REQUEST FOR PRODUCTION NO. 40:**

10      Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL

11 715 showing all dues receipts deposits in accounts held by LOCAL 715 from January 2006 to the

12 present.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

14      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

15 onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

16 unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

17 multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

18 Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

19 not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

20 violates the privacy of third parties and that this information is protected from disclosure by,

21 including but not limited to the attorney client privilege, work product doctrine, the National Labor

22 Relations Act, the First Amendment of the United States Constitution, and on public policy

23 grounds. Petitioner further objects to this Request on the ground that the matter seeks

24 unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

25      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

26 supplement this response at a later time, up to and including at the time trial.

27 **REQUEST FOR PRODUCTION NO. 41:**

28      Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA. 94501-1091
510.337.1001

- 31 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   521 showing all dues receipts deposits in accounts held by LOCAL 521 received from or on behalf

2   of any employees of RESPONDENT from January 2006 to the present.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

4           Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

5   onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

6   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

7   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

8   Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

9   not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

10  violates the privacy of third parties and that this information is protected from disclosure by,

11  including but not limited to the attorney client privilege, work product doctrine, the National Labor

12  Relations Act, the First Amendment of the United States Constitution, and on public policy

13  grounds.  Petitioner further objects to this Request on the ground that the matter seeks

14  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

15  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

16  documents that are responsive to this request.

17          Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

18  supplement this response at a later time, up to and including at the time trial.

19  **REQUEST FOR PRODUCTION NO. 42:**

20          Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of SEIU-

21  UHW showing all dues receipts deposits in accounts held by SEIU-UHW received from or on

22  behalf of any employees of RESPONDENT from January 2006 to the present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

24          Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

25  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

26  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

27  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

28  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 32 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

2   violates the privacy of third parties and that this information is protected from disclosure by,

3   including but not limited to the attorney client privilege, work product doctrine, the National Labor

4   Relations Act, the First Amendment of the United States Constitution, and on public policy

5   grounds.  Petitioner further objects to this Request on the ground that the matter seeks

6   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

7       Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

8   supplement this response at a later time, up to and including at the time trial.

9   **REQUEST FOR PRODUCTION NO. 43:**

10      Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other

11  appointment of any employee of SEIU-UHW to provide services to LOCAL 715 RELATING TO

12  the representation of any employees of RESPONDENT.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

14      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

15  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

16  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

17  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

18  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

19  not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

20  violates the privacy of third parties and that this information is protected from disclosure by,

21  including but not limited to the attorney client privilege, work product doctrine, the National Labor

22  Relations Act, the First Amendment of the United States Constitution, and on public policy

23  grounds.  Petitioner further objects to this Request on the ground that the matter seeks

24  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

25  After a diligent search and reasonable inquiry, and without waiving any objections, without

26  Petitioner produces SEIU0020 to SEIU0027.

27      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

28  supplement this response at a later time, up to and including at the time trial.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510 337 1001

- 33 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  **REQUEST FOR PRODUCTION NO. 44:**

2     Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other

3  appointment of any employee of SEIU-UHW to provide services to LOCAL 521 RELATING TO

4  the representation of any employees of RESPONDENT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

6     Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

7  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

8  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

9  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

10 Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

11 not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

12 violates the privacy of third parties and that this information is protected from disclosure by,

13 including but not limited to the attorney client privilege, work product doctrine, the National Labor

14 Relations Act, the First Amendment of the United States Constitution, and on public policy

15 grounds.  Petitioner further objects to this Request on the ground that the matter seeks

16 unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

17 After a diligent search and reasonable inquiry, and without waiving any objections, there are no

18 documents that are responsive to this request.

19     Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

20 supplement this response at a later time, up to and including at the time trial.

21 **REQUEST FOR PRODUCTION NO. 45:**

22     Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other

23 appointment of counsel by SEIU-UHW to provide services to LOCAL 715 RELATING TO the

24 representation of any employees of RESPONDENT.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

26     Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

27 onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

28 unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 34 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

2   This Request is vague as to the meaning of "assignment or other appointment of counsel by SEIU-

3   UHW to provide services to LOCAL 715 RELATING TO the representation of any employee of

4   RESPONDENT." Petitioner objects on the ground that this Request exceeds the scope of

5   permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner

6   also objects as this Request violates the privacy of third parties and that this information is

7   protected from disclosure by, including but not limited to the attorney client privilege, work

8   product doctrine, the National Labor Relations Act, the First Amendment of the United States

9   Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground

10  that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial

11  affairs of third parties.

12      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

13  supplement this response at a later time, up to and including at the time trial.

14  **REQUEST FOR PRODUCTION NO. 46:**

15      Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other

16  appointment of counsel by SEIU-UHW to provide services to LOCAL 521 RELATING TO the

17  representation of any employees of RESPONDENT.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

19      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

20  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

21  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

22  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

23  This Request is vague as to the meaning of "assignment or other appointment of counsel by SEIU-

24  UHW to provide services to LOCAL 521 RELATING TO the representation of any employees of

25  RESPONDENT." Petitioner objects on the ground that this Request exceeds the scope of

26  permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner

27  also objects as this Request violates the privacy of third parties and that this information is

28  protected from disclosure by, including but not limited to the attorney client privilege, work

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 35 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  product doctrine, the National Labor Relations Act, the First Amendment of the United States

2  Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground

3  that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial

4  affairs of third parties. After a diligent search and reasonable inquiry, and without waiving any

5  objections, there are no documents that are responsive to this request.

6      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

7  supplement this response at a later time, up to and including at the time trial.

8  **REQUEST FOR PRODUCTION NO. 47:**

9      Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other

10  appointment of counsel by LOCAL 521 to provide services RELATING TO the representation of

11  any employees of RESPONDENT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

13      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

14  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

15  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

16  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

17  This Request is vague as to the meaning of "assignment or appointment of counsel by LOCAL 521

18  to provide services". Petitioner objects on the ground that this Request exceeds the scope of

19  permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner

20  also objects as this Request violates the privacy of third parties and that this information is

21  protected from disclosure by, including but not limited to the attorney client privilege, work

22  product doctrine, the National Labor Relations Act, the First Amendment of the United States

23  Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground

24  that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial

25  affairs of third parties. After a diligent search and reasonable inquiry, and without waiving any

26  objections, there are no documents that are responsive to this request.

27      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

28  supplement this response at a later time, up to and including at the time trial.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 36 -

**REQUEST FOR PRODUCTION NO. 48:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's representation employees of Stanford University from January 2006 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. This Request is vague as to the meaning of "representation." Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and that this information is protected from disclosure by, including but not limited to the attorney client privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the United States Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or supplement this response at a later time, up to and including at the time trial.

**REQUEST FOR PRODUCTION NO. 49:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's representation employees of Santa Clara University from January 2006 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. This Request is vague as to the meaning of "representation." Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 37 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    admissible evidence.  Petitioner also objects as this Request violates the privacy of third parties and

2    that this information is protected from disclosure by, including but not limited to the attorney client

3    privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the

4    United States Constitution, and on public policy grounds.  Petitioner further objects to this Request

5    on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the

6    personal financial affairs of third parties.

7            Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

8    supplement this response at a later time, up to and including at the time trial.

9    **REQUEST FOR PRODUCTION NO. 50:**

10           Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other

11   appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services to

12   LOCAL 715 RELATING TO the representation of any employees of Stanford University from

13   January 2006 to the present.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

15           Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

16   onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

17   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

18   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

19   This Request is vague as to the meaning of "assignment or other appointment of any employee of

20   LOCAL 1877 (or any other LOCAL) to provide services".  Petitioner objects on the ground that

21   this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of

22   admissible evidence.  Petitioner also objects as this Request violates the privacy of third parties and

23   that this information is protected from disclosure by, including but not limited to the attorney client

24   privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the

25   United States Constitution, and on public policy grounds.  Petitioner further objects to this Request

26   on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the

27   personal financial affairs of third parties.

28           Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 38 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    supplement this response at a later time, up to and including at the time trial.

2    **REQUEST FOR PRODUCTION NO. 51:**

3        Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other

4    appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services to

5    LOCAL 715 RELATING TO the representation of any employees of Santa Clara University

6    from January 2006 to the present.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

8        Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

9    onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

10   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

11   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

12   This Request if vague as to the meaning of "assignment or other appointment of any employee of

13   LOCAL 1877 (or any other LOCAL) to provide services". Petitioner objects on the ground that

14   this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of

15   admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and

16   that this information is protected from disclosure by, including but not limited to the attorney client

17   privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the

18   United States Constitution, and on public policy grounds. Petitioner further objects to this Request

19   on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the

20   personal financial affairs of third parties.

21       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

22   supplement this response at a later time, up to and including at the time trial.

23   **REQUEST FOR PRODUCTION NO. 52:**

24       Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between

25   LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the representation of

26   any employees of Stanford University from January 2006 to the present.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

28       Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 39 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

2   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

3   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

4   This Request is vague as to "and/or any other LOCAL". Petitioner objects on the ground that this

5   Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of

6   admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and

7   that this information is protected from disclosure by, including but not limited to the attorney client

8   privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the

9   United States Constitution, and on public policy grounds. Petitioner further objects to this Request

10  on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the

11  personal financial affairs of third parties.

12        Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

13  supplement this response at a later time, up to and including at the time trial.

14  **REQUEST FOR PRODUCTION NO. 53:**

15        Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between

16  LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the representation of

17  any employees of Santa Clara University from January 2006 to the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

19        Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

20  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

21  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

22  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

23  This Request is vague as to the meaning of "and/or any other LOCAL". Petitioner objects on the

24  ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the

25  discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

26  third parties and that this information is protected from disclosure by, including but not limited to

27  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

28  Amendment of the United States Constitution, and on public policy grounds. Petitioner further

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 40 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

2  of privacy to the personal financial affairs of third parties.

3      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

4  supplement this response at a later time, up to and including at the time trial.

5  **REQUEST FOR PRODUCTION NO. 54:**

6      Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between

7  LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of

8  any employees of Stanford University from January 2006 to the present.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

10     Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

11 onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

12 unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

13 multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

14 Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

15 not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

16 violates the privacy of third parties and that this information is protected from disclosure by,

17 including but not limited to the attorney client privilege, work product doctrine, the National Labor

18 Relations Act, the First Amendment of the United States Constitution, and on public policy

19 grounds. Petitioner further objects to this Request on the ground that the matter seeks

20 unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

21 After a diligent search and reasonable inquiry, and without waiving any objections, there are no

22 documents that are responsive to this request.

23     Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

24 supplement this response at a later time, up to and including at the time trial.

25 **REQUEST FOR PRODUCTION NO. 55:**

26     Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between

27 LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of

28 any employees of Santa Clara University from January 2006 to the present.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 41 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

2        Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

3 onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

4 unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

5 multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

6 Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

7 not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

8 violates the privacy of third parties and that this information is protected from disclosure by,

9 including but not limited to the attorney client privilege, work product doctrine, the National Labor

10 Relations Act, the First Amendment of the United States Constitution, and on public policy

11 grounds. Petitioner further objects to this Request on the ground that the matter seeks

12 unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

13 After a diligent search and reasonable inquiry, and without waiving any objections, there are no

14 documents that are responsive to this request.

15        Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

16 supplement this response at a later time, up to and including at the time trial.

17 | **REQUEST FOR PRODUCTION NO. 56:**

18        Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds

19 between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 (including, without limitation,

20 any transfer of funds, payment of funds and/or receipt of funds).

21 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

22        Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

23 onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

24 unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

25 multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

26 This Request is vague as to the meaning of "exchange of funds." Petitioner objects on the ground

27 that this Request exceeds the scope of permissible discovery and is not likely to lead to the

28 discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 42 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  third parties and that this information is protected from disclosure by, including but not limited to

2  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

3  Amendment of the United States Constitution, and on public policy grounds. Petitioner further

4  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

5  of privacy to the personal financial affairs of third parties.

6      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

7  supplement this response at a later time, up to and including at the time trial.

8  **REQUEST FOR PRODUCTION NO. 57:**

9      Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds

10  between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 (including, without limitation,

11  any transfer of funds, payment of funds and/or receipt of funds).

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

13      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

14  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

15  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

16  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

17  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

18  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

19  violates the privacy of third parties and that this information is protected from disclosure by,

20  including but not limited to the attorney client privilege, work product doctrine, the National Labor

21  Relations Act, the First Amendment of the United States Constitution, and on public policy

22  grounds. Petitioner further objects to this Request on the ground that the matter seeks

23  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

24  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

25  documents that are responsive to this request.

26      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

27  supplement this response at a later time, up to and including at the time trial.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    Dated: June 23, 2008

2                                          WEINBERG, ROGER & ROSENFELD
                                           A Professional Corporation
3

4                                          By:  _Bruce A. Harland_
5                                               BRUCE A. HARLAND
                                                Attorneys for Petitioner
                                                SEIU LOCAL 715
6    117985/495477

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337 1001

                                    - 44 -

1

**PROOF OF SERVICE**

2      I am a citizen of the United States, and a resident of the State of California.  I am over the

3   age of eighteen years, and not a party to the within action.  My business address is 1001 Marina

4   Village Parkway, Suite 200, Alameda, California 94501-1091.  On June 23, 2008, I served upon

5   the following parties in this action:

6      Eileen Ridley
       Foley & Lardner
7      One Maritime Plaza, Sixth Floor
       San Francisco, CA  94111-3404
8      E-Mail:  eridley@foley.com

9

10  copies of the document(s) described as:

11  **SEIU LOCAL 715'S RESPONSE TO DEFENDANTS' REQUEST FOR
    PRODUCTION OF DOCUMENTS, SET ONE**

12

13  **[X]    BY OVERNIGHT DELIVERY SERVICE**  I placed a true copy of each document listed
       herein in a sealed envelope, addressed as indicated herein, and placed the same for
14     collection by Overnight Delivery Service by following the ordinary business practices of
       Weinberg, Roger & Rosenfeld, Alameda, California.  I am readily familiar with the practice
15     of Weinberg, Roger & Rosenfeld for collection and processing of Overnight Delivery
       Service correspondence, said practice being that in the ordinary course of business,
16     Overnight Delivery Service correspondence is deposited at the Overnight Delivery Service
       offices for next day delivery the same day as Overnight Delivery Service correspondence is
17     placed for collection.

18  **[X]    BY ELECTRONIC MAIL**  I caused to be transmitted each document listed herein via the
       e-mail address(s) listed above or on the attached service list.
19

20

21     I certify that the above is true and correct.  Executed at Alameda, California, on June 23,

22  2008.

23  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
       Joanna Son

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 45 -



**Stronger Together**

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org

### ORDER OF EMERGENCY TRUSTEESHIP
### APPOINTING A TRUSTEE
### TO TAKE CHARGE AND CONTROL OF THE AFFAIRS OF
### SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715

**To:    All Officers and Members of Service Employees International
Union, Local 715**

Pursuant to my authority under Article VIII, Sections 7(a) and (f), of the SEIU Constitution and Bylaws, I have determined that an emergency situation exists within Service Employees International Union, Local 715 (hereinafter "Local 715"), and that in order to protect the interests of the membership, the immediate appointment of a Trustee is necessary for the purpose of assuring preservation of the union's status as collective bargaining representative and its performance of collective bargaining duties and functions, and otherwise carrying out the legitimate objects of the International Union.

I have received a request from the officers and Executive Board of Local 715 requesting the imposition of the emergency trusteeship due to the difficulties the Local Union is experiencing in performing its collective bargaining duties due to the shift of members and resources to other SEIU local unions. Local 715 is in the process of reorganizing most of its members into Local 521 pursuant to the International Executive Board's June 2006 decision on California jurisdiction. At this point, many members of Local 715 have moved into Local 521 in accordance with this decision. However, Local 715 still retains collective bargaining responsibilities on behalf of members who have not yet been moved into the successor local union. Local 715's responsibilities include the representation of employees and Stanford Hospital and Clinics/Lucile Packard Children's Hospital. Pursuant to the IEB's decision, Local 715's Stanford Hospital members will be united with other SEIU healthcare members in SEIU United Healthcare Workers – West ("UHW").

Reports I have received indicate that, since May 30, 2007, the Hospital has taken the position that Local 715 no longer exists, and the Hospital is refusing to recognize Local 715's servicing agent, UHW. The Hospital's actions threaten to deprive Local 715 members at Stanford Hospital of their collectively-bargained rights. The shift of a large majority of Local 715 members, and resources associated with those members, to Local 521, is making it difficult for Local 715 to carry out its remaining collective bargaining responsibilities and to defend its status as collective bargaining agent. The significant decline in Local 715's membership and resources has impaired the Local's ability to operate as contemplated by the Local 715 constitution and bylaws.

**SEIU0001**

From the information that I have received, including the request from the Local 715 officers and Executive Board for imposition of an emergency trusteeship over Local 715, I have determined that placing Local 715 under trusteeship is the best means of preventing disruption of contracts, assuring that the Local Union performs its duties as collective bargaining representative, protecting the interests of the membership, and otherwise carrying out the legitimate objects of the International Union. Further, I have determined that an emergency exists that justifies pre-hearing appointment of a Trustee. Therefore, in light of the situation facing Local 715 and by virtue of my authority as International President, I have this date appointed Rusty Smith as Trustee of Local 715, with all of the powers that he is entitled to assume under the SEIU Constitution and Bylaws and applicable law. The Trustee shall assume responsibility for Local 715 immediately.

The Local Union's Constitution and Bylaws are suspended for the period of the Trusteeship. By operation of this Order of Emergency Trusteeship and pursuant to my authority under Article VIII of the SEIU Constitution and Bylaws, I hereby remove all Local 715 officers, including Executive Board members, representatives and employees of Local 715. In accordance with Article VIII, Section 7(f) of the SEIU Constitution, I will request that the International Executive Board appoint a hearing officer and that a Notice of Hearing and Appointment of a Hearing Officer be issued in the very near future. Consistent with this notice, a hearing regarding the imposition of an emergency trusteeship over Local 715 will be held within the time limits set forth in Article VIII, Section 7(f).

I am requesting that all members and employees of Local 715 cooperate with the Trustee in every respect. All former officers, representatives and employees of the Local Union should immediately make available to the Trustee all books, records, funds and other property of the Local Union in their possession and control.

Dated this 8th day of June, 2007.

Andrew L. Stern
International President

cc:     Anna Burger, International Secretary Treasurer
        Kristy Sermersheim, Executive Secretary, Local 715
        Former Executive Board Members, Local 715
        Rusty Smith, Trustee



06/14/2007 16:13 FAX 408 954 1    SEIU 521    ☎001/003



**LOCAL 715**



FACSIMILE

---

DATE: _6/14/07_

TO: _Laurie Quintel_

C/O: _____

FROM: _Rusty Smith_

Cover Page + _2_ page(s)

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

Message: _____
_____
_____
_____
_____
_____

c: _____
_____

---

**NOTE: IF FACSIMILE IS MISREDIRECTED**

The page(s) comprising this facsimile transmission contain confidential information from SEIU Local 715. This information is intended solely for use by the individual or entity named as the recipient hereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately.

**SAN JOSE OFFICE**
2302 ZANKER ROAD, SAN JOSE, CA  95131 ▪ 408-954-8715 ▪ Fax: 408-954-1538
**REDWOOD CITY OFFICE**
891 MARSHALL STREET, REDWOOD CITY, CA  94036 ▪ 650-365-8715 ▪ Fax: 650-365-7956
**STANFORD OFFICE**
P.O. BOX 19152, STANFORD, CA  94309 ▪ 650-723-3680 ▪ Fax: 650-723-3650

© 2003 LOCAL 715, SEIU, AFL-CIO/CLC  Zoe opelu 2Wolk.clo/clc (Office_Forms_Fax_Cover_Sheet.pdf) REV. 10-03

SEIU0003

June 14, 2007

*Via Facsimile and U.S. Mail*

Laurie J. Qunitel, Director – Employee and Labor Relations
Stanford Hospital and Clinics
300 Pasteur Dive · M/C 5513
Stanford, CA 94305-5513

Dear Ms. Qunitel:

On June 8, 2007, the International President of the Service Employees International Union ("SEIU"), CtW, CLC, Andrew L. Stern, acting pursuant to Article VIII, Section 7 of the International Union's Constitution and Bylaws and applicable federal law, took control of all operations of SEIU Local 715 ("Local 715"). A copy of the official Trusteeship Order is attached hereto.

All officers of Local 715 have been removed. President Stern appointed me as the Trustee with full authority to act on behalf of Local 715.

Effective June 8, 2007, all matters relating to the representation of the employees of your organization under the Local 715 collective bargaining agreement will be handled under my direction. We intend to fulfill all of our collective bargaining obligations, and expect no interruption in the provision of services to our members.

All servicing agreements to which Local 715 is a party will remain in full force and effect in every respect, without any change whatsoever. Accordingly, Kim Tavaglione, Joceyln Olick, and Ella Hereth will continue to be the representative responsible for servicing your facility.

If you have any questions, please feel free to call me at 408-316-4460. Thank you.

Sincerely yours,

*B. W. Smith*

Bruce W. ("Rusty") Smith
International Trustee

Attachment

06/14/2007 16:13 FAX 408 954 1    SEIU 521    ☑003/003



**SEIU**

**Stronger Together**

June 8, 2007

**TO WHOM IT MAY CONCERN:**

In accordance with the powers vested in me by the Constitution and Bylaws of the Service Employees International Union, CtW, CLC, I have appointed Bruce W. Smith as Trustee over the affairs of SEIU Local 715, effective immediately.

The Trustee will have charge of the affairs of the Local Union until relieved of responsibility by me.

The Trustee will be governed by the provisions of the Service Employees International Union Constitution and Bylaws and the provisions of applicable law.

Sincerely,

Andrew L. Stern
International President

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org

SEIU0005



**LOCAL 715**
www.seiu715.org

# LOCAL 715

## SERVICE EMPLOYEES INTERNATIONAL UNION

Via Facsimile

June 18, 2007

Laurie J. Quintel, Director
Employee and Labor Relations
Stanford Hospital and Clinics
300 Pasteur Dive – M/C 5513
Stanford, CA  94305-5513

Dear Ms. Quintel:

On June 8, 2007, the International President of the Service Employees International Union ("SEIU"), CTW, CLC, Andrew L. Stern, acting pursuant to Article VIII, Section 7 of the International Union's Constitution and Bylaws and applicable federal law, took control of all operations of SEIU Local 715 ("Local 715").  A copy of the official Trusteeship Order is attached hereto.

All officers of Local 715 have been removed.  President Stern appointed me as the Trustee with full authority to act on behalf of Local 715.

Effective June 8, 2007, all matters relating to the representation of the employees of your organization under the Local 715 collective bargaining agreement will be handled under my direction.  We intend to fulfill all of our collective bargaining obligations, and expect no interruption in the provision of services to our members.

All servicing agreements to which Local 715 is a party will remain in full force and effect in every respect, without any change whatsoever.  Accordingly, Kim Tavaglione, Jocelyn Olick, and Ella Hereth will continue to be the representative responsible for servicing your facility.

If you have any questions, please feel free to call me at 408-316-4460.  Thank you.

Sincerely yours,

Bruce W. ("Rusty") Smith
International Trustee

**SEIU0006**

Enclosure

**San Jose Office:** 2302 Zanker Road, San Jose, CA 95131-1115 • (408) 954-8715 • Fax  (408) 954-1538
**Redwood City Office:** 891 Marshall Street, Redwood City, CA 94063  •  (650) 365-8715  •  Fax (650) 365-7956
**Stanford Office:**  P.O.Box 19152, Stanford, CA 94309  •  (650) 723-3680  •  Fax (650) 723-3650
-Affiliated SEIU 1972-

page 1



**Stronger Together**

June 8, 2007

**TO WHOM IT MAY CONCERN:**

  In accordance with the powers vested in me by the Constitution and Bylaws of the Service Employees International Union, CtW, CLC, I have appointed Bruce W. Smith as Trustee over the affairs of SEIU Local 715, effective immediately.

  The Trustee will have charge of the affairs of the Local Union until relieved of responsibility by me.

  The Trustee will be governed by the provisions of the Service Employees International Union Constitution and Bylaws and the provisions of applicable law.

        Sincerely,

        Andrew L. Stern
        International President

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org

**SEIU0007**

June 14, 2007

*Via Facsimile and U.S. Mail*

Ron Dahlin, General Manager
Cardinal Cogen
288 Campus Drive, Bldg. 14-105
Stanford, CA 94305-4109

Dear Mr. Dahlin:

On June 8, 2007, the International President of the Service Employees International Union ("SEIU"), CtW, CLC, Andrew L. Stern, acting pursuant to Article VIII, Section 7 of the International Union's Constitution and Bylaws and applicable federal law, took control of all operations of SEIU Local 715 ("Local 715"). A copy of the official Trusteeship Order is attached hereto.

All officers of Local 715 have been removed. President Stern appointed me as the Trustee with full authority to act on behalf of Local 715.

Effective June 8, 2007, all matters relating to the representation of the employees of your organization under the Local 715 collective bargaining agreement will be handled under my direction. We intend to fulfill all of our collective bargaining obligations, and expect no interruption in the provision of services to our members.

All servicing agreements to which Local 715 is a party will remain in full force and effect in every respect, without any change whatsoever. Accordingly, Andrea Dehlendorf will continue to be the representative responsible for servicing your facility.

If you have any questions, please feel free to call me at 408-316-4460. Thank you.

Sincerely yours,

Bruce W. ("Rusty") Smith
International Trustee

Attachment

SEIU0008

9

June 14, 2007

*Via Facsimile and U.S. Mail*

Keith Smith, Manager Employee Relations
Stanford University
655 Serra Street
Stanford, CA  94305

Dear Mr. Smith:

On June 8, 2007, the International President of the Service Employees International Union ("SEIU"), CtW, CLC, Andrew L. Stern, acting pursuant to Article VIII, Section 7 of the International Union's Constitution and Bylaws and applicable federal law, took control of all operations of SEIU Local 715 ("Local 715"). A copy of the official Trusteeship Order is attached hereto.

All officers of Local 715 have been removed. President Stern appointed me as the Trustee with full authority to act on behalf of Local 715.

Effective June 8, 2007, all matters relating to the representation of the employees of your organization under the Local 715 collective bargaining agreement will be handled under my direction. We intend to fulfill all of our collective bargaining obligations, and expect no interruption in the provision of services to our members.

All servicing agreements to which Local 715 is a party will remain in full force and effect in every respect, without any change whatsoever. Accordingly, Andrea Dehlendorf will continue to be the representative responsible for servicing your facility.

If you have any questions, please feel free to call me at 408-316-4460. Thank you.

Sincerely yours,

*B.W. Smith*

Bruce W. ("Rusty") Smith
International Trustee

Attachment

SEIU0009

SEIU - Home Page



**Contact Us**

SEIU Local 715

2302 Zanker Road

San Jose, CA 95131

(408) 954-8715

SEIU0010



## Contact Us

SEIU Local 715

2302 Zanker Road

San Jose, CA 95131

(408) 954-8715

**SEIU0011**



# SEIU Benefits for You and Your Family

**SEIU Local 715**

**2302 Zanker Road**

**San Jose, CA 95131**

**(408) 954-8715**

Because you are a member or retiree of SEIU, you have access to a variety of services and discounts through Union Plus. These benefits supplement what you may receive through your union-negotiated contract. With these SEIU-Union Plus benefits, you can save on life insurance, health savings, mortgages, legal services, and more.

> Need assistance?
> Call **1-800-452-9425**.
> Or visit www.unionplus.org .
>
> ¿Tiene preguntas? Tenemos información en Español .

## Money and Credit

**Credit Card** with great value and service

**Secured Credit Card** for members who have poor credit or little or no credit history

**Loans** —personal loans, lines of credit, and home equity loans

**Credit Counseling** to help eliminate debt

**Your Credit Score** for a 15% discount

## Family Services

**Find a Lawyer** —Union Plus legal services for your Local

**Immigration Legal Services** including free initial consultations and discounts on hourly rates

**Planning for College** —resources on applying, paying, and more

**Paying for College** —resources include loans, financial aid, and savings plans

**Pet Health** —savings on veterinary services for all animals

## House and Home

**Mortgage and Real Estate** —low down payments and reduced closing costs

**Home Heating Oil Discounts** —save on service contracts and fuel oil purchases

**Moving Van Discounts** —Save on interstate moves, truck rentals, and storage

## Health and Well-Being

**Health Savings** reduces out-of-pocket expenses for prescriptions, vision, and other services

**Health Club Discounts** at more than 1,500 locations

## Insurance Protection

**Life Insurance** protection regardless of job or health conditions

**Accident Insurance** including insurance for accidental death in the workplace

**Auto Insurance** with

## Union Marketplace

**Cingular Wireless Discounts** on monthly service for union members

**Auto Buying Service** to help you find the right vehicle for the right price

**Goodyear Discounts** on tires

**SEIU0012**

Benefits

competitive rates, multi-vehicle discounts, and 24-hour service

_Professional Liability Insurance_ for medical professionals

Pet Insurance —accident and illness insurance for your dog or cat

and service

Powell's Bookstore —a union-organized online bookstore

Union-Made Clothing —support good jobs at good pay with a discount

Union-Made Checks with your union's logo

### SEIU Scholarships

SEIU Scholarship Program

Jesse Jackson Scholarship

John Gegan Scholarship

Moe Foner Scholarship

Nora Piore Scholarship

Union Plus Scholarship Program

### Travel and Recreation

Vacation Tours with a discount

Norwegian Cruise Line discounts

Car Rentals for up to 25% off

### Computers

Dell Computers  for a 5-10% discount

### Gift Shop

Flowers —delivery service with a discount

**SEIU0013**

Our Local                                                                    Page 1 of 1





## Contact Us

SEIU Local 715

2302 Zanker Road

San Jose, CA 95131

(408) 954-8715

## About SEIU

The Service Employees International Union is 1.8 million working people and 50,000 retirees united to improve services and our communities throughout North America.

SEIU members are winning better wages, health care, and more secure jobs at home, while uniting their strength with their counterparts around the world to help ensure that workers, not just corporations and CEOs, benefit from today's global economy.

SEIU is the fastest-growing union in North America. Focused on uniting workers in three sectors to improve their lives and the services they provide, SEIU is:

▶▶The largest health care union, with 900,000 members in the field, including nurses, LPNs, doctors, lab technicians, nursing home workers, home care workers

▶▶The largest property services union, with 225,000 members in the building cleaning and security industries, including janitors, door men and women

▶▶The second largest public services union, with 850,000 local and state government workers, public school employees, bus drivers, and child care providers

(Total is current as of 09-27-05, and exceeds 1.8 million due to overlaps in public/health care.)

**SEIU0014**



## What is COPE?

COPE is our union's voluntary bi-partisan Political Action Committee used for political and legislative activities. We hold politicians accountable at every level of government.

▸ Read more

## What Is Change to Win?

The Change to Win Federation is made up of SEIU and six other national unions representing more than 5 million workers.

▸ Read more

**SEIU0015**



## SEIU's Stern, Rivera Named Two of Top Six Most Powerful in Healthcare

Modern Healthcare magazine released its "100 Most Powerful People in Healthcare" list, ranking SEIU President Andy Stern and SEIU Healthcare Chair Dennis Rivera number 5 and 6, respectively. This recognition comes during a year of landmark healthcare leadership, initiatives, and policy work for SEIU, including the formation in June of SEIU Healthcare, a new one million member "union within a union."

~ Read more

## What Is Change to Win?

The Change to Win Federation is made up of SEIU and six other national unions representing more than 5 million workers.

- Read more

SEIU0016

 

## California Budget: the Year of Reckoning



### The Latest on the Budget Campaign: May Revise a Missed Opportunity

On May 14, the Governor unveiled his revised budget and proposed deeper cuts, a power grab, and more borrowing, not real solutions. In other words, he missed an opportunity to fix our chronic budget problems. Now, legislators must take responsibility. Read SEIU's reaction to the proposed budget and our latest update and analysis of the cuts.

↝ Read More

## June Primary Election Results

### Election Update: SEIU Wins Major Victories, Defeating Prop. 98 and Helping Scores of Working-Family-Friendly Candidates Advance

In the June primary election, SEIU helped defeat the dangerous and deceptive Prop. 98, which would have gutted rent control and environmental laws and made it nearly impossible to build public works, by a 61% (No) - 39% (Yes) margin. We also helped pass real homeowner protection, Prop. 99, in a 62.5% (Yes) - 37.5% (No) vote.

For the California Assembly races - in a remarkable sweep - in every district where we endorsed a candidate, we won, and a 2/3 majority of SEIU-backed candidates won their Senate seats as well. In Congress, we helped Mike Lumpkin (D, CD 52) win his primary in the only district without an incumbent running. And in a closely watched, key local race, SEIU and labor allies helped lift longtime champion of working people Senator Mark Ridley-Thomas above the crowd in his L.A. County Supervisor bid, positioning him well for a November run-off.

Click here for a complete list of SEIU endorsements and results.

## Progress on Healthcare: A Three-Year Plan

### Healthcare Reform Bills Make Progress

While our primary healthcare goal this year must be to stop the devastating budget cuts that would add a million Californians to the rolls of the uninsured, SEIU continues to push for components of the healthcare reform package we fought for in 2007. Working with our allies from last year's "It's OUR Healthcare!" campaign, we continue to lay the groundwork for comprehensive reform by tackling a range of

### State Budget News Clips

California's budget is a thing of shreds of patches

Lottery plan off target

Aid for California's disabled in peril

Governor's lottery plan could hurt school funding, analyst says

Senator says California prisons upgrade cost 'borders on the incredible'

Who Pays Taxes in California

### Press Releases

SEIU California State Council Announces Selection of New Executive Director

Assembly Budget Moves Debate in the Right Direction

SEIU Says Governor's Budget Will Hurt California

SEIU, Health Care Groups Win Promise to Amend Flawed Health Care Bill

Parents, providers blast Gov.'s veto on child care reform

## Members Are Speaking Out!



"As a children's social worker, our primary responsibility is to protectchildren and make sure they have safe, permanent homes. Our

**SEIU0017**

critical healthcare issues. Some of the key reform components have made legislative progress in recent weeks, including:
• Giving consumers more information about healthcare costs and quality, so that consumers have real choices and can shape the healthcare market by avoiding costly and ineffective care AB2967 (Lieber)
• Prohibiting junk insurance and standardizing the insurance market SB1522 (Steinberg)

Read the latest update as these bills continue to make progress through the legislature from ally Health Access.

Link to this update:

http://www.health-access.org/labels/YearOfReform.htm

systemfunctions as the children's parents while we help their parentsrecover, or find a family member or foster parents. We're fighting for the children and families we serve. The children aren't voters. They have no voice. They're the most vulnerable membersof our society. That's why I became a social worker, and that's why I'm fighting the budget cuts."
SEIU Local 721 David Green - Adoption Social Worker, County of Los Angeles

• Read more

**SEIU0018**

SEIU Online Store

Page 1 of 1

SERVICE EMPLOYEES INTERNATIONAL UNION, CLC

Stronger Together



**Men's Wear**

**Women's Wear**

**Children's Wear**

**Generation S Wear**

**Bags & Briefcases**

**Toys & Games**

**Misc. Merchandise**

**SEIU for Obama Items**

Home | Search | Current Order | 1-800-408-2388 | Email: sales@imagepointe.com

SEIU0019



AUG-15-2006  10:33     FROM-LOCAL 250 SAN FRANCISCO                    415-563-9814          T-060   P.001/004   F-155

# *LOCAL 715*

## SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO/CLC

www.seiu715.org

TO: Laurie Quintel

FR: Greg P.

SEIU servicing
agreement.

4 pages

Any questions, please
call (415) 740-4461

San Jose Office: 2302 Zanker Road, San Jose, CA 95131-1115 • (408) 954-8715 • Fax (408) 954-1538
Redwood City Office: 891 Marshall Street, Redwood City, CA 94063 • (650) 365-8715 • Fax (650) 365-1538
Stanford Office: P.O.Box 19152, Stanford, CA 94309 • (650) 723-3680 • Fax (650) 723-3650
Affiliated SEIU 1972

SEIU0020

AUG-15-2006 10:33    FROM-LOCAL 250 SAN FRANCISCO    415-563-0914    T-060 P.002/004 F-155

# SERVICING AGREEMENT

This SERVICING AGREEMENT is entered into between Local 715 ("Local 715") and SEIU UHW ("UHW").

WHEREAS, Local 715 and UHW recognize that the core jurisdiction represented by Local 715 includes public sector employees and that the core jurisdiction of UHW includes health care employees; and

WHEREAS, Local 715 and UHW recognize that the professional services provided by each organization are most highly developed in regard to their core jurisdictions; and

WHEREAS, Local 715 is the sole and exclusive collective bargaining representative for a unit of employees at the Stanford Hospital facility ("Stanford facility"); and

WHEREAS, Local 715 wishes to obtain for its members at the Stanford facility the professional services available through UHW, and UHW is willing to make its professional services available to Local 715's members at the Stanford facility; now,

THEREFORE, it is AGREED as FOLLOWS:

1.    **Effective Date**

The terms of this Servicing Agreement shall become effective on March 1, 2006.

2.    **Cost of Services**

For a period running concurrently with the existing collective bargaining agreement between Local 715 and the Stanford facility, UHW shall provide the professional services outlined herein at no cost to Local 715. Thereafter, if this Agreement is extended, Local 715 shall reimburse UHW for the costs of the services outlined herein from the dues and agency fees collected by UHW for each Local 715 member affected by this Agreement.

3.    **Duration of Agreement**

This Servicing Agreement shall be effective on March 1, 2006 and shall remain in full force and effect until the end of the current collective bargaining agreement between Local 715 and the Stanford facility. The duration of this Servicing Agreement may be mutually extended by the parties. Additionally, this Agreement can be altered, amended, or rescinded by the mutual agreement of the parties. Either party may unilaterally terminate this Agreement by giving three months notice to the other party.

(W-\2000A001\01\64000478.DOC") ]

**SEIU0021**

RECEIVED AUG-14-06 13:48    FROM-    TO-SEIU UHW SF    PAGE 002

4. **Services Provided By UHW**

For the duration of this Servicing Agreement, UHW's staff, acting as designated agents of Local 715, shall provide the following professional services to Local 715 for its members at the Stanford facility:

Representation in the grievance procedure and at arbitration hearings

Representation at labor-management meetings

Assistance to members appearing before the National Labor
Relations Board on behalf of the Local 715 Chapter at the Stanford facility.

5. **Oversight By Local 715**

The UHW staff member assigned to the day-to-day servicing of the Stanford facility unit will meet on a regular basis with an officer of Local 715 to review the status of representation matters within the unit. In addition, UHW will provide Local 715 with advance notice of all membership meetings and site visits and clear all correspondence with Local 715. The parties acknowledge that Local 715 has the ultimate responsibility for collective bargaining matters on behalf of the Stanford facility unit.

6. **Services Provided By Local 715**

For the duration of this Agreement, Local 715 shall continue to administer the collection of membership dues, and shall have access to, and may assist with, all membership meetings, and shall have access to all records associated with the bargaining unit.

7. **Designation of Agency Status**

Local 715 shall notify the Employer in writing of its designation of the appropriate employees of UHW to serve as the agents of Local 715 in providing services to Local 715's membership at the Stanford facility.

Should the Employer challenge or refuse to accept the legitimacy of this Servicing Agreement, the parties will cooperate in processing the legal actions necessary to its enforcement. (This may include filing an unfair labor practice charge under the name of Local 715). UHW will provide professional assistance in this process. During the pendency of this process, Local 715 will continue to provide representation and the administration of all aspects of the collective bargaining agreement through its own staff until such matter is resolved.

8. **Chapter Structure and Members' Rights**

a)    Following the implementation of this Servicing Agreement, Local 715's unit at the Stanford facility shall maintain the same officers and other employee-representatives, under the same internal Chapter structure that existed prior to implementation of this Agreement;

SEIU0022

AUG-15-2006 10:34    FROM-LOCAL 250 SAN FRANCISCO        415-563-8914      T-060  P.004/004  F-155

h)    Following implementation of this Servicing Agreement, Local 715 members at the Stanford facility will continue to be full members of Local 715, with the right to vote in Local 715 elections and otherwise participate in Local 715's affairs. Employees in the bargaining unit will be offered Associate Member status with UHW but shall keep whatever membership rights are accorded them under the Local 715 by-laws and the Service Employees International Union constitution;

c)    Nothing herein shall prohibit UHW from permitting Local 715's Chapter leaders or members from the Stanford facility to participate in UHW educational functions, or appearing as guests at other UHW functions.

9.    **Severability**

The parties hereto believe that all provisions of this Servicing Agreement comply with applicable law. However, should any position of this Agreement be found illegal by any tribunal of competent jurisdiction, this shall not affect the remainder of the Agreement. Rather, the parties shall promptly meet to negotiate an acceptable, lawful substitute to the stricken provisions.

_____    _____
Sal Roselli, President, UHW        Kristy Sermersheim, Executive Secretary,
                                   Local 715

                                   2/20/2006

_____    _____
Date                               Date

{W:\2000\06\000478.DOC}3              **SEIU0023**

RECEIVED  AUG-14-06  19:40    FROM-              TO-SEIU UHW SF          PAGE  004

08/17/2006 10:57 FAX 408 954 1538    LOCAL 715    ☑002/005

**WEINBERG, ROGER & ROSENFELD**
A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

August 11, 2006

Larry Arnold
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3404

Re:    SEIU United Healthcare Workers-West and SEIU Local 715
       Stanford Medical Center

Dear Mr. Arnold:

Enclosed please find a copy of the Servicing Agreement with respect to the Stanford Medical Center Bargaining Unit, between Local 715 and UHW.

I am sending this to you at your request, so there will be no further confusion concerning this matter, and so that henceforth, the Employer will understand and recognize the fact that SEIU Local 715 is the bargaining representative, but is being aided by UHW.

Lest it is not apparent from the document, it is modeled directly and completely on servicing agreements approved by the NLRB.

I trust this will resolve this henceforth.

Sincerely,

William A. Sokol

WAS/rfb
opeiu 3 afl-cio(1)
Enclosure
cc:    Greg Pullman
       Kristy Sermersheim
       John Borsos
       Sal Rosselli

1/430729

**SEIU0024**

# SERVICING AGREEMENT

This SERVICING AGREEMENT is entered into between Local 715 ("Local 715") and SEIU UHW ("UHW").

WHEREAS, Local 715 and UHW recognize that the core jurisdiction represented by Local 715 includes public sector employees and that the core jurisdiction of UHW includes health care employees; and

WHEREAS, Local 715 and UHW recognize that the professional services provided by each organization are most highly developed in regard to their core jurisdictions; and

WHEREAS, Local 715 is the sole and exclusive collective bargaining representative for a unit of employees at the Stanford Hospital facility ("Stanford facility"); and

WHEREAS, Local 715 wishes to obtain for its members at the Stanford facility the professional services available through UHW, and UHW is willing to make its professional services available to Local 715's members at the Stanford facility; now,

THEREFORE, it is AGREED as FOLLOWS:

1. **Effective Date**

    The terms of this Servicing Agreement shall become effective on March 1, 2006.

2. **Cost of Services**

    For a period running concurrently with the existing collective bargaining agreement between Local 715 and the Stanford facility, UHW shall provide the professional services outlined herein at no cost to Local 715. Thereafter, if this Agreement is extended, Local 715 shall reimburse UHW for the costs of the services outlined herein from the dues and agency fees collected by UHW for each Local 715 member affected by this Agreement.

3. **Duration of Agreement**

    This Servicing Agreement shall be effective on March 1, 2006 and shall remain in full force and effect until the end of the current collective bargaining agreement between Local 715 and the Stanford facility. The duration of this Servicing Agreement may be mutually extended by the parties. Additionally, this Agreement can be altered, amended, or rescinded by the mutual agreement of the parties. Either party may unilaterally terminate this Agreement by giving three months notice to the other party.

4.     **Services Provided By UHW**

For the duration of this Servicing Agreement, UHW's staff, acting as designated agents of Local 715, shall provide the following professional services to Local 715 for its members at the Stanford facility:

Representation in the grievance procedure and at arbitration hearings

Representation at labor-management meetings

Assistance to members appearing before the National Labor Relations Board on behalf of the Local 715 Chapter at the Stanford facility.

5.     **Oversight By Local 715**

The UHW staff member assigned to the day-to-day servicing of the Stanford facility unit will meet on a regular basis with an officer of Local 715 to review the status of representation matters within the unit. In addition, UHW will provide Local 715 with advance notice of all membership meetings and site visits and clear all correspondence with Local 715. The parties acknowledge that Local 715 has the ultimate responsibility for collective bargaining matters on behalf of the Stanford facility unit.

6.     **Services Provided By Local 715**

For the duration of this Agreement, Local 715 shall continue to administer the collection of membership dues, and shall have access to, and may assist with, all membership meetings, and shall have access to all records associated with the bargaining unit.

7.     **Designation of Agency Status**

Local 715 shall notify the Employer in writing of its designation of the appropriate employees of UHW to serve as the agents of Local 715 in providing services to Local 715's membership at the Stanford facility.

Should the Employer challenge or refuse to accept the legitimacy of this Servicing Agreement, the parties will cooperate in processing the legal actions necessary to its enforcement. (This may include filing an unfair labor practice charge under the name of Local 715). UHW will provide professional assistance in this process. During the pendency of this process, Local 715 will continue to provide representation and the administration of all aspects of the collective bargaining agreement through its own staff until such matter is resolved.

8.     **Chapter Structure and Members' Rights**

a)      Following the implementation of this Servicing Agreement, Local 715's unit at the Stanford facility shall maintain the same officers and other employee-representatives, under the same internal Chapter structure that existed prior to implementation of this Agreement;

SEIU0026

  **b)** Following implementation of this Servicing Agreement, Local 715 members at the Stanford facility will continue to be full members of Local 715, with the right to vote in Local 715 elections and otherwise participate in Local 715's affairs. Employees in the bargaining unit will be offered Associate Member status with UHW but shall keep whatever membership rights are accorded them under the Local 715 by-laws and the Service Employees International Union constitution;

  **c)** Nothing herein shall prohibit UHW from permitting Local 715's Chapter leaders or members from the Stanford facility to participate in UHW educational functions, or appearing as guests at other UHW functions.

**9.** <u>**Severability**</u>

  The parties hereto believe that all provisions of this Servicing Agreement comply with applicable law.  However, should any position of this Agreement be found illegal by any tribunal of competent jurisdiction, this shall not affect the remainder of the Agreement.  Rather, the parties shall promptly meet to negotiate an acceptable, lawful substitute to the stricken provisions.

_____  _____
Sal Roselli, President, UHW   Kristy Sermersheim, Executive Secretary,
             Local 715

  2/18/06        2/20/2006
_____  _____
Date           Date

SEIU0027

# WEINBERG, ROGER & ROSENFELD
## A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

August 17, 2006

Larry Arnold
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3404

Re:     Servicing Agreement

Dear Mr. Arnold:

Per your request, enclosed please find the Servicing Agreement between Local 715 and UHW. For your information, it is modeled on the servicing agreement which has expressly been upheld as lawful by the NLRB, see Suburban Pavilion.

I trust this will calm any insecurities you and/or your client may have concerning this matter and that henceforth you will recognize that UHW is servicing Local 715, which continues to be the exclusive bargaining representative of the bargaining unit at the Stanford Medical Facilities.

If you have any questions or comments, please do not hesitate to contact me.

Sincerely,

William A. Sokol

WAS/jys
opeiu 3 afl-cio(1)

Enclosure

1/431225

SEIU0028

PASADENA OFFICE
301 North Lake Avenue, Suite 310
Pasadena, CA 31101-5122
TEL 626.795.8232 FAX 626.795.8686

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341
TEL 916.443.8600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1802
Honolulu, HI 96813-4500
TEL 808.528.8880 FAX 808.528.8881

U.S. Department of Labor
Office of Labor-Management
Standards
Washington, DC 20210

# FORM LM-15
# TRUSTEESHIP REPORT

Form approved
Office of Management
and Budget
No. 1215-0188
Expires 11-30-2009

| For Official Use Only |
|---|

This report is mandatory under P.L. 86-257 as amended. Failure to comply may result in criminal prosecution, fines, or civil penalties as provided by 29 U.S.C. 461.

**READ THE INSTRUCTIONS CAREFULLY BEFORE PREPARING THIS REPORT.**

| 1. File Number of Labor Organization Held in Trusteeship  513-588 | 2. Type of Report  Initial (complete pages 1 through 4.)  X  Semiannual for period ending (Complete pages 1 and 2 only.)  12 / 8 / 2007 | 3. Date Trusteeship Established  6 / 8 / 2007 |
|---|---|---|

**4. Labor Organization Held in Trusteeship**

Affiliation or Organization Name  Service Employees International Union

Designation LU - Local Union

Designation Number  715

Unit Name (if any)

P.O. Box, Bldg. and Room No., if any

Number and Street 2302 Zanker Road

City  San Jose

State  California          ZIP Code + 4  95134

**5. Labor Organization Imposing the Trusteeship**

Name  Service Employees International Union

File Number 000-137

P.O. Box, Building and Room Number, if any

Number and Street 1800 Massachusetts Avenue, NW

City Washington          State District of Columbia          ZIP Code + 4  20036

**6.** List the article(s) and section(s) of the constitution which specifically authorize imposition of the trusteeship:

Article VIII, Sections 7(a) and 7(f).

## Signatures

Each of the undersigned, duly authorized officials of the labor organization imposing the trusteeship over the above labor organization, declares, under penalty of perjury and other applicable penalties of law, that all of the information submitted in this report (including the information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned's knowledge and belief, true, correct, and complete. (See the section on penalties in the instructions.)

| 24. Signed  _Andrew L. Stern_  Other (Specify)  International President  On  5/20/08    (202) 730-7000  Date        Telephone Number | President (if other title, see instructions.) |
|---|---|

| 25. Signed  _Anna_  Other (Specify)  International Secretary-Treasurer  On  5/20/08    (202) 730-7000  Date        Telephone Number | Treasurer (if other title, see instructions.) |
|---|---|

| 26. Signed  _Bill Smith_  Trustee  On  05/19/08    (408) 954-1538  Date        Telephone Number | Trustee (if other title. see instructions.) |
|---|---|

| 27. Signed  _____  Trustee  On  _____   _____  Date        Telephone Number | Trustee (if other title. see instructions.) |
|---|---|

Form LM-15 (2003)                                                          Page 1 of 4

SEIU0029

| Name of Labor Organization Held in Trusteeship | File Number |
|---|---|
| Service Employees International Union | 513-588 |

**7. Check the reason(s) for establishing or continuing the trusteeship:**

    a. To correct corruption or financial malpractice.

X  b. To assure the performance of collective bargaining agreements or other duties of a bargaining representative.

    c. To restore democratic procedures.

    d. Other.

**8. Provide a detailed statement which explains each reason checked in item 7, above.**

As the result of changes in the jurisdiction of SEIU local unions in California, Local 715 is in the process of reorganizing the majority of its members into other SEIU local unions. The shift of a large majority of Local 715 members, and resources associated with those members, to other SEIU unions is making it difficult for Local 715 to carry out its remaining collective bargaining responsibilities and to defend its status as collective bargaining agent. The significant decline in Local 715's membership and resources has impaired Local 715's ability to operate as contemplated by the Local 715 Constitution and Bylaws. The process of reorganizing the remaining Local 715 members into their new SEIU local unions is still underway.

**9. During the period covered by this report**

  a. Did a convention or other policy-determining body meet to which the trusteed labor organization sent delegates or would have sent delegates if not in trusteeship?

      Yes     X  No

    *(If the answer is "Yes," complete and file Form LM-15A.)*

  b. Did the labor organization imposing the trusteeship hold an election of officers?

      Yes     X  No

    *(If the answer is "Yes," complete and file Form LM-15A.)*

Form LM-15 (2003)

SEIU0030

07/24/07  15:18 FAX 202 693 1345                                                ☑002

530

U.S. Department of Labor
Office of Labor-Management
Standards
Washington, DC 20210

# FORM LM-15
# TRUSTEESHIP REPORT

Form approved
Office of Management
and Budget
No. 1215-0188
Expires 11-30-2009

For Official Use 

This report is mandatory under P.L. 86-257 as amended. Failure to comply may result in criminal prosecution, fines, or civil penalties as provided by 29 U.S.C. 461.

READ THE INSTRUCTIONS CAREFULLY BEFORE PREPARING THIS REPORT.

| 1. File Number of Labor Organization Held in Trusteeship | 2. Type of Report | | 3. Date Trusteeship Established |
|---|---|---|---|
| 513-588 | X Initial (complete pages 1 through 4.) Semiannual for period ending (Complete pages 1 and 2 only.)  /   / | | 6 / 8 / 2007 |

**4. Labor Organization Held in Trusteeship**

Affiliation or Organization Name  **Service Employees International Union**

Designation **LU – Local Union**

Designation Number  _Pub_   _Number_ **715** _Indiv_

Unit Name (If any)

P.O. Box, Bldg. and Room No., If any

Number and Street **2302 Zanker Road**

City **San Jose**

State **California**                    ZIP Code + 4 **95134**

**5. Labor Organization Imposing the Trusteeship**

Name **Service Employees International Union**

File Number **000-137.**

P.O. Box, Building and Room Number, If any

Number and Street **1800 Massachusetts Avenue, NW**

City **Washington**                    State **District of Columbia**     ZIP Code + 4 **20036**

**6. List the article(s) and section(s) of the constitution which specifically authorize imposition of the trusteeship:**

**Article VIII, Sections 7(a) and 7(f).**

## Signatures

Each of the undersigned, duly authorized officials of the labor organization imposing the trusteeship over the above labor organization, declares, under penalty of perjury and other applicable penalties of law, that all of the information submitted in this report (including the information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned's knowledge and belief, true, correct, and complete. (See the section on penalties in the instructions.)

24. Signed  _[signature]_      President (If other title, see instructions.)

Other (Specify)
**International President**

On  **7/9/07**   (202) 730-7000
Date        Telephone Number

25. Signed  _[signature]_      Treasurer (If other title, see instructions.)

Other (Specify)
**International Secretary-Treasurer**

On  **7/9/07**   (202) 730-7000
Date        Telephone Number

26. Signed  _B.J. (Rusty) Smith_      Trustee (If other title, see instructions.)

Trustee

On  **07/06/07**   (408) 954-1538
Date        Telephone Number

27. Signed _____      Trustee (If other title, see instructions.)

Trustee

On _____   _____
Date        Telephone Number

Form LM-15 (2003)

Page 1 of 4

SEIU0031

58

'07/24/07  15:18 FAX 202 693 1345 _____                    ⦿003

| Name of Labor Organization Held in Trusteeship | File Number |
|---|---|
| Service Employees International Union | 513-588 |

7. Check the reason(s) for establishing or continuing the trusteeship:

   a. To correct corruption or financial malpractice.

   X  b. To assure the performance of collective bargaining agreements or other duties of a bargaining representative.

   c. To restore democratic procedures.

   d. Other.

8. Provide a detailed statement which explains each reason checked in item 7, above.

As the result of changes in the jurisdiction of SEIU local unions in California, Local 715 is in the process of reorganizing the majority of its members into other SEIU local unions. The shift of a large majority of Local 715 members, and resources associated with those members, to other SEIU unions is making it difficult for Local 715 to carry out its remaining collective bargaining responsibilities and to defend its status as collective bargaining agent. The significant decline in Local 715's membership and resources has impaired Local 715's ability to operate as contemplated by the Local 715 Constitution and Bylaws.

9. During the period covered by this report

   a. Did a convention or other policy-determining body meet to which the trusteed labor organization sent delegates or would have sent delegates if not in trusteeship?

   Yes      X  No
   (If the answer is "Yes," complete and file Form LM-15A.)

   b. Did the labor organization imposing the trusteeship hold an election of officers?

   Yes      X  No
   (If the answer is "Yes," complete and file Form LM-15A.)

Form LM-15 (2003)

Page 2 of 4

SEIU0032

'07/24/07  15:19 FAX 202 693 1345                                                        ☒004

| Name of Labor Organization Held in Trusteeship | File Number |
|---|---|
| Service Employees International Union | 513-588 |

## Statement of Assets and Liabilities (Complete for Initial Report Only)

| Assets as of Date Trusteeship Imposed | | | | Liabilities as of Date Trusteeship Imposed | | |
|---|---|---|---|---|---|---|
| Item | From Sch. # | Amount | | Item | From Sch. # | Amount |
| 10. Cash | | 3,845,823 | | 18. Accounts Payable | | 299,863 |
| 11. Accounts Receivable | | 5,865 | | 19. Loans Payable | 6 | 0 |
| 12. Loans Receivable | 1 | 0 | | 20. Mortgages Payable | | 0 |
| 13. U.S. Treasury Securities | | | | 21. Other Liabilities | 4 | 1,137,259 |
| 14. Investments | 2 | 0 | | 22. TOTAL LIABILITIES | | 1,427,122 |
| 15. Fixed Assets | 5 | 526,075 | | 23. NET ASSETS (Item 17 less Item 22) | | |
| 16. Other Assets | 3 | 281,217 | | | | |
| 17. TOTAL ASSETS | | 4,658,980 | | | | 3,231,858 |

### Schedule 1 - Loans Receivable (See Instructions for Item 12)

| (A) Name of officer, employee, member, or business enterprise | (B) Purpose of loan, security, if any, and terms for repayment | (C) Amount |
|---|---|---|
| 1. 0 | | 0 |
| 2. 0 | | 0 |
| 3. 0 | | 0 |
| | 4. Total from additional pages (if any) | 0 |
| | 5. Total of loans not listed above | 0 |
| | 6. Total of Lines 1 through 5 | 0 |

### Schedule 2 - Investments (See Instructions for Item 14)

| (A) Description | (B) Amount |
|---|---|
| Marketable Securities: | |
| 1. Total Cost | |
| 2. Total Book Value | 0 |
| 3. List each marketable security that has a book value over $1,000 and exceeds 20% of Line 2. | |
| (a) | |
| (b) | |
| (c) Total from additional pages (if any) | 0 |
| Other Investments: | |
| 4. Total Cost | |
| 5. Total Book Value | 0 |
| 6. List each other investment which has a book value over $1,000 and exceeds 20% of Line 5. Also list each subsidiary or trust which is an investment. | |
| (a) | |
| (b) | |
| (c) Total from additional pages (if any) | 0 |
| 7. Total of Lines 2 and 5 | 0 |

### Schedule 3 - Other Assets (See Instructions for Item 16)

| (A) Description | (B) Book Value |
|---|---|
| 1. Prepaid Expenses | 16,285 |
| 2. Deposit | 33,540 |
| 3. Due to/from 521 others | 231,392 |
| 4. | 0 |
| 5. | |
| 6. | |
| 7. Total from additional pages (if any) | 0 |
| 8. Total of Lines 1 through 7 | 281,217 |

### Schedule 4 - Other Liabilities (See Instructions for Item 21)

| (A) Description | (B) Amount |
|---|---|
| 1. Capital Lease | 17,582 |
| 2. IRS Payable | 188,167 |
| 3. Security Deposit | 2,500 |
| 4. Other Payable | 264,647 |
| 5. Accrued Vacation | 654,363 |
| 6. | 0 |
| 7. Total from additional pages (if any) | 0 |
| 8. Total of Lines 1 through 7 | 1,127,259 |

Form LM-15 (2003)                                                              Page 3 of 4

SEIU0033

Name of Labor Organization Held in Trusteeship

**Service Employes International Union**

File Number

**513-588**

## Schedule 5 - Fixed Assets (See instructions for item 15)

| (A) Description | (B) Cost or Other Basis | (C) Total Depreciation or Amount Expensed | (D) Book Value | (E) Fair Market Value |
|---|---|---|---|---|
| 1. Land (give location) | | | ⋮ | |
| | 0 | | | |
| | 0 | | | |
| | 0 | | | |
| 2. Total from additional pages (if any) | 0 | | 0 | 0 |
| 3. Buildings (give location) | | | | |
| | 0 | | | |
| | 0 | | | |
| | 0 | | | |
| 4. Total from additional pages (if any) | 0 | 0 | 0 | 0 |
| 5. Automobiles and Other Vehicles | 0 | | | |
| 6. Office Furniture and Equipment | 1,004,263 | 478,188 | 526,075 | |
| 7. Other Fixed Assets | | | 0 | |
| 8. Total of Lines 1 through 7 | 1,004,263 | 478,188 | 526,075 | 0 |

## Schedule 6 - Loans Payable (See instructions for item 19)

| (A) Source | (B) Amount |
|---|---|
| 1. | |
| 2. | 0 |
| 3. | 0 |
| 4. | 0 |
| | 0 |
| 5. Total from additional pages (if any) | 0 |
| 6. Total of Lines 1 through 5 | 0 |

Form LM-15 (2003)

SEIU0034

Page 4 of 4

**EXHIBIT L**

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Bruce Harland [bharland@unioncounsel.net] |
| **Sent:** | Monday, June 16, 2008 8:04 AM |
| **To:** | Ridley, Eileen R. |
| **Cc:** | Inciardi, Scott P. |
| **Subject:** | Local 715 v. Stanford Hospial |

Eileen and Scott:  Would you be so kind as to grant me a one-week extension with respect
to the requests for productions so that the Union's responses are due by Monday, June 23,
2008?  Please let me know.

Bruce Harland

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Monday, June 16, 2008 9:46 AM |
| **To:** | 'bharland@unioncounsel.net' |
| **Cc:** | Inciardi, Scott P. |
| **Subject:** | Re: Local 715 v. Stanford Hospial |

```
Yes, we'll agree to the extension to June 23, 2008 and will look forward to receipt of the
docs on that date.  Thx

----- Original Message -----
From: Bruce Harland <bharland@unioncounsel.net>
To: Ridley, Eileen R.
Cc: Inciardi, Scott P.
Sent: Mon Jun 16 08:04:20 2008
Subject: Local 715 v. Stanford Hospial


Eileen and Scott:  Would you be so kind as to grant me a one-week extension with respect
to the requests for productions so that the Union's responses are due by Monday, June 23,
2008?  Please let me know.

Bruce Harland
```

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Wednesday, June 25, 2008 11:20 AM |
| **To:** | Bruce Harland |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | SEIU v. Stanford Cases |

**From the Desk of:** Eileen R. Ridley



**FOLEY**
FOLEY & LARDNER LLP
www.foley.com

My Location    My V-card    My Bio

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla.   We understand that you are refusing to produce Mr. Smith for his deposition tomorrow.  Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions.  We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon.  However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you.  We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.  We will address those issues by separate correspondence.  However, the responses specifically include objections based upon privilege but no privilege log was provided.  Please provide that log immediately.  Thank you.

*Eileen*

INFO

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Friday, June 27, 2008 4:59 PM |
| **To:** | 'Bruce Harland' |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

From the Desk of: Eileen R. Ridley

## ■ FOLEY

**FOLEY & LARDNER LLP**

| My Location | My V-card | My Bio | | www.foley.com |

Mr. Harland:

I have yet to hear from you regarding the matters discussed below. As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline? Please provide your response to this question and the issues raised below by Monday, June 30, 2008. Thank you

*Eileen*

∧ INFO

**From:** Ridley, Eileen R.
**Sent:** Wednesday, June 25, 2008 11:20 AM
**To:** Bruce Harland
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
**Subject:** SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla. We understand that you are refusing to produce Mr. Smith for his deposition tomorrow. Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions. We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you. We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.  We will address those issues by separate correspondence.  However, the responses specifically include objections based upon privilege but no privilege log was provided.  Please provide that log immediately.  Thank you.


*Eileen*

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Bruce Harland [bharland@unioncounsel.net] |
| **Sent:** | Monday, June 30, 2008 7:41 AM |
| **To:** | Ridley, Eileen R. |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July 1, 2008.   I will
have to talk to my client about the stipulation that you propose.  I will talk to you
tomorrow.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>


Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As
the Court has set a date for filing dispositive motions for July 18,
2008 and we have not resolved our pending discovery disputes, will you
stipulate to a continuance of the July 18, 2008 deadline?  Please
provide your response to this question and the issues raised below by
Monday, June 30, 2008.  Thank you



Eileen



<http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

---

        From: Ridley, Eileen R.
        Sent: Wednesday, June 25, 2008 11:20 AM
        To: Bruce Harland
        Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
        Subject: SEIU v. Stanford Cases



        Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla.   We understand that you are refusing to produce Mr. Smith for his deposition tomorrow.   Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions.   We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon.   However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you.   We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.   We will address those issues by separate correspondence.   However, the responses specifically include objections based upon privilege but no privilege log was provided.   Please provide that log immediately.   Thank you.

Eileen

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.   If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message.   Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Tuesday, July 01, 2008 4:28 PM |
| **To:** | Bruce Harland |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

**From the Desk of:** Eileen R. Ridley



**FOLEY**

**FOLEY & LARDNER LLP**

www.foley.com

My Location    My V-card    My Bio

Mr. Harland -

I have not heard further from you regarding this matter.  Please provide your response by tomorrow morning (9 a.m.) including whether your client will stipulate to a continuance of the filing date - otherwise we will bring a motion before Judge Fogel to continue the date.  Thanks very much.

Eileen

INFO

-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July 1, 2008.  I will have to talk to my client about the stipulation that you propose.  I will talk to you tomorrow.

Bruce

-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif

7/2/2008

Mr. Harland:

I have yet to hear from you regarding the matters discussed below. As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline? Please provide your response to this question and the issues raised below by Monday, June 30, 2008. Thank you

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

_____

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla. We understand that you are refusing to produce Mr. Smith for his deposition tomorrow. Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions. We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you. We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete. We will address those issues by separate correspondence. However, the responses specifically include objections based upon privilege but no privilege log was provided. Please provide that log immediately. Thank you.

Eileen

7/2/2008

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.



**FOLEY & LARDNER LLP**

**ATTORNEYS AT LAW**

ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

July 1, 2008

CLIENT/MATTER NUMBER
085437-3056, 3080, 3081, 3083, 3094 and
3097

VIA E-MAIL AND U.S. MAIL

Bruce A. Harland
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091

      Re:    *SEIU, Local 715 v. Stanford Hospital & Clinics, et al.*
            U.S. Dist. Court Northern Dist. of California Case Nos. C-07-
            cv-5158, 5:08-cv-00213, 5:08-cv-00215, 5:08-cv-002216,
            5:08-cv-01727 and 5:08-cv-01726

Dear Mr. Harland:

      We write regarding the above-referenced actions and the recently received responses
by Local 715 to the Requests For Production of Document (Set No. 1) served by my clients,
Stanford Hospital & Clinics and Lucile Packard Children's Hospital (the "Hospitals"). Briefly,
despite receiving an extension within which to respond and produce documents to the Hospital's
requests, Local 715's responses are inadequate and its production of responsive documents is
woefully incomplete. We are writing in order to meet and confer with you, per Local Rule 37-1, to
resolve these issues short of having to present the matter to the Court.

      Preliminarily, although your client's responses to the document requests are dated
June 23, 2008, they do not include a verification. Further, each one of the responses includes an
objection based upon the work product and attorney client privileges. However, as I previously
noted to you, we have not received a privilege log related to any documents withheld based upon
these objections. Please provide such a log immediately. Having stated these preliminary issues, we
now turn to each specific response provided by your client.

      Your client's responses can be generally separated into three general groups.

      First, your client has merely stated its boilerplate objections to the following requests
1, 2, 3, 5, 8, 9, 10, 15, 16, 19, 20, 21, 23, 24, 27, 28, 31, 34, 37, 40, 42, 45, 48, 49, 50, 51, 52, 53, 56.

      Second, your client has provided boilerplate objections and a statement that there are
no responsive documents to the following requests: 4, 6, 7, 13, 14, 17, 22, 25, 26, 29, 30, 32, 33, 35,
36, 38, 39, 41, 44, 46, 47, 54, 55, and 57.

BOSTON
BRUSSELS
CENTURY CITY
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MIAMI
MILWAUKEE

NEW YORK
ORLANDO
SACRAMENTO
SAN DIEGO
SAN DIEGO/DEL MAR

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA

TOKYO
WASHINGTON, D.C.



FOLEY & LARDNER LLP

Bruce A. Harland
July 1, 2008
Page 2

Finally, your client has provided the same boilerplate objections to the following requests but have produced a minimum of documents (equaling a total of thirty-four (34) pages): 11 (SEIU0001-0009; SEIU0029-0034), 12 (SEIU0010-0019), 18 (SEIU0020-0027), and 43 (SEIU0020-0027).

### Responses Stating Only Objections

As noted above, your client has merely stated a boilerplate of objections to a number of requests without stating whether your client has any responsive documents or whether any documents are being withheld based upon some privilege. This is inappropriate and does not accurately reflect materials known to be held by your clients. As you recall, during the Case Management Conference before Judge Fogel, the Court specifically agreed that discovery could be conducted regarding the existence of Local 715, the representation of Local 715 and the use of Local 715's resources. Each of the requests served by Hospitals are crafted to address these three discrete issues and therefore do not "exceed the scope of discovery" as stated in your objections. Further, the information is not prohibited from disclosure by any privilege or "the National Labor Relations Act, the First Amendment of the United States Constitution, [or] on public policy grounds" as stated in your objections. In fact, much of the requests relate to materials which have either been posted on your client's website at some time or are required to be available to the public. As an example, our requests regarding payroll information and pay and expense reimbursements to all employees, officers, directors, etc. deal with information which every labor organization must report on their annual LM-2 Forms. Moreover, such information has in the past been referenced by websites maintained by both Local 521. The remainder of your client's stock objections are equally unfounded – *e.g.*, the requests are not vague, ambiguous or burdensome. Thus, your client's objections are inappropriate.

Specifically, Requests Nos. 1-3 all inquire regarding the representative capacity of Local 715 from June 30, 2005 to the present. This is a central issue in this litigation and has been the subject of a number of letters. To merely object to this request and fail to produce any documentation is improper.

Requests Nos. 5 and 8 request documents and correspondence regarding the status of Local 715. As you well know, Local 715 was placed under a trusteeship per requests from Local 715 and there is correspondence and documentation regarding this fact including communications from SEIU International. Again, to merely object to this request without providing any production is not only inaccurate, it fails to candidly reply to the request as required under the law.

Similarly, Requests Nos. 9, 10, 23, 24, 27, 40, 42 and 56 seek materials related to the handling of any Local 715 funds and the affairs and transactions of Local 715. As noted above, information regarding the funds of Local 715 as well as its affairs have been the subject of materials on Local 521's website. In addition, all labor organizations are required to maintain financial records, and to file detailed annual reports with the Department of Labor. Thus, your objections are unfounded and the failure to produce is improper.

SFCA_1421166.3



**FOLEY & LARDNER LLP**

Bruce A. Harland
July 1, 2008
Page 3

Requests Nos. 15 and 16 request materials related to Local 715's website and Local 521's website. Obviously, your client retains information related to its own website, both historical and present, and that information is not prohibited from production by your unfounded objections. Further, information regarding Local 715 has been placed on Local 521's website and thus there has been communication between these two entities (including issues related to Local 715's funds). Thus, your client must amend its responses and produce all responsive documents to these requests.

Requests Nos. 19, 50-53 and 56 seek documents related to any servicing agreement between Local 715 and Local 1877 and the representation of associated employees. Again, there is ample evidence that Local 715 has entered into such servicing agreements and the failure to produce is unsupportable. If no responsive documents exist, then your client should state that fact. Otherwise, such materials must be produced.

Requests Nos. 20-21, 45, 48 and 49 relate to the Weinberg firm, Altshuler firm, or any other firm being appointed as counsel to Local 715 or associated employees. These requests specifically state that they are not seeking materials containing the advise of these firms – only those materials regarding the firms' retention. Obviously, these materials exist, go to the heart of the issue in this case, and are not privileged. Indeed, there are a number of documents that are known to exist and are related to these requests including correspondence between your client or your client's legal counsel and the Hospitals relating to whether these firms represented Local 715. Thus, your client has inappropriately failed to produce documents responsive to these requests. Moreover, if your client believes that these materials are protected by privilege, it must provide a privilege log identifying such documents.

Requests Nos. 28, 31, 34 and 37 seek materials relating to the Executive Board meetings and/or Special Executive Board meetings and budgets for your client between July 1, 2005 and June 9, 2007. These documents obviously exist and the time frame involved was specifically narrowed to the pertinent time frame related to this dispute. There is no basis to withhold such documentation and your client must amend its response and produce the documents.

**Responses Stating Objections and That There Are No Responsive Documents**

Your client has merely stated boilerplate objections to each request served by the Hospitals. This is inappropriate and does not accurately reflect materials known to be held by your client as noted previously. Thus, your client must amend its responses to eliminate such improper objections. Moreover, your client's statements that no responsive documents exists is questionable as follows.

Requests Nos. 4 and 6 seek materials regarding the issue of the status of Local 715 and the present or future representative capacity of SEIU-UHW regarding any employees of the Hospital from June 2005 to the present. As you know, Local 715 and UHW entered into a Servicing Agreement related to the Hospital's employees in this time frame which my clients rejected. However, it is indisputable that there has been correspondence regarding this turn of events. Thus,

SFCA_1421166.3



**FOLEY & LARDNER LLP**

Bruce A. Harland
July 1, 2008
Page 4

to say there are no responsive documents to the requests is unsupportable. Please amend this response and produce documents immediately.

Request Nos. 7 and 13 seek materials regarding communications between your client and Local 521 regarding the status of Local 715. Information regarding Local 715 has been available on Local 521's website. Thus, there are responsive documents to this request and your client's response is not supportable. Please amend this response and produce responsive materials immediately.

Similarly, Requests Nos. 14 and 17 concern materials regarding UHW's status in any capacity as representative of any employees of the Hospitals and the related receipt of funds from Local 715 and associated website references. As you know, UHW entered into a Servicing Agreement with Local 715 regarding employees of the Hospitals. While the Hospitals rejected this agreement, there are obviously responsive documents to this request given the existence of the agreement, the ongoing attempt to rely on it for representations of the Hospitals' employees, and the terms contained in the Agreement virtually requiring communications between the parties to the servicing agreement. Thus, your client must amend its response to this request and produce documents.

**Responses Stating Objections and Producing Minimal Documents**

For each of the requests where your client has produced minimal documents, you have also included the boilerplate objections previously referenced. We have addressed the impropriety of these objections previously and will not reiterate them here. However, we question the completeness of your client's production. Again, as no privilege log was provided, we do not know if any documents were withheld from production. Please provide such a log immediately.

Request No. 11 seeks materials regarding the institution of the trusteeship for Local 715. While you have produced the letter establishing the trusteeship, that document refers to other materials that led to the decision (*e.g.*, Mr. Stern states he "has received requests" and "reports"). These materials must be produced as well (including any email correspondence regarding the issue).

Request No. 12 seeks materials related to Local 715's website including all links, all references to the use of Local 715's funds and all versions of the website. Your client has produced hard copies of exactly nine (9) pages related to the website as currently configured. This is not a complete production – especially as it does not provide any electronic materials or historical information. Moreover, we know that Local 715's website has had links to other websites (including Local 521's) where information regarding its funds and dues have been posted. Your client's production is not complete and must be amended immediately.

Request No. 18 seeks all materials related to the Servicing Agreement between your client and UHW. Your client produced seven (7) pages of materials which essentially consist of the agreement and letters providing the agreement to Mr. Arnold. Your client's production does not



**FOLEY & LARDNER LLP**

Bruce A. Harland
July 1, 2008
Page 5

include the Hospital's rejection of the agreement nor any materials (including emails) related to discussions/communications between UHW and Local 715 regarding such an agreement and why it was entered into by the parties, and the services provided by UHW pursuant thereto. Thus, your client's production is incomplete and must be amended.

Request No. 43 seeks materials regarding the assignment of any UHW employee to provide services to Local 715 relating to the representation of the Hospitals employees. Again, your client produced the same documents its produced to Request No. 18 (*i.e.*, the UHW Servicing Agreement). Your client's production does not include the Hospital's rejection of the agreement nor any materials (including emails) related to discussions/communications between UHW and Local 715 regarding representation and/or the identification of counsel. Thus, your client's production is incomplete and must be amended.

As noted, your client's responses to the pending requests for production and its minimal production is unsupported and inappropriate. Please confirm your client's agreement to amend its responses and produce responsive documents immediately. Given the deadlines in this case, your client's failure to do so this week will result in my clients having to file a motion to compel. We would prefer to resolve this issue without resort to the Court and look forward to receiving your client's immediate confirmation that it will amend its responses and production of documents.

Very truly yours,

Eileen R. Ridley

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Bruce Harland [bharland@unioncounsel.net] |
| **Sent:** | Tuesday, July 01, 2008 5:14 PM |
| **To:** | Ridley, Eileen R. |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Dear Ms. Ridley,

I have talked with my client, Local 715, regarding whether or not it would agree to stipulate to continue the July 18, 2008 filing date for dispositive motions.

Unfortunately, my client does not wish to stipulate to continuing the filing date. The cases pending before Judge Fogel not only involve terminations of employees, but also issues of back pay.

For example, with respect to the petition to vacate that your client filed against the Union, every day of delay means a day that anesthesia techs do not receive the back pay that a neutral arbitrator ruled they are entitled to. The same is true for the petition to confirm that Local 715 filed, involving the termination of Victor Acosta. Further delay just means that Mr. Acosta will have to wait longer to get his job back and the back pay that he is owed, despite the fact that a neutral arbitrator has already determined that your client terminated him without just cause.

Furthermore, the primary reason that it appears that your client needs to continue the July 18, 2008 hearing date is because your client waited to propound 57 requests for documents to multiple parties, and to take depositions of various individuals until the last minute.

All of the requests for documents were extremely overbroad -- both in time and scope -- essentially asking for every single document ever produced by Local 715. And rather than immediately notice a deposition of the person most knowledgeable about Local 715's standing to sue, your client noticed depositions of scores of individuals from Washington D.C.
to California for the end of June, just weeks before the fourth of July.


Turning to the scheduling of depositions for Rusty Smith and Myriam Escamilla, Mr. Smith is unavailable until July 14, 15, 16, and 17, 2008.


As to Ms. Escamilla, you stated in your June 23, 2008 letter that she was noticed as a non-party, or in other words as an employee of SEIU, United Healthcare Workers -- West. First, service of the subpoena was improper, as you served the subpoena to her at the Local 715 address.
Second, it is unclear what you need her to testify to, given that you served her as a non-party. Judge Fogel was clear in his instructions:
discovery was limited to whether or not Local 715 had standing to sue.
Mr. Smith, as the Trustee of Local 715, could certainly be deposed on this matter. As you are already aware, Ms. Escamilla is not available for deposition on July 2, 2008.
However, before I offer alternative dates for her deposition, there are various matters we need to discuss, including service of the subpoena and the relevance of her testimony as a non-party.

I am available to meet and confer on July 3, 2008. You can reach me at my office number, 510-337-1001.

Bruce Harland

-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Tuesday, July 01, 2008 4:28 PM
To: Bruce Harland

Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>




Mr. Harland -

I have not heard further from you regarding this matter.  Please provide
your response by tomorrow morning (9 a.m.) including whether your client
will stipulate to a continuance of the filing date - otherwise we will
bring a motion before Judge Fogel to continue the date.  Thanks very
much.


Eileen



 <http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July
1, 2008.  I will have to talk to my client about the stipulation that
you propose.  I will talk to you tomorrow.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif


Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As
the Court has set a date for filing dispositive motions for July 18,
2008 and we have not resolved our pending discovery disputes, will you
stipulate to a continuance of the July 18, 2008 deadline?  Please
provide your response to this question and the issues raised below by
Monday, June 30, 2008.  Thank you

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

---

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008
regarding the above cases and the depositions of Mr. Smith and Ms.
Escamilla.  We understand that you are refusing to produce Mr. Smith
for his deposition tomorrow.  Please immediately provide alternative
dates for Mr. Smith and Ms. Escamilla as these depositions must be
completed soon given July 18th deadline to file dispositive motions.  We
would prefer not to have to seek Court intervention in this matter and
look forward to resolving it soon.  However, we are prepared to file a
motion to compel these depositions if we cannot reach an agreement with
you.  We look forward to your response.

In the meantime, we have received the responses to my clients'
request for production/subpoenas from your clients and believe they are
insufficient and incomplete.  We will address those issues by separate
correspondence.  However, the responses specifically include objections
based upon privilege but no privilege log was provided.  Please provide
that log immediately.  Thank you.

Eileen

The preceding email message may be confidential or protected by the
attorney-client privilege. It is not intended for transmission to, or
receipt by, any unauthorized persons.  If you have received this message
in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the
benefit of the Foley & Lardner LLP client(s) represented by the Firm in
the particular matter that is the subject of this message, and may not
be relied upon by any other party.

Internal Revenue Service regulations require that certain types of
written advice include a disclaimer. To the extent the preceding message
contains advice relating to a Federal tax issue, unless expressly stated

otherwise the advice is not intended or written to be used, and it
cannot be used by the recipient or any other taxpayer, for the purpose
of avoiding Federal tax penalties, and was not written to support the
promotion or marketing of any transaction or matter discussed herein.


The preceding email message may be confidential or protected by the
attorney-client privilege. It is not intended for transmission to, or
receipt by, any unauthorized persons.  If you have received this message
in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the
benefit of the Foley & Lardner LLP client(s) represented by the Firm in
the particular matter that is the subject of this message, and may not
be relied upon by any other party.


Internal Revenue Service regulations require that certain types of
written advice include a disclaimer. To the extent the preceding message
contains advice relating to a Federal tax issue, unless expressly stated
otherwise the advice is not intended or written to be used, and it
cannot be used by the recipient or any other taxpayer, for the purpose
of avoiding Federal tax penalties, and was not written to support the
promotion or marketing of any transaction or matter discussed herein.

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Tuesday, July 01, 2008 9:12 PM |
| **To:** | 'Bruce Harland' |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Thank you for your email.  It is unfortunate that your client has chosen to refuse to stipulate to a continuance of the deadline to file dispositive motions and we will therefore raise the issue with the Court.

There has been no delay in this action by my clients.  Once the Court confirmed that discovery could be conducted during the April 25th Case Management Conference we served requests for production and subpoenas within two weeks in all six matters.  That is hardly "waiting until the last minute".  Your clients and your firm, however, have decided to conduct a coordinted strategy of stonewalling and refusing to respond to any discovery request by either refusing to answer or produce documents, refusing to produce witnesses for deposition (including the trustee of Local 715), and characterizing every discovery request as "harrassment".  This is a designed pattern and practice that is contrary to the law and a blatent attempt to prejudice my client regarding the dispositive motions in this case.  If there is any delay in this matter it has been caused by your firm's clients and their refusal to properly respond to legal discovery requests (even after being provided with requested extensions).

The discovery propounded by my clients was specifically designed to address the areas the Court permitted to be the subject of discovery - the existance of Local 715, its representative capacity and the handling of its resources.  This is not requesting every document held by Local 715 but your comment underscores a major issue regarding the pending discovery - Local 715 has failed to provide complete responses and has further failed to produce responsive documents.  Further, we have not noticed "scores" of depositions.  We have noticed five depositions of indivudals who have direct knowledge of these issues -including the trustee of Local 715 whom you refused to produce.  Again, any "delay" is solely due to your clients' conduct.

That being said, you have indicated you are available to discuss these matters on July 3, 2008.  I will be on vacation but will make myself available for a call.  What time works for you?  Thank you.

-----Original Message-----
From: Bruce Harland [mailto:bharland@unioncounsel.net]
Sent: Tuesday, July 01, 2008 5:14 PM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Dear Ms. Ridley,

I have talked with my client, Local 715, regarding whether or not it would agree to stipulate to continue the July 18, 2008 filing date for dispositive motions.

Unfortunately, my client does not wish to stipulate to continuing the filing date.  The cases pending before Judge Fogel not only involve terminations of employees, but also issues of back pay.

For example, with respect to the petition to vacate that your client filed against the Union, every day of delay means a day that anesthesia techs do not receive the back pay that a neutral arbitrator ruled they are entitled to.  The same is true for the petition to confirm that Local 715 filed, involving the termination of Victor Acosta.  Further

1

delay just means that Mr. Acosta will have to wait longer to get his job back and the back pay that he is owed, despite the fact that a neutral arbitrator has already determined that your client terminated him without just cause.

Furthermore, the primary reason that it appears that your client needs to continue the July 18, 2008 hearing date is because your client waited to propound 57 requests for documents to multiple parties, and to take depositions of various individuals until the last minute.

All of the requests for documents were extremely overbroad -- both in time and scope -- essentially asking for every single document ever produced by Local 715. And rather than immediately notice a deposition of the person most knowledgeable about Local 715's standing to sue, your client noticed depositions of scores of individuals from Washington D.C.
to California for the end of June, just weeks before the fourth of July.


Turning to the scheduling of depositions for Rusty Smith and Myriam Escamilla, Mr. Smith is unavailable until July 14, 15, 16, and 17, 2008.


As to Ms. Escamilla, you stated in your June 23, 2008 letter that she was noticed as a non-party, or in other words as an employee of SEIU, United Healthcare Workers -- West. First, service of the subpoena was improper, as you served the subpoena to her at the Local 715 address.
Second, it is unclear what you need her to testify to, given that you served her as a non-party. Judge Fogel was clear in his instructions:
discovery was limited to whether or not Local 715 had standing to sue.
Mr. Smith, as the Trustee of Local 715, could certainly be deposed on this matter. As you are already aware, Ms. Escamilla is not available for deposition on July 2, 2008.
However, before I offer alternative dates for her deposition, there are various matters we need to discuss, including service of the subpoena and the relevance of her testimony as a non-party.

I am available to meet and confer on July 3, 2008. You can reach me at my office number, 510-337-1001.

Bruce Harland

-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Tuesday, July 01, 2008 4:28 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>




Mr. Harland -

I have not heard further from you regarding this matter. Please provide your response by tomorrow morning (9 a.m.) including whether your client will stipulate to a continuance of the filing date - otherwise we will bring a motion before Judge Fogel to continue the date. Thanks very much.


Eileen

<http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July
1, 2008.  I will have to talk to my client about the stipulation that
you propose.  I will talk to you tomorrow.

Bruce

-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif


Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As
the Court has set a date for filing dispositive motions for July 18,
2008 and we have not resolved our pending discovery disputes, will you
stipulate to a continuance of the July 18, 2008 deadline?  Please
provide your response to this question and the issues raised below by
Monday, June 30, 2008.  Thank you



Eileen



http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


_____

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases



Mr. Harland:

3

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla. We understand that you are refusing to produce Mr. Smith for his deposition tomorrow. Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions. We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you. We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete. We will address those issues by separate correspondence. However, the responses specifically include objections based upon privilege but no privilege log was provided. Please provide that log immediately. Thank you.


Eileen


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it

cannot be used by the recipient or any other taxpayer, for the purpose
of avoiding Federal tax penalties, and was not written to support the
promotion or marketing of any transaction or matter discussed herein.

**EXHIBIT M**

## Inciardi, Scott P.

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Friday, June 27, 2008 4:59 PM |
| **To:** | 'Bruce Harland' |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

**From the Desk of:** Eileen R. Ridley



**∎FOLEY**

**FOLEY & LARDNER LLP**

www.foley.com

My Location     My V-card     My Bio

Mr. Harland:

I have yet to hear from you regarding the matters discussed below. As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline? Please provide your response to this question and the issues raised below by Monday, June 30, 2008. Thank you

*Eileen*

ⓘ INFO

---

**From:** Ridley, Eileen R.
**Sent:** Wednesday, June 25, 2008 11:20 AM
**To:** Bruce Harland
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
**Subject:** SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla. We understand that you are refusing to produce Mr. Smith for his deposition tomorrow. Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions. We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you. We look forward to your response.

7/2/2008

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete.  We will address those issues by separate correspondence.  However, the responses specifically include objections based upon privilege but no privilege log was provided.  Please provide that log immediately.  Thank you.


*Eileen*

## Inciardi, Scott P.

**From:**    Arnold, Laurence R.
**Sent:**    Monday, June 30, 2008 7:46 AM
**To:**      Ridley, Eileen R.; Inciardi, Scott P.
**Subject:** FW: SEIU v. Stanford Cases

**From the Desk of:** Laurence R. Arnold



**FOLEY & LARDNER LLP**

www.foley.com

| My Location | My V-card | My Bio |

Why do I think this is just a way of waiting an additional day to say "no?"

INFO

-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July 1, 2008.  I will have to talk to my client about the stipulation that you propose.  I will talk to you tomorrow.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif


Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As
the Court has set a date for filing dispositive motions for July 18,
2008 and we have not resolved our pending discovery disputes, will you
stipulate to a continuance of the July 18, 2008 deadline?  Please
provide your response to this question and the issues raised below by
Monday, June 30, 2008.  Thank you

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

_____

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008
regarding the above cases and the depositions of Mr. Smith and Ms.
Escamilla. We understand that you are refusing to produce Mr. Smith
for his deposition tomorrow. Please immediately provide alternative
dates for Mr. Smith and Ms. Escamilla as these depositions must be
completed soon given July 18th deadline to file dispositive motions. We
would prefer not to have to seek Court intervention in this matter and
look forward to resolving it soon. However, we are prepared to file a
motion to compel these depositions if we cannot reach an agreement with
you. We look forward to your response.

In the meantime, we have received the responses to my clients'
request for production/subpoenas from your clients and believe they are
insufficient and incomplete. We will address those issues by separate
correspondence. However, the responses specifically include objections
based upon privilege but no privilege log was provided. Please provide
that log immediately. Thank you.

Eileen

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for
transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it,
(ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained
in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the
particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

## Inciardi, Scott P.

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Tuesday, July 01, 2008 4:28 PM |
| **To:** | Bruce Harland |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

**From the Desk of:** Eileen R. Ridley



**FOLEY & LARDNER LLP**
www.foley.com

| My Location | My V-card | My Bio |
|---|---|---|

Mr. Harland -

I have not heard further from you regarding this matter. Please provide your response by tomorrow morning (9 a.m.) including whether your client will stipulate to a continuance of the filing date - otherwise we will bring a motion before Judge Fogel to continue the date. Thanks very much.


Eileen

INFO

-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July 1, 2008. I will have to talk to my client about the stipulation that you propose. I will talk to you tomorrow.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif


7/2/2008

Mr. Harland:

I have yet to hear from you regarding the matters discussed below. As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline? Please provide your response to this question and the issues raised below by Monday, June 30, 2008. Thank you

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

---

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla. We understand that you are refusing to produce Mr. Smith for his deposition tomorrow. Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions. We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you. We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete. We will address those issues by separate correspondence. However, the responses specifically include objections based upon privilege but no privilege log was provided. Please provide that log immediately. Thank you.

Eileen

7/2/2008

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message.  Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Bruce Harland [bharland@unioncounsel.net] |
| **Sent:** | Tuesday, July 01, 2008 5:14 PM |
| **To:** | Ridley, Eileen R. |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Dear Ms. Ridley,

I have talked with my client, Local 715, regarding whether or not it would agree to stipulate to continue the July 18, 2008 filing date for dispositive motions.

Unfortunately, my client does not wish to stipulate to continuing the filing date. The cases pending before Judge Fogel not only involve terminations of employees, but also issues of back pay.

For example, with respect to the petition to vacate that your client filed against the Union, every day of delay means a day that anesthesia techs do not receive the back pay that a neutral arbitrator ruled they are entitled to. The same is true for the petition to confirm that Local 715 filed, involving the termination of Victor Acosta. Further delay just means that Mr. Acosta will have to wait longer to get his job back and the back pay that he is owed, despite the fact that a neutral arbitrator has already determined that your client terminated him without just cause.

Furthermore, the primary reason that it appears that your client needs to continue the July 18, 2008 hearing date is because your client waited to propound 57 requests for documents to multiple parties, and to take depositions of various individuals until the last minute.

All of the requests for documents were extremely overbroad -- both in time and scope -- essentially asking for every single document ever produced by Local 715. And rather than immediately notice a deposition of the person most knowledgeable about Local 715's standing to sue, your client noticed depositions of scores of individuals from Washington D.C.
to California for the end of June, just weeks before the fourth of July.


Turning to the scheduling of depositions for Rusty Smith and Myriam Escamilla, Mr. Smith is unavailable until July 14, 15, 16, and 17, 2008.


As to Ms. Escamilla, you stated in your June 23, 2008 letter that she was noticed as a non-party, or in other words as an employee of SEIU, United Healthcare Workers -- West. First, service of the subpoena was improper, as you served the subpoena to her at the Local 715 address.
Second, it is unclear what you need her to testify to, given that you served her as a non-party. Judge Fogel was clear in his instructions:
discovery was limited to whether or not Local 715 had standing to sue.
Mr. Smith, as the Trustee of Local 715, could certainly be deposed on this matter. As you are already aware, Ms. Escamilla is not available for deposition on July 2, 2008. However, before I offer alternative dates for her deposition, there are various matters we need to discuss, including service of the subpoena and the relevance of her testimony as a non-party.

I am available to meet and confer on July 3, 2008. You can reach me at my office number, 510-337-1001.

Bruce Harland

-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Tuesday, July 01, 2008 4:28 PM
To: Bruce Harland

1

Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>

Mr. Harland -

I have not heard further from you regarding this matter.  Please provide
your response by tomorrow morning (9 a.m.) including whether your client
will stipulate to a continuance of the filing date - otherwise we will
bring a motion before Judge Fogel to continue the date.  Thanks very
much.

Eileen

 <http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July
1, 2008.  I will have to talk to my client about the stipulation that
you propose.  I will talk to you tomorrow.

Bruce

-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif

Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As
the Court has set a date for filing dispositive motions for July 18,
2008 and we have not resolved our pending discovery disputes, will you
stipulate to a continuance of the July 18, 2008 deadline?  Please
provide your response to this question and the issues raised below by
Monday, June 30, 2008.  Thank you

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

---

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008
regarding the above cases and the depositions of Mr. Smith and Ms.
Escamilla.  We understand that you are refusing to produce Mr. Smith
for his deposition tomorrow.  Please immediately provide alternative
dates for Mr. Smith and Ms. Escamilla as these depositions must be
completed soon given July 18th deadline to file dispositive motions.  We
would prefer not to have to seek Court intervention in this matter and
look forward to resolving it soon.  However, we are prepared to file a
motion to compel these depositions if we cannot reach an agreement with
you.  We look forward to your response.

In the meantime, we have received the responses to my clients'
request for production/subpoenas from your clients and believe they are
insufficient and incomplete.  We will address those issues by separate
correspondence.  However, the responses specifically include objections
based upon privilege but no privilege log was provided.  Please provide
that log immediately.  Thank you.

Eileen

The preceding email message may be confidential or protected by the
attorney-client privilege. It is not intended for transmission to, or
receipt by, any unauthorized persons.  If you have received this message
in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the
benefit of the Foley & Lardner LLP client(s) represented by the Firm in
the particular matter that is the subject of this message, and may not
be relied upon by any other party.

Internal Revenue Service regulations require that certain types of
written advice include a disclaimer. To the extent the preceding message
contains advice relating to a Federal tax issue, unless expressly stated

3

otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**Inciardi, Scott P.**

| | |
|---|---|
| **From:** | Ridley, Eileen R. |
| **Sent:** | Tuesday, July 01, 2008 9:12 PM |
| **To:** | 'Bruce Harland' |
| **Cc:** | Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy |
| **Subject:** | RE: SEIU v. Stanford Cases |

Thank you for your email.  It is unfortunate that your client has chosen to refuse to stipulate to a continuance of the deadline to file dispositive motions and we will therefore raise the issue with the Court.

There has been no delay in this action by my clients.  Once the Court confirmed that discovery could be conducted during the April 25th Case Management Conference we served requests for production and subpoenas within two weeks in all six matters.  That is hardly "waiting until the last minute".  Your clients and your firm, however, have decided to conduct a coordinted strategy of stonewalling and refusing to respond to any discovery request by either refusing to answer or produce documents, refusing to produce witnesses for deposition (including the trustee of Local 715), and characterizing every discovery request as "harrassment".  This is a designed pattern and practice that is contrary to the law and a blatent attempt to prejudice my client regarding the dispositive motions in this case.  If there is any delay in this matter it has been caused by your firm's clients and their refusal to properly respond to legal discovery requests (even after being provided with requested extensions).

The discovery propounded by my clients was specifically designed to address the areas the Court permitted to be the subject of discovery - the existance of Local 715, its representative capacity and the handling of its resources.  This is not requesting every document held by Local 715 but your comment underscores a major issue regarding the pending discovery - Local 715 has failed to provide complete responses and has further failed to produce responsive documents.  Further, we have not noticed "scores" of depositions.  We have noticed five depositions of indivudals who have direct knowledge of these issues -including the trustee of Local 715 whom you refused to produce.  Again, any "delay" is solely due to your clients' conduct.

That being said, you have indicated you are available to discuss these matters on July 3, 2008.  I will be on vacation but will make myself available for a call.  What time works for you?  Thank you.


-----Original Message-----
From: Bruce Harland [mailto:bharland@unioncounsel.net]
Sent: Tuesday, July 01, 2008 5:14 PM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Dear Ms. Ridley,

I have talked with my client, Local 715, regarding whether or not it would agree to stipulate to continue the July 18, 2008 filing date for dispositive motions.

Unfortunately, my client does not wish to stipulate to continuing the filing date.  The cases pending before Judge Fogel not only involve terminations of employees, but also issues of back pay.

For example, with respect to the petition to vacate that your client filed against the Union, every day of delay means a day that anesthesia techs do not receive the back pay that a neutral arbitrator ruled they are entitled to.  The same is true for the petition to confirm that Local 715 filed, involving the termination of Victor Acosta.  Further

1

delay just means that Mr. Acosta will have to wait longer to get his job back and the back pay that he is owed, despite the fact that a neutral arbitrator has already determined that your client terminated him without just cause.

Furthermore, the primary reason that it appears that your client needs to continue the July 18, 2008 hearing date is because your client waited to propound 57 requests for documents to multiple parties, and to take depositions of various individuals until the last minute.

All of the requests for documents were extremely overbroad -- both in time and scope -- essentially asking for every single document ever produced by Local 715. And rather than immediately notice a deposition of the person most knowledgeable about Local 715's standing to sue, your client noticed depositions of scores of individuals from Washington D.C.
to California for the end of June, just weeks before the fourth of July.

Turning to the scheduling of depositions for Rusty Smith and Myriam Escamilla, Mr. Smith is unavailable until July 14, 15, 16, and 17, 2008.

As to Ms. Escamilla, you stated in your June 23, 2008 letter that she was noticed as a non-party, or in other words as an employee of SEIU, United Healthcare Workers -- West. First, service of the subpoena was improper, as you served the subpoena to her at the Local 715 address.
Second, it is unclear what you need her to testify to, given that you served her as a non-party. Judge Fogel was clear in his instructions:
discovery was limited to whether or not Local 715 had standing to sue.
Mr. Smith, as the Trustee of Local 715, could certainly be deposed on this matter. As you are already aware, Ms. Escamilla is not available for deposition on July 2, 2008. However, before I offer alternative dates for her deposition, there are various matters we need to discuss, including service of the subpoena and the relevance of her testimony as a non-party.

I am available to meet and confer on July 3, 2008. You can reach me at my office number, 510-337-1001.

Bruce Harland

-----Original Message-----
From: Ridley, Eileen R. [mailto:ERidley@foley.com]
Sent: Tuesday, July 01, 2008 4:28 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

<http://mm1.lettermark.net/foleylaw/card/ANCB_3.map>
 <http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif>

Mr. Harland -

I have not heard further from you regarding this matter. Please provide your response by tomorrow morning (9 a.m.) including whether your client will stipulate to a continuance of the filing date - otherwise we will bring a motion before Judge Fogel to continue the date. Thanks very much.

Eileen

<http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

I'm out of the office and will not be back until tomorrow, Tuesday, July
1, 2008.  I will have to talk to my client about the stipulation that
you propose.  I will talk to you tomorrow.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif


Mr. Harland:

I have yet to hear from you regarding the matters discussed below.  As
the Court has set a date for filing dispositive motions for July 18,
2008 and we have not resolved our pending discovery disputes, will you
stipulate to a continuance of the July 18, 2008 deadline?  Please
provide your response to this question and the issues raised below by
Monday, June 30, 2008.  Thank you



Eileen



http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>


_____

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases



Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla. We understand that you are refusing to produce Mr. Smith for his deposition tomorrow. Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions. We would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you. We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete. We will address those issues by separate correspondence. However, the responses specifically include objections based upon privilege but no privilege log was provided. Please provide that log immediately. Thank you.


Eileen


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it

cannot be used by the recipient or any other taxpayer, for the purpose
of avoiding Federal tax penalties, and was not written to support the
promotion or marketing of any transaction or matter discussed herein.

**EXHIBIT N**



**United States Government**

**NATIONAL LABOR RELATIONS
BOARD
Region 32
1301 Clay Street, Room 300N
Oakland, CA 94612-5224**

FOLEY & LARDNER LLP
R E C E I V E D

JUN 3 0 2008

Telephone: (510) 637-3300
FAX: (510) 637-3315
Website: www.nlrb.gov

June 27, 2008

Bruce A. Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091

Re:    **Stanford Hospital
       32-CA-23873**

Dear Mr. Harland:

The Region has carefully considered your charge against Stanford Hospital, herein called the Employer, alleging that it violated the National Labor Relations Act, herein called the Act.

***Decision Not to Issue Complaint:***  Based on that investigation, I have concluded that further proceedings are not warranted, and I am dismissing the charge for the following reasons.

On April 25, 2008, you filed a charge alleging that the Employer violated Section 8(a)(1) and (5) of the Act when it refused to deal with representatives of the Union, in particular, with the assistant trustee appointed by the Trustee of the Union and with one of the Union shop stewards. However, as elaborated upon during the investigation, one of the central issues of the case is whether the Union ceased to exist and/or effectively disclaimed interest in the bargaining unit pursuant to the statewide merger of SEIU local unions. With respect to this issue, the Union has yet to provide critical information requested by the Region. Thus, by way of telephone call and letter on June 20, 2008, you were reminded that you still had not provided certain specified documents that you were required to provide by June 13 and that you subsequently agreed to provide on June 16. The June 20 letter also advised you that the Region was seeking the affidavit of Kristina Sermersheim and additional documents relating to the aforementioned issue by June 27. You did not respond to the Board Agent's June 20 telephone call or letter. Thereafter, on June 23, you were faxed a letter informing you of the specific additional documents that the Region was seeking, and you were informed that the investigating Board agent would immediately recommend that the charge be dismissed if you failed to contact her by 12:00 noon, June 25 to schedule the affidavit of Kristina Sermersheim and if you failed to provide all of the requested information by the June 27 deadline. Although you sent the Board

Stanford Hospital
32-CA-23873
6/27/2008
Page 2

agent one of the requested documents via e-mail on June 25, you did not call her at any time that day to discuss why the other documents still have not been provided or to schedule Kristina Sermersheim's affidavit. When the Board agent left you a message to call her on June 26, you returned her call at the end of the day and left a message stating that you would not be able to provide the requested documents or Kristina Sermersheim by June 27, and you expressed doubts as to whether you would be able to provide the documents or Sermersheim by the end of the following week. In a letter dated April 28, 2008, shortly after you filed the instant charge, the Region informed you of the obligation to present evidence in support of the charge and advised you that the charge was subject to dismissal if you failed to submit evidence or contact the assigned agent. In view of this lack of full cooperation, I have determined that further proceedings are not warranted, and accordingly, I am dismissing the charge in this case.

*Your Right to Appeal:* The National Labor Relations Board Rules and Regulations permit you to obtain a review of this action by filing an appeal with the General Counsel of the National Labor Relations Board. Use of the Appeal Form (Form NLRB-4767) will satisfy this requirement. However, you are encouraged to submit a complete statement setting forth the facts and reasons why you believe that the decision to dismiss your charge was incorrect.

The appeal may be filed by regular mail addressed to the General Counsel at the National Labor Relations Board, Attn: Office of Appeals, 1099 14th Street, N.W., Washington D.C. 20570-0001. A copy of the appeal should also be mailed to the Regional Director.

An appeal also may be filed electronically by using the e-filing system on the Agency's Website. In order to file an appeal electronically, please go to the Agency's Website at www.nlrb.gov, under "**E-GOV.**" Select "**E-filing**" and then click on "**File an Appeal or Other Document**" under the heading "**General Counsel's Office of Appeals.**" The Website will contain detailed instructions on how to file an appeal electronically.

*Appeal Due Date:* The appeal **must** be received by the General Counsel in Washington, D.C. by the close of business at 5 p.m. EDT on July 11, 2008. If you mail the appeal, it will be considered timely filed if it is postmarked no later than one day before the due date set forth above. If you file the appeal electronically, it also must be received by the General Counsel by the close of business at 5:00 p.m. EDT on July 11, 2008. A failure to timely file an appeal electronically will not be excused on the basis of a claim that transmission could not be accomplished because the receiving machine was off-line or unavailable, the sending machine malfunctioned, or for any other electronic-related reason.

*Extension of Time to File Appeal:* Upon good cause shown, the General Counsel may grant you an extension of time to file the appeal. You may file a request for an extension of time to file by mail, facsimile transmission, or through the Internet. The fax number is (202) 273-4283. Special instructions for requesting an extension of time over the Internet are set forth in the attached Access Code Certificate. While an appeal will be accepted as timely filed if it is postmarked no later than one day prior to the appeal due date, this rule does not apply to requests

Stanford Hospital
32-CA-23873
6/27/2008
Page 3

for extensions of time. A request for an extension of time to file an appeal **must be received** on or before the original appeal due date. A request that is postmarked prior to the appeal due date but received after the appeal due date will be rejected as untimely. Unless filed through the Internet, a copy of any request for extension of time should be sent to me.

*Confidentiality/Privilege:* Please be advised that we cannot accept any limitations on the use of any appeal statement or evidence in support thereof provided to the Agency. Thus, any claim of confidentiality or privilege cannot be honored, except as provided by the FOIA, 5 U.S.C. 552, and any appeal statement may be subject to discretionary disclosure to a party upon request during the processing of the appeal. In the event the appeal is sustained, any statement or material submitted may be subject to introduction as evidence at any hearing that may be held before an administrative law judge. Further, we are required by the Federal Records Act to keep copies of documents used in our case handling for some period of years after a case closes. Accordingly, we may be required by the FOIA to disclose such records upon request, absent some applicable exemption such as those that protect confidential source, commercial/financial information or personal privacy interests (e.g., FOIA Exemptions 4, 6, 7(C) and 7(D), 5 U.S.C. § 552(b)(4), (6), (7)(C), and (7)(D)). Accordingly, we will not honor any requests to place limitations on our use of appeal statements or supporting evidence beyond those prescribed by the foregoing laws, regulations, and policies.

*Notice to Other Parties of the Appeal:* You should notify the other parties to the case that an appeal has been filed. Therefore, at the time the appeal is sent to the General Counsel, please complete the enclosed Appeal Form (NLRB-4767) and send one copy of the form to all parties whose names and addresses are set forth in this letter.

Very truly yours,

Alan B. Reichard
Regional Director

Enclosure(s)

Stanford Hospital
32-CA-23873
6/27/2008
Page 4


cc:    General Counsel, Office of Appeals    Laurie Quintel
National Labor Relations Board    Labor Relations Manager
1099 – 14th Street, N. W.    Stanford Hospital
Washington, D.C. 20570-0001    300 Pasteur Drive, MC 5513
Stanford, CA 94305-5513

Ms. Judith Scott    Laurence Arnold, Esq.
General Counsel    Foley & Lardner
Service Employees International    One Maritime Plaza, 6th Floor
Union    San Francisco, CA 94111
1313 L ST NW
Washington, DC 20005-4110

Myriam Escamilla
Service Employees International
Union, Local 715
42 Arguello Way
P.O. Box 19152
Stanford, CA 94305