1  WILLIAM A. SOKOL, Bar No. 072740
   BRUCE A. HARLAND, Bar No. 230477
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  1001 Marina Village Parkway, Suite 200
   Alameda, California 94501-1091
4  Telephone 510.337.1001
   Fax 510.337.1023
5
   Attorneys for Petitioner
6  SEIU, Local 715

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 SERVICE EMPLOYEES INTERNATIONAL ) No.   5:08-CV-01727-JF
   UNION, LOCAL 715,               )
12                                 ) **SEIU, LOCAL 715'S OPPOSITION TO**
              Petitioner,          ) **MOTION TO CONTINUE DEADLINE**
13                                 ) **TO FILE/HEAR DISPOSITIVE**
        v.                         ) **MOTION**
14                                 )
                                   ) **[Local Rules 6-1 and 6-3]**
15 STANFORD HOSPITAL & CLINICS and )
   LUCILE PACKARD CHILDREN'S       )
16 HOSPITAL,                       ) Judge: Hon. Jeremy Fogel
              Respondents.         )
17                                 )
                                   )
18                                 )
                                   )
19 _____  )

20

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

# I. INTRODUCTION

In effort to delay proceedings, Respondents Stanford Hospital & Clinics and Lucile Packard Children's Hospital (the "Hospitals") seek an order from this Court to continue the date to file and hear dispositive motions in the above matter. Petitioner Service Employees International Union, Local 715 ("Local 715") has brought the instant action to compel arbitration involving a grievance alleging that the Hospitals have unjustly terminated a bargaining unit member.

At the April 25, 2008 Case Management Conference, the Hospitals insisted that Local 715's existence is an issue. To this end, the Court permitted limited discovery on the issue of whether Local 715 had standing to participate in the arbitration hearings at issue and as to the Union's existence. (*See* Decl. of Eileen Ridley ("Ridley Decl.") In Support of Motion to Continue at ¶ 2, Exh. A, Tr. 7:15-22.) However, the Hospitals have decided to misuse the discovery process for reasons that are totally and completely unrelated to this simple and straightforward petition to compel.[1]

On May 13, 2008, the Hospitals served fifty-seven (57) Requests for Production of Documents on not only Local 715. Additionally, through the misuse of subpoenas, the Hospitals propounded the same fifty-seven requests several other Unions, including the Service Employees International Union ("SEIU"), SEIU, Local 521, and SEIU, United Healthcare Workers – West ("UHW"). The fifty-seven requests are so overbroad that they essentially request production of every document since June 30, 2005 to be authored by an agent of Local 715. (*See* Ridley Decl. at ¶ 3, Exh. B.) The Hospitals' discovery requests also seek documents involving separate, autonomous labor organizations – documents that would clearly not be in the possession, control or custody of Local 715. (*See*, *e.g.*, Requests 25-26, 29-30, 32-33, 35-36, 38-39, 41-42, 54-55, 57.) After being granted a one-week extension, Local 715 produced documents in response to the

---

[1] Counsel for the Hospitals recently prepared a report for the California Hospital Association detailing the "Impact of Current Disputes Among Unions in the California Healthcare Industry." Much of the report focuses on the Service Employees International Union ("SEIU") and its affiliates. Read in conjunction with the Hospitals discovery requests, it is clear that counsel for the Hospitals are engaging in a fishing expedition to gain more information about SEIU and its affiliates for strategic and tactical purposes. (*See* Decl. of Bruce A. Harland at ¶ 2, Exh. A.)

- 2 -

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Hospitals requests, responded that some documents were not in the possession, control or custody of Local 715, and asserted various objections. The parties are in the process of meeting and conferring over outstanding discovery issues.

In addition, rather than contact counsel for Local 715 immediately after the April 25, 2008 Case Management Conference, the Hospitals waited until mid-June 2008 to serve five notices of deposition, noticing the depositions for the end of June and first week of July. Contrary to the Hospitals' contention that Local 715 refused to produce the Trustee of Local 715, Local 715 never refused to produce the Trustee but simply stated that the Trustee was not available on June 26, 2008 and, subsequently, offered alternative dates. (Decl. of Bruce A. Harland ("Harland Decl.") at ¶ 3, Exh. B.)

The Hospitals also noticed the deposition of Andrew Stern, the President of the second largest labor organization in the United States. While Mr. Stern was not available to be deposed on the date that the Hospitals noticed his deposition because he was out of the country, counsel for SEIU proposed an alternative, offering "a person most knowledgeable" about Local 715's existence as a substitute for Mr. Stern. SEIU has also proposed as alternative to Mr. Stern's deposition to stipulate to the authenticity of documents. (*Id*. at ¶¶ 9-10, Exh. E.) The Hospitals have declined both offers, and continue to insist on taking Mr. Stern's deposition.

Indeed, the Hospitals "need" to take these five outstanding depositions before they file their dispositive motions is simply undercut by their own actions. On July 7, 2008, the Hospitals failed to appear at a deposition that they noticed for Gregory Pullman. (*Id*. at ¶¶ 4-5.) Although Mr. Pullman appeared and counsel for Local 715 appeared at the deposition, the Hospitals did not appear, disingenuously claiming that counsel for Mr. Pullman stated that Mr. Pullman's deposition could not go forward on July 7. (*Id*. at ¶ 5.) Counsel for Mr. Pullman denies that he ever had such a conversation with the Hospitals' counsel. (*Id*. at ¶ 6, Exh. C.)

The Hospitals have made certain choices with respect to discovery, and, as a consequence, find themselves in their current position. Instead of focusing on the specific issue of Local 715's standing to participate in the arbitration proceedings or the Union's existence, the Hospitals

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -

SEIU, Local 715's Opposition to Motion to Continue Deadline to File/Hear Dispositive Motions
Case No. 5:08-CV-01727-JF

embarked on a fishing expedition and have unsurprisingly encountered discovery disputes. Local 715 should not be punished because of the Hospitals' discovery choices; and, therefore, the Court should deny the Hospitals' motion.

## II. ARGUMENT

### A. THE HOSPITALS WILL NOT BE PREJUDICED IF THE HEARING AND FILING DEADLINES FOR DISPOSITIVE MOTIONS ARE NOT CONTINUED.

The Hospitals will not be prejudiced if the hearing and filing deadlines are not continued. The Hospitals have received responsive documents from both Local 715 and SEIU. (Harland Decl. at ¶¶ 7-8, Exh. D.) In addition, SEIU has offered to produce "a person most knowledgeable" as to Local 715's existence. The Hospitals have declined. (*Id.* at ¶ 9, Exh. E.) SEIU has offered to stipulate to the authenticity of documents involving Mr. Stern. The Hospitals have declined. (*Id.* at ¶ 10, Exh. E.) It was the Hospitals' decision to propound fifty-seven requests for production of documents and to wait until mid-June to notice five depositions for the middle of the summer. If the Hospitals truly "needed" to obtain the outstanding discovery and to take each and every deposition, they would have appeared at Mr. Pullman's deposition. The Hospitals should not be able to take advantage of their failure to focus their discovery.

Moreover, if the Hospitals knew that they were going to propound fifty-seven requests for production of documents and notice five depositions, they should have been forthright about this fact at the Case Management Conference. At least, this would have given the Court and the parties the opportunity to properly evaluate whether or not discovery could have been completed by July 18, 2008, and would have aided the Court in limiting discovery so that discovery would be focused and completed by July 18. Any further delay does not benefit anyone, except the Hospitals, because it is another day that they do not have to deal with the pending grievance.

## III. CONCLUSION

The Hospitals have attempted to take advantage of and have decided to misuse the discovery process for their own tactical and strategic reasons. Rather than simply focus on the issue of Local 715's standing to participate in the arbitration proceedings and/or existence, the

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

SEIU, Local 715's Opposition to Motion to Continue Deadline to File/Hear Dispositive Motions
Case No. 5:08-CV-01727-JF

1  Hospitals have launched into a fishing expedition. Accordingly, Local 715 requests that the Court
2  deny the Hospitals' motion to continue.

3  Dated: July 8, 2008

                                WEINBERG, ROGER & ROSENFELD
                                A Professional Corporation


                           By:  /s/ BRUCE A. HARLAND
                                WILLIAM A. SOKOL
                                BRUCE A. HARLAND
                                Attorneys for Petitioner
                                SEIU, Local 715

118618/499064

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001