1  **FOLEY & LARDNER LLP**
   ONE MARITIME PLAZA, SIXTH FLOOR
   SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:   415.434.4484
   FACSIMILE:   415.434.4507
3
   LAURENCE R. ARNOLD, CA BAR NO. 133715
   EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
   KRISTY KUNISAKI, CA BAR NO. 241005
5  Attorneys for STANFORD HOSPITAL & CLINICS and
   LUCILE PACKARD CHILDREN'S HOSPITAL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>Petitioners,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>Respondent. | Case No: 5:07-CV-05158-JF<br><br>**STANFORD HOSPITAL & CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL DEPOSITIONS OF RUSTY SMITH, MYRIAM ESCAMILLA AND KRISTY SEMERSHEIM**<br><br>Date:         August 27, 2008<br>Time:         9:30 a.m.<br>Dept:         4<br><br>Judge:         Hon. Jeremy Fogel<br>Magistrate Judge: Hon. Richard Seeborg |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner and Counter-Respondent,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents and Counter-Petitioners. | Case No: 5:08-CV-00213-JF<br><br><br><br><br><br>Judge:         Hon. Jeremy Fogel |

MOTION TO COMPEL DEPOSITIONS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1423387.1

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents. | Case No: 5:08-CV-00215-JF<br><br><br><br><br><br>Judge:    Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents. | Case No: 5:08-CV-00216-JF<br><br><br><br><br><br>Judge:    Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents. | Case No: 5:08-CV-01726-JF<br><br><br><br><br><br>Judge:    Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents. | Case No: 5:08-CV-01727-JF<br><br><br><br><br><br>Judge:    Hon. Jeremy Fogel |

2
NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1423387.1

1    TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD
2 HEREIN:
3    PLEASE TAKE NOTICE that on August 27, 2008 at 9:30 a.m. or as soon
4 thereafter as counsel may be heard in Courtroom 4 of the above entitled court, Stanford
5 Hospitals & Clinics and Lucille Packard Children's Hospital (collectively "the
6 Hospitals") will bring on for hearing their Motion to Compel the Depositions of Rusty
7 Smith, Myriam Escamilla and Kristy Sermersheim.
8    This motion is made on the grounds that Service Employees International Union,
9 Local 715 ("Local 715") and/or the individual witnesses identified above have failed (or
10 have indicated that they will fail), without substantial justification and without having
11 served a valid objection, to produce witnesses, to appear at deposition, and/or to
12 reschedule a date for their depositions.  This Motion is based upon this Notice of Motion
13 and Motion, the Memorandum of Points and Authorities, the Declaration of Eileen R.
14 Ridley, the records and pleadings on file herein, and upon such oral and documentary
15 evidence as may be presented at the time of the hearing thereon.

Dated:  July 11, 2008                               FOLEY & LARDNER LLP
                                                    LAURENCE R. ARNOLD
                                                    EILEEN R. RIDLEY
                                                    SCOTT P. INCIARDI
                                                    KRISTY KUNISAKI


                                         By:  _____/s/_____
                                              EILEEN R. RIDLEY
                                              Attorneys for STANFORD HOSPITAL &
                                              CLINICS and LUCILE PACKARD
                                              CHILDREN'S HOSPITAL

3
NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1423387.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After having been specifically informed and prompted by the Court to proceed with discovery, Respondent/Petitioner/Counter-Respondent Service Employees International Union, Local 715 ("Local 715") has embarked on a pattern of stonewalling and patent discovery abuse. First, it failed to produce substantive documents responsive to Petitioner/Respondent/Counter-Petitioner Stanford Hospital & Clinics' and Lucile Packard Children's Hospital's (collectively "the Hospitals") Request for Production of Documents. Those written discovery requests are the subject of a separate motion to compel. Then, after having been properly noticed, it has refused to produce party witness Rusty Smith for deposition in advance of the deadline to file dispositive motions. Additionally, witness Myriam Escamilla has been purposefully evading service of a deposition subpoena and counsel of record for Local 715 has refused to accept service on Ms. Escamilla's behalf and/or provide dates for her deposition. Finally, after proper service of her deposition subpoena and notice to opposing counsel, counsel for Local 715 has represented to the Hospitals that it will not produce Ms. Sermersheim for her deposition on the noticed date and has refused to provide additional dates for Ms. Sermersheim's depositions. The Hospital's efforts to meet and confer regarding scheduling the depositions of these witnesses without judicial intervention have been unsuccessful. As a result, the Hospitals are forced to bring this Motion to Compel the depositions of three indispensable witnesses, Rusty Smith, Myriam Escamilla and Kristy Sermersheim. These witnesses' appearance and testimony at deposition should be compelled, and Local 715 should be sanctioned for its abuse of the discovery process.

## II. FACTUAL BACKGROUND

Each of these actions involves the Hospitals' obligation to arbitrate with Local 715 pursuant to a collective bargaining agreement (the "CBA") and/or to comply with arbitration awards purportedly issued pursuant to the CBA. The Hospitals have alleged

4
NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1423387.1

1 that Local 715, formerly the certified exclusive bargaining representative of a bargaining
2 unit of Hospital employees (the "Bargaining Unit"), has effectively ceased to exist, and
3 that therefore the Hospitals have no obligation to arbitrate.  The Hospitals also assert that
4 the attorneys from the law firm of Weinberg Roger & Rosenfeld (the "Weinberg Firm" or
5 "Weinberg") who have sought to participate in arbitration proceedings with the Hospitals
6 do not actually represent Local 715, but instead are retained by UHW and are acting
7 under the guise of an invalid servicing agreement (the "Servicing Agreement").

8      On April 25, 2008, the Court held a case management conference.  At the CMC,
9 counsel for Local 715 argued that no discovery was necessary in the case.  The Hospitals'
10 counsel, however, argued that, due to the Hospitals claims regarding the status of Local
11 715, some discovery was necessary before dispositive motions could be filed.
12 Specifically, it was argued that discovery was necessary on the issues of Local 715's
13 continued existence, Local 715's resources, its capacity as representative of the
14 Bargaining Unit, and the legal representation provided to Local 715.  [Declaration of
15 Eileen R. Ridley In Support Of Stanford Hospital & Clinics' and Lucile Packard
16 Childrens Hospital's Motion to Compel Depositions ("Ridley Decl.") ¶ 2 Exh. A at 4:2-
17 5:2.]  The Court agreed and specifically approved discovery into these limited areas.  [Id.
18 at 13:25-14:9.]

19      On June 13, 2008, the Hospital served Local 715 with a Notice of Deposition of
20 Rusty Smith to take place on June 26, 2008.  [Ridley Decl. ¶ 3, Exhs. B-G.]   This
21 deposition (as with the deposition of Ms. Escamilla and Ms. Sermersheim) was
22 specifically scheduled for a date after the union entities were required to produce
23 documents in response to the Request for Production of Documents and/or subpoenas
24 served by the Hospitals.  Between June 13 and June 20, the Hospitals made 11 separate
25 attempts to serve Myriam Escamilla with a deposition subpoena for a deposition to
26 commence on July 2, 2008.  [Ridley Decl. ¶ 4-5, Exhs. H-Y.]  Initially, Ms. Escamilla
27 indicated that she would accept service at home and made arrangements to receive the
28

subpoena. [Ridley Decl. ¶ 5, Exhs. N-S.] She failed to appear, however, at the appointed time, and all further attempts to serve her at her home have failed. [Id.] Attempts were also made at Ms. Escamilla's work address, but she would not accept service and her office refused to accept service on her behalf. [Id.]

On June 23, 2008, ten days after the notice of Mr. Smith's deposition was served, counsel for Local 715, Bruce Harland, wrote a letter objecting to the deposition notice and subpoena as "an effort to harass both Mr. Smith and Ms. Escamilla." [Ridley Decl. ¶ 7, Exh. LL.] In his letter, Mr. Harland further stated that neither Mr. Smith nor Ms. Escamilla were available for the dates noticed. [Id.] Counsel of record for the Hospitals, Eileen R. Ridley, responded to counsel for SEIU's letter on that same day, clarifying that Mr. Smith was served as a party to these actions, and requesting alternative deposition dates. [Ridley Decl. ¶ 8, Exh. MM.] Ms. Ridley further notified Mr. Harland that Ms. Escamilla had evaded service of subpoena and asked counsel whether he would accept service of the subpoena on Ms. Escamilla's behalf. [Id.] Mr. Harland did not respond substantively to this letter until July 1, 2008. Mr. Harland eventually offered counsel the following dates for Mr. Smith's deposition: July 14, 15, 16, 17—knowing that the Court had set the deadline for filing depositive motions for July 18, 2008. [Ridley Decl. ¶ 14, Exh. SS.]

The parties continued to meet and confer until July 9, 2008. [Ridley Decl. ¶ 15, Exh. TT.] To date, however, the Hospitals have not been able to obtain alternative deposition dates for the depositions of Mr. Smith or Ms. Escamilla – particularly dates which would provide sufficient time to review the documents produced by SEIU, Local 715. Counsel for Local 715 has neither agreed to accept service on behalf of Ms. Escamilla, nor has he offered any dates when she would be available to be deposed.

On June 16, 2008, Kristy Sermersheim was served with a subpoena to appear for deposition on July 1, 2008. [Ridley Decl. ¶ 6, Exhs. FF-KK.] On June 27, 2008, counsel for the Hospitals received a letter from Andrea Laicona, an attorney from the firm

6
NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1423387.1

representing Local 715, notifying counsel that Ms. Sermersheim was not available on July 1 for her deposition. [Ridley Decl. ¶ 10, Exh. OO.] In her letter, Ms. Laiacona further stated, "I do not believe that, given the causes of action in this matter, that Ms. Sermersheim has any relevant information for you and am not entirely certain that her deposition is necessary." [Id.] On June 30, counsel for the Hospitals sent Ms. Laiacona a letter explaining that, given Ms. Sermersheim's status as former executive secretary of Local 715 and her participation in various events relating to Local 715's status, her deposition was necessary, and requesting alternative dates for her deposition. [Ridley Decl. ¶ 11, Exhs. PP.] To date, the Hospitals have received no response to this letter.

## III. DISCUSSION

### A. Legal Standard

Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party...." Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Furthermore, Federal Rule of Civil Procedure 30(b) requires:

> (1) [a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known ... (2) the party taking the deposition shall state in the notice the method by which the testimony shall be recorded.

///
///
///

7
NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1423387.1

**B.     Mr. Smith, Ms. Escamilla, and Ms. Sermersheim Should Be Compelled To Appear and Testify At Deposition Because The Information The Hospitals Seeks Is Highly Relevant To These Cases.**

The heart of these cases is the status of the representation of the service employees of the Hospitals and, specifically, the existence and operational capacity of Local 715, the use of its resources and its representative capacity. Furthermore, each of the merits of these cases will also depend upon the state of the resources of Local 715, the involvement of the Weinberg firm and whether it represents Local 715 directly or through the rejected Servicing Agreement. Each of the witnesses who are the subject of this Motion have personal knowledge of relevant information which touches upon the central issues of these cases.

**(1)     Mr. Smith**

The Hospitals have been informed that Rusty Smith is a party to this litigation as the purported Trustee for Local 715. As Trustee for Local 715, Mr. Smith will no doubt have information relating to the existence of Local 715, the representation and use of resources of Local 715. Furthermore, it is anticipated that Mr. Smith will know whether Local 715 retained counsel, when it retained counsel, and whether the Weinberg firm directly represents Local 715 or whether it represents Local 715 pursuant to a rejected Servicing Agreement. All of these issues are essential to determine whether Local 715's contentions have any merit.

When Mr. Smith was properly served with a deposition notice on June 13, 2008, he became obligated to appear and testify at his deposition. Fed. R. Civ. P. 30(b). No proper objections to Mr. Smith's deposition notice were ever made. As such, Mr. Smith should be compelled to appear for deposition in advance of the deadline for filing dispositive motions.[1]

---

[1] Due to Local 715's failure to produce essential witnesses for depositions, the failure of Local 715 to provide complete responses to requests for production of documents, and the failure of two other SEIU locals, also represented by the Weinberg Firm, to respond

8
NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF
SFCA_1423387.1

### (2) Ms. Escamilla

Ms. Escamilla is a representative of UHW assigned to Stanford Hospital & Clinics and Lucile Packard Children's Hospital under the purported Servicing Agreement with Local 715 as well as the purported Trustee's Assistant. In her capacity, it is likely that Ms. Escamilla will be able to testify as to the status of Local 715, its representation, and the use of resources. In particular, Ms. Escamilla attended the arbitration of Victor Acosta, the subject of Case No. 5:08-CV-00213-JF, purporting to be a representative of Local 715. Thus, Ms. Escamilla will be able to provide highly relevant testimony as to the capacity in which she appeared at that arbitration which goes directly to the issue of the validity of the arbitrator's award in that case.

Although Ms. Escamilla has repeatedly evaded service for her deposition subpoena, the Weinberg firm objected to the subpoena on her behalf while at the same time refusing to accept service on her behalf. Ms. Escamilla should be compelled to appear for deposition.

### (3) Ms. Sermersheim

Kristy Sermersheim is the former Executive Secretary of Local 715. As the former Executive Secretary of Local 715, the Hospitals anticipate that Ms. Sermersheim will have relevant information with regard to the current status of Local 715 and dealings between Local 715 and UHW, including the rejected Servicing Agreement up to the time of her departure from Local 715. Because Ms. Sermersheim has personal knowledge of relevant information to these cases, she should be compelled to appear.

### C. The Court Should Order Sanctions For Local 715's Failure to Produce Witnesses

As officers or former officers of Local 715, Mr. Smith, Ms. Escamilla, and Ms.

---

to subpoenas calling for the production of documents, the Hospitals have been forced to file a motion to continue the dispositive motion deadline, which is now nearly one week away.

1  Sermersheim have personal knowledge and authorization to provide testimony relating to
2  Local 715 that is at issue in this dispute. Local 715 can provide no reason why they
3  refuse to produce these witnesses and have been uncooperative—in direct contradiction
4  to this Court's direction in the Case Management Conference held on April 25, 2008.
5  The party who is the subject of a motion to compel may be required to reimburse the
6  moving party for costs associated with bringing such a motion if the moving party is
7  successful. Fed. R. Civ. P. 37(a)(5)(A).

8      With specific regard to Mr. Smith, if a party fails to appear for deposition,
9  sanctions may be imposed even in the absence of a prior court order. Fed. R. Civ. P.
10 37(d)(1)(A)(i).

11     Therefore, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and
12 37(d)(1)(A)(1), the Hospital respectfully requests that the Court order sanctions against
13 Local 715 and its counsel for the costs associated with bringing forth this Motion and for
14 Local 715's willful failure to produce witnesses for deposition. The Hospitals estimate
15 that they have spent and/or anticipate spending approximately $10,000 to bring this
16 motion. [Ridley Decl. ¶ 17.]

17 **IV.    CONCLUSION**

18     For the foregoing reasons, the Stanford Hospital & Clinics and Lucile Packard
19 Children's Hospital respectfully request that this Court grant their Motion to Compel and
20 order sanctions against Local 715.

22 Dated: July 11, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
EILEEN R. RIDLEY
SCOTT P. INCIARDI

By:  /s/
    EILEEN R. RIDLEY
    Attorneys for STANFORD HOSPITAL &
    CLINICS and LUCILE PACKARD
    CHILDREN'S HOSPITAL

10
NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1423387.1