1   WILLIAM A. SOKOL, Bar No. 072740
    W. DANIEL BOONE, Bar No. 046553
2   BRUCE A. HARLAND, Bar No. 230477
    WEINBERG, ROGER & ROSENFELD
3   A Professional Corporation
    1001 Marina Village Parkway, Suite 200
4   Alameda, California 94501-1091
    Telephone 510.337.1001
5   Fax 510.337.1023

6   Attorneys for Petitioner
    SEIU, Local 715

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11

12  SERVICE EMPLOYEES INTERNATIONAL   ) No.     5:08-CV-01727-JF
    UNION, LOCAL 715,                 )
13                                    ) PETITIONER'S MEMORANDUM OF
                   Petitioner,        ) POINTS AND AUTHORITIES IN
                                      ) SUPPORT OF MOTION TO COMPEL
14         v.                         ) ARBITRATION
                                      )
15                                    ) Date:   August 29, 2008
    STANFORD HOSPITAL & CLINICS and   ) Time:   9:00 a.m.
16  LUCILE PACKARD CHILDREN'S         ) Judge:  Hon. Jeremy Fogel
    HOSPITAL,                         ) Courtroom:    3, 5th Fl.
17                 Respondents.       )
                                      )
18                                    )
                                      )
19                                    )
                                      )
20

21                      I.    **INTRODUCTION**

22         Petitioner SEIU, Local 715 (the "Union" or "Local 715") and Stanford Hospital and Clinics

23  and Lucile Packard Children's Hospital (the "employer") are parties to a Collective Bargaining

24  Agreement.  The parties' Agreement contains an arbitration procedure leading to final and binding

25  arbitration.

26         The employer brazenly refuses to submit this dispute to arbitration for final and binding

27  arbitration resolution.  Federal law requires the Court to order arbitration, leaving to the Arbitrator

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

1   the task of deciding the merits of the dispute.  Accordingly, Local 715 petitions this Court for an

2   Order compelling the employer to arbitrate this dispute as well as an award of attorney's fees

3   because the employer has acted in bad faith in refusing to arbitrate this matter.

## II.   STATEMENT OF FACTS

5        There is not much in dispute in this case.  At all relevant times the Union and the employer

6   have been parties to a Collective Bargaining Agreement.  (Pet. to Compel at ¶ 4, Exh. A.)  On or

7   about  May 22, 2007, Local 715 submitted a grievance on behalf of Jesus Andrade alleging that he

8   was unjustly terminated.

9        There is no dispute that there is a valid Collective Bargaining Agreement, or that it contains

10  an arbitration provision that allows either Local 715 to arbitrate disputes involving termination,

11  such as the termination of Jesus Andrade.  Rather, the employer refuses to arbitrate the instant

12  dispute, involving the such failure because it has apparently taken the position that it does not

13  believe that Local 715 exists or has standing to participate in any arbitration hearing.  This is not

14  only inaccurate but it does not provide a basis for refusing to arbitrate the instant matter.

15       The issue in this matter involves a simple grievance dealing with discipline of Union

16  member.  This dispute is substantively arbitrable, and, therefore, the Court should grant Local

17  715's petition to compel arbitration.

## III.   LEGAL ARGUMENT

19  **A.    THE EMPLOYER ADMITS THAT LOCAL 715 IS A LABOR ORGANIZATION
20          AND CONTINUES TO DEAL WITH LOCAL 715 AS A LABOR ORGANIZATION.**

21       The employer argument that arbitration should not be compelled is without merit.  In a

22  related, pending case, the employer alleges that Local 715 "is a labor organization representing

23  employees in an industry affecting commerce within the territorial jurisdiction of this Court within

24  the meaning of Section 301 [of the LMRA]."  (*See Stanford Hosps. & Clinics, et al. v. SEIU, Local

25  715*, Case No. C-07-CV-05158-JF.)  While the employer's factual assertion that the Local 715 "is a

26  labor organization . . . within the meaning of Section 301," is not conclusively binding on the

27  employer, it is admissible in this proceeding as an evidentiary admission.  *See Barnes v. Owens-*

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

Local 715's Memorandum of Points and Authorities in Support of Petition to Compel Arbitration
Case No. C-08-01727-JF

1    *Corning Fiberglass Corp.*, 201 F.3d 815, 829 (6th Cir. 2000).  On the date that the employer's

2    counsel signed the pleading, counsel for the employer certified that "the factual contentions ha[d]

3    evidentiary support . . . ."  *See* Fed.R.Civ.Proc. 11.  At least as of October 9, 2007, the Court must

4    presume, based on counsel's representation, the employer understood, believed, and could *prove*

5    that Local 715 existed and represented members who were employed at Stanford Hospital and

6    Clinics and Lucile Packard Children's Hospital.  Otherwise counsel for the employer would have

7    been in violation of Rule 11.

8         Indeed, the employer continues to deal with Local 715, as if Local 715 exists and represents

9    employees at Stanford Hospital and Clinics and Lucile Packard Children's Hospital.  The

10   definition of a labor organization is rather broad.  The National Labor Relations Act, 29 U.S.C. §

11   152(5), defines a labor organization as "any organization of any kind . . . in which employees

12   participate and which exists for the purpose, in whole or in part, of dealing with employers

13   concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of

14   work."

15        Local 715 clearly fits the definition of a labor organization.  Employees at Stanford

16   Hospital and Clinics and Lucile Packard Children's Hospital continue to participate in Local 715.

17   (Smith Decl. at ¶¶ 16-17; Harland Decl. at ¶ 3, Exh. B.)   There are at least 25 Shop Stewards who

18   continue to deal with the employer over terms and conditions of work, and participate in a Labor

19   Management Committee on behalf of Local 715.  (Smith Decl. at ¶ 16; Harland Decl. at ¶ 3, Exh.

20   B.)  Simply put, the issue raised by the employer as to the status and/or existence of Local 715 is a

21   non-issue.

22   **B.    THE COURT SHOULD ORDER ARBITRATION BECAUSE IT CANNOT BE
         CONCLUDED WITH POSITIVE ASSURANCE THAT THE PARTIES'**
23       **ARBITRATION CLAUSE EXCLUDES THE DISPUTES AT ISSUE.**

24        Federal law requires the submission of disputes over the interpretation and application of

25   labor agreements to arbitration.  *USWA v. Am. Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d

26   1403 (1960); *USWA v. Warrior & Gulf*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).  It is

27   a well-established principle that "where a contract contains an arbitration clause, there is a

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Local 715's Memorandum of Points and Authorities in Support of Petition to Compel Arbitration
Case No. C-08-01727-JF

1 presumption of arbitrability in the sense that "'[a]n order to arbitrate the particular grievance

2 should not be denied unless it may be said with *positive assurance* that the arbitration clause is not

3 susceptible of an interpretation that covers the asserted dispute." *Warrior & Gulf*, 363 U.S. at 582-

4 83 (emphasis added). "Doubts should be resolved in the favor of coverage." *Id.* at 583. Even if it

5 appears to the court that a party's grievance is frivolous, the court has "no business weighing the

6 merits of the grievance" but is limited to determining whether the arbitration clause is susceptible

7 of an interpretation covering the dispute. *See AT&T Techs., Inc. v. CWA*, 475 U.S. 643, 649-50,

8 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

9    Here, it is undisputed that the Collective Bargaining Agreement contains an arbitration

10 provision. Further, the Collective Bargaining Agreement specifically allows for grievances

11 involving termination be arbitrated. Since the Collective Bargaining Agreement in this case

12 contains an arbitration procedure and does not exclude the instant grievance, the Court should

13 compel the employer to arbitrate the instant grievance.

14 **C. BECAUSE THE EMPLOYER HAS ACTED IN BAD FAITH BY REFUSING TO ARBITRATE THE INSTANT GRIEVANCES, AN AWARD OF ATTORNEY'S**

15 **  FEES IS APPROPRIATE.**

16    The employer's only justification to refuse to arbitrate the instant dispute is that it questions

17 the existence and/or representational status of Local 715. That is not a basis by which to refuse to

18 arbitrate a dispute. Such a refusal is disruptive to the labor relations between the parties, and

19 calculated to delay an amicable resolution of legitimate labor disputes. As such, the employer has

20 acted in bad faith, and an award of attorneys' fees is appropriate if not compelled. *See UFCW v.*

21 *Alpha Beta Co.*, 736 F.2d 1371, 1381 (9th Cir. 1983).

22             **IV. CONCLUSION**

23    Rather than abide by the Collective Bargaining Agreement, the employer is simply ignoring

24 its duty to arbitrate disputes. The employer has no colorable basis for refusing to arbitrate the

25 underlying grievance. As such, the employer has acted in bad faith, and an award of attorneys'

26 fees is proper. The Union, therefore, urges the Court to issue an award of attorneys' fees, as well

27 as an Order compelling the employer to arbitrate the outstanding dispute between the parties.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Local 715's Memorandum of Points and Authorities in Support of Petition to Compel Arbitration
Case No. C-08-01727-JF

1

2

3

Dated: July 18, 2008

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

4

5

6

By:  /s/ Bruce Harland
Bruce Harland
Attorneys for Plaintiff

7    118618/500178

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 5 -

Local 715's Memorandum of Points and Authorities in Support of Petition to Compel Arbitration
Case No. C-08-01727-JF