1   **FOLEY & LARDNER LLP**
    ONE MARITIME PLAZA, SIXTH FLOOR
    SAN FRANCISCO, CA 94111-3409
2   TELEPHONE:    415.434.4484
    FACSIMILE:    415.434.4507
3
    LAURENCE R. ARNOLD, CA BAR NO. 133715
    EILEEN R. RIDLEY, CA BAR NO. 151735
4   SCOTT P. INCIARDI, CA BAR NO. 228814
    Attorneys for STANFORD HOSPITAL & CLINICS and
5   LUCILE PACKARD CHILDREN'S HOSPITAL

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11  STANFORD HOSPITAL & CLINICS and          Case No:  5:07-CV-05158-JF
    LUCILE PACKARD CHILDREN'S
12  HOSPITAL,                                 DECLARATION OF SCOTT P. INCIARDI
                                              IN SUPPORT OF STANFORD HOSPITAL
13              Petitioners,                  AND CLINICS' AND LUCILE PACKARD
                                              CHILDREN'S HOSPITALS' MOTION TO
14      vs.                                   COMPEL DEPOSITION OF GREG
                                              PULLMAN
15  SERVICE EMPLOYEES
    INTERNATIONAL UNION, LOCAL 715,           Date:         September 24, 2008
16                                            Time:         1:30 P.M.
                Respondent.                   Dept:         Ctrm. 4, 5th Floor
17
                                              Judge:        Hon. Jeremy Fogel
18                                            Magis. Judge: Hon. Richard Seeborg

19  SERVICE EMPLOYEES                         Case No:  5:08-CV-00213-JF
    INTERNATIONAL UNION, LOCAL 715
20
21              Petitioner and Counter-
                Respondent,
22
        vs.
23
    STANFORD HOSPITAL & CLINICS and
24  LUCILE PACKARD CHILDREN'S
    HOSPITAL
25
                Respondents and Counter-
26              Petitioners.                  Judge:        Hon. Jeremy Fogel

27

28

    ──────────────────────────────────────────────────────────
    INCIARDI DECLARATION IN SUPPORT OF MOTIONS TO COMPEL PULLMAN DEPOSITION
    CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
    5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1447133.1

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00215-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:    Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00216-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:    Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01726-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:    Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01727-JF |
| Petitioner, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents. | Judge:    Hon. Jeremy Fogel |

1    I, Scott P. Inciardi, declare as follows:

2    1.    I am an attorney admitted to practice in the State of California and before

3    this Court, and am an associate with the law firm of Foley & Lardner LLP, attorneys of

4    record for Stanford Hospital And Clinics And Lucile Packard Children's Hospital (the

5    "Hospitals") in the above-captioned cases (the "Cases"). I make this declaration based on

6    my personal knowledge. If called as a witness, I could and would testify competently

7    under oath to the following facts.

8    2.    Each of these actions involves the Hospitals' obligation to arbitrate with

9    Service Employees International Union, Local 715 ("Local 715") pursuant to a collective

10   bargaining agreement (the "CBA") and/or to comply with arbitration awards purportedly

11   issued pursuant to the CBA. The Hospitals have alleged that "Local 715," has effectively

12   ceased to exist, and that therefore there is no entity to act as petitioner in these actions

13   and no party with whom the Hospitals have an obligation to arbitrate. In the alternative,

14   the Hospitals have alleged that, to the extent that "Local 715" does continue to exist, it

15   has invalidly attempted to transfer its representational functions to another SEIU Local,

16   Service Employees International Union, United Healthcare Workers – West ("UHW").

17   The Hospitals also assert that the attorneys from the law firm of Weinberg Roger &

18   Rosenfeld (the "Weinberg Firm" or "Weinberg") who have sought to participate in

19   arbitration proceedings with the Hospitals do not actually represent Local 715, but

20   instead are retained by UHW and are acting under the guise of an invalid servicing

21   agreement (the "Servicing Agreement").

22   3.    On April 25, 2008, the Court held a case management conference on the

23   Cases. During the conference, Eileen Ridley, counsel for the Hospitals, argued that the

24   Hospitals should be permitted to conduct discovery into the existence of Local 715, the

25   representation of Local 715, and the resources of Local 715. The Court approved

26   discovery on these issues. A true and correct copy of the transcript of the case

27   management conference is attached hereto as Exhibit A.

28

4.    On June 16, 2008, Greg Pullman was personally served with deposition subpoenas in each of the Cases. The deposition subpoenas required Mr. Pullman to appear and be deposed at the offices of Foley & Lardner LLP in Palo Alto, California on July 7, 2008. True and correct copies of the above-referenced deposition subpoenas are attached hereto as Exhibit B.

5.    Subsequent to the service of the subpoenas on Mr. Pullman, Norman Gleichman identified himself as counsel for Service Employees International Union ("SEIU" or the "International") and, inasmuch as Mr. Pullman is currently an employee of SEIU, counsel for Mr. Pullman. In an e-mail dated July 1, 2008, Mr. Gleichman objected to Mr. Pullman's deposition as "improper, oppressive and vexatious." A true and correct copy of this e-mail is attached hereto as Exhibit C.

6.    On the morning of July 7, 2008, Mr. Pullman appeared at Foley & Lardner LLP's offices notwithstanding Mr. Gleichman's earlier representation that Mr. Pullman would not appear. That same day, Eileen Ridley sent Mr. Gleichman an e-mail informing him of Mr. Pullman's actions. A similar e-mails were also sent to Bruce Harland, counsel for "Local 715." True and correct copies of these e-mails are attached hereto as Exhibit D, E, and F.

7.    On July 11, 2008, Ms. Ridley sent an e-mail to Mr. Gleichman reminding him that the Hospitals were awaiting alternative dates for Mr. Pullman's deposition. A true and correct copy of this e-mail is attached hereto as Exhibit G.

8.    The Hospitals received no response to Ms. Ridley's July 11, 2008 e-mail. On July 31, 2008, Ms. Ridley sent another e-mail to Mr. Gleichman reminding him that he had still not provided any dates for Mr. Pullman's deposition and requesting that dates be provided by August 4, 2008 to avoid the necessity of a motion to compel. A true and correct copy of this e-mail is attached hereto as Exhibit H.

9.    Mr. Gleichman responded to Ms. Ridley's e-mail on August 4, 2008. He did not offer any dates for Mr. Pullman's deposition, but suggested that the parties talk the following day "about the status of the disputed discovery." Ms. Ridley responded by

2

1  e-mail that the Hospitals required a representation from Mr. Gleichman as to whether Mr.

2  Pullman would appear for a deposition and, if so the dates on which he was available. A

3  true and correct copy of these e-mails is attached hereto as Exhibit I.

4      10.    On August 6, 2008, Mr. Gleichman sent Ms. Ridley an e-mail in which he

5  again offered no dates for Mr. Pullman's deposition, but suggested that the parties discuss

6  the matter at a later date. A true and correct copy of this e-mail is attached hereto as

7  Exhibit J.

8      11.    On August 7, 2008, Ms. Ridley responded to Mr. Gleichman's e-mail,

9  pointing out that, in the nearly two (2) months since the subpoenas were served on Mr.

10  Pullman, Mr. Gleichman had yet to offer any potential dates for Mr. Pullman's

11  deposition, or even to represent that Mr. Pullman would appear for his deposition at all.

12  Ms. Ridley repeated that, in order to avoid the necessity of a motion to compel, Mr.

13  Gleichman needed to represent that Mr. Pullman would appear for his deposition and

14  offer mutually acceptable dates. A true and correct copy of this e-mail is attached hereto

15  as Exhibit K.

16      12.    To date, Mr. Gleichman has not provided a response to Ms. Ridley's

17  August 7, 2008 e-mail.

18      13.    On May 19, 2008, the Hospitals served six (6) subpoenas calling for the

19  production of documents on SEIU. A true and correct copy of one of those subpoenas is

20  attached hereto as Exhibit L. Responses to the subpoenas were due on June 18, 2008. To

21  date, SEIU has not provided responses to those subpoenas.

22      14.    Attached hereto as Exhibit M are selected documents in the Hospitals'

23  possession reflecting Mr. Pullman's role as Staff Director for Local 715 and his role in

24  the implementation of a Servicing Agreement between Local 715 and Service Employees

25  International Union, United Healthcare Workers – West.

26  ///

27  ///

28

1    I declare under penalty of perjury under the laws of the State of California and the

2  United States of America that the foregoing is true and correct.

3    Executed on this 20th day of August, 2008 in San Francisco, California.

SCOTT P. INCIARDI

INCIARDI DECLARATION IN SUPPORT OF MOTIONS TO COMPEL PULLMAN DEPOSITION
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

EXHIBIT A

1                UNITED STATES DISTRICT COURT

2              NORTHERN DISTRICT OF CALIFORNIA

3                    SAN JOSE DIVISION

4

   SERVICE EMPLOYEES              )   CV-07-5158-JF
5  INTERNATIONAL UNION,           )
   LOCAL 715,                     )   SAN JOSE, CALIFORNIA
6                                 )
                  PETITIONER,     )
7                                 )   APRIL 25, 2008
             VS.                  )
8                                 )
   STANFORD HOSPITAL AND          )   PAGES 1-17
9  CLINICS & LUCILE PACKARD       )
   CHILDREN'S HOSPITAL,           )
10                                
                  RESPONDENT.

11 ──────────────────────────────

12                TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE JEREMY FOGEL
13            UNITED STATES DISTRICT JUDGE

14

   A P P E A R A N C E S:
15

16 FOR THE PLAINTIFF:   WEINBERG, ROGER & ROSENFELD
   SEIU                 BY:  BRUCE HARLAND
17                      1001 MARINA VILLAGE PKWY.
                        STE 200
18                      ALAMEDA, CA  94501

19

20 FOR THE DEFENDANT:   FOLEY & LARDNER
   STANFORD HOSPITAL    BY:  EILEEN RIDLEY
21 LUCILE PACKARD        ONE MARITIME PLAZA, 6TH FL
                        SAN FRANCISCO, CA  94111
22

23

24

25 OFFICIAL COURT REPORTER: SUMMER CLANTON, CSR,
                       CERTIFICATE NUMBER 13185

                                              1

1    SAN JOSE, CALIFORNIA            APRIL 25, 2008

2                     P R O C E E D I N G S

3              (WHEREUPON, COURT CONVENED AND THE

4    FOLLOWING PROCEEDINGS WERE HELD:)

5              THE COURT:  ALL OF THE SEIU, WHICH I

6    BELIEVE ALL HAVE THE SAME NAME.  SEIU VERSUS

7    STANFORD HOSPITAL AND CLINICS.

8              MR. HARLAND:  GOOD MORNING, YOUR HONOR.

9    BRUCE HARLAND FOR SEIU LOCAL 715.

10             MS. RIDLEY:  GOOD MORNING, YOUR HONOR.

11   EILEEN RIDLEY, FOLEY AND LARDNER, ON BEHALF OF

12   STANFORD HOSPITAL AND LUCILE PACKARD CHILDREN'S

13   HOSPITAL.

14             THE COURT:  OKAY.  WE ACTUALLY HAVE A

15   COUPLE OF DIFFERENT THINGS GOING ON.  I DID RELATE

16   ALL THE CASES AND THERE SHOULD BE NO

17   MISUNDERSTANDING.  I DIDN'T CONSOLIDATE ANYTHING.

18   I'M TREATING THEM AS SEPARATE CASES, BUT I

19   CONCLUDED THERE IS ENOUGH OF AN OVERLAP AMONG THE

20   DISPUTES THAT IT WOULD BE APPROPRIATE FOR ONE JUDGE

21   TO HANDLE THEM.

22             I GUESS MY QUESTION IS WHETHER WE ARE IN

23   A POSITION TO SET ANY TYPE OF SCHEDULE OR WHETHER

24   WE SHOULD TRY TO GET EVERYONE TOGETHER FOR A SINGLE

25   ADR PROCEDURE OR WHAT THE APPROPRIATE NEXT MOVE IS

                                                      2

1    AT THIS POINT.

2              MR. HARLAND:  YOUR HONOR, THIS IS

3    BRUCE HARLAND.  I DON'T THINK ANY ADR IS GOING TO

4    BE HELPFUL IN THIS SITUATION.

5              WHAT I WOULD PROPOSE IN THE RELATED CASE,

6    051 -- OR, 5158 -- WE AGREED AT THE LAST CASE

7    MANAGEMENT CONFERENCE TO FILE A DISPOSITIVE MOTION

8    IN THAT MATTER BY JUNE 20TH.

9              THE COURT:  OKAY.

10             MR. HARLAND:  AND THAT'S A PETITION TO

11   VACATE FILED BY STANFORD HOSPITAL.  213, BEFORE YOU

12   TODAY, IS A PETITION, PART OF AN ARBITRATION AWARD,

13   WHICH IN THE UNION'S OPINION IS JUST A STRAIGHT

14   LEGAL ISSUE.  I WOULD PROPOSE HAVING 505 ON JUNE

15   20TH.

16             THE COURT:  BASICALLY JUST SET A MOTIONS

17   DATE FOR ANY MOTIONS ANYONE WANTS TO FILE IN ANY OF

18   THE RELATED CASES?

19             MR. HARLAND:  YEAH.  BEFORE JUNE 20TH.  I

20   DON'T THINK THERE'S ANY NEED IN THESE CASES,

21   BECAUSE THERE'S JUST A PURE LEGAL ISSUE, ANY NEED

22   TO DO DISCOVERY.

23             THE COURT:  OKAY.  I SEE COUNSEL SHAKING

24   HER HEAD, SO PERHAPS I SHOULD HERE FROM HER.

25             MS. RIDLEY:  A COUPLE OF POINTS WITH

1    REGARD TO THAT.

2              ONE, THE CASES MOST RECENTLY RELATED,

3    WE'VE NOT EVEN APPEARED YET, AND WE THINK THEY ARE

4    SURFACE ISSUES WITH REGARD TO THOSE.  THE SURFACE

5    ISSUES CAN BE RESOLVED MUCH LIKE THE OTHER ISSUES

6    BUT THEY ARE IN A DIFFERENT STATUS.

7              SECOND, THERE'S DIFFERENT ISSUES FROM THE

8    CASE -- THE FIRST FILED CASE FROM THE RELATED CASES

9    THAN THE OTHERS AS WE'VE DISCUSSED, BUT ONE OF THE

10   MORE IMPORTANT ISSUES IS THE STATUS OF LOCAL 715,

11   THE ISSUES OF RESOURCES, AND THE REPRESENTATIVE

12   CAPACITY.  THOSE HAVE TO BE SUBJECT TO SOME

13   DISCOVERY WHICH WE BELIEVE HAS TO BE DONE.  AND

14   GIVEN THE JUNE 20TH DATE, I DON'T KNOW WE HAVE

15   ENOUGH TIME.

16             THERE ARE SIGNIFICANT ISSUES WITH REGARD

17   TO WHAT'S GOING ON WITH REGARD TO WHO IS

18   REPRESENTING THAT LOCAL, WHETHER IT EXISTS, AND

19   WHETHER RESOURCES HAVE BEEN SENT.

20             THE COURT:  HOW QUICKLY WILL IT TAKE TO

21   DO THAT?

22             MS. RIDLEY:  I ANTICIPATE, WITH REGARD TO

23   DISCOVERY, IS SOME DOCUMENT PRODUCTION, POSSIBLE

24   REQUEST AND A POSSIBLE DEPOSITIONS.

25             THE ISSUE REALLY GOES TO A VERY DISCREET

                                                      4

1    CONCERN WITH REGARD TO THE RESOURCES AND

2    REPRESENTATION.

3              THE COURT:  RIGHT, WHO ARE YOU DEALING

4    WITH.

5              LET ME GET COUNSEL TO RESPOND.

6              MR. HARLAND?

7              MR. HARLAND:  SURE.  I THINK IT WILL

8    TAKE -- IT WILL BE SIGNIFICANT DISCOVERY BASED ON

9    THE PAST RELATIONSHIP BETWEEN THE PARTIES.

10             NUMBER TWO, I DON'T THINK YOU NEED ANY OF

11   THAT INFORMATION, OR THEY NEED ANY OF THAT

12   INFORMATION TO ARGUE A PETITION TO CONFIRM AN

13   ARBITRATION AWARD OR EVEN A PETITION TO COMPEL

14   ARBITRATION.

15             THE COURT:  YOU'RE SAYING WE CAN SET THE

16   MOTION SCHEDULES ON THE ARBITRATION CASES QUICKLY,

17   AND THEN THE OTHER MATTER HAVING TO DO WITH WHO IS

18   BARGAINING WITH WHOM CAN BE WORKED OUT IN A SLOWER

19   TIME FRAME.

20             MR. HARLAND:  WHAT I WOULD SUGGEST IS WE

21   BE ALLOWED TO BRING THE MOTION BY JUNE 20TH BY ALL

22   THE CASES EXCEPT FOR THE TWO THAT HAVE JUST BEEN

23   RELATED.  I GUESS --

24             THE COURT:  ALL RIGHT.  LET ME HEAR FROM

25   STANFORD AS TO WHY THAT'S NOT APPROPRIATE.

1    MS. RIDLEY:  THEY ARE TRYING TO COMPEL AN

2   ARBITRATION BASED ON AN ENTITY AND A SERVICING

3   AGREEMENT THAT WE'VE REJECTED, WITH REGARD TO

4   COUNSEL, WHO HASN'T CLARIFIED WHO THEY ARE

5   REPRESENTING, AN ENTITY THAT MAY NOT IN FACT EXIST.

6    THE COURT:  WOULD ANY OF THAT GO TO THE

7   ENFORCEABILITY OR THE LEGALITY OF THE ARBITRATION

8   AWARDS IN QUESTION?

9    MS. RIDLEY:  YES, YOUR HONOR.  AND WE

10   THINK THAT'S ONE OF THE ISSUES INCLUDING -- FOR

11   INSTANCE, IN THE FIRST CASE THAT EVERYTHING IS

12   RELATED TO, DEALING WITH WHETHER OR NOT THE

13   ARBITRATOR IN THAT CASE WENT BEYOND HIS POWERS TO

14   DETERMINE CERTAIN ISSUES.

15    THE COURT:  OKAY.

16    MR. HARLAND:  AND THAT'S JUST THE PURE

17   LEGAL ISSUE BECAUSE IT'S A MATTER THAT WAS

18   SUBMITTED TO THE ARBITRATOR WHICH HE EITHER WENT

19   BEYOND THAT ISSUE OR HE DIDN'T GO BEYOND THAT

20   ISSUE.  IF HE DIDN'T GO BEYOND THE ISSUES SUBMITTED

21   TO HIM --

22    THE COURT:  LET ME JUST HYPOTHETICALLY

23   SUGGEST SOMETHING AND GET A RESPONSE.

24    WITHIN THE FOUR CORNERS OF THE

25   ARBITRATION AWARD, THERE'S NO QUESTION THAT WHAT

1    MR. HARLAND JUST SAID IS CORRECT.  THE COURT LOOKS

2    AT THE ARBITRATION AWARD, AND IS THERE AN AGREEMENT

3    TO ARBITRATE, AND IS THE AWARD NOT COMPLETELY OFF

4    THE ENDS OF THE EARTH, AND SOMETIMES EVEN THOSE ARE

5    OKAY.  AND YOU JUST EITHER DECIDE TO CONFIRM IT OR

6    NOT.

7            BUT IN TERMS OF THE ENFORCEABILITY OF THE

8    ARBITRATION AWARD, THAT'S A DIFFERENT QUESTION.

9    IF THE ARBITRATION INVOLVED PEOPLE WHO WERE NOT

10   PARTIES TO THE ARBITRATION AGREEMENT, FOR INSTANCE,

11   THEN IT DOESN'T MATTER HOW GREAT A JOB THE

12   ARBITRATOR DID IF THERE'S NOTHING TO ENFORCE.  SO

13   THOSE ARE SEPARATE QUESTIONS.

14           AND I GUESS I WANT TO TRY TO GET AN

15   INDICATION -- IS IT THE UNION'S POSITION THAT THE

16   COURT SHOULD ADJUDICATE WHETHER THE AWARD SHOULD BE

17   CONFIRMED OR NOT CONFIRMED JUST BASED ON

18   TRADITIONAL ARBITRATION PRINCIPLES, AND THEN LEAVE

19   FOR ANOTHER DAY THE QUESTION OF WHETHER AT LEAST

20   ONE PARTY TO THAT ARBITRATION ACTUALLY HAD STANDING

21   TO PARTICIPATE IN IT, WHICH IS WHAT I THINK I HEAR

22   COUNSEL SUGGESTING.

23           MR. HARLAND:  I THINK YOU CAN RESOLVE --

24   I DON'T THINK YOU HAVE TO EVEN GET TO THE SECOND

25   ISSUE, BUT I THINK YOU CAN RESOLVE BOTH OF THOSE

7

1    ISSUES IN ONE MOTION WITHOUT ANY DISCOVERY.

2            THE COURT:  BUT HOW DO YOU -- I'M SORRY

3    TO INTERRUPT YOU -- BUT HOW DO YOU RESOLVE AN ISSUE

4    SUCH AS REPRESENTATION WITHOUT GETTING INTO SOME

5    TYPE OF FACTUAL INQUIRY?

6            MR. HARLAND:  WELL, FIRST, THE COURT DOES

7    NOT HAVE JURISDICTION OVER THE REPRESENTATIONAL

8    STATUS OF THE UNION, THAT'S THE NLRB'S

9    JURISDICTION, SO THAT'S JUST A PURE LEGAL ISSUE

10    THERE.

11            THE COURT IS ONLY, AS YOU SAID, LOOKING

12    AT THE CONTRACT, LOOKING AT THE ARBITRATION AND

13    DETERMINING WHETHER OR NOT THE ARBITRATOR ISSUED

14    THE ARBITRATION AWARD BY DRAWING THE ESSENCE OF THE

15    AWARD FROM THE CONTRACT OR, YOU KNOW, WHETHER OR

16    NOT HE VIOLATED POLICY.  YOU ARE REALLY LOOKING

17    ONLY AT LIMITED THINGS.

18            THE REPRESENTATIONAL STATUS OF THE UNION,

19    IS NOT AN ISSUE BEFORE THIS COURT AND THE COURT

20    DOESN'T HAVE ANY JURISDICTION.

21            THE COURT:  BUT WHY WOULD THE COURT WANT

22    TO SPEND THE TIME EVALUATING THE ENFORCEABILITY OF

23    AN ARBITRATION AWARD IF ULTIMATELY THE PARTIES WHO

24    ARE SEEKING ENFORCEMENT DON'T HAVE STANDING?

25            IN OTHER WORDS, I UNDERSTAND YOUR POINT,

8

1    THE COURT CAN LOOK AT THE AWARD WITHOUT EVEN

2    LOOKING AT THE ISSUE OF REPRESENTATIONAL STATUS,

3    BUT WHY WOULD THE COURT DO THAT AS A MATTER OF

4    JUDICIAL ADMINISTRATION IF THERE'S GOING TO BE A

5    FIGHT ABOUT THAT LATER?

6          MR. HARLAND:  WELL, AGAIN, I THINK YOU

7    CAN DO ALL OF THAT WITHOUT ANY DISCOVERY.

8          I MEAN, FOR EXAMPLE, THE WHOLE THING THAT

9    TICKED US OFF WAS A PETITION TO VACATE FILES BY

10    STANFORD.  THEY SAY THEY DON'T THINK EXISTS -- OR

11    THEY HAVE DOUBTS THAT EXISTS.  THERE IS -- I DON'T

12    KNOW HOW ELSE TO ANSWER THE QUESTION OTHER THAN I

13    DON'T THINK ANY DISCOVERY IS NECESSARY IN TERMS OF

14    THE UNION.  BUT THE COURT COULD CONFIRM THE

15    ARBITRATION AWARD AND THEN ENFORCE IT, AT THAT

16    POINT, DETERMINE IF THE UNION HAD ANY STANDING OR

17    NOT.

18          THE COURT:  WHY WOULD -- IF IT'S NOT

19    ENFORCEABLE -- AND I DON'T MEAN TO GET INTO A

20    HYPOTHETICAL ARGUMENT.  BUT IF IT'S NOT ENFORCEABLE

21    BECAUSE IT WASN'T OBTAINED BY A PARTY WITH

22    STANDING, WHY WOULD THE COURT WANT TO INVEST THE

23    RESOURCES DECIDING WHETHER IT'S ENFORCEABLE OR NOT?

24          MR. HARLAND:  IN TERMS OF WHO HAS

25    STANDING, THE ONLY PARTY THAT HAS STANDING IS THE

1   PARTY TO THE CONTRACT.

2            THE COURT:  RIGHT.

3            MR. HARLAND:  AND AGAIN, THIS IS A LEGAL

4   ISSUE IN TERMS OF WHO THE PARTIES HAVE AS THEIR

5   ADVOCATE AT THE ARBITRATION.

6            THE COURT:  I'M NOT SURE THAT'S TRUE,

7   COUNSEL.

8            AND AGAIN, I'M NOT TRYING EXERCISE

9   JURISDICTION OVER SOMETHING I DON'T HAVE

10  JURISDICTION OVER.  BUT SAY THERE'S A CONTRACT

11  BETWEEN A AND B, AND Z SHOWS UP AT THE ARBITRATION

12  AND SAYS, I'M A.

13           MR. HARLAND:  THAT'S NOT THE SITUATION WE

14  ARE DEALING WITH.  WHAT WE ARE DEALING WITH IS THE

15  CONTRACTS BETWEEN A AND B.  B SHOWS UP TO THE

16  ARBITRATION AND THE ATTORNEY FOR B SAYS, I'M

17  APPEARING ON BEHALF OF B.

18           COUNSEL FOR THE HOSPITALS ARE SAYING THAT

19  THEY QUESTION WHETHER OR NOT OUR FIRM ACTUALLY

20  REPRESENTS B DIRECTLY.

21           THAT'S NOT A STANDING ISSUE, THAT'S A

22  QUESTION OF ATTORNEY-CLIENT PRIVILEGE.

23           THE COURT:  IN MY HYPOTHETICAL, THOUGH,

24  YOU HAVE A PARTY WHO WASN'T WHO THEY SAID THEY WERE

25  PARTICIPATING IN THE ARBITRATION, AND THEN YOU GET

10

1  AN ADJUDICATION WHICH IS A RESULT OF THE POSITIONS

2  TAKEN BY THAT PARTY AND IT TURNS OUT THE ACTUAL

3  PARTY WASN'T THERE.  THAT GOES TO THE QUESTION OF

4  WHETHER THE ARBITRATION AWARD HAS ANY VALIDITY.

5          THAT'S WHAT I UNDERSTAND THE ARGUMENT TO

6  BE.  I'M NOT -- I HAVE NO IDEA WHETHER THERE'S ANY

7  TRUTH TO IT, BUT IT'S MORE THAN A QUESTION OF WHO

8  THE LAWYER IS.

9          WHAT I GATHER FROM THE VARIOUS PAPERS

10  I'VE SEEN OVER THE LAST SEVERAL DAYS IS THAT

11  THERE'S A DISPUTE AS TO WHETHER A LOCAL 715

12  REPRESENTS THE PEOPLE WHO IT PURPORTS TO REPRESENT.

13          MR. HARLAND:  BUT THAT IS AN ISSUE

14  ENTIRELY BEFORE THE EXCLUSIVE JURISDICTION OF

15  THE --

16          THE COURT:  RIGHT.  IT IS.  AND I'M NOT

17  PURPORTING TO DECIDE THAT.

18          BUT WHAT I'M SAYING IS BEFORE I ENTERTAIN

19  A PETITION TO VACATE OR ENFORCE AN ARBITRATION

20  AWARD, I HAVE TO MAKE SURE THAT THE WHOLE THING

21  ISN'T GOING TO GET UNDERCUT BY AN ORDER FROM THE

22  NLRB COMING OUT AT SOME FUTURE POINT IN TIME

23  SAYING, ACTUALLY, THE PEOPLE WHO WERE THERE HAD NO

24  RIGHT TO BE THERE.

25          THIS IS A RESOURCE QUESTION FOR ME.  I

11

1    THINK WHAT YOU SAID IS ABSOLUTELY RIGHT.  THE COURT

2    CAN LOOK AT THE ARBITRATION AWARD AND DECIDE

3    WHETHER IT MAKES SENSE, IN TERMS OF THE SCOPE OF

4    THE ARBITRATION AGREEMENT, WITHOUT REVOLVING THE

5    STANDING ISSUE AT ALL.  I'M JUST TRYING TO DECIDE

6    WHETHER IT'S A PRUDENT THING TO DO.

7            WHY SHOULD THE COURT GO THROUGH

8    LITIGATING ALL OF THAT IF THERE'S A POSSIBILITY IT

9    MAY NOT MEAN ANYTHING?

10            MR. HARLAND:  YOU COULD SAY THAT IN ANY

11    PETITION TO COMPEL, OR PETITION TO CONFIRM, OR

12    PETITION TO VACATE AT ANY POINT, AND IT GIVES A

13    COLLECTIVE BARGAINING RELATIONSHIP.

14            THE EMPLOYER CAN SAY, WE DON'T THINK THE

15    UNION REPRESENTS WHO THEY PURPORT TO REPRESENT.

16    BUT THE QUESTION IS:  AT THE HEARING, THE PARTIES

17    SHOWED UP; THE UNION ENTERED AN APPEARANCE ON

18    BEHALF OF LOCAL 715; A REPRESENTATIVE WHO WAS A

19    TRUSTEE OF 715 APPEARED.

20            THERE'S NO ISSUE OTHER THAN THAT.  THE

21    UNION IS JUST SEEKING TO ENFORCE THE AWARD THAT

22    THEY RECEIVED AS A PROPOSED AGREEMENT.

23            THE COURT:  LET ME JUST ASK COUNSEL.

24            IS THERE ANY REASON WHY THE COURT CAN'T

25    LOOK AT THE MERITS OF THE ARBITRATION AWARD?

12

1        MS. RIDLEY:  YES, BECAUSE ONE OF THE

2   THINGS THE ARBITRATOR DID WAS DETERMINE THE ISSUE

3   OF REPRESENTATION AND STANDING.  EVEN THOUGH DURING

4   THE PROCEEDING THE ARBITRATOR SAID THAT'S NOT THEIR

5   JURISDICTION, THEY ACTUALLY MADE THAT DECISION.

6   AND THAT IS, ORGANICALLY, ONE OF THE PROBLEMS THAT

7   GOES BEYOND WHETHER OR NOT YOU CAN CONFIRM THE

8   ARBITRATION AWARD BUT ALSO IT'S ENFORCEABILITY.

9        THE COURT:  SO WHAT CAN WE DO TO EXPEDITE

10  THE DISCOVERY ON THIS STANDING ISSUE?

11       MS. RIDLEY:  WE ARE PREPARED TO ISSUE THE

12  REQUESTS, TO IDENTIFY, YOU KNOW, THE DEPOSITIONS

13  THAT WE NEED WITH REGARD TO IT ONCE WE GET THE

14  DOCUMENTS WE THINK ARE RELEVANT TO FAIRLY NARROW

15  THE ISSUE WE ARE RAISING HERE.

16       THE COURT:  COUNSEL, IS THERE SOME REASON

17  WHY THAT CAN'T BE DONE QUICKLY?

18       MR. HARLAND:  ARE YOU ASKING ME?

19       THE COURT:  YES, COUNSEL.  I AM.

20       MR. HARLAND:  I MEAN, I HOPE IT COULD BE

21  DONE QUICKLY.  I DOUBT THAT IT WILL BE, BUT I HOPE

22  THAT IT COULD BE DONE QUICKLY.

23       THE COURT:  WELL, IT'S IN EVERYBODY'S

24  INTEREST.

25       ALL RIGHT, HERE'S WHAT I'M GOING TO DO.

13

1    AND THIS IS NECESSARILY BASED ON IMPRESSIONS RATHER

2    THAN HAVING POURED THROUGH HUNDREDS OF PAGES OF

3    DOCUMENTS.  BUT I THINK DISCOVERY SHOULD PROCEED ON

4    THIS ISSUE BECAUSE IT'S GOING ON ARISE AT SOME

5    POINT.

6         AND THE COURT IS NOT PURPORTING TO

7    EXERCISE JURISDICTION OVER SOMETHING THAT THE NLRB

8    HAS EXCLUSIVE JURISDICTION OVER, BUT ONLY TO AID

9    THE RESOLUTIONS OF THE MOTIONS IT'S GOING TO HEAR.

10        AND I WILL MOVE THE FILING DATE FOR THE

11   PETITION TO VACATE IN THE PETITION TO COMPEL.  I

12   WILL MOVE THEM BACK 30 DAYS, SO WE WILL MOVE TO

13   JULY 18TH IN LIEU OF THE JUNE 20TH DATE.  AND

14   DISCOVERY IS TO PROCEED, AND IF THERE'S PROBLEMS

15   WITH THAT, THEY ARE REFERRED TO MAGISTRATE

16   JUDGE SEEBORG.

17        THEN THE HEARING DATE ON THE

18   CROSS-MOTIONS WITH RESPECT TO THE ARBITRATION AWARD

19   WOULD BE AUGUST 29TH.  AND I THINK THAT MAYBE -- I

20   THINK THAT WORKS.  AUGUST 20TH AT 9:00.

21        MR. HARLAND:  OKAY.  SO IF I HAVE IT

22   CORRECT, YOUR HONOR, BY JULY 18TH, 2008, DISCOVERY

23   SHOULD BE COMPLETED, ARE YOU SAYING?

24        THE COURT:  I'M SAYING THAT'S WHEN THE

25   MOTIONS SHOULD BE FILED.

1              MR. HARLAND:  OKAY.

2              THE COURT:  DISCOVERY IS GOING TO HAVE TO

3    GET DONE BEFORE THAT.  I'M LEAVING THAT TO THE

4    PARTIES.  AND I REALIZE THIS IS AN ACRIMONIOUS

5    RELATIONSHIP, AND I EXPECT COUNSEL TO COOPERATE AND

6    USE ALL THE PROFESSIONAL COURTESIES THAT THEY CAN

7    TO GET IT DONE SO THAT MOTIONS CAN BE FILED ON

8    JULY 18TH.

9              AND THEN WE WILL HAVE A HEARING ON THE

10   CROSS-MOTIONS, WITH RESPECT TO THE ARBITRATION

11   AWARD, ON AUGUST 29TH.

12             MS. RIDLEY:  AND I WOULD --

13             MR. HARLAND:  FOR BOTH OF THEM?

14             THE COURT:  FOR BOTH OF THEM, YES.

15   THAT'S WHAT I MEAN BY CROSS-MOTIONS.

16             MS. RIDLEY:  AND JUST SO I'M CLEAR, THE

17   MOTIONS IN THE FIRST FILED CASE, JUST TO BE CLEAR.

18             THE COURT:  YES.

19             MS. RIDLEY:  AND THERE'S NO GENERAL ORDER

20   ABOUT THE CLOSURE OF DISCOVERY FOR ALL THE RELATED?

21             THE COURT:  NO, NO.  AND THERE'S ONLY ONE

22   ARBITRATION AWARD, RIGHT?

23             MS. RIDLEY:  RIGHT.

24             THE COURT:  AND ONE PARTY WANTS TO

25   ENFORCE IT AND THE OTHER ONE WANTS TO VACATE IT.

1            MR. HARLAND:  ACTUALLY, THERE'S TWO.

2    THERE'S AN ARBITRATION AWARD IN 5158 WHICH THE

3    HOSPITAL IS SEEKING TO VACATE.

4            THE COURT:  OKAY.  AND THEN THERE IS ONE

5    THE UNION IS SEEKING TO ENFORCE.

6            MR. HARLAND:  YES.

7            THE COURT:  I WANT TO KEEP ALL OF THIS --

8    AS FAR AS I'M CONCERNED, THIS IS ONE TROUBLED

9    RELATIONSHIP.

10            THAT'S THE WAY I'M LOOKING AT IT.  I'M

11    TRYING TO LOOK AT IT WITH A BIG PICTURE RATHER THAN

12    BREAK IT UP INTO CONSTITUENT PARTS BECAUSE IT WILL

13    DRIVE ME NUTS IF I DO THAT.

14            SO THANK YOU VERY MUCH.

15            MS. RIDLEY:  THANK YOU, YOUR HONOR.

16            (WHEREUPON, THE PROCEEDINGS IN THIS

17    MATTER WERE CONCLUDED.)

18

19

20

21

22

23

24

25

                                                16

1    STATE OF CALIFORNIA    )

2                       ) SS:

3    COUNTY OF SANTA CLARA )

4

5        I, THE UNDERSIGNED OFFICIAL COURT

6    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

7    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

8    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

9    CERTIFY:

10        THAT THE FOREGOING TRANSCRIPT,

11    CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

12    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

13    SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

14    HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

15    TRANSCRIPTION TO THE BEST OF MY ABILITY.

16

17    {_____}

18    SUMMER A. CLANTON

19    OFFICIAL REPORTER, CSR NO. 13185

20

21

22

23

24

25

17

**EXHIBIT B**

*>AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Petitioners

V.

Service Employees International Union, Local
715, Respondents

### SUBPOENA IN A CIVIL CASE

Case Number:[1] 5:07-CV-05158-JF

TO:

Greg Pullman

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 7, 2008, 10:00 AM |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Petitioners | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Pa___ 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

### SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (11/91, (cont.)

| PROOF OF SERVICE | |
|---|---|
| **DATE**<br>06-16-08 AT 3:35PM<br>**SERVED** | **PLACE**<br>GREG PULLMAN<br>7677 OAKPORT STREET, #725<br>OAKLAND, CA 94621 |
| **SERVED ON (PRINT NAME)**<br>GREG PULLMAN | **MANNER OF SERVICE**<br>PERSONAL SERVICE |
| **SERVED BY (PRINT NAME)**<br>CARLOS CASTRO | **TITLE**<br>PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on        JUNE 16, 2008
                          DATE                                                    SIGNATURE OF SERVER

REF: 3022965
NATIONWIDE LEGAL, INC,                                    1255 POST STREET, SUITE #500
CARLOS CASTRO                                                   ADDRESS OF SERVER
REG. NUMBER: 417
SAN FRANCISCO COUNTY                                   SAN FRANCISCO, CALIFORNIA 94109

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

⁀∍AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1] 5:08-CV-00213-JF

TO:

Greg Pullman

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 7, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Respondents | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|

### SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**B 255 (11/91) (cont.)**

| PROOF OF SERVICE | |
|---|---|
| **DATE** | **PLACE** |
| 06-16-08 AT 3:35PM | GREG PULLMAN |
| **SERVED** | 7677 OAKPORT STREET, #725 |
| | OAKLAND, CA 94621 |
| **SERVED ON (PRINT NAME)** | **MANNER OF SERVICE** |
| GREG PULLMAN | PERSONAL SERVICE |
| **SERVED BY (PRINT NAME)** | **TITLE** |
| CARLOS CASTRO | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ JUNE 16, 2008 _____

DATE

_____
SIGNATURE OF SERVER

REF: 3022963
NATIONWIDE LEGAL, INC.
CARLOS CASTRO
REG. NUMBER: 417
SAN FRANCISCO COUNTY

1255 POST STREET, SUITE #500
ADDRESS OF SERVER

SAN FRANCISCO, CALIFORNIA 94109

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Service Employees International Union, Local
715, Petitioner

### SUBPOENA IN A CIVIL CASE

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1]  5:08-CV-00215-JF

TO:

Greg Pullman

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 7, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_           Attorney for Respondents | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (11/91) (cont.)

| PROOF OF SERVICE | | |
|---|---|---|
| **DATE**<br>06-16-08 AT 3:35PM | **PLACE**<br>GREG PULLMAN | |
| **SERVED** | 7677 OAKPORT STREET, #725<br>OAKLAND, CA 94621 | |
| **SERVED ON (PRINT NAME)**<br>GREG PULLMAN | **MANNER OF SERVICE**<br>PERSONAL SERVICE | |
| **SERVED BY (PRINT NAME)**<br>CARLOS CASTRO | **TITLE**<br>PROCESS SERVER | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     JUNE 16, 2008
             DATE

REF: 3022960
NATIONWIDE LEGAL, INC.
CARLOS CASTRO
REG. NUMBER: 417
SAN FRANCISCO COUNTY

SIGNATURE OF SERVER

1255 POST STREET, SUITE #500
ADDRESS OF SERVER

SAN FRANCISCO, CALIFORNIA 94109

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance:

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

°ьAO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1] 5:08-CV-00216-JF

TO:

Greg Pullman

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 7, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Respondents | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| **SERVED** | 06-16-08 AT 3:35PM | | GREG PULLMAN<br>7677 OAKPORT STREET, #725<br>OAKLAND, CA 94621 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| GREG PULLMAN | PERSONAL SERVICE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| CARLOS CASTRO | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____JUNE 16, 2008_____
                              DATE

_____
SIGNATURE OF SERVER

REF: 3022961
NATIONWIDE LEGAL, INC.
CARLOS CASTRO
REG. NUMBER: 417
SAN FRANCISCO COUNTY

1255 POST STREET, SUITE #500
ADDRESS OF SERVER

SAN FRANCISCO, CALIFORNIA 94109

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) if a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1]  5:08-CV-01726-JF

TO:

Greg Pullman

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 7, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_  Attorney for Respondents | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey may be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (11/91) (cont.)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| **SERVED** | 06-16-08 AT 3:35PM | | GREG PULLMAN<br>7677 OAKPORT STREET, #725<br>OAKLAND, CA 94621 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| GREG PULLMAN | PERSONAL SERVICE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| CARLOS CASTRO | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____JUNE 16, 2008_____
                         DATE

_____
SIGNATURE OF SERVER

REF: 3022962
NATIONWIDE LEGAL, INC.
CARLOS CASTRO
REG. NUMBER: 417
SAN FRANCISCO COUNTY

_____1255 POST STREET, SUITE #500_____
ADDRESS OF SERVER

_____SAN FRANCISCO, CALIFORNIA 94109_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow for reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

Service Employees International Union, Local
715, Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

Stanford Hospital And Clinics And Lucile
Packard Children's Hospital, Respondents

Case Number:[1]  5:08-CV-01727-JF

TO:

Greg Pullman

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 975 Page Mill Road, Palo Alto, California 94304 | July 7, 2008, 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_   Attorney for Respondents | June 10, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

 Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, San Francisco, California 94111, 415.434.4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (P. 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

B 255 (11/91) (cont.)

| PROOF OF SERVICE | |
|---|---|
| **DATE**<br>06-16-08 AT 3:35PM<br>**SERVED** | **PLACE**<br>GREG PULLMAN<br>7677 OAKPORT STREET, #725<br>OAKLAND, CA 94621 |
| **SERVED ON (PRINT NAME)**<br>GREG PULLMAN | **MANNER OF SERVICE**<br>PERSONAL SERVICE |
| **SERVED BY (PRINT NAME)**<br>CARLOS CASTRO | **TITLE**<br>PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____JUNE 16, 2008_____
                          DATE

REF: 3022966
NATIONWIDE LEGAL, INC.
CARLOS CASTRO
REG. NUMBER: 417
SAN FRANCISCO COUNTY

_____
SIGNATURE OF SERVER

_____1255 POST STREET, SUITE #500_____
ADDRESS OF SERVER

_____SAN FRANCISCO, CALIFORNIA 94109_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(C) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect or copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of the party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow for reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearances or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When the information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT C**

| From: | Ridley, Eileen R. |
|---|---|
| **Sent:** | Tuesday, July 01, 2008 9:14 PM |
| **To:** | Arnold, Laurence R.; Inciardi, Scott P. |
| **Subject:** | FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated |
| **Attachments:** | Final Signed Report & Recommendation.pdf; KS Letter Requesting Trusteeship.pdf; Signed HO Report - 8-13-07.pdf; Stanford Hosp Servicing Agreement.pdf; Order of Reorganization.pdf; Form LM-15 Trusteeship Report May 2008.pdf; Letter to Bruce Smith 6-8-2007.pdf; Letter to Bruce Smith 8-23-2007.pdf; Letter to Clarence Dodge March 1972.pdf |

**From:** Norman Gleichman [mailto:Norman.Gleichman@seiu.org]
**Sent:** Tuesday, July 01, 2008 1:18 PM
**To:** Ridley, Eileen R.
**Subject:** RE: Local 715 v. SHC/LPCH - Documents To Be Authenticated

Dear Ms. Ridley:

I have reviewed your e-mail and the documents you have forwarded with your request that SEIU authenticate them.

First, I wish to reiterate SEIU's position, stated in SEIU's objection dated May 27, 2008, that the subpoenas do not comply with Rule 45(c) of the Federal Rules of Civil Procedure. As I understand it from your communications to date, the Court in this matter has permitted discovery on the narrow question of the existence of Local 715. You have not supplied me with the Court's discovery order, but I assume you have accurately described it.

It is well settled that no formal structure or financing arrangement is required to meet the definition of "labor organization" under the National Labor Relations Act. Thus, a group of employees can constitute a labor organization without officer elections or elected officials, membership meetings, a dues structure, or a set of bylaws. All that is required is employee participation for the purpose of dealing with employers over wages, hours, or terms and conditions of employment. *See, e.g., Sahara Datsun v. NLRB*, 811 F.2d 1317 (9th Cir. 1987); *Polaroid Corp.* 329 NLRB 424 (1999).

Against this backdrop, your subpoena goes far beyond the narrow area of inquiry open to you concerning the issue of the existence of Local 715. As just one example, the identity of the counsel selected to represent Local 715, a subject of the Hospitals' requests for production nos. 1, 20 and 21, is completely irrelevant to the question whether Local 715 exists. Without limitation, the same is true regarding financial transactions regarding Local 715, other SEIU local unions, or SEIU. See request nos. 19, 22-27, 56-57. In sum, these subpoenas constitute an obvious fishing expedition having nothing whatever to do with the question of Local 715's existence.

The subpoenas are also unduly burdensome, in violation of the Federal Rules. The requests are so broadly worded that they would require virtually every piece of written communication to Local 715 to be produced. See, without limitation, request nos. 5, 7, 8, 9 and 10. In this connection, you are advised that SEIU does not maintain a central filing system where documents are uniformly and systematically maintained according to subject matter or other categories. Instead, files and records are kept separately in SEIU's numerous separate departments and regional offices, as well as by individual staff members within those departments. The record retention policies, protocols and categories, if any, used in those separate departments and regional offices are not necessarily compatible. Additionally, a significant volume of SEIU files are not readily accessible because they have been boxed and transferred to an outside archive. Accordingly, the requests detailed herein and similar requests would require SEIU to spend countless hours locating and combing through thousands of separate, uncatalogued files maintained in separate Departments and offices, as well as to retrieve and review files boxed and stored in the

outside archives, simply to determine whether they contain any material falling within the scope of the subpoena. This search would have to be performed manually. The expense to the SEIU in personnel time and archives retrieval charges would be enormous. The subpoena imposes a substantial additional burden on the SEIU in that its personnel would be precluded from carrying out the essential business of SEIU while deployed in the document search demanded by the Hospitals.

The sweeping scope of the subpoenas would force SEIU to divulge SEIU and its members communications on all issues, deliberations, and other activity protected by the First Amendment, including but not limited to SEIU's and its members exercise of the right to freedom of association and freedom of speech. Moreover, while the subpoenas would force the SEIU to mount an expensive, time-consuming records search, that effort will yield little, if any relevant material given the definition of labor organization under the NLRA.

Furthermore, as indicated in SEIU's objection, SEIU does not have custody of much of the documentation your subpoena seeks. I repeat that SEIU is not a party to these actions, and under the Labor Management Reporting and Disclosure Act is not the same labor organization as its affiliated local unions.

Nevertheless, without waiving its stated objections to the subpoenas, in an effort to reach agreement on issues raised by the subpoenas, SEIU further responds to your request as follows:

SEIU is agreeable to stipulating to the authenticity of the following documents:

    Order of Emergency Trusteeship dated June 8, 2007
    Form LM-15 Trusteeship Report
    Memorandum from Andrew L. Stern re: trusteeship of Local 715, dated June 8, 2007
    Notice of Hearing signed by Anna Burger dated July 12, 2007
    Memorandum from Andrfew L. Stern re: IEB Decision on California Jurisdiction dated June 11, 2006

SEIU is unable to stipulate to the authenticity of the following documents for the reasons given:

    Letter from B.W. Smith to Laurie Quintel dated December 19, 2007. This letter was purported issued by Local 715, and Local 715 is the entity that would be in a position to authenticate this document.
    Letter from B.W. Smith to Laurie Quintel dated February 12, 2008. See comment above.
    Hearing Officers' Joint Report and Recommendations. The version you sent to me is unsigned.

Without waiving SEIU's previously stated objections to your subpoena, SEIU is producing herewith the following additional documents that are covered by the subpoena:

    Signed Hearing Officers' Joint Report and Recommendations dated June 9, 2006
    Order of Reorganization signed by Andrew Stern dated January 2, 2007
    Hearing Officer's Report on Local 715 trusteeship dated August 13, 2007
    Letter from Kristina Sermersheim to Andrew Stern dated June 4, 2007
    Letter to Bruce Smith from Andrew L. Stern dated June 8, 2007
    Letter to Clarence Dodge from George E. Fairchild dated March 2, 1972
    Letter to Bruce Smith from Anna Burger dated August 23, 2007
    Servicing Agreement between Local 715 and UHW
    Form LM-15 Trusteeship Report May 2008

SEIU will further stipulate that the hearing officers' reports attached hereto were duly approved by the SEIU International Executive Board.

With respect to taking President Stern's deposition, I am advised that President Stern will be out of the country between July 9 and July 20, and will not be available prior to his departure. However, I can make his assistant James J. Johnston available in his place. Mr. Johnston recently served as SEIU California Area Director and is currently Director of Union-Wide Programs. By virtue of holding these positions, Mr. Johnston is knowledgeable about the existence of Local 715. Mr. Johnston is available on July 10 and 11. Our preference would be July 10. Please note that Mr. Johnston may only be questioned on the narrow issue about which I understand the Court has permitted discovery: the existence of Local 715.

With respect to Greg Pullman, you seemed surprised when I advised you that has been an International Union employee since November 2006.  Yet Mr. Pullman testified to this in his deposition which the Hospitals took on March 22, 2007, at which he answered questions related to the 2006 SEIU reorganization in California.  It would plainly be improper, oppressive and vexatious to depose Mr. Pullman again on the same issue.  Please let me know specifically why the Hospitals seek to depose Mr. Pullman.

Yours,

Norman M. Gleichman
Deputy General Counsel

---

**From:** Ridley, Eileen R. [mailto:ERidley@foley.com]
**Sent:** Thu 6/26/2008 2:47 AM
**To:** Norman Gleichman
**Subject:** FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated



Mr. Gleichman:

Per our conversation this week attached are documents we would request your client to authenticate which include the following:

June 9, 2006 Hearing Officers' Joint Report And Recommendations
[]

June 11, 2006 memo from Andrew Stern to Affected SEIU Local Unions in California regarding the IEP decision on California jurisdiction

June 8, 2007 notice of appointment of trustee signed by Andrew Stern

June 8, 2007 memo from Andrew Stern to officers and members of Local 715 regarding appointment of trustee

July, 2007 Form LM-15 (Trusteeship Report) signed by Andrew Stern and Anna Burger.

July 12, 2007 Memo from Anna Burger, International Secretary-Treasurer titled "Notice Of Hearing Appointment Of Hearing Officer And Rules Of Procedure."

December 19, 2007 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman

February 12, 2008 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman
[]

In addition, we need to have your client respond to the requests presented by the subpoena (obviously, if there are no responsive documents we will need a verified statement to that effect).  Further, we are aware there are likely documents retained by your client which are responsive to the requests but are not included in the above request for authentication.  In order to expedite this process, please let us know the quantity of responsive documents your client has.  While your client's response was due on Monday, we have agreed to an extension of time.  However, we will need a response by early next week.

Finally, as discussed, we will want to depose Mr. Stern and Pullman.  In particular, Mr. Stern was involved in the creation of the trust regarding Local 715 which is a subject in this matter.  Again, our focus is related to the existence and representation of Local 715 and the use of its resources, Please provide us with available dates for these proceedings.  Thanks very much.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**EXHIBIT D**

**From:** Ridley, Eileen R.

**Sent:** Monday, July 07, 2008 10:12 AM

**To:** Norman Gleichman

**Cc:** Arnold, Laurence R.; Inciardi, Scott P.

**Subject:** RE: Local 715 v. SHC/LPCH - Documents To Be Authenticated

**From the Desk of:** Eileen R. Ridley



**FOLEY & LARDNER LLP**
www.foley.com

My Location    My V-card    My Bio

Mr. Gleichman -

I was just informed that Mr. Pullman appeared at our Silicon Valley office for his deposition notwithstanding your representations to us that he could not/would not appear today. We do wish to take Mr. Pullman's deposition and Mr. Stern's and would like to set dates for these proceedings. While we appreciate your offering Mr. Stern's assistant, we need to depose Mr. Stern as he is the individual who was involved in the creation of the trusteeship of Local 715. We would also like to further resolve the issues discussed in your email below. Are you available to discuss these matters today or tomorrow? Thank you.

*Eileen*

⌐*INFO

**From:** Norman Gleichman [mailto:Norman.Gleichman@seiu.org]
**Sent:** Tuesday, July 01, 2008 1:18 PM
**To:** Ridley, Eileen R.
**Subject:** RE: Local 715 v. SHC/LPCH - Documents To Be Authenticated

Dear Ms. Ridley:

I have reviewed your e-mail and the documents you have forwarded with your request that SEIU authenticate them.

First, I wish to reiterate SEIU's position, stated in SEIU's objection dated May 27, 2008, that the subpoenas do not comply with Rule 45(c) of the Federal Rules of Civil Procedure. As I understand it from your communications to date, the Court in this matter has permitted discovery on the narrow question of the existence of Local 715. You have not supplied me with the Court's discovery order, but I assume you have accurately described it.

It is well settled that no formal structure or financing arrangement is required to meet the definition of "labor organization" under the National Labor Relations Act. Thus, a group of employees can constitute a labor organization without officer elections or elected officials, membership meetings, a dues structure, or a set of bylaws. All that is required is employee participation for the purpose of dealing with employers over wages, hours, or terms and conditions of employment. *See, e.g., Sahara Datsun v. NLRB*, 811 F.2d 1317 (9th Cir. 1987); *Polaroid Corp.* 329 NLRB 424 (1999).

Against this backdrop, your subpoena goes far beyond the narrow area of inquiry open to you concerning the issue of the existence of Local 715. As just one example, the identity of the counsel selected to represent Local 715, a subject of the Hospitals' requests for production nos. 1, 20 and 21, is completely irrelevant to the question whether Local 715 exists. Without limitation, the same is true regarding financial transactions regarding Local 715, other SEIU local unions, or SEIU. See request nos. 19, 22-27, 56-57. In sum, these subpoenas constitute an obvious fishing expedition having nothing whatever to do with the question of Local 715's existence.

The subpoenas are also unduly burdensome, in violation of the Federal Rules. The requests are so broadly worded that they would require virtually every piece of written communication to Local 715 to be produced. See, without limitation, request nos. 5, 7, 8, 9 and 10. In this connection, you are advised that SEIU does not maintain a central filing system where documents are uniformly and systematically maintained according to subject matter or other categories. Instead, files and records are kept separately in SEIU's numerous separate departments and regional offices, as well as by individual staff members within those departments. The record retention policies, protocols and categories, if any, used in those separate departments and regional offices are not necessarily compatible. Additionally, a significant volume of SEIU files are not readily accessible because they have been boxed and transferred to an outside archive. Accordingly, the requests detailed herein and similar requests would require SEIU to spend countless hours locating and combing through thousands of separate, uncatalogued files maintained in separate Departments and offices, as well as to retrieve and review files boxed and stored in the outside archives, simply to determine whether they contain any material falling within the scope of the subpoena. This search would have to be performed manually. The expense to the SEIU in personnel time and archives retrieval charges would be enormous. The subpoena imposes a substantial additional burden on the SEIU in that its personnel would be precluded from carrying out the essential business of SEIU while deployed in the document search demanded by the Hospitals.

The sweeping scope of the subpoenas would force SEIU to divulge SEIU and its members communications on all issues, deliberations, and other activity protected by the First Amendment, including but not limited to SEIU's and its members exercise of the right to freedom of association and freedom of speech. Moreover, while the subpoenas would force the SEIU to mount an expensive, time-consuming records search, that effort will yield little, if any relevant material given the definition of labor organization under the NLRA.

Furthermore, as indicated in SEIU's objection, SEIU does not have custody of much of the documentation your subpoena seeks. I repeat that SEIU is not a party to these actions, and under the Labor Management Reporting and Disclosure Act is not the same labor organization as its affiliated local unions.

Nevertheless, without waiving its stated objections to the subpoenas, in an effort to reach agreement on issues raised by the subpoenas, SEIU further responds to your request as follows:

SEIU is agreeable to stipulating to the authenticity of the following documents:

    Order of Emergency Trusteeship dated June 8, 2007
    Form LM-15 Trusteeship Report
    Memorandum from Andrew L. Stern re: trusteeship of Local 715, dated June 8, 2007
    Notice of Hearing signed by Anna Burger dated July 12, 2007
    Memorandum from Andrfew L. Stern re: IEB Decision on California Jurisdiction dated June 11, 2006

SEIU is unable to stipulate to the authenticity of the following documents for the reasons given:

    Letter from B.W. Smith to Laurie Quintel dated December 19, 2007. This letter was purported issued by

Local 715, and Local 715 is the entity that would be in a position to authenticate this document.
    Letter from B.W. Smith to Laurie Quintel dated February 12, 2008. See comment above.
    Hearing Officers' Joint Report and Recommendations. The version you sent to me is unsigned.

Without waiving SEIU's previously stated objections to your subpoena, SEIU is producing herewith the following additional documents that are covered by the subpoena:

    Signed Hearing Officers' Joint Report and Recommendations dated June 9, 2006
    Order of Reorganization signed by Andrew Stern dated January 2, 2007
    Hearing Officer's Report on Local 715 trusteeship dated August 13, 2007
    Letter from Kristina Sermersheim to Andrew Stern dated June 4, 2007
    Letter to Bruce Smith from Andrew L. Stern dated June 8, 2007
    Letter to Clarence Dodge from George E. Fairchild dated March 2, 1972
    Letter to Bruce Smith from Anna Burger dated August 23, 2007
    Servicing Agreement between Local 715 and UHW
    Form LM-15 Trusteeship Report May 2008

SEIU will further stipulate that the hearing officers' reports attached hereto were duly approved by the SEIU International Executive Board.

With respect to taking President Stern's deposition, I am advised that President Stern will be out of the country between July 9 and July 20, and will not be available prior to his departure. However, I can make his assistant James J. Johnston available in his place. Mr. Johnston recently served as SEIU California Area Director and is currently Director of Union-Wide Programs. By virtue of holding these positions, Mr. Johnston is knowledgeable about the existence of Local 715. Mr. Johnston is available on July 10 and 11. Our preference would be July 10. Please note that Mr. Johnston may only be questioned on the narrow issue about which I understand the Court has permitted discovery: the existence of Local 715.

With respect to Greg Pullman, you seemed surprised when I advised you that has been an International Union employee since November 2006. Yet Mr. Pullman testified to this in his deposition which the Hospitals took on March 22, 2007, at which he answered questions related to the 2006 SEIU reorganization in California. It would plainly be improper, oppressive and vexatious to depose Mr. Pullman again on the same issue. Please let me know specifically why the Hospitals seek to depose Mr. Pullman.

Yours,


Norman M. Gleichman
Deputy General Counsel




---

**From:** Ridley, Eileen R. [mailto:ERidley@foley.com]
**Sent:** Thu 6/26/2008 2:47 AM
**To:** Norman Gleichman
**Subject:** FW: Local 715 v. SHC/LPCH - Documents To Be Authenticated



Mr. Gleichman:

Per our conversation this week attached are documents we would request your client to authenticate which include the following:

June 9, 2006 Hearing Officers' Joint Report And Recommendations
[]

June 11, 2006 memo from Andrew Stern to Affected SEIU Local Unions in California regarding the IEP decision on California jurisdiction

June 8, 2007 notice of appointment of trustee signed by Andrew Stern

June 8, 2007 memo from Andrew Stern to officers and members of Local 715 regarding appointment of trustee

July, 2007 Form LM-15 (Trusteeship Report) signed by Andrew Stern and Anna Burger.

July 12, 2007 Memo from Anna Burger, International Secretary-Treasurer titled "Notice Of Hearing Appointment Of Hearing Officer And Rules Of Procedure."

December 19, 2007 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman

February 12, 2008 letter from B. Smith to L. Quintel reflecting copy sent to Norm Gleichman
[]

In addition, we need to have your client respond to the requests presented by the subpoena (obviously, if there are no responsive documents we will need a verified statement to that effect). Further, we are aware there are likely documents retained by your client which are responsive to the requests but are not included in the above request for authentication. In order to expedite this process, please let us know the quantity of responsive documents your client has. While your client's response was due on Monday, we have agreed to an extension of time. However, we will need a response by early next week.

Finally, as discussed, we will want to depose Mr. Stern and Pullman. In particular, Mr. Stern was involved in the creation of the trust regarding Local 715 which is a subject in this matter. Again, our focus is related to the existence and representation of Local 715 and the use of its resources, Please provide us with available dates for these proceedings. Thanks very much.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be

used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**EXHIBIT E**

**From:** Ridley, Eileen R.

**Sent:** Monday, July 07, 2008 10:23 AM

**To:** Bruce Harland

**Cc:** Arnold, Laurence R.; Inciardi, Scott P.

**Subject:** SEIU v. Stanford

From the Desk of: Eileen R. Ridley



**FOLEY & LARDNER LLP**

www.foley.com

My Location    My V-card    My Bio

Bruce:

I wanted to follow-up on our brief discussion regarding Mr. Pullman's deposition. We were informed that Mr. Pullman is an employee of the International (which is your understanding as well). We have been in contact with Mr. Gleichman (the International's counsel) and informed that Mr. Pullman's deposition would not take place today. Thus, we were not anticipating his appearance or the deposition today.

In the meantime, I would like to discuss the pending discovery issues between our clients. Please let me know when you are available today or tomorrow for that purpose. Thanks very much.

*Eileen*

↗INFO

EXHIBIT F

**From:** Ridley, Eileen R.
**Sent:** Monday, July 07, 2008 4:44 PM
**To:** 'Bruce Harland'
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.
**Subject:** RE: SEIU v. Stanford

**From the Desk of:** Eileen R. Ridley



**FOLEY & LARDNER LLP**

| My Location | My V-card | My Bio | www.foley.com |

Bruce -

I am in contact with Mr. Gleichman regarding Mr. Pullman's deposition and will notify you once we have agreed upon an alternative date (as I understand you wish to attend as counsel for Local 715 as you did today). In the meantime, I have not heard back from you regarding our conference to discuss the pending discovery issues between our clients. I will be out of the office tomorrow morning and have a conference call at 11 a.m. but am otherwise available tomorrow afternoon. Please let me know your availability. Thank you.

*Eileen*

⌐ INFO

**From:** Ridley, Eileen R.
**Sent:** Monday, July 07, 2008 10:23 AM
**To:** Bruce Harland
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.
**Subject:** SEIU v. Stanford

Bruce:

I wanted to follow-up on our brief discussion regarding Mr. Pullman's deposition. We were informed that Mr. Pullman is an employee of the International (which is your understanding as well). We have been in contact with Mr. Gleichman (the International's counsel) and informed that Mr. Pullman's deposition would not take place today. Thus, we were not anticipating his appearance or the deposition today.

In the meantime, I would like to discuss the pending discovery issues between our clients. Please let me

know when you are available today or tomorrow for that purpose.  Thanks very much.


*Eileen*

EXHIBIT G

---

**From:**  Ridley, Eileen R.
**Sent:**  Friday, July 11, 2008 12:02 PM
**To:**  Norman Gleichman
**Subject:** FW: SEIU v. Stanford Cases

Norm:

In response to your email today - attached is my communication with Mr. Harland which highlights the pending issues regarding *Local 715's* responses but does not deal with the International's. I appreciate the information regarding the reports in your email and the fact that Local 715 and reviewing its responses but we still need a response from the International independently. I am working on the stipulation as we discussed regarding the documents produced but we do need to understand what the International either does not have (i.e., a response to some categories that no documents exists - if that is in fact the case) or has but won't produce (*e.g.*, for privilege issues in which case a privilege log is required). In short, we need a complete response to the subpoena from the International. We also still need dates for the depositions of Mr. Stern and Mr. Pullman. Thanks.

*Eileen*

---

**From:** Ridley, Eileen R.
**Sent:** Wednesday, July 09, 2008 1:57 PM
**To:** Bruce Harland
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
**Subject:** SEIU v. Stanford Cases

**From the Desk of:** Eileen R. Ridley



**FOLEY**
**FOLEY & LARDNER LLP**

| My Location | My V-card | My Bio | www.foley.com |

Dear Bruce:

Per our discussion today, I am writing to broadly outline the pending discovery issues with an eye toward resolution of them short of a motion before the Court. This email is part of our conference to resolve these issues.

Preliminarily, you confirmed you had verifications and would be providing those to us which we appreciate. Also, to the extent that any documents are being withheld on privilege grounds, please provide us with a log related to those materials and the grounds for non-production.

As we discussed, my clients are not seeking every document your client has for production. Again, the focus truly is the existence of Local 715, the use of its resources, its representational activities and and its representation by others and legal counsel. As I noted with you, if there are no responsive documents, we certainly recognize that as an answer - we just need to have that position stated and verified by your client. With this in mind, there are

essentially four broad areas of concern regarding your client's discovery responses as follows:

**Communications:**

Our requests seek materials related to communications between Local 715 and the other union entities with which we know Local 715 has communicated regarding its existence, resources, representational services, and representation. The other union entities include the International (where there was clearly communication between 715 and the International regarding the trusteeship of 715 as referenced in Mr. Stern's order regarding the trusteeship), Local 521 (which received information regarding and transfers of Local 715's resources (including dues, receipts, bank accounts, other assets and property and member records), and with agents and representatives of UHW (which had a "Servicing Agreement" with Local 715 purportedly involving matters concerning representational or other activities with respect to, or otherwise relating to, the bargaining unit employees of my clients). There would also be, we believe, communications with Local 1877 and its apparent successor, SEIU Higher Education Workers United Local 2007, regarding representational activities by it on behalf of or in place of Local 715 as regards Stanford University and Santa Clara University. These communications could take the form of letters, memos and e-mails, etc. However, none of these communications have been provided. You noted that some communications may have been oral and we acknowledge that may be the case. Nonetheless, we need a response that there has been a search for such materials and no written responsive documents exist (*e.g.*, Mr. Stern's letter instituting the trusteeship says he is taking such actions due to "reports" he has received - if the reports are in written form they should be produced). I understand you believe there may be some documents (although it may also be the case that some communication was oral). You have agreed to review these requests again with your client and further produce and/or indicate there are no further documents.

**Resources:**

The next very broad category concerns resources which includes information regarding the handling of Local 715's funds and dues receipts and other assets. These materials relate directly to the existence of Local 715 and its operational activities. As we discussed, the information regarding dues and accounts has been made public by required reports as well as the fact that information regarding dues retained by Local 715 has been transmitted to Local 521 (who placed that information on its website). You mentioned that there are actual bank accounts presently managed by the trustee on behalf of Local 715 and you would review your client's records regarding this material but would ask that some actions be taken to preserve privacy (*e.g.*, redacting the last four digits of the account). We do want these records for the entire period specified. We are not sure what privacy interest there is in bank accounts of a labor organization as opposed to those of an individual, but we would be agreeable to this procedure preserving privacy so long as the accounts can be clearly identified as being accounts held by Local 715. You agreed to review your clients' records for these materials.

**Representation:**

We have addressed this issue in correspondence related to the discovery disputes but wanted to follow up on it here as well. We are not asking for communications where counsel for Local 715 is providing legal advice. We are asking for written materials reflecting Local 715's direct retention of counsel (and the identity of that counsel) and/or the use of counsel retained by other union entities (*i.e.*, UHW, Local 521 and/or the International) related to issues concerning Local 715. Again, we are not seeking information regarding legal advice given - just the fact of retention.

**Depositions:**

Finally, as discussed, we are seeking the depositions of Mr. Smith, Ms. Escamilla and Ms. Semersheim and wish to make those proceedings as efficient as possible. Thus, we want to schedule those depositions to take place after we have received your client's complete production of documents (so we can conclude the proceedings rather than adjourn them pending resolution of discovery disputes).

As your office is also representing UHW and Local 521, the above general descriptions also apply to these entities. Neither of these entities has provide a complete response to the subpoenas served on them nor have they produced any documents (which, of course, is inappropriate given the fact that they clearly have responsive documents - *e.g.*, UHW has the Servicing Agreement with Local 715 and communications related to it while Local 521 at the very least as communications related to the dues and members records it received from Local 715).

Our motion to continue the dispositive motion dates is pending with the Court and, given the existence of additional information to produce, we again ask that your client re-consider its position regarding continuing these dates - a simple stipulation would most likely be appreciated by the Court given the situation.  Moreover, we represented to the Court that we will file motions to compel this week if the pending discovery issues cannot be resolved.  Consequently, please provide us with responses as soon as possible so that we may determine if such a motion need be filed.  Thanks very much.


*Eileen*

INFO

EXHIBIT H

**From:** Ridley, Eileen R.

**Sent:** Thursday, July 31, 2008 4:52 PM

**To:** Norman Gleichman

**Cc:** Arnold, Laurence R.; Inciardi, Scott P.

**Subject:** SEIU/Stanford Cases

**From the Desk of:** Eileen R. Ridley



**FOLEY & LARDNER LLP**
www.foley.com

My Location     My V-card     My Bio

Mr. Gleichman -

I have heard nothing further from you since July 11, 2008 regarding the pending subpoenas served on your clients. As we previously noted, we require a response to each request (including whether your clients retained responsive materials to the requests or not). In addition, while some documents have been produced, we believe that all responsive documents have not been provided. We require that all responsive documents to each request be produced. If it is your clients' belief that all responsive documents have been produced to a request, then they must make that statement in response to the requests. Further, it is now long past July 20th (the date you stated Mr. Stern would return from his travels) and yet you have still not provided suggestions regarding mutually convenient dates for his deposition nor any dates for Mr. Pullman's deposition. Please provide the information requested by August 4, 2008. Otherwise, we will be forced to file a motion to compel. Thank you.

*Eileen*

⌐ INFO

EXHIBIT I

**From:**  Ridley, Eileen R.
**Sent:**  Monday, August 04, 2008 9:47 PM
**To:**  'Norman Gleichman'
**Cc:**  Arnold, Laurence R.; Inciardi, Scott P.
**Subject:** RE: SEIU/Stanford Cases

Mr. Gleichman -

You have heard from me - repeatedly.  My messages have been straight forward and consistant.  I will again repeat them here to further confirm what my position has been since the beginning:

1] will your clients provide responses to each request identifying whether [a] full production has taken place, [b] no responsive documents exist as to each request and/or [c] whether any documents have been withheld (complete with a privilege log)?  If your answer is no, we will move to compel;

2] will your clients (in this instance Mr.Stern and Mr. Pullman) appear for depositions at mutually convenient dates?  If your answer is no and/or if you fail to provide reasonable suggested dates for these depositions within two days, we will move to compel.

While I said that I would consider a stipulation - I also repeatedly informed you that we would not forego the depositions nor the required complete responses regardless of whether such stipulations were entered.  I specifically (and repeatedly) have asked for dates for the depositions.  Further, the recent events in the matter merely support the discovery requests by my clients and in no way alter your clients' obligations under the FRCP. I am willing to discuss these matters with you tomorrow but unless you provide me with direct responses and actual depositions dates we will be forced to move to compel.  We have been more than patient and your clients' avoidance of their discovery obligations cannot continue.

**From:** Norman Gleichman [mailto:Norman.Gleichman@seiu.org]
**Sent:** Monday, August 04, 2008 10:23 AM
**To:** Ridley, Eileen R.
**Subject:** RE: SEIU/Stanford Cases

Eileen,

And I have not heard from you.  You were going to consider stipulations that would obviate the need for further discovery (or at least some of it).

Be that as it may, I understand that there have been developments in the cases since we last communicated, namely 1) the Hospitals have withdrawn recognition from Local 715, 2) Local 715 has disclaimed interest in representing the bargaining unit(s) at the Hospitals, 3) dispositive motions have been filed in the lawsuits that gave rise to the subpoenas, and 4) the parties will be on a conference call with the Magistrate Judge tomorrow.

In light of the above, I suggest that we talk tomorrow about the status of the disputed discovery, following your discussion with the Magistrate Judge.  I will be in the office all day.  202-730-7470.  I look forward to hearing from you.

Norm

**From:** Ridley, Eileen R. [mailto:ERidley@foley.com]
**Sent:** Thursday, July 31, 2008 7:52 PM
**To:** Norman Gleichman
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.
**Subject:** SEIU/Stanford Cases

**From the Desk of:** Eileen R. Ridley



**FOLEY & LARDNER LLP**

My Location     My V-card     My Bio                                        www.foley.com

Mr. Gleichman -

I have heard nothing further from you since July 11, 2008 regarding the pending subpoenas served on your clients. As we previously noted, we require a response to each request (including whether your clients retained responsive materials to the requests or not). In addition, while some documents have been produced, we believe that all responsive documents have not been provided. We require that all responsive documents to each request be produced. If it is your clients' belief that all responsive documents have been produced to a request, then they must make that statement in response to the requests. Further, it is now long past July 20th (the date you stated Mr. Stern would return from his travels) and yet you have still not provided suggestions regarding mutually convenient dates for his deposition nor any dates for Mr. Pullman's deposition. Please provide the information requested by August 4, 2008. Otherwise, we will be forced to file a motion to compel. Thank you.

*Eileen*

⌐ INFO

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**EXHIBIT J**

**From:**    Norman Gleichman [Norman.Gleichman@seiu.org]
**Sent:**    Wednesday, August 06, 2008 2:43 PM
**To:**    Ridley, Eileen R.
**Subject:** RE: SEIU/Stanford Cases

Eileen,

For the record, prior to the e-mail below, you did not contact me in any way since July 11. At that time you told me you were working on the stipulations. I have yet to see the fruits of your labors. You have also not called me as I requested in my e-mail.

I understand your positions repeated below. I do not agree with your characterizations, but let's try to move beyond those to resolve the outstanding discovery issues in an efficient way.

I spoke with Bruce Harland earlier today. He informed me that the Court has directed the Hospitals and the local unions to meet and confer concerning outstanding discovery issues. He also told me that he expects you and he will meet soon after your respective vacations. Hopefully the outstanding issues between the parties will be resolved at that meeting. But whether they are or not, I propose that you and I talk immediately after those discussions and attempt to finalize the discovery involving the International Union. At that time I will be in a position to respond to each of your requests for production as well as the deposition subpoenas. Given that the exact same discovery was propounded to the International Union as was sent to the local unions, and that many if not all of the issues surrounding that discovery are identical, I think this way of proceeding makes the most sense. I fully expect that we will be able to build on the understandings reached between the Hospitals and the local unions to resolve our disagreements.

I hope you can agree to the above suggestion. If you'd like to discuss this please feel free to give me a call. I'm in today and all week. 202-730-7470.

Norm

**From:** Ridley, Eileen R. [mailto:ERidley@foley.com]
**Sent:** Tuesday, August 05, 2008 12:47 AM
**To:** Norman Gleichman
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.
**Subject:** RE: SEIU/Stanford Cases

Mr. Gleichman -

You have heard from me - repeatedly. My messages have been straight forward and consistant. I will again repeat them here to further confirm what my position has been since the beginning:

1] will your clients provide responses to each request identifying whether [a] full production has taken place, [b] no responsive documents exist as to each request and/or [c] whether any documents have been withheld (complete with a privilege log)? If your answer is no, we will move to compel;

2] will your clients (in this instance Mr.Stern and Mr. Pullman) appear for depositions at mutually convenient dates? If your answer is no and/or if you fail to provide reasonable suggested dates for these depositions within two days, we will move to compel.

While I said that I would consider a stipulation - I also repeatedly informed you that we would not forego the depositions nor the required complete responses regardless of whether such stipulations were entered. I specifically (and repeatedly) have asked for dates for the depositions. Further, the recent events in the matter merely support the discovery requests by my clients and in no way alter your clients' obligations under the FRCP. I am willing to discuss these matters with you tomorrow but unless you provide me with direct responses and

actual depositions dates we will be forced to move to compel. We have been more than patient and your clients' avoidance of their discovery obligations cannot continue.

---

**From:** Norman Gleichman [mailto:Norman.Gleichman@seiu.org]
**Sent:** Monday, August 04, 2008 10:23 AM
**To:** Ridley, Eileen R.
**Subject:** RE: SEIU/Stanford Cases

Eileen,

And I have not heard from you. You were going to consider stipulations that would obviate the need for further discovery (or at least some of it).

Be that as it may, I understand that there have been developments in the cases since we last communicated, namely 1) the Hospitals have withdrawn recognition from Local 715, 2) Local 715 has disclaimed interest in representing the bargaining unit(s) at the Hospitals, 3) dispositive motions have been filed in the lawsuits that gave rise to the subpoenas, and 4) the parties will be on a conference call with the Magistrate Judge tomorrow.

In light of the above, I suggest that we talk tomorrow about the status of the disputed discovery, following your discussion with the Magistrate Judge. I will be in the office all day. 202-730-7470. I look forward to hearing from you.

Norm

---

**From:** Ridley, Eileen R. [mailto:ERidley@foley.com]
**Sent:** Thursday, July 31, 2008 7:52 PM
**To:** Norman Gleichman
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.
**Subject:** SEIU/Stanford Cases

**From the Desk of:** Eileen R. Ridley



**FOLEY**
FOLEY & LARDNER LLP
www.foley.com

My Location    My V-card    My Bio

Mr. Gleichman -

I have heard nothing further from you since July 11, 2008 regarding the pending subpoenas served on your clients. As we previously noted, we require a response to each request (including whether your clients retained responsive materials to the requests or not). In addition, while some documents have been produced, we believe that all responsive documents have not been provided. We require that all responsive documents to each request be produced. If it is your clients' belief that all responsive documents have been produced to a request, then they must make that statement in response to the requests. Further, it is now long past July 20th (the date you stated Mr. Stern would return from his travels) and yet you have still not provided suggestions regarding mutually convenient dates for his deposition nor any dates for Mr. Pullman's deposition. Please provide the information requested by August 4, 2008. Otherwise, we will be forced to file a motion to compel. Thank you.

*Eileen*

INFO

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**EXHIBIT K**

**From:** Ridley, Eileen R.
**Sent:** Thursday, August 07, 2008 12:01 PM
**To:** Norman Gleichman
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.
**Subject:** RE: SEIU/Stanford Cases

**From the Desk of:** Eileen R. Ridley



**FOLEY & LARDNER LLP**
www.foley.com

My Location    My V-card    My Bio

I have just received your message and I am not going to go back and forth regarding your attempted re-characterizations of our communications. You suggested I call you after the hearing before the Magistrate. I responded that I needed simple responses from you to two basic questions. You have ignored (as you now have for months) my two basic questions to which I require an answer. Those questions again are as follows:

1] will your clients provide responses to each request identifying whether [a] full production has taken place, [b] no responsive documents exist as to each request and/or [c] whether any documents have been withheld (complete with a privilege log)? If your answer is no, we will move to compel;

2] will your clients (in this instance Mr.Stern and Mr. Pullman) appear for depositions at mutually convenient dates? If your answer is no and/or if you fail to provide reasonable suggested dates for these depositions within two days, we will move to compel.

If you continue to refuse to answer these questions, we will move to compel.

The result of the hearing with the Magistrate was a grant of my client's motion to continue the dispositive motions due in large part to the relevance of the discovery sought by my clients. Mr. Harland confirmed that additional documents will be produced by his clients and that witnesses will also be produced for deposition. The continuance as to the motions to compel is to provide sufficient time for Mr. Harland to make good on those promises and the parties to further discuss any remaining discovery issues. Having said that, we will not agree to postpone the discovery issues regarding your client until after our discussions with Mr. Harland's client. Your clients have independent discovery obligations that they must honor and have failed to do so. The fact that we still do not have deposition dates after months of attempting to meet and confer with you is particularly revealing. Please respond to my basic questions. If your answer is "yes" then we have reason to further discuss your client's responses and deposition scheduling. If your response is "no", it will be apparent that your clients do not wish to comply with their obligations and we will proceed accordingly. Thank you.

*Eileen*

INFO

**From:** Norman Gleichman [mailto:Norman.Gleichman@seiu.org]
**Sent:** Wednesday, August 06, 2008 2:43 PM
**To:** Ridley, Eileen R.
**Subject:** RE: SEIU/Stanford Cases

Eileen,

For the record, prior to the e-mail below, you did not contact me in any way since July 11. At that time you told me you were working on the stipulations. I have yet to see the fruits of your labors. You have also not called me as I requested in my e-mail.

I understand your positions repeated below. I do not agree with your characterizations, but let's try to move beyond those to resolve the outstanding discovery issues in an efficient way.

I spoke with Bruce Harland earlier today. He informed me that the Court has directed the Hospitals and the local unions to meet and confer concerning outstanding discovery issues. He also told me that he expects you and he will meet soon after your respective vacations. Hopefully the outstanding issues between the parties will be resolved at that meeting. But whether they are or not, I propose that you and I talk immediately after those discussions and attempt to finalize the discovery involving the International Union. At that time I will be in a position to respond to each of your requests for production as well as the deposition subpoenas. Given that the exact same discovery was propounded to the International Union as was sent to the local unions, and that many if not all of the issues surrounding that discovery are identical, I think this way of proceeding makes the most sense. I fully expect that we will be able to build on the understandings reached between the Hospitals and the local unions to resolve our disagreements.

I hope you can agree to the above suggestion. If you'd like to discuss this please feel free to give me a call. I'm in today and all week. 202-730-7470.

Norm

**From:** Ridley, Eileen R. [mailto:ERidley@foley.com]
**Sent:** Tuesday, August 05, 2008 12:47 AM
**To:** Norman Gleichman
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.
**Subject:** RE: SEIU/Stanford Cases

Mr. Gleichman -

You have heard from me - repeatedly. My messages have been straight forward and consistant. I will again repeat them here to further confirm what my position has been since the beginning:

1] will your clients provide responses to each request identifying whether [a] full production has taken place, [b] no responsive documents exist as to each request and/or [c] whether any documents have been withheld (complete with a privilege log)? If your answer is no, we will move to compel;

2] will your clients (in this instance Mr.Stern and Mr. Pullman) appear for depositions at mutually convenient dates? If your answer is no and/or if you fail to provide reasonable suggested dates for these depositions within two days. we will move to compel.

While I said that I would consider a stipulation - I also repeatedly informed you that we would not forego the depositions nor the required complete responses regardless of whether such stipulations were entered. I specifically (and repeatedly) have asked for dates for the depositions. Further, the recent events in the matter merely support the discovery requests by my clients and in no way alter your clients' obligations under the FRCP. I am willing to discuss these matters with you tomorrow but unless you provide me with direct responses and actual depositions dates we will be forced to move to compel. We have been more than patient and your clients' avoidance of their discovery obligations cannot continue.

**From:** Norman Gleichman [mailto:Norman.Gleichman@seiu.org]

**Sent:** Monday, August 04, 2008 10:23 AM
**To:** Ridley, Eileen R.
**Subject:** RE: SEIU/Stanford Cases

Eileen,

And I have not heard from you.  You were going to consider stipulations that would obviate the need for further discovery (or at least some of it).

Be that as it may, I understand that there have been developments in the cases since we last communicated, namely 1) the Hospitals have withdrawn recognition from Local 715, 2) Local 715 has disclaimed interest in representing the bargaining unit(s) at the Hospitals, 3) dispositive motions have been filed in the lawsuits that gave rise to the subpoenas, and 4) the parties will be on a conference call with the Magistrate Judge tomorrow.

In light of the above, I suggest that we talk tomorrow about the status of the disputed discovery, following your discussion with the Magistrate Judge.  I will be in the office all day.  202-730-7470.  I look forward to hearing from you.

Norm

---

**From:** Ridley, Eileen R. [mailto:ERidley@foley.com]
**Sent:** Thursday, July 31, 2008 7:52 PM
**To:** Norman Gleichman
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.
**Subject:** SEIU/Stanford Cases


Mr. Gleichman -

I have heard nothing further from you since July 11, 2008 regarding the pending subpoenas served on your clients.  As we previously noted, we require a response to each request (including whether your clients retained responsive materials to the requests or not).  In addition, while some documents have been produced, we believe that all responsive documents have not been provided.  We require that all responsive documents to each request be produced.  If it is your clients' belief that all responsive documents have been produced to a request, then they must make that statement in response to the requests.  Further, it is now long past July 20th (the date you stated Mr. Stern would return from his travels) and yet you have still not provided suggestions regarding mutually convenient dates for his deposition nor any dates for Mr. Pullman's deposition.  Please provide the information requested by August 4, 2008.  Otherwise, we will be forced to file a motion to compel.  Thank you.


*Eileen*


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding

message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**EXHIBIT L**

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

STANFORD HOSPITAL & CLINICS and LUCILE
PACKARD CHILDREN'S HOSPITAL

V.

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 715

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  MISC.
Northern District of California
Case No. C-07-5158-JF

TO:  SEIU International
1800 Massachusetts Avenue, NW
Washington, DC 20036

☒  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
[See Attachment "A"]

| PLACE | DATE AND TIME |
|---|---|
| Foley & Lardner LLP, 3000 K St. NW, Suite 500, Washington, DC 20007-5143 | June 18, 2008 |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | May 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, Sixth Floor, San Francisco, CA 94111
Telephone: (415) 434-4484

American LegalNet, Inc.
www.FormsWorkflow.com

AO88  (Rev. 12/07) Subpoena in a Civil Case (Pag

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

### SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

               DATE

              SIGNATURE OF SERVER

              ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

### Attachment "A"

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply throughout this demand for identification and production, unless the context clearly indicates otherwise:

A.    "YOU" and "YOUR" shall mean and include SEIU INTERNATIONAL and any of its agents, affiliates, representatives, or any other person or entity acting on its behalf.

B.    This demand requires that YOU identify and produce all DOCUMENTS and WRITINGS responsive to the following numbered demands which are in YOUR possession or control or subject to YOUR control, wherever they may be located. The DOCUMENTS and WRITINGS which YOU must identify and produce include not only writings which YOU presently possess, but also writings which YOU are aware of (regardless of whether they are in YOUR possession or not), DOCUMENTS and WRITINGS that are in the possession or control of YOUR attorneys, accountants, bookkeepers, employees, representatives, or anyone else acting on YOUR behalf.

B.    YOU are requested to produce all DOCUMENTS and WRITINGS which are responsive to the following numbered demands for inspection and photocopying at the law offices of Foley & Lardner LLP, located at 3000 K Street NW, Suite 500, Washington, D.C. 20007-5143 on June 18, 2008 (or 30 days after service of this demand, or the next business day if that day falls on a Saturday, Sunday or court holiday).

C.    All DOCUMENTS and WRITINGS which are responsive in whole or in part to the following numbered demand shall be produced in full, without abridgment, abbreviation or expurgation of any sort. If any such DOCUMENTS and WRITINGS cannot be produced in full, produce the DOCUMENT and/or WRITING to the greatest extent possible and

indicate in YOUR written response what portion of the DOCUMENT and/or WRITING is not produced and why it could not be produced.

      D.    The term "DOCUMENT" as used herein means and includes any and all documents, tangible things, and all WRITINGS of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and includes, without limitation, agreements, purchase orders, invoices, receipts, accounting records, contracts, bills of lading, shipping records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, telex, faxes, minutes, contracts, reports, studies, statements, summaries, interoffice and intra-office communications, notations of any sort of conversations, telephone calls, meetings or other communications, computer printouts, tape recordings, audiotapes, videotapes, charts, graphs, and electronic, mechanical or electronic records, compact discs, computer discs, computer tapes, computer software, electronically stored media, and any other form of stored information. The term "WRITINGS" as used herein means and includes the definition of that term under Federal Rule of Evidence ("FRE") Rule 1001(1).

      E.    YOU are required to produce not only the original or an exact copy of the original of all DOCUMENTS and WRITINGS responsive to the following numbered demands, but also all copies of such DOCUMENTS and WRITINGS which bear any notes or markings not found on the originals and all preliminary, intermediate, final, and revised drafts of said DOCUMENTS and WRITINGS.

      F.    If YOU are not producing any DOCUMENT or WRITING responsive to any of the numbered demands below on the basis of a claimed privilege, or for any other reason, state the following information:

      1.    Describe the DOCUMENT and/or WRITING with specificity;

2.     Identify the privilege claimed or other reason why the DOCUMENT and/or WRITING is not produced;

3.     State the names and capacities of all persons who participated in the preparation of the DOCUMENT and/or WRITING; and

4.     State the names and capacities of all persons to whom the DOCUMENT and/or WRITING was circulated or its contents communicated.

G.     "RELATING TO" or "RELATE(S) TO" are used in their broadest sense and means referring to, describing, evidencing, containing, supporting, rebutting, reflecting, refuting, negating, pertaining to, comprising, memorializing, identifying, verifying, and/or in any way involving or having a logical connection to the subject matter of the request, in whole or in part.

H.     "COMPLAINT" means the operative complaint filed in the above captioned action.

I.     "PETITIONER" means Stanford Hospital & Clinics and Lucile Packard Children's Hospital.

J.     "LOCAL" means any local union or labor organization affiliated with the Service Employees International Union ("SEIU").

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Produce all DOCUMENTS and WRITINGS RELATING TO the identification of counsel representing LOCAL 715 regarding the issues which are the subject of the COMPLAINT.

3

## REQUEST FOR PRODUCTION NO. 2:

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of LOCAL 715 regarding any employees of PETITIONER from June 30, 2005 to the present.

## REQUEST FOR PRODUCTION NO. 3:

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of LOCAL 521, whether by that name or by other reference to the entity which became LOCAL 521 when chartered by SEIU International, regarding any employees of PETITIONER from June 30, 2005 to the present.

## REQUEST FOR PRODUCTION NO. 4:

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of SEIU-UHW regarding any employees of PETITIONER from June 30 2005 to the present.

## REQUEST FOR PRODUCTION NO. 5:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any SEIU International official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 6:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any SEIU-UHW official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its

4

termination and/or its merger with or into another LOCAL, or the transfer by any manner of its

represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 7:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence

between YOU and any LOCAL 521 official and/or representative from June 30, 2005 to the

present regarding the status of LOCAL 715 (including, without limitation, its existence, its

termination and/or its merger with or into another LOCAL, or the transfer by any manner of any

of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 8:

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence

between YOU and any LOCAL 715 official and/or representative from June 30, 2005 to the

present regarding the status of LOCAL 715 (including, without limitation, its existence, its

termination and/or its merger with or into another LOCAL, or the transfer by any manner of any

of its represented bargaining units to another LOCAL or LOCALS).

## REQUEST FOR PRODUCTION NO. 9:

Produce all DOCUMENTS and WRITINGS RELATING TO the handling of any

funds (including, without limitation, dues payments) RELATING TO LOCAL 715 (including,

without limitation, all deposits, payments and transfers of said funds) from January 2007 to the

present.

## REQUEST FOR PRODUCTION NO. 10:

Produce all DOCUMENTS and WRITINGS RELATING TO the affairs and

transactions of LOCAL 715 from January 2006 to the present (including, without limitation, all

reports and monitoring activities of said affairs and transactions).

SFCA_1379745.1

**REQUEST FOR PRODUCTION NO. 11:**

Produce all DOCUMENTS and WRITINGS RELATING TO the establishment of a trusteeship for LOCAL 715 from January 2007 to the present.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's website from January 2007 to the present including, without limitation, all links from the website to other sites, all references to LOCAL 715's status (including existence, termination or merger with or into another LOCAL), all references to LOCAL 715's funds, and all references to LOCAL 715's officers and/or trustees. This request specifically includes all versions of LOCAL 715's website during the time period including, without limitation, all changes to the website and the reasons for such changes.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's website from January 2007 to the present including, without limitation, all links from the website to other sites, all references to LOCAL 521's status (including its creation, existence, or merger with other LOCALS), all references to LOCAL 521's funds, and all references to LOCAL 521's officers and/or trustees. This request specifically includes all versions of LOCAL 521's website during the time period including, without limitation, all changes to the website and the reasons for such changes.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's website from January 1, 2006 to the present including, without limitation, all links from the website to other sites, all references to SEIU-UHW's status in any capacity as representative of any employees of PETITIONER, and all references to SEIU-UHW's receipt of funds from

6

SEIU-LOCAL 715 and/or SEIU-LOCAL 521. This request specifically includes all versions of

SEIU-UHW's website during the time period including, without limitation, all changes to the

website and the reasons for such changes.

## REQUEST FOR PRODUCTION NO. 15:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

between YOU and LOCAL 715 regarding LOCAL 715's website and/or any changes thereto

from January 1, 2007 to the present.

## REQUEST FOR PRODUCTION NO. 16:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

between YOU and LOCAL 521 regarding LOCAL 521's website and/or changes thereto from

January 1, 2007 to the present.

## REQUEST FOR PRODUCTION NO. 17:

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

between YOU and SEIU-UHW regarding SEIU-UHW's website and/or changes thereto from

January 2006 to the present.

## REQUEST FOR PRODUCTION NO. 18:

Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing

Agreement between LOCAL 715 and SEIU-UHW.

## REQUEST FOR PRODUCTION NO. 19:

Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing

Agreement between LOCAL 715 and SEIU LOCAL 1877 or its successors or affiliated

LOCALS.

SFCA_1379745.1

## REQUEST FOR PRODUCTION NO. 20:

Produce all DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger & Rosenfeld's representation of LOCAL 715 from January 2006 to the present. This request does not seek production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks production of DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger & Rosenfeld's retention to represent LOCAL 715.

## REQUEST FOR PRODUCTION NO. 21:

Produce all DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon LLP's representation of LOCAL 715 from January 2007 to the present. This request does not seek production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks production of DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon's retention to represent LOCAL 715.

## REQUEST FOR PRODUCTION NO. 22:

Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from SEIU-LOCAL 715.

## REQUEST FOR PRODUCTION NO. 23:

Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from SEIU-LOCAL 521

## REQUEST FOR PRODUCTION NO. 24:

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's transfer and/or payment of funds to SEIU-UHW.

## REQUEST FOR PRODUCTION NO. 25:

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's transfer and/or payment of funds to SEIU-UHW.

SFCA_1379745.1

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's

transfer and/or payment of funds to SEIU LOCAL 1877 or its successor or affiliated LOCALS.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of

funds between LOCAL 715 and LOCAL 521 (including, without limitation, any transfer of

funds, payment of funds and/or receipt of funds).

**REQUEST FOR PRODUCTION NO. 28:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of

Executive Board meetings and/or Special Executive Board meetings for LOCAL 715 between

July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of

Executive Board meetings and/or Special Executive Board meetings for LOCAL 521 between

July 1, 2006 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of

Executive Board meetings and/or Special Executive Board meetings for SEIU-UHW between

July 1, 2005 and June 9, 2007 which reference in any manner the representation of any

employees of PETITIONER.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of

Executive Board meetings for LOCAL 715 held between July 1, 2005 and June 9, 2007

SFCA_1379745.1

including, without limitation, a list of those in attendance and those not in attendance at said meetings.

## REQUEST FOR PRODUCTION NO. 32:

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for LOCAL 521 held between July 1, 2006 and June 9, 2007 including, without limitation, a list of those in attendance and those not in attendance at said meetings.

## REQUEST FOR PRODUCTION NO. 33:

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for SEIU-UHW held between July 1, 2005 and June 9, 2007 which reference in any manner the representation of any employees of PETITIONER including, without limitation, a list of those in attendance and those not in attendance at said meetings.

## REQUEST FOR PRODUCTION NO. 34:

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's annual budget and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

## REQUEST FOR PRODUCTION NO. 35:

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's annual budget and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

## REQUEST FOR PRODUCTION NO. 36:

Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's annual budget and/or budgets covering and/or applicable to calendar years 2007 and 2008 or any portion thereof.

SFCA_1379745.1

**REQUEST FOR PRODUCTION NO. 37:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for LOCAL 715 (including, without limitation, all regular and special general membership meetings) held between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for LOCAL 521 (including, without limitation, all regular and special general membership meetings) held between January 1, 2007 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for SEIU-UHW (including, without limitation, all regular and special general membership meetings) which reference in any manner the representation of any employees of PETITIONER and were held between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL 715 showing all dues receipts deposits in accounts held by LOCAL 715 from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL 521 showing all dues receipts deposits in accounts held by LOCAL 521 received from or on behalf of any employees of PETITIONER from January 2006 to the present.

SFCA_1379745.1

**REQUEST FOR PRODUCTION NO. 42:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of

SEIU-UHW showing all dues receipts deposits in accounts held by SEIU-UHW received from or

on behalf of any employees of PETITIONER from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or

other appointment of any employee of SEIU-UHW to provide services to LOCAL 715

RELATING TO the representation of any employees of PETITIONER.

**REQUEST FOR PRODUCTION NO. 44:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or

other appointment of any employee of SEIU-UHW to provide services to LOCAL 521

RELATING TO the representation of any employees of PETITIONER.

**REQUEST FOR PRODUCTION NO. 45:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or

other appointment of counsel by SEIU-UHW to provide services to LOCAL 715 RELATING

TO the representation of any employees of PETITIONER.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or

other appointment of counsel by SEIU-UHW to provide services to LOCAL 521 RELATING

TO the representation of any employees of PETITIONER.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or

other appointment of counsel by LOCAL 521 to provide services RELATING TO the

representation of any employees of PETITIONER.

SFCA_1379745.1

**REQUEST FOR PRODUCTION NO. 48:**
      Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's

representation employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 49:**
      Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's

representation employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 50:**
      Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or

other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services

to LOCAL 715 RELATING TO the representation of any employees of Stanford University

from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 51:**
      Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or

other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services

to LOCAL 715 RELATING TO the representation of any employees of Santa Clara University

from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 52:**
      Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the

representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 53:**
      Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the

representation of any employees of Santa Clara University from January 2006 to the present.

SFCA_1379745.1

**REQUEST FOR PRODUCTION NO. 54:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 55:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 56:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

**REQUEST FOR PRODUCTION NO. 57:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

SFCA_1379745.1

1

## PROOF OF SERVICE

2   I am employed in the **County of San Francisco, State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza,**
3   **Sixth Floor, San Francisco, CA 94111-3409**.

4   On **May 16, 2008**, I served the foregoing document(s) described as: **SUBPOENA IN A CIVIL CASE** on the interested parties in this action as follows:

5
     X        BY THE FOLLOWING MEANS:
6            I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

7   *Attorneys for Respondent SERVICE
     EMPLOYEES INTERNATIONAL
8   UNION LOCAL 715

9   Bruce A. Harland
     Weinberg, Roger & Rosenfeld
10   1001 Marina Village Parkway, Suite 200
     Alameda, California 94501-1091

11
     X        BY MAIL
12
            x        I am readily familiar with the firm's practice of collection and processing
13                   correspondence for mailing with the United States Postal Service; the firm
                     deposits the collected correspondence with the United States Postal
14                   Service that same day, in the ordinary course of business, with postage
                     thereon fully prepaid, at **San Francisco, California**. I placed the
15                   envelope(s) for collection and mailing on the above date following
                     ordinary business practices.
16
     X        Executed on **May 16, 2008**, at **San Francisco, California**.
17
     X        I declare that I am employed in the office of a member of the bar of this
18            court at whose direction the service was made.

19                                        *Teresa Schuman*
20                                    TERESA SCHUMAN

21

22

23

24

25

26

27

28

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| EILEEN R. RIDLEY<br>FOLEY & LARDNER, LLP<br>ONE MARITIME PLAZA<br>6th FLOOR<br>SAN FRANCISCO, CA 94111<br>Telephone No: 415-434-4484      FAX No: 415-434-4507 | | |

| Attorney for: Plaintiff | Ref. No. or File No.:<br>085437-3056 | |
|---|---|---|

Insert name of Court, and Judicial District and Branch Court:

United States District Court Northern District Of California

Plaintiff: STANFORD HOSPITAL & CLINICS, et al.

Defendant: SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715

| **PROOF OF SERVICE**<br>**SUBPOENA - CIVIL CASE** | Hearing Date:<br>Wed, Jun. 18, 2008 | Time: | Dept/Div: | Case Number:<br>C-07-5158-JF |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE

3. a. *Party served:*          SEIU INTERNATIONAL
   b. *Person served:*         ANGELA THOMPSON, AUTHORIZED TO ACCEPT

4. *Address where the party was served:*     1800 MASSACHUSETTS AVENUE NW
                                            WASHINGTON, DC 20036

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., May. 19, 2008 (2) at: 3:55PM
   b. *I received this subpena for service on:*     Friday, May 16, 2008

6. *Witness fees were not demanded or paid.*

7. *Person Who Served Papers:*                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. BRANDON A. SNESKO                          d.  *The Fee for Service was:*

                                                 e.  I am: (3) registered California process server
   **First Legal Support Services**                  (i)   Independent Contractor
   ATTORNEY SERVICES                                 (ii)  Registration No.:
   1511 BEVERLY BOULEVARD                            (iii) County:          WASHINGTON, DC
   Los Angeles, CA 90026
   (213) 250-1111, FAX (213) 250-1197

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*

Date: Tue, May. 20, 2008

PROOF OF SERVICE
SUBPOENA - CIVIL CASE

(BRANDON A. SNESKO)
6419774 folla-sf.134622

**EXHIBIT M**

## Quintel, Laurie

| | |
|---|---|
| **From:** | Greg Pullman [gpullman@seiu715.org] |
| **Sent:** | Wednesday, March 01, 2006 11:10 PM |
| **To:** | Quintel, Laurie |
| **Cc:** | rdeutsch@seiu-uhw.org; ehereth@seiu-uhw.org |
| **Subject:** | RE: Contract Books and other issues |

Laurie,

I am writing in response to your request for clarification. I want to confirm that SEIU Local 715 represents the workers covered by our agreement at Stanford Hospital and Clinics, that they are members of Local 715, and that the contract is with Local 715. This will further confirm that Local 715 has entered into an agreement with SEIU UHW to help service the Local 715 members at the Hospital.  Local 715 will still have ultimate responsibility for the contractual and representational relationship, but Local 715 has asked SEIU UHW to service this unit in many ways on a day-to-day basis.

Therefore, the representatives you will see representing Local 715's members in the unit will be individuals from SEIU UHW providing these services. You should expect to see Local 715's members serviced by UHW representatives including Ella Hereth and Rachel Deutch. If you have any need for further clarification, please do not hesitate to contact me.

Greg Pullman
Staff Director
SEIU Local 715

-----Original Message-----
From: Quintel, Laurie [mailto:LQuintel@stanfordmed.org]
Sent: Tuesday, February 28, 2006 10:34 AM
To: Greg Pullman
Subject: FW: Contract Books and other issues

Greg:

I understand that you were out of your office last week.   I sent you several pieces of correspondence during that time.  I wanted to confirm the message you sent me previously, February 6, that you remain the primary contact and will respond to my letters.

Thank you,


Laurie J. Quintel
Manager - Employee Labor Relations
*-lquintel@stanfordmed.org
*Ph: 650-725-2770
7Fax: 650-723-2370
mailing address: 300 Pasteur Drive
                 Stanford, CA 94305-5513 office location at 1510 Page Mill Drive

-----Original Message-----
From: Greg Pullman [mailto:gpullman@seiu715.org]
Sent: Monday, February 06, 2006 12:54 PM
To: Quintel, Laurie
Cc: Ella Hereth; Ricardo Ramirez
Subject: RE: Contract Books

Laurie,

I will be your primary contact on the new agreement.  Ella Hereth and Richard Ramirez remain worksite organizers for now.  I will get you a steward list later in the week.

1

It would be helpful to have the following information:

1)  Process and timeline for getting agreement printed.
2)  Date for raise implementation in payroll and any retro pay owed.
3)  Confirmation that the hospital has resumed dues deductions as of the ratification date.
4)  Whether or not the hospital is interested in meeting to try to work out resolutions t the ULPs and grievances filed during the last few months.

Thanks,

Greg


-----Original Message-----
From: Quintel, Laurie [mailto:LQuintel@stanfordmed.org]
Sent: Mon 2/6/2006 8:10 AM
To: Greg Pullman
Cc:
Subject: FW: Contract Books


Greg:


Now that we have successfully completed negotiations, I will be working on coordinating publishing the new agreement. Can you tell me who will be my primary contact? I ask as Ella copied you on her inquiry to me. Will it be you?


Also, to assist me and the Employee Relations Team in working with the SEIU would you please confirm the following:

*       The current SEIU staff assigned to work with employees at SHC and LPCH

*       Current list of stewards, including the chief steward for each hospital


Thank you in advance for you assistance,


Regards,


Laurie


Laurie J. Quintel
Manager - Employee Labor Relations
*-lquintel@stanfordmed.org <mailto:lquintel@stanfordmed.org>
*Ph: 650-725-2770
7Fax: 650-723-2370
mailing address: 300 Pasteur Drive
                    Stanford, CA 94305-5513

office location at 1510 Page Mill Drive


-----Original Message-----
From: Ella Hereth [mailto:ehereth@seiu715.org]
Sent: Friday, February 03, 2006 5:30 PM
To: Quintel, Laurie
Cc: Greg Pullman
Subject: Contract Books


Dear Laurie,


What is the status of printing the contract books? Please let me know what you need
from us to do this. Thank you.


Sincerely,


Ella Hereth

WorksiteOrganizer

SEIU 715

(650)723-3644



**LOCAL 715**

*SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO/CLC*

www.seiu715.org

May 1, 2006

Laurie J. Quintel
Manager, Employee and Labor Relations
Stanford Hospital and Clinics
300 Pasteur Drive
Stanford, CA 94305-5513

Dear Laurie,

You have sent me a number of pieces of correspondence regarding approving the agreement and access issues. As I have previously explained to you, Local 715 has a service agreement with SEIU-UHW to handle all representational matters at Stanford and Lucille Packard Hospitals. They have authority from us to approve the contract language and to deal with any matters regarding access, database lists, grievances, etc.

Rachel Deutsch is the lead organizer for the hospitals. Ella Hereth and Jocelyn Olick are also assigned. Please direct your correspondence to them. Please cooperate with them on questions about list matters and contract production.

Thank you for your cooperation.

Sincerely,

Greg Pullman
Staff Director

cc.  Rachel Deutsch, Ella Hereth, Jocelyn Olick- SEIU- United Healthcare Workers
     1338 Mission St, San Francisco, CA 94103

GP:jb opeiu local 29 afl-cio
© 2006 SEIU Local 715 /CLC
Stanford/Chapters/Stanford Hospital & Clinics/ USW Hosp L.Quintel-UHW 050106.doc

Laurie J. Quintel
Director - Employee Labor Relations
*-lquintel@stanfordmed.org
*Ph: 650-725-2770
7Fax: 650-618-2246
mailing address: 300 Pasteur Drive
                              Stanford, CA 94305-5513
office location at 1530 Page Mill Drive

-----Original Message-----
From: Greg Pullman [mailto:gpullman@seiu715.org]
Sent: Monday, May 22, 2006 5:11 PM
To: Sun-Young, May; jolick@MAIL.SEIU-UHW.ORG
Cc: rdeutsch@mail.seiu-uhw.org; Quintel, Laurie
Subject: RE: Julio Andrade's grievance

May,

I have explained numerous times that Jocelyn Olick, Rachel Deutch and Ella
Hereth out of the SEIU UHW San Francisco office are handling all
representation matters for SEIU Local 715.  Local 715 has the right to
designate whomever we chose to handle representation matters.  Your
continued refusal to accept that fact appears to be a clear attempt to deny
representation to the workers we represent.  I don't know how to say this
any more clearly- please direct all correspondance on matters regarding
representation of the SEIU Local 715 unit to these three people at the
office that they work out of.

Greg Pullman
SEIU Local 715

        -----Original Message-----
        From: Sun-Young, May [mailto:MSunyoung@stanfordmed.org]
        Sent: Mon 5/22/2006 4:23 PM
        To: jolick@MAIL.SEIU-UHW.ORG
        Cc: Greg Pullman; rdeutsch@mail.seiu-uhw.org; Quintel, Laurie
        Subject: Julio Andrade's grievance


        Jocelyn,

        I'll fax a copy of a letter from Laurie Quintel to your fax number in
        San Francisco as a one-time exception. Please note that Greg Pullman
        confirmed that SEIU Local 715 has the ultimate responsibility for the
        contractual and representational relationship with SHC and LPCH.
        Therefore, we will continue to send all correspondences to Local SEIU
        715 unless we receive written authorization from SEIU Local 715
stating
        otherwise.

        Julio's former manager and I are available on Friday, June 2 from
        9:30-10:30 to meet with you and Julio Andrade.  We will be glad to
meet
        you at SEIU 715 office on campus.

Page 1

May Sun-Young
Sr. Employee Labor Relations Specialist
MC 5513
ph: 650-497-8690
fax: 650-618-2259 or 723-2370


-----Original Message-----
From: Jocelyn Olick [mailto:jolick@MAIL.SEIU-UHW.ORG]
Sent: Monday, May 22, 2006 12:31 PM
To: Sun-Young, May
Cc: rdeutsch@MAIL.seiu-uhw.ORG
Subject:


Dear May,

        I am writing in response to an e-mail that you sent to Greg
Pullman, for me, on Friday May 19, 2006.  First of all I would like to
reiterate that I and Ella Hereth do not work for SEIU 715. SEIU-UHW is
doing the representation work here at Stanford Hospital; please direct
all your correspondence here.  Secondly, I am assuming none of the
three
days that I proposed work for you for the grivance meeting for Julio
Andrade, since have given two new dates. Unfortunately, neither May
24,
2006 nor June 1, 2006 work for me. Here are some new proposed days:
Friday May 26, 2006 between 9:30 -12pm., Wednesday May 31, 2006
between
1pm and 4pm and Friday June 2, 2006 between 9:30-12pm. For the
formalities of the meeting, having a grievance meeting via telephone
is
ridiculous and unacceptable. Since the HR department has decided to
ban
the union representatives from the hospital and I am still the union
representative for Stanford, we will have to have the meeting off
sight.
     Please respond immediately so I can confirm Mr. Andrade's
availability.


    Sincerely,

    Jocelyn Olick
    Union Representative/ Organizer
    1338 Mission St.
    San Francisco, CA 94103
    Phone (510)773-7102
    Fax (415)563-9914

Sent via the WebMail system at MAIL.SEIU-UHW.ORG



# LOCAL 715

**SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO/CLC**

www.seiu715.org

<u>**CERTIFIED MAIL**</u>

June 14, 2006

FOLEY & LARDNER LLP
RECEIVED

JUN 1 5 2006

_____

WORKING COPY

Larry Arnold
Foley & Lardner
1 Maritime Plaza #600
San Francisco, CA 94111

Dear Mr. Arnold,

I am writing in response to your inquiry dated June 7, 2006.   Your letter is replete with misunderstandings, misstatements and misrepresentations.  SEIU Local 715 is the exclusive representative of the collective bargaining unit at Stanford and Lucile Packard Hospitals and we have not ceded that representation to another organization as you allege.  We have asked our sister SEIU Local, SEIU-UHW, to provide two employees to help enforce the collective bargaining agreement.

The two employees we have asked SEIU-UHW to provide are under the direction of Local 715 and are there to represent Local 715 and its bargaining unit at Stanford Hospital. That is all that is happening. This practice of providing staff to assist in various activities is quite common among SEIU Locals. Our Local has currently assigned staff to assist other SEIU Locals and the employees of other SEIU Locals have assisted us in the past. In fact, a staff member of our sister Local 817 sat across the table from you and negotiated the current collective bargaining agreement. You raised no objection to that.

The hospitals are currently in violation of Sections 8(a)1 and 8(a)5 of the National Labor Relations Act because you have expressly refused to recognize Local 715 and Ella Hereth and Jocelyn Olick, who report directly to Local 715,.   The fact that they are "on loan" from SEIU-UHW to assist Local 715 does not allow your client to so flagrantly refuse to carry out its legal duty to continue to recognize and meet with Local 715 and its designated representatives.

It is ironic that in the same letter that you express a desire to improve the relationship between our union and the hospitals, you express objections to working with the people we have assigned as our representatives.  I assume that upon receipt of this letter, Stanford Hospital will have the decency to respect the wishes of its employees and meet with the two representatives assigned by Local 715 to the facilities.

Sincerely,

Greg Pullman
Staff Director

c:     Ella Hereth
       Jocelyn Olick
       William Sokol, esq.
       Laurie Quintel
kw opeiu/cba/l-cio/clc © SEIU Local 715/CLC Larry Arnold Ltr 6-14-06

AUG-15-2006 10:33    FROM-LOCAL 250 SAN FRANCISCO    415-563-9914    T-060  P.001/004  F-155



# LOCAL 715

## SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO/CLC

www.seiu715.org

TO: Laurie Quintel

FR: Greg P.

SEIU servicing agreement

4 pages

Any questions, please call (415) 740-4461

# SERVICING AGREEMENT

This SERVICING AGREEMENT is entered into between Local 715 ("Local 715") and SEIU UHW ("UHW").

WHEREAS, Local 715 and UHW recognize that the core jurisdiction represented by Local 715 includes public sector employees and that the core jurisdiction of UHW includes health care employees; and

WHEREAS, Local 715 and UHW recognize that the professional services provided by each organization are most highly developed in regard to their core jurisdictions; and

WHEREAS, Local 715 is the sole and exclusive collective bargaining representative for a unit of employees at the Stanford Hospital facility ("Stanford facility"); and

WHEREAS, Local 715 wishes to obtain for its members at the Stanford facility the professional services available through UHW, and UHW is willing to make its professional services available to Local 715's members at the Stanford facility; now,

THEREFORE, it is AGREED as FOLLOWS:

1.  **Effective Date**

    The terms of this Servicing Agreement shall become effective on March 1, 2006.

2.  **Cost of Services**

    For a period running concurrently with the existing collective bargaining agreement between Local 715 and the Stanford facility, UHW shall provide the professional services outlined herein at no cost to Local 715. Thereafter, if this Agreement is extended, Local 715 shall reimburse UHW for the costs of the services outlined herein from the dues and agency fees collected by UHW for each Local 715 member affected by this Agreement.

3.  **Duration of Agreement**

    This Servicing Agreement shall be effective on March 1, 2006 and shall remain in full force and effect until the end of the current collective bargaining agreement between Local 715 and the Stanford facility. The duration of this Servicing Agreement may be mutually extended by the parties. Additionally, this Agreement can be altered, amended, or rescinded by the mutual agreement of the parties. Either party may unilaterally terminate this Agreement by giving three months notice to the other party.

{W-12000J001\01\06\000473.DOC7 }

AUG-15-2006  10:34    FROM-LOCAL 250 SAN FRANCISCO            415-563-8914        T-060  P.003/004  F-155

4.   **Services Provided By UHW**

For the duration of this Servicing Agreement, UHW's staff, acting as designated agents of Local 715, shall provide the following professional services to Local 715 for its members at the Stanford facility:

Representation in the grievance procedure and at arbitration hearings

Representation at labor-management meetings

Assistance to members appearing before the National Labor Relations Board on behalf of the Local 715 Chapter at the Stanford facility.

5.   **Oversight By Local 715**

The UHW staff member assigned to the day-to-day servicing of the Stanford facility unit will meet on a regular basis with an officer of Local 715 to review the status of representation matters within the unit. In addition, UHW will provide Local 715 with advance notice of all membership meetings and site visits and clear all correspondence with Local 715. The parties acknowledge that Local 715 has the ultimate responsibility for collective bargaining matters on behalf of the Stanford facility unit.

6.   **Services Provided By Local 715**

For the duration of this Agreement, Local 715 shall continue to administer the collection of membership dues, and shall have access to, and may assist with, all membership meetings, and shall have access to all records associated with the bargaining unit.

7.   **Designation of Agency Status**

Local 715 shall notify the Employer in writing of its designation of the appropriate employees of UHW to serve as the agents of Local 715 in providing services to Local 715's membership at the Stanford facility.

Should the Employer challenge or refuse to accept the legitimacy of this Servicing Agreement, the parties will cooperate in processing the legal actions necessary to its enforcement. (This may include filing an unfair labor practice charge under the name of Local 715). UHW will provide professional assistance in this process. During the pendancy of this process, Local 715 will continue to provide representation and the administration of all aspects of the collective bargaining agreement through its own staff until such matter is resolved.

8.   **Chapter Structure and Members' Rights**

a)   Following the implementation of this Servicing Agreement, Local 715's unit at the Stanford facility shall maintain the same officers and other employee-representatives, under the same internal Chapter structure that existed prior to implementation of this Agreement;

{W:\2000\000101\06000428.DOC}2

RECEIVED  AUG-14-06  13:48        FROM-                        TO-SE'U UHW SF            PAGE  003

h)    Following implementation of this Servicing Agreement, Local 715 members at the Stanford facility will continue to be full members of Local 715, with the right to vote in Local 715 elections and otherwise participate in Local 715's affairs. Employees in the bargaining unit will be offered Associate Member status with UHW but shall keep whatever membership rights are accorded them under the Local 715 by-laws and the Service Employees International Union constitution;

c)    Nothing herein shall prohibit UHW from permitting Local 715's Chapter leaders or members from the Stanford facility to participate in UHW educational functions, or appearing as guests at other UHW functions.

9.    **Severability**

The parties hereto believe that all provisions of this Servicing Agreement comply with applicable law. However, should any portion of this Agreement be found illegal by any tribunal of competent jurisdiction, this shall not affect the remainder of the Agreement. Rather, the parties shall promptly meet to negotiate an acceptable, lawful substitute to the stricken provision.

_____    _____
Sal Rosselli, President, UHW    Kristy Sermersheim, Executive Secretary, Local 715

                                          2/20/2006

_____    _____
Date    Date

{W:\2000\00\0706000478.DOC}3